# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

NINTH CIRCUIT CASE No. 25-7132

---

JEREMY HOLLOWAY,

Plaintiff – Appellant

vs.

COUNTY OF ORANGE, et al.

Defendants – Appellees

---

On Appeal from the
United States District Court for the Central District of California,
(District Court No. 8:19-cv-01514-DOC-DFM)
The Hon. David O. Carter Judge Presiding

---

**APPELLEES' MOTION TO STRIKE PLAINTIFF/APPELLANT'S
PRINCIPAL BRIEF AND REQUEST TO STAY PROCEEDINGS**

---

CATHERINE A. NALTSAS [SBN 262259]
JESSE K. COX [SBN 285218]
RYANE C. SKINNER [SBN 356970]
LYNBERG & WATKINS, APC
1100 Town & County Road, Suite 1450
Orange, California 92868
Tel: (714) 937-1010/Fax: (714) 937-1003
**Attorneys for Appellees COUNTY OF ORANGE;
DEPUTY JAMESON GOTTS**

1

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................5

II.    ARGUMENT...........................................................................6

    A.    The Court Should Strike Arguments in Appellant's Principal Brief That Lie Outside Appellant's Notice of Appeal and For Which the Court Lacks Jurisdiction (See, Appellant's Principal Brief, pgs. 21-43)...............6

    B.    Appellant's Appeal of the Orders on Respondent Deputy Gotts' JMOL and Respondent County of Orange's Motion for Summary Judgment is Untimely. .................................................................11

III.    CONCLUSION......................................................................13

CERTIFICATE OF COMPLIANCE WITH  FED. R. APP. 32(a)(7)(c) AND CIRCUIT RULE 32-1 ..............................................................14

CERTIFICATE OF SERVICE .................................................................15

2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ahlmeyer v. Nev. Sys. of Higher Educ.,
  555 F.3d 1051 (9th Cir. 2009) ...............................................................7

Badgerow v. Walters,
  596 U.S. 1 (2022)................................................................................11

Becker v. Montgomery,
  532 U.S. 757 (2001)..............................................................................7

Bowles v. Russell,
  551 U.S. 205 (2007)............................................................................11

Budinich v. Becton Dickinson & Co.,
  486 U.S. 196 (1988)............................................................................12

FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.,
  498 U.S. 269 (1991)............................................................................10

Hallquist v. United Home Loans, Inc.,
  715 F.3d 1040 (8th Cir. 2013) ...............................................................8

Havensight Cap. LLC v. Nike, Inc.,
  891 F.3d 1167 (9th Cir. 2018) ...........................................................8, 9

Le v. Astrue,
  558 F.3d 1019 (9th Cir. 2009) ...............................................................7

Lolli v. County of Orange,
  351 F.3d 410 (9th Cir. 2003) .................................................................7

Lynn v. Sheet Metal Workers' Int'l Ass'n,
  804 F.2d 1472 (9th Cir.1986) ................................................................7

Parkhill v. Minn. Mut. Life Ins. Co.,
  286 F.3d 1051 (8th Cir.2002) ................................................................8

Parrish v. United States,
  605 U.S. 376 (2025).............................................................................10

3

Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs &
    Participating,
    Emps., 571 U.S. 177 (2014)......................................................................12

Smith v. Barry,
    502 U.S. 244 (1992)...................................................................................7

Torres v. Oakland Scavenger Co.,
    487 U.S. 312 (1988)...................................................................................7

United States v. Ceja-Prado,
    333 F.3d 1046 (9th Cir. 2003) ................................................................11

**Statutes**

28 U.S.C. § 2107(a) ........................................................................... 11, 12

**Rules**

Fed. R. App. P. 32(a)(7)(c) ..................................................................2, 15

Fed. R. App. P. 3(c)(1)(B) .........................................................................5

Federal Rule of Appellate Procedure Rule 3 .........................................7, 9

## I.  INTRODUCTION

Defendants and Respondents County of Orange and Deputies Jameson Gotts, Kevin Pahel, Mark Borba, Brandon Billinger, Justin Gunderson, and Joel Gonzalez (hereinafter "Respondents") hereby move this Court for an order that certain portions of the Principal Brief filed on April 20, 2026 by Plaintiff and Appellant Jeremy Holloway (hereinafter "Appellant"), be stricken to the extent that it improperly contains new arguments and legal theories that were not included in Appellant's Notice of Appeal, in violation of Fed. R. App. P. 3(c)(1)(B). (See, Appellant's Principal Brief, pgs. 21-43).

Appellant filed his Notice of Appeal on November 12, 2025, specifically indicating that he was appealing a "judgment following a trial" and attaching *only* Docket "No. 902" dated "October 14, 2024," the District Court's order Denying Plaintiff's Motion to Compel and Granting in Part and Denying in Part Plaintiff's Motion for Award of Attorney Fees and Costs. (See, 25-7132). Appellant's Principal Brief, however, now improperly attempts to appeal not only this ruling but also the District Court's order granting Defendant Deputy Jameson Gotts' Judgment as a Matter of Law and the District Court's order on Defendant County of Orange's Motion for Summary Judgment Motion as to Appellant's "false arrest" claim. (See, Appellant's Principal Brief, pgs. 21-43). Neither order is addressed in his Notice of Appeal or the order attached thereto. (See, 25-7132).

Accordingly, Respondents request that the Court strike all portions of Appellant's Principal Brief that discuss issues or rulings not encompassed within Plaintiff's Notice of Appeal on the basis that the Court lacks jurisdiction to consider them. Given this request, and so as to promote fairness, efficiency, and responsible use of court and party resources in these appellate proceedings, Respondents further request that the Court stay the current proceedings until the Court has made its ruling on this Motion.

## II. ARGUMENT

### A. The Court Should Strike Arguments in Appellant's Principal Brief That Lie Outside Appellant's Notice of Appeal and For Which the Court Lacks Jurisdiction (<u>See</u>, Appellant's Principal Brief, pgs. 21-43).

Respondents do not contest that this Court has jurisdiction to decide Appellant's appeal as to the District Court's order Denying Plaintiff's Motion to Compel and Granting in Part and Denying in Part Plaintiff's Motion for Award of Attorney Fees and Costs, Dkt. 902, dated October 14, 2025, attached to Appellant's Notice of Appeal. However, due to Appellant's Notice failing to identify or attach any other judgment or order, this Court does not have jurisdiction to consider Appellant's arguments as to the District Court's order on Defendant Deputy Jameson Gotts' Judgment as a Matter of Law, Dkt. No. 881, dated July 24,

6

2025, or the District Court's order on Defendant County of Orange's Motion for Summary Judgment, Dkt. No. 217, dated May 5, 2021.

Federal Rule of Appellate Procedure Rule 3 is jurisdictional in nature, and its satisfaction is a prerequisite to appellate review.  See; Smith v. Barry, 502 U.S. 244, 248 (1992) (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-317 (1988)).  "When 'a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal,' we consider: '(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake.'" See, Le v. Astrue, 558 F.3d 1019, 1022 (9th Cir. 2009) (quoting Lolli v. County of Orange, 351 F.3d 410, 414 (9th Cir. 2003)). "In determining whether 'intent' and 'prejudice' are present, we apply a two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." See, Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009) (quoting Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986)).

The Supreme Court has recognized that any presumption favoring the sufficiency of a notice of appeal yields to the appellant's expressed intent to limit the scope of the appeal. See, Becker v. Montgomery, 532 U.S. 757, 766-767 (2001) (holding that Rule 3(c)'s presumption disappears when a "notice clearly

indicates a contrary intent"). This Court has recognized that when an appellant clearly identifies the orders it seeks to challenge, omitted orders fall outside the scope of appellate review. In <u>Havensight Cap. LLC v. Nike, Inc.</u>, the Ninth Circuit enforced this principle and held that it lacked jurisdiction to review orders omitted from the notice of appeal. See, <u>Havensight Cap. LLC v. Nike, Inc.</u>, 891 F.3d 1167, 1171 (9th Cir. 2018). The court emphasized that the appellant's notice expressly named the challenged orders, referenced the corresponding docket entries, and attached those orders as exhibits, thereby specifically identifying the rulings the appellant sought to appeal. <u>Id</u>. Accordingly, the court concluded that "[n]o intent to appeal any other rulings can reasonably be inferred" from the notice. <u>Id</u>. The same principal controls here.

Similarly, other Circuits have recognized that where an appellant's notice of appeal shows a clear intent of what order or judgment, he wishes to appeal, the appellant has lost his right to argue outside the scope of such notice. For example, the Eight Circuit has concluded that "'a notice which manifests an appeal from a specific district court order or decision precludes an appellant from challenging an order or decision that he or she failed to identify in the notice.'" <u>See</u>, <u>Hallquist v. United Home Loans, Inc.</u>, 715 F.3d 1040, 1045 (8th Cir. 2013); (quoting <u>Parkhill v. Minn. Mut. Life Ins. Co.</u>, 286 F.3d 1051, 1058 (8th Cir.2002)).

While recognizing that Rule 3 has been construed to ensure that an appellant is not deprived of the right to appeal merely because of a technical or procedural defect in the notice of appeal, that principle applies where the appellant's intent to appeal a particular ruling is reasonably clear despite an inartful filing. Here, no such ambiguity exists. Appellant brought his Notice of Appeal with a clear manifestation of what he intended to appeal—the award of attorney's fees entered against his counsel. Though there may be some initial ambiguity in the Notice as to which "judgment following a trial" appellant is referring to, that ambiguity is resolved by the attachment of the specific included with his Notice. Though he was doubtlessly fully aware of pre-existing dispositive orders, Appellant did not attach the District Court's Order granting Respondent Deputy Gotts' Judgment as a Matter or Law or the District Court's Order granting Respondent County of Orange's Summary Judgment on Appellant's "false arrest" claim. Rather, Appellant's Notice manifested a clear intent to Respondents (and the Court) that he only wished to appeal the post-trial order on his counsel's attorney's fees and costs. See, Havensight Capital LLC v. Nike, Inc., 891 F.3d 1167, 1171 (9th Cir. 2018) (holding that the court lacked jurisdiction over omitted orders where the notice of appeal specifically identified, cited, and attached different orders, such that no intent to appeal any other rulings could reasonably be inferred).

9

To be sure, a post-judgment award of attorney's fees is distinct from the underlying merits determinations and does not reasonably encompass an appeal from a judgment as a matter of law or a prior summary judgment order. See, Parrish v. United States, 605 U.S. 376, 389 n. 5 (2025) (recognizing that a notice so far removed from the appealable decision would not make clear "from what judgment" the appellant intends to seek relief); see also, FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co., 498 U.S. 269, 276 (1991) (finding that a belief that a notice of appeal identifying a discovery ruling or a sanction order under Rule 11 serves as a notice for the final judgment is "not reasonable"). A notice designating only an attorney's fees order does *not* place Respondents on notice that Appellant intended to challenge entirely separate, merit-based rulings such as an order granting summary judgment on a "false arrest" claim made all the way back on May 5, 2021.

Moreover, permitting Appellant to raise these unnoticed arguments at this stage would substantially prejudice Respondents because the arguments are both untimely and outside this Court's appellate jurisdiction.

Accordingly, based on Appellant's Notice of Appeal, Respondents' request this Court strike all portions of Appellant's Principal Brief that sit outside the scope of the Notice and for which this Court lacks jurisdiction.

10

**B. Appellant's Appeal of the Orders on Respondent Deputy Gotts' JMOL and Respondent County of Orange's Motion for Summary Judgment is Untimely.**

In a civil case, the requirement to file a timely notice of appeal is jurisdictional. See, Bowles v. Russell, 551 U.S. 205, 214 (2007). A timely notice of appeal must be filed "within thirty days after the entry of [a] judgment, order or decree." See, 28 U.S.C. § 2107(a). Federal courts "are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). They have an "obligation to investigate and ensure our own jurisdiction." United States v. Ceja-Prado, 333 F.3d 1046, 1049 (9th Cir. 2003). Per 28 U.S.C. § 2107(a), this Court does not have jurisdiction to hear an untimely appeal.

Appellant filed his Notice of Appeal in the District Court on November 12, 2025. (See, 25-7132). As discussed above, Appellant attached *only* Docket No. 902, dated October 14, 2024, the Court's District Court's order Denying Plaintiff's Motion to Compel and Granting in Part and Denying in Part Plaintiff's Motion for Award of Attorney Fees and Costs. On April 20, 2026, Appellant filed his Principal Brief introducing two brand new arguments as to the District Court's order on Defendant Deputy Jameson Gotts' Judgment as a Matter of Law, Dkt. No. 881, dated July 24, 2025, and the District Court's order on Defendant County of

11

Orange's Motion for Summary Judgment, Dkt. No. 217, dated May 5, 2021. (See, Appellant's Principal Brief, pgs. 21-43).

Appellant is acting under the delusion that an order granting in part and denying in part his counsel's attorney's fees and costs operates as a final judgment,[1] when it has long been indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain.  See, Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988).  Whether a claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent the merits judgment from becoming final for purposes of appeal.  See, Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps., 571 U.S. 177, 179 (2014).

By Appellant's own admission, his appeal is untimely.  Appellant acknowledges that the District Court's order on Defendant Deputy Jameson Gotts' JMOL and Defendant County of Orange's Motion for Summary Judgment were final orders.  (See, Appellant's Principal Brief, pg. 5, ¶ D). Appellant's last day to appeal the District Court's order on Defendant Deputy Jameson Gotts' Judgment as a Matter of Law, Dkt. No. 881, was August 24, 2025. Appellant's last day to appeal the District Court's order granting Defendant County of Orange's Motion for Summary Judgment, which dismissed all claims against the County of Orange

---

[1] See, Appellant's Principal Brief, pg. 4, ¶ B.

12

(Dkt. No. 217), was June 4, 2021. Thus, the portions of Appellant's Principal Brief discussing these issues and outcomes are noncompliant and should be stricken as untimely.

## III.    CONCLUSION

Respondents respectfully request that this Court grant the present motion and strike the portions of Appellant's Principal Brief to the extent it includes material for which this Court lacks jurisdiction.  The Court consequently should enter an order: (1) striking Appellant's "Argument I" concerning Defendant Deputy Jameson Gotts' Judgment as a Matter of Law of Appellant's Opening Brief (See, Appellant's Principal Brief, pgs. 21- 27); (2) striking Appellant's "Argument II" concerning Defendant County of Orange's Motion for Summary Judgment on *-Plaintiff's "False Arrest" Claim (See, Appellant's Principal Brief, pgs. 28-43); and (3) staying the proceedings until the Court has made its ruling regarding on this motion.

DATED: June 10, 2026

Respectfully submitted,
**LYNBERG & WATKINS**
A Professional Corporation

By:    */s/ Catherine A. Naltsas*
   **CATHERINE A. NALTSAS**
   **JESSE K. COX**
   **RYANE C. SKINNER**
   Attorneys for Defendants/Appellees

13

## <u>CERTIFICATE OF COMPLIANCE WITH  FED. R. APP. 32(A)(7)(C) AND</u>

## <u>CIRCUIT RULE 32-1</u>

We certify that the foregoing **DEFENDANTS'/APPELLANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS'/APPELLEES' ANSWERING BRIEF AND EXCERPTS OF RECORD** is double spaced and utilizes a proportionately-spaced 14-point Times New Roman typeface.  This motion comprises a total of 2014 words, as calculated by the Microsoft Word word processing system, the means by which it was prepared.

DATED: June 10, 2026

Respectfully submitted,
**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Catherine A. Naltsas*
**CATHERINE A. NALTSAS**
**JESSE K. COX**
**RYANE C. SKINNER**
Attorneys for Defendants/Appellees

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026 I electronically filed the

**DEFENDANTS'/APPELLEE' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S/APPELLANT'S OPENING BRIEF AND STAY CURRENT PROCEEDINGS** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 10, 2026

*/s/ Debra Miranda*
DEBRA MIRANDA

15