**Narine Mkrtchyan, Esq. (SBN 243269)**
**MKRTCHYAN LAW**
655 N. Central Ave, 17th Floor
Glendale, CA 91203
Telephone:(818) 388-7022
Email: narine57@gmail.com
Web: www.narinelaw.com

Attorney for Plaintiff JEREMY HOLLOWAY

## UNITED STATES COURT OF APPEAL
## FOR THE NINTH CIRCUIT

JEREMY HOLLOWAY,

               Plaintiff-Appellant,

   v.

COUNTY OF ORANGE, CHAD
RENEGAR, JOEL GONZALEZ, KEVIN
PAHEL, BRANDON BILLINGER,
MARK BORBA, JAMESON GOTTS,
JUSTIN GUNDERSON, individually and
as peace officers

           Defendants-Appellees.

Case No. 25-7132, 25-7297

**MOTION OF PLAINTIFF-
APPELLANT IN SUPPORT OF
CONTINUANCE FOR FILING A
RESPONSE TO APPELLEE'S
MOTION TO STRIKE**

1. I am Plaintiff's and Appellant's counsel in this action and have personal knowledge to the matters stated herein and if called as a witness, I would competently testify to the following:

2. I have been admitted to the Ninth Circuit since 2009 and have worked on other appeals in state and federal courts. I have actively practiced in the Central District court using the CM-ECF system since 2014.

3. I am the sole counsel of record in this case for appellant, cross-appellant at this time.

4. Plaintiff-Appellant's Opening Brief was filed on April 27, 2026. Response was due on May 27, 2026. Cross-appellants asked for an extension and filed a motion to strike Appellant's brief without a meet and confer by counsel on June 10, 2026. Due date for appellant's response is June 22, 2026.

5. I am scheduled to leave the country on June 17-July 6, 2026 for a business trip. Therefore, I will not be available to timely file a responsive pleading to this motion.

6. Appellant has a valid response to this motion raising various grounds and will file an opposition. However, for the reasons stated above, I request an extension of time until July 13, 2026 to file a responsive brief.

7. For the reasons stated, I believe there is good cause to grant an extension of the deadline.

I declare under penalty of perjury that the foregoing is true and correct and as to matters asserted on information and belief, I believe them to be true.

Executed on this 10th day of June, 2026 at Los Angeles, CA

/s/ Narine Mkrtchyan

Attorney Narine Mkrtchyan

1

**DECLARATION OF NARINE MKRTCHYAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

**Legal Standards/Rules**

**1. Federal Rule of Civil Procedure 6(b)(1):** A court may extend deadlines for good cause if the request is made before the original deadline, or its extension expires. *SVB Fin. Trust v. FDIC*, 2025 U.S. Dist. LEXIS 43177, at *2 (N.D.Cal Mar. 10, 2025); *Tamayo v. Nevada*, 2011 U.S. Dist. LEXIS 149041, at *1-2 (D. Nev. Dec. 28, 2011). The Ninth Circuit has interpreted good cause as a broad and flexible standard.

**2. Factors for Granting a Continuance:** The Ninth Circuit considers four factors when reviewing a denial of a continuance: (1) the diligence of the moving party; (2) the potential usefulness of the continuance; (3) any inconvenience to the court or other parties; and (4) any prejudice caused by the denial. *Goode-Parker v. Siegel (In re Goode-Parker)*, 2007 Bankr. LEXIS 4899, at *18-20 (BAP 9th Cir. June 14, 2007).

**3. Prejudice and Fairness:** A denial of a continuance must not result in actual and substantial prejudice to the moving party. *United States v. Mautone*, 2024 U.S. App. LEXIS 9491, at *7-8 (9th Cir. Apr. 19, 2024); *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142 (9th Cir. 2005). Administrative efficiency alone cannot justify denying a continuance.

**Analysis**

**1. Good Cause Exists Under Rule 6(b)(1)**

Federal Rule of Civil Procedure 6(b)(1) allows for extensions of time for good cause *Morgan v. Schmidt*, 1997 U.S. App. LEXIS 18238, at *4-5 (9th Cir. July 18, 1997); *United States v. 414 Riverside Rd.*, 1994 U.S. App. LEXIS 920, at *17 (9th

Cir. Jan. 10, 1994). The Ninth Circuit has emphasized that this standard is non-rigorous and should be construed broadly. Here, counsel's request is reasonable given the complexity of the case, long history of 6 years in litigation, the 4 trials, the pending cross-appeal with multiple issues raised by appellees-cross-appellants, and the need to address opposing arguments thoroughly. The request was made in a timely manner, further supporting the existence of good cause.

**2. Diligence and Usefulness of the Continuance**

The moving party has demonstrated diligence in managing a significant caseload and preparing an opposition. The requested continuance would serve a useful purpose by allowing counsel to address the opposing party's anticipated arguments in detail and ensure compliance with procedural requirements. These factors weigh in favor of granting the continuance. *Roe v. White*, 232 Fed. Appx. 733, 733-34 (9th Cir. 2007).

**3. Prejudice and Fairness**

Denying the continuance would result in substantial prejudice to the moving party by impairing their ability to present a well-prepared brief. The Ninth Circuit has held that fairness and the absence of prejudice to the opposing party are critical considerations in granting continuances. Here, there is no indication that the requested continuance would inconvenience the court or the opposing party.

**4. Distinguishing Heavy Caseload Cases**

While the Ninth Circuit has held that a heavy caseload alone does not constitute good cause, this case involves additional factors, such as the complexity of the issues, long history of the case, the voluminous Docket history, 4 trials, the issues raised on appeal by all parties, and the need to address opposing arguments in pending cross-appeal thoroughly. These circumstances distinguish this case from those where continuances were denied solely due to counsel's workload.

**Conclusion**

DECLARATION OF NARINE MKRTCHYAN

For the foregoing reasons, the court should find that good cause exists to grant the requested continuance. *United States v. Engstrom*, 1993 U.S. App. LEXIS 27302 at *7-8 (9th Cir. Oct. 22, 1993). Doing so will ensure that the moving party has sufficient time to prepare the reply brief, address opposing arguments, and comply with procedural requirements, thereby promoting fairness and preventing prejudice.

Respectfully submitted,

/s/ Narine Mkrtchyan

Attorney Narine Mkrtchyan

4

**DECLARATION OF NARINE MKRTCHYAN**