Nos. 25-7132, 25-7297

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

JEREMY HOLLOWAY,
Plaintiff-Appellant,

v.

COUNTY OF ORANGE; Deputy CHAD RENEGAR, individually, as a peace officer; Deputy JOEL GONZALEZ, individually, a peace officer; Deputy KEVIN PAHEL, individually; Deputy BRANDON BILLINGER, individually; a peace officer; Deputy MARK BORBA, individually; a peace officer; Deputy JAMESON GOTTS, individually; a peace officer; Deputy JUSTIN GUNDERSON, individually, as a peace officer,
Defendants-Appellees,

and

DOES, 1-20,
Defendant.

On Appeal from the United States District Court
for the Central District of California
Honorable David O. Carter
Case No. 8:19-cv-01514-DOC-DFM

**PLAINTIFF-APPELLANT JEREMY HOLLOWAY'S OPPOSITION TO APPELLEES' MOTION TO STRIKE**

Narine Mkrtchyan - #243269
655 North Central Ave., Suite 1700
Glendale, California 91203
(818) 388-7022
*Attorney for Plaintiff-Appellant Jeremy Holloway*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... 3

INTRODUCTION .......... 5

ARGUMENT .......... 7

I. Plaintiff's Appeal Is Timely, as the Time to Appeal Runs from Entry of Judgment .......... 7

A. The time to appeal runs from entry of final judgment, not from prior individual orders. .......... 7

B. No separate judgment was ever entered, so judgment was constructively entered October 27, 2025 .......... 8

C. The order granting Gotts's JMOL did not independently start the appeal clock. .......... 9

D. The summary judgment order was not a separately appealable order. .......... 9

II. Plaintiff's Notice of Appeal Designates the Judgment and Encompasses the Orders Challenged on Appeal. .......... 10

A. Plaintiff's Notice of Appeal was sufficient under the Rules. .......... 11

B. Attaching the attorney fee order did not limit the appeal's scope. .......... 14

C. The Mediation Questionnaire, filed within the notice period, also confirms Plaintiff's intent. .......... 15

III. In the Alternative, Even if Plaintiff's Notice Were Deficient, this Court Has Jurisdiction and Should Hear Plaintiff's Challenges .......... 17

A. Defendants' timely appeal from judgment invests this Court with jurisdiction. .......... 17

B. The Court should hear Plaintiff's challenges because the issues are intertwined and Defendants are not prejudiced. .......... 18

CONCLUSION .......... 20

CERTIFICATE OF COMPLIANCE .......... 21

# TABLE OF AUTHORITIES

## Cases

*ABF Capital Corp. v. Osley*,
414 F.3d 1061 (9th Cir. 2005) .......... 9

*Ahlmeyer v. Nevada System of Higher Education*,
555 F.3d 1051 (9th Cir. 2009) .......... 16

*Banister v. Davis*,
590 U.S. 504 (2020) .......... 13

*Bryant v. Technical Research Co.*,
654 F.2d 1337 (9th Cir. 1981) .......... 17

*Deering v. Lockheed Martin*,
115 F.4th 923 (8th Cir. 2024) .......... 13

*Havensight Capital LLC v. Nike, Inc.*,
891 F.3d 1167 (9th Cir. 2018) .......... 6, 14, 15

*Intel Corp. v. Terabyte*,
6 F.3d 614 (9th Cir. 1993) .......... 16

*Mendocino Env'l Ctr. v. Mendocino Cty.*,
192 F.3d 1283 (9th Cir. 1999) .......... 17, 18, 20

*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
578 F.3d 1154 (9th Cir. 2009) .......... 15

*Orr v. Plumb*,
884 F.3d 923 (9th Cir. 2018) .......... 8, 9

*Rice v. Morehouse*,
989 F.3d 1112 (9th Cir. 2021) .......... 10

*Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*,
548 F.3d 738 (9th Cir. 2008) .......... 7, 10

*Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*,
476 F.3d 701 (9th Cir. 2007) .......... 17

*West v. United States*,
853 F.3d 5204 (9th Cir. 2017) ....................................................................12

**Other Authorities**

Fed. R. Civ. P. 3 advisory committee notes to 2021 amend. ..................... 11, 13, 15

**Rules**

Fed. R. App. P. 3(c) ........................................................................ 11, 12, 13, 14

Fed. R. App. P. 4(a) ...................................................................................8, 9

Fed. R. Civ. P. 50(b) ..........................................................................................9

Fed. R. Civ. P. 58(a)...........................................................................................8

Fed. R. Civ. P. 6(a).............................................................................................8

# INTRODUCTION

Defendants-Appellees County of Orange and Deputy Jameson Gotts ("Defendants") ask this Court to strike the bulk of Plaintiff's Principal Brief based on two premises: that Plaintiff's notice of appeal was untimely because he failed to appeal each challenged order within thirty days of its entry, and that it was limited in scope to the attorney-fee order. Both are wrong.

No separate judgment was ever entered in this case, as required by Federal Rule of Civil Procedure 58. Judgment was therefore constructively entered on October 27, 2025, 150 days after the jury's special verdict was entered on the docket. Plaintiff's notice of appeal, filed November 12, 2025, was thus filed two weeks before the appeal deadline of November 26, 2025. Defendants' assertion that the appeal clock ran independently from each prior order misapprehends the final judgment rule: the time to challenge interlocutory orders runs from entry of final judgment, not from the date of each order.

Defendants' argument as to scope fares no better. Plaintiff's notice designated an appeal from the "Judgment following a trial." Under the 2021 amendments to Federal Rule of Appellate Procedure ("FRAP") 3(c), that designation encompasses every prior order that led to the judgment. That Plaintiff attached the fee order does not limit the appeal's scope absent an express statement of limitation, which he never made. The pre-amendment decisions on

which Defendants rely, including *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018), applied the *expressio unius* reasoning the 2021 amendments were designed to eliminate.

Alternatively, even setting aside that Plaintiff's notice of appeal was timely and sufficiently designated the judgment and every order he challenges, this Court should still deny Defendants' motion. There is no question of jurisdiction. Because Defendant Renegar's notice of appeal designates the same judgment and orders Plaintiff challenges, this Court's jurisdiction over those rulings has already been invoked. The requirement that Plaintiff file a notice of appeal or cross-appeal to challenge these same rulings is a rule of practice, not a jurisdictional bar. This Court should hear his challenges because they are intertwined with Defendants', Defendants have had notice of them since the outset of this appeal, and Defendants would suffer no prejudice from the Court deciding them.

The motion should be denied.

# ARGUMENT

## I. Plaintiff's Appeal Is Timely, as the Time to Appeal Runs from Entry of Judgment

### A. The time to appeal runs from entry of final judgment, not from prior individual orders.

Defendants argue that Plaintiff's challenges to the orders granting the County summary judgment and granting Defendant Gotts's motion for judgment as a matter of law ("JMOL") are untimely because they were "final orders" and Plaintiff did not appeal within thirty days of each order. Motion at 11–13. But that is not the standard.

Under the final-judgment rule, an individual order of the district court is "not appealable unless it disposes of all claims as to all parties . . . ." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). Its corollary is the "'single appeal rule,' which requires that a party raise all claims of error in a single appeal following final judgment on the merits." *Id.* (cleaned up). Accordingly, the time to appeal individual orders entered prior to final judgment runs from entry of final judgment – not from the date each order was individually entered.

### B. No separate judgment was ever entered, so judgment was constructively entered October 27, 2025.

"Every judgment and amended judgment must be set out in a separate document . . . ." Fed. R. Civ. P. 58(a). The District Court here never entered a separate judgment.

The jury's special verdict was entered on the docket May 28, 2025, but a verdict by itself is not an appealable judgment. *Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018). Plaintiff lodged a proposed judgment on the special verdict on July 29, 2025, but the District Court never signed or entered it. ER-3703. The document attached to Defendant's notice of appeal as an "Amended Judgment" is the same unsigned proposed judgment, ER-3707; Mkrtchyan Decl. Ex. A – confirmation that no judgment was ever entered.

Where, as here, the District Court fails to enter a separate-document judgment, judgment is deemed entered 150 days after the verdict is entered in the docket. Fed. R. Civ. P. 58(c)(2)(B); FRAP 4(a)(7)(A)(ii). *See Orr*, 884 F.3d at 929. The special verdict here was entered on the docket on May 28, 2025. ER-3696. 150 days later is October 25, 2025, which is a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), judgment was thus constructively entered on Monday, October 27, 2025. *See Orr*, 884 F.3d at 929 n.5.

Because Plaintiff's notice of appeal was filed on November 12, 2025, ER-3707, within thirty days of the October 27, 2025, constructive entry of

judgment, it is timely as to both orders and every other prior individual ruling that merged into the judgment.

### C. The order granting Gotts's JMOL did not independently start the appeal clock.

Although the time to appeal can run from a court's order granting a Rule 50(b) motion pursuant to FRAP 4(a)(4)(A), this rule does not apply where the order is entered before the judgment.[1] Instead, "when the district court rules on a Rule 50(b) motion before entering final judgment in the case, the time to appeal runs from the entry of final judgment." *Orr*, 884 F.3d at 930 (citing *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064–65 (9th Cir. 2005)). That is exactly what happened here. The District Court entered the JMOL order on July 24, 2025, ER-3703 – three months before judgment was constructively entered on October 27, 2025. The appeal clock for the JMOL order ran from October 27th, and the notice of appeal, filed November 12th, was timely.

### D. The summary judgment order was not a separately appealable order.

Defendants contend that Plaintiff was required to file a notice of appeal from the May 5, 2021, summary judgment order approximately four and a half years

---

[1] It should be noted that under Defendants' logic, Defendant Renegar's own notice of appeal from JMOL would be untimely as well, as it was also filed November 12, 2025, more than thirty days from entry of the JMOL order.

before judgment was entered in the case. Motion at 12–13. This would have involved precisely the "piecemeal appellate review" rejected by Congress and this Court. *Romoland*, 548 F.3d at 747. The summary judgment order dismissed the false arrest, unreasonable search, and Monell claims, but Plaintiff's excessive force claims remained pending and proceeded through four more years of litigation. Because the order did not dispose of all claims as to all parties, it was not a final, appealable decision under 28 U.S.C. § 1291. *Romoland*, 548 F.3d at 747. Instead, the summary judgment order merged into the final judgment and became reviewable on appeal from it. *See Rice v. Morehouse*, 989 F.3d 1112, 1119 (9th Cir. 2021) ("the order granting partial summary judgment . . . became final and appealable once it merged with the final judgment entered after trial"). Defendants' "June 4, 2021," deadline, *see* Motion at 12–13, treats an interlocutory order as though it were an independently appealable final judgment, when it was not.

## II. Plaintiff's Notice of Appeal Designates the Judgment and Encompasses the Orders Challenged on Appeal.

Defendants contend that this Court lacks jurisdiction to consider Plaintiff's challenges to the order granting summary judgment and the JMOL order because Plaintiff "fail[ed] to identify or attach" those orders or the judgment to the notice of appeal. Motion at 6. Defendants also argue that because Plaintiff attached the attorney-fee order to the notice, the Court should infer that Plaintiff did not intend to appeal any other rulings or the judgment. *Id.* at 7–8. These arguments are based

on precedents that pre-date the 2021 amendments to FRAP 3(c), which by its plain text states that an appeal designating a judgment encompasses all prior orders merging into it, and requires an "express statement" of an intent to limit an appeal from judgment to specific orders. Plaintiff's appeal from "Judgment following a trial" was sufficient notice of his intent to appeal any prior order that led to the judgment, he did not expressly state any intent to limit his appeal to particular parts of the judgment, and Plaintiff's intent was in any event further made clear in the Mediation Questionnaire, filed and served on all parties within the appeal notice period. Defendants had fair notice of Plaintiff's intent to appeal every ruling he challenges in his Principal Brief.

**A. Plaintiff's Notice of Appeal was sufficient under the Rules.**

The Advisory Committee notes to the 2021 amendments to FRAP 3 state:

> The notice of appeal is supposed to be a simple document that provides notice that a party is appealing and invokes the jurisdiction of the court of appeals. It therefore must state who is appealing, what is being appealed, and to what court the appeal is being taken. It is the role of the briefs, not the notice of appeal, to focus the issues on appeal.

FRAP 3 advisory committee notes to 2021 amend. Plaintiff's notice satisfies this standard.

On the notice of appeal form, Plaintiff checked the box marked "Judgment," and then added "following a trial." Mkrtchyan Decl. Ex. A. That selection is sufficient to designate his intent to appeal the final judgment in this case. *See West*

*v. United States*, 853 F.3d 520, 524 (9th Cir. 2017) ("title alone contained all of the information that Rule 3 required" where notice was titled "Plaintiff's Notice of Appeal to the Ninth Circuit Court of Appeals from the Order and Judgment of the United States District Court").

The fact that Plaintiff did not attach a copy of a judgment or list the date of final judgment is immaterial. As discussed above, the District Court never entered separate judgment, so there was no judgment to attach, nor was there an entry in the District Court docket indicating the judgment date. *See* Part I.B, *supra*. Defendant Renegar's own notice of appeal illustrates his confusion as well – under "Judgment" he references and attaches only the proposed judgment filed by Plaintiff that was never signed or entered by the Court, and gives the date on which Plaintiff filed the proposed judgment, July 29, 2025, as the date of judgment. Mkrtchyan Decl. Ex. B. Nonetheless, there is only one final judgment in this case (constructively entered on October 27, 2025), and it is clear from both parties' notices that they each intended to appeal from it.

And Plaintiff was not required to attach specific individual orders preceding the judgment that he intended to challenge. An appeal that designates the judgment includes all prior orders underlying that judgment. Rule 3(c)(4) states that the "notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment . . . ." FRAP 3(c)(4). Thus, Defendants' argument that this

Court lacks jurisdiction because Plaintiff's notice "fail[ed] to identify or attach any other judgment or order" is incorrect. *See* Motion at 6. Rule 3 in fact specifically provides that "[i]t is not necessary to designate those orders [that merge into the judgment] in the notice of appeal." FRAP 3(c)(4). These rule provisions, enacted in 2021, codify the longstanding merger principle: "an appeal from a final judgment permits review of *all rulings that led up to the judgment*." FRAP 3 advisory committee notes to 2021 amend. (emphasis added). Because both the summary judgment order, entered May 5, 2021, and JMOL order, entered July 24, 2025, preceded the final judgment date, October 27, 2025, *see* ER-3628; ER-3703, they "led up to th[at] judgment" and it was "not necessary to designate those orders in the notice of appeal." FRAP 3 advisory committee notes to 2021 amend. & FRAP 3(c)(4). *See also Deering v. Lockheed Martin*, 115 F.4th 923, 927 n.3 (8th Cir. 2024) (reconsideration order issued prior to final judgment was "encompasse[d]" by a judgment because it "merged into it," and therefore notice of appeal designating judgment but not reconsideration order was sufficient (citing *Banister v. Davis*, 590 U.S. 504, 509 (2020) ("ruling on [a] Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment")).

Thus, Plaintiff's notice of appeal from a "Judgment following a trial" was sufficient to give notice of his intent to appeal from the final judgment and all orders that led up to it.

**B. Attaching the attorney fee order did not limit the appeal's scope.**

Defendants contend that because Plaintiff attached the attorney-fee order and listed its date, his notice of appeal is limited to that order despite its designation of appeal from "Judgment following a trial." *See* Motion at 7–10. The 2021 amendments to Rule 3 foreclose this argument. Rule 3(c)(6) now provides:

> An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.

FRAP 3(c)(6). Plaintiff's notice contains no express statement limiting his appeal of the "Judgment following a trial." *See* Mkrtchyan Decl. Ex. A. Under the plain text of Rule 3(c)(6), the attachment of the attorney-fee order "do[es] not limit the scope of the notice of appeal." FRAP 3(c)(6).

Defendants rely heavily on *Havensight*, 891 F.3d at 1171, and similar pre-2021 decisions for the proposition that designating or attaching a specific order excludes undesignated orders from appellate review. But *Havensight* was decided in 2018, before the 2021 amendments to Rule 3(c) took effect. The Advisory

Committee states that it adopted these amendments precisely to eliminate the reasoning applied in *Havensight*:

> Whether due to misunderstanding or a misguided attempt at caution, some notices of appeal designate both the judgment and some particular order that the appellant wishes to challenge on appeal. A number of courts, using an *expressio unius* rationale, have held that such a designation of a particular order limits the scope of the notice of appeal to the particular order, and prevents the appellant from challenging other orders that would otherwise be reviewable, under the merger principle, on appeal from the final judgment. These decisions inadvertently create a trap for the unwary.

FRAP 3 advisory committee notes to 2021 amend. Rule 3(c)(6) was adopted "[t]o remove the trap for the unwary." *Id.* Thus *Havensight* and the other pre-2021 decisions on which Defendants rely for the proposition that the attachment of the attorney-fee order reduces the scope of the designated "Judgment" are no longer good law on that point. The rules now require an "express statement" of limitation, and Plaintiff made none.

### C. The Mediation Questionnaire, filed within the notice period, also confirms Plaintiff's intent.

Even if there had been any uncertainty in the Notice of Appeal, the Mediation Questionnaire Plaintiff filed in this Court one day later resolves it. This Court has held that documents other than the formal notice of appeal may give notice of a party's intent to appeal. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1159 (9th Cir. 2009); *Ahlmeyer v. Nevada System of Higher*

*Education*, 555 F.3d 1051, 1055 (9th Cir. 2009); *Intel Corp. v. Terabyte*, 6 F.3d 614, 618 (9th Cir. 1993). For example, in *Intel Corp. v. Terabyte Int'l, Inc.*, this Court treated an opening brief filed within the appeal period as sufficient notice of appeal because it "satisfied the requirements of Rule 3 by specifying the parties to the appeal, designating the judgment appealed from and naming this court." 6 F.3d 614, 618 (9th Cir. 1993).

The Mediation Questionnaire here also satisfies the Rule 3 requirements. It was filed on November 13, 2025, within the thirty-day appeal period. Mkrtchyan Decl. Ex. C. It describes in detail the issues and rulings Plaintiff intended to raise on appeal. In response to the form's prompt to "describe. . . the main issues on appeal," Plaintiff's counsel wrote that the issues would include, among others, that (1) Plaintiff's "punitive damages award was reduced based on Rule 50 motion ruling" causing "prejudice to Plaintiff's cause from the dismissal of the multiple defendants on qualified immunity grounds at Rule 50 motions," (2) "[h]is request for attorney's fees was reduced significantly," and (3) the court had "grant[ed a] motion for summary judgment on Plaintiff's claims." *Id.* The first and third of these are precisely the orders Defendants now seek to place beyond this Court's review.

If there was any question about whether Plaintiff intended to appeal only the fee order rather than the judgment as a whole, including the summary judgment

and JMOL rulings, the Mediation Questionnaire, filed and served within the appeal period, answers it. Defendants thus cannot claim surprise or prejudice. They were on notice that Plaintiff intended to challenge these rulings.

## III. In the Alternative, Even if Plaintiff's Notice Were Deficient, this Court Has Jurisdiction and Should Hear Plaintiff's Challenges

### A. Defendants' timely appeal from judgment invests this Court with jurisdiction.

Defendant argues that "the Court lacks jurisdiction to consider" any rulings not designated in the notice of appeal. *See* Motion at 6. But even assuming Plaintiff's notice of appeal was deficient – and it was not – it would not deprive this Court of jurisdiction. This Court has repeatedly held that where a party seeks to challenge rulings identified in its opponent's notice of appeal, the requirement that they notice an appeal or cross-appeal "is a rule of practice, which can be waived at the court's discretion, rather than a jurisdictional requirement." *Mendocino Env'l Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1298 (9th Cir. 1999). This is so because "the court's jurisdiction over the cross-appeal derives from the initial notice of appeal." *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007). Once a timely initial appeal invokes the court's jurisdiction over the case, the court has "broad power to make such dispositions as justice requires." *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1341–42 (9th Cir. 1981). Thus, Defendant Renegar's notice of appeal invokes the

court's jurisdiction over the judgment, JMOL order, and any other designated orders, regardless of the contents of Plaintiff's notice. *See* Mkrtchyan Decl. Ex. B.

**B. The Court should hear Plaintiff's challenges because the issues are intertwined and Defendants are not prejudiced.**

In deciding whether to hear challenges that were not properly cross-appealed (although as discussed above, Plaintiff's were), this Court considers "the interrelatedness of the issues on appeal and cross-appeal (particularly whether they involve the same parties), whether a notice of cross-appeal was merely late or not filed at all, whether the nature of the district court opinion should have put the appellee on notice of the need to file a cross-appeal, [and] the extent of any prejudice to the appellant caused by the absence of notice." *Mendocino*, 192 F.3d at 1299. Each factor favors Plaintiff's challenges here.

The issues are inextricably intertwined. Plaintiff's challenges to the grant of JMOL target the same order – C.D. Cal. Dkt. 881 – that Renegar's appeal places before the Court, and arises from the same incident, the same trial, and the same evidence. *See* ER-3703; Mkrtchyan Decl. Ex. B. The JMOL ruling that Gotts did not use excessive force cannot be reviewed in isolation from the jury's verdict that Renegar did, because both findings turn on the same encounter and uses of force by the same deputies acting together. Likewise, the summary-judgment dismissal of the false arrest claim arises from the same encounter, turns on the same stop, the same escalation, and the same application of force.

Defendants also had ample notice. Leaving aside that the Notice of Appeal was sufficient, the Mediation Questionnaire, filed one day after the Notice of Appeal and before the appeal deadline, identified every issue Plaintiff raised in his Principal Brief, including the Rule 50 ruling and the summary judgment grant. Mkrtchyan Decl. Ex. C. These documents were served on all Defendants, as they are all designated appellees and counsel for each of them has appeared in the appeal. Defendants have known since the outset of this appeal what Plaintiff intended to challenge.

The District Court's failure to enter a separate judgment further weighs in Plaintiff's favor. That failure left the parties without the clear signal Fed. R. Civ. P. 58 is designed to provide, and the resulting confusion is evident on both sides: Plaintiff listed the fee order date because it was the only final order entered; Renegar attached an unsigned proposed judgment the Court never adopted; and even the District Court clerk treated the date of the fee order as the operative "judgment." *See* Mkrtchyan Decl. Ex. A; *id.* at B; *id.* at D ("On October 16, 2025, a judgment was entered in the above-entitled action"). Plaintiff should not bear consequences from the District Court's failure to comply with Rule 58, and in any event the constructive judgment "encompasses all orders that, for purposes of appeal, merge into" it. FRAP 3(c)(4).

As for prejudice, Defendants offer only that permitting Plaintiff to raise these arguments "would substantially prejudice Respondents because the arguments are both untimely and outside this Court's appellate jurisdiction." Motion at 10. That is not prejudice, but a restatement of Defendants' incorrect jurisdictional argument. Prejudice in this context means something concrete: an inability to respond, lost evidence, reliance on the finality of a ruling, or unfair surprise. *See Mendocino*, 192 F.3d at 1299–1300. Defendants are not prejudiced. They had full notice of Plaintiff's challenges within the appeal period, the appeal is proceeding on its normal briefing schedule, and they will have every opportunity to respond on the merits. There is no delay, no surprise, and no impairment of their ability to litigate.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Appellees' Motion to Strike Plaintiff/Appellant's Principal Brief and Request to Stay Proceedings.

Dated: July 13, 2026

*/s/ Narine Mkrtchyan*
Narine Mkrtchyan
Counsel for Plaintiff-Appellant
Jeremy Holloway

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the page limit in United States Court of Appeals for the Ninth Circuit Local Rule 27-1(d) because it is less than twenty pages, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f).

I further certify that this brief complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(E) because this brief has been prepared using Microsoft Word 2011 in a proportionally spaced typeface, namely 14-point Times New Roman font.

Dated: July 13, 2026

*/s/ Narine Mkrtchyan*
Narine Mkrtchyan
Counsel for Plaintiff-Appellant
Jeremy Holloway

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on July 13, 2026.

I hereby certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated: July 13, 2026

*/s/Narine Mkrtchyan*
Narine Mkrtchyan
Counsel for Plaintiff-Appellant
Jeremy Holloway