Nos. 25-7132, 25-7297

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JEREMY HOLLOWAY,
Plaintiff-Appellant,

v.

COUNTY OF ORANGE; Deputy CHAD RENEGAR, individually, as a peace officer; Deputy JOEL GONZALEZ, individually, a peace officer; Deputy KEVIN PAHEL, individually; Deputy BRANDON BILLINGER, individually; a peace officer; Deputy MARK BORBA, individually; a peace officer; Deputy JAMESON GOTTS, individually; a peace officer; Deputy JUSTIN GUNDERSON, individually, as a peace officer,
Defendants-Appellees,

and

DOES, 1-20,
Defendant.

On Appeal from the United States District Court
for the Central District of California
Honorable David O. Carter
Case No. 8:19-cv-01514-DOC-DFM

**PLAINTIFF-APPELLANT JEREMY HOLLOWAY'S OPPOSITION TO APPELLEES' MOTION TO FOR AN EXTENSION FO TIME TO FILE ANSWERING BRIEF**

Narine Mkrtchyan - #243269
655 North Central Ave., Suite 1700
Glendale, California 91203
(818) 388-7022
*Attorney for Plaintiff-Appellant Jeremy Holloway*

1

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................3

RELEVANT PROCEDURAL BACKGROUND .......................................5

ARGUMENT ......................................................................................6

    I.    Defendants-Appellees Have Already Obtained Two Streamlined Extensions ..................................................................................6

    II.    Defendants-Appellees Did Not File Their Motion At Least Seven Days Before the Deadline. .................................................................7

    III.    Defendants-Appellees' "Preferred" Alternative Is a Disguised Stay of Briefing That This Court Already Denied. ...............................8

    IV.    Defendants-Appellees Have Not Demonstrated Diligence and Substantial Need. ..................................................................9

CONCLUSION ...................................................................................11

CERTIFICATE OF COMPLIANCE .....................................................12

## <u>INTRODUCTION</u>

Defendants-Appellees move for yet another extension of time, which should be denied. Since Plaintiff-Appellant Jeremy Holloway filed his First Brief on Cross-Appeal on April 20, 2026, Defendants-Appellees have obtained not one but two streamlined extensions of the deadline for their Second Briefs on Cross-Appeal—one filed by Defendant-Appellee Renegar [Dkt. 27] and another filed a month later by the other Defendants-Appellees [Dkt. 32]. The cumulative effect of those serial filings has already pushed the deadline from May 26, 2026 to July 27, 2026—a full two months of additional time. Having exhausted both separately filed streamlined extensions, Defendants-Appellees now move together to seek a third extension by formal motion [Dkt. 36], asking for yet another 30 days, or—as their "prefer[red]" alternative—an indefinite extension tied to this Court's ruling on Defendants-Appellees' pending Motion to Strike [Dkt. 26].

This Court should deny the motion. First, Defendants-Appellees' serial use of streamlined extensions by different defendants—all sharing the same briefing deadline—has already circumvented Circuit Rule 31-2.2(a)'s limitation that the streamlined extension "is intended to be the sole extension of time to file a brief." Advisory Committee Note to Rule 31-2.2. Second, despite already having a two-month extension, Defendants-Appellees filed this motion only four days before the deadline, in violation of Circuit Rule 31-2.2(b)'s requirement that a written

3

motion "shall be filed at least 7 days before the expiration of the time prescribed for filing the brief." Third, Defendants-Appellees' "prefer[red]" alternative—tying the briefing deadline to a future ruling on the Motion to Strike—is a transparent attempt to relitigate the stay of proceedings that this Court already denied on June 11, 2026 [Dkt. 31].

The motion should be denied and briefing should proceed as scheduled.

## RELEVANT PROCEDURAL BACKGROUND

On April 20, 2026, Plaintiff filed his First Brief on Cross-Appeal [Dkt. 25]. Following the granting of an extension that same week, the Second Briefs on Cross-Appeal were due May 26, 2026 [Dkt. 24].

On May 13, 2026, Defendant-Appellee Renegar filed a Streamlined Request for Extension of Time [Dkt. 27], which the Court granted, extending the deadline for the Second Briefs to June 25, 2026 [Dkt. 28].

On June 10, 2026, the other Defendants-Appellees filed their Motion to Strike Portions of Appellant's Opening Brief, which included an express request to "stay the current proceedings until the Court has made its ruling on this Motion" [Dkt. 29, at 6]. The very next day, on June 11, 2026, this Court entered an order stating that "The request (included in Docket Entry No. 29) to stay appellate proceedings is denied." It also referred the Motion to Strike "to the panel that decides the merits of this case," and left the briefing deadlines unchanged [Dkt. 31]. The Court's order was unambiguous: the Second Briefs remained due June 25, 2026, regardless of the pending Motion to Strike.

On June 16, 2026—just five days after this Court denied the stay and left the deadline in place—the remaining Defendants-Appellees strategically filed their own Streamlined Request for Extension [Dkt. 32]. The Court granted it [Dkt. 33],

extending the deadline for the Second Briefs to July 27, 2026. This was the second streamlined extension on the Second Briefs for all Defendants-Appellees.

On July 23, 2026—only four days before the deadline for their Second Briefs—Defendants-Appellees filed the present motion, seeking yet another 30-day extension to August 27, 2026, or alternatively "30 days from the date that this Court issues its ruling on Appellees' Motion to Strike [Dkt. 26]" [Dkt. 36, at 2].

## ARGUMENT

### I. Defendants-Appellees Have Already Obtained Two Streamlined Extensions

Circuit Rule 31-2.2(a) permits a party to "obtain a single streamlined extension of time to file that brief not to exceed 30 days." The Advisory Committee Note reinforces that "[t]he streamlined extension of time is intended to be the sole extension of time to file a brief." Advisory Committee Note to Rule 31-2.2.

Defendants-Appellees have subverted this framework through serial filing, separated by defendant. Defendant-Appellee Renegar filed the first streamlined extension on May 13, 2026 [Dkt. 27], pushing the Second Brief deadline by 30 days to June 25. This extension was granted to all Defendants, and was all they were entitled to under Circuit Rule 31-2.2. Then, on June 16, 2026, the remaining Defendants-Appellees filed a second streamlined extension request [Dkt. 32], despite having already received a 30-day extension, pushing all of their deadlines

6

for the Second Briefs by another 30 days to July 27. The practical effect is that the defendants' side obtained two successive 30-day streamlined extensions on each of their briefs.

Having already benefited from two separately filed streamlined extensions, Defendants-Appellees now move together for a third extension on their briefs. The Advisory Committee Note provides that "[m]ultiple motions for extension of time to file a brief are disfavored." Advisory Committee Note to Rule 31-2.2. However this Court characterizes the prior streamlined requests, the fact remains that all Defendants-Appellees have already received two extensions totaling 60 additional days on their Second Briefs. Their current motion is thus their third request for additional time — precisely the kind of successive request that the Advisory Committee Note warns is "disfavored" and that the Court "may decline to grant" absent a showing of "diligence and substantial need." Defendants-Appellees have not made that showing here.

## II. Defendants-Appellees Did Not File Their Motion At Least Seven Days Before the Deadline.

Circuit Rule 31-2.2(b) provides that a written motion for extension "shall be filed at least 7 days before the expiration of the time prescribed for filing the brief." Defendants-Appellees filed their motion on July 23, 2026—only four days before the deadline, and have failed to justify why they could not file earlier.

7

Defendants-Appellees have known since at least June 17, 2026—the date their second streamlined extension was granted—that their answering brief was due July 27. They had more than five weeks to file a timely motion, yet waited until the last possible moment.

### III. Defendants-Appellees' "Preferred" Alternative Is a Disguised Stay of Briefing That This Court Already Denied.

Defendants-Appellees state that their "prefer[red]" alternative is an extension "to 30 days from the date that this Court issues its ruling on Appellees' Motion to Strike." [Dkt. 36, at 2]. This is simply a repeated request to hold their brief deadlines in abeyance until the Motion to Strike is resolved—which is precisely the stay of proceedings that Defendants-Appellees sought and this Court denied six weeks ago.

On June 10, 2026, Defendants-Appellees filed their Motion to Strike and expressly asked this Court to "stay the current proceedings until the Court has made its ruling on this Motion" [Dkt. 29, at 6]. The Court acted swiftly: the next day, it denied the stay, referred the Motion to Strike to the merits panel, and left the briefing deadlines intact [Dkt. 31]. The import of that order was clear. Briefing was to proceed in parallel with the pending Motion to Strike, and the merits panel—not the motions panel—would resolve the Motion to Strike alongside the appeal itself.

Relabeling a stay as an "alternative" extension request does not change its substance. This Court has already denied the stay, and regularly defers

jurisdictional challenges to be heard simultaneously with the merits. There is no reason to revisit its decision.

### IV. Defendants-Appellees Have Not Demonstrated Diligence and Substantial Need.

Even setting aside the foregoing procedural deficiencies, Defendant-Appellees' motion should be denied. Circuit Rule 31-2.2(b) requires "a showing of diligence and substantial need," and emphasizes that "[a] conclusory statement as to the press of business does not constitute a showing of diligence and substantial need." Defendant-Appellees' motion is largely a catalog of self-created scheduling conflicts and foreseeable competing obligations—exactly the kind of showing the rule finds insufficient.

Counsel Naltsas acknowledges in her declaration that she scheduled extensive personal international travel throughout June and July 2026—to Mexico (June 8–12), Lake Tahoe (June 15–22, July 7–12), and Italy (June 26–July 6) [See, Naltsas Decl., ¶ 4]. These were pre-planned trips, undertaken during a briefing period counsel knew was running. While the car accident on July 11 is understandable and unfortunate, it does not explain the lack of progress during the preceding months. Counsel was aware of the briefing deadline no later than June 17, when the streamlined extension was granted, and yet voluntarily spent the majority of the resulting extension period traveling.

Counsel Cox, for his part, identifies competing briefing deadlines in two

other Ninth Circuit appeals and trial preparation obligations in state court [See, Cox Decl., ¶¶ 4–6]. A busy appellate docket is the norm for any law firm practicing in this Court, not an extraordinary circumstance warranting special relief. The Advisory Committee Note expressly warns that the "press of business" does not suffice. Moreover, Mr. Cox acknowledges that he "was not a part of the trial team during any of the trial proceedings in district court" and took over this matter after lead trial counsel retired at the beginning of 2026 [Cox Decl., ¶ 7]. Defendants-Appellees thus had approximately seven months to familiarize new counsel with the record—and more than three months after Plaintiff filed his Opening Brief—before the Second Briefs came due.

Nor can Defendant-Appellees credibly claim there is "no prejudice" to Plaintiff. This case has been pending since 2019 and has involved four trials and over six years of litigation. Plaintiff filed his notice of appeal in November 2025 after unsuccessfully attempting to enforce the judgment against Defendants. Defendant Renegar filed the notice of appeal, failed to post a security bond, refused to respond to Plaintiff's Post-Judgment Interrogatories, necessitating a motion to compel by Plaintiff. After Plaintiff served a writ of execution on the judgment, defendants asked to stay the enforcement of the judgment without a security bond based on a letter of credit, endangering Plaintiff's ability to collect on the judgment with punitive damages. Every extension pushes further into the

future the resolution of issues that have already consumed years of the parties' and the Court's resources. If the Court grants the requested extension, the Second Briefs on Cross-Appeal will not be filed until more than four months after Plaintiff filed his Opening Brief. At some point, delay itself becomes prejudice, and this case has long since reached that point.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants-Appellees' Motion for an Extension of Time to File Answering Brief.

Dated: July 24, 2026

*/s/ Narine Mkrtchyan*
Narine Mkrtchyan
Counsel for Plaintiff-Appellant
Jeremy Holloway

11

## **CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the page limit in United States Court of Appeals for the Ninth Circuit Local Rule 27-1(d) because it is less than twenty pages, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f).

I further certify that this brief complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(E) because this brief has been prepared using Microsoft Word 2011 in a proportionally spaced typeface, namely 14-point Times New Roman font.

Dated: July 24, 2026
/s/ Narine Mkrtchyan
Narine Mkrtchyan
Counsel for Plaintiff-Appellant
Jeremy Holloway

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on July 24, 2026.

I hereby certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated: July 24, 2026

*/s/Narine Mkrtchyan*
Narine Mkrtchyan
Counsel for Plaintiff-Appellant
Jeremy Holloway