DOCKET NOS. 25-7132, 25-7297

---

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

JEREMY HOLLOWAY,
Plaintiff-Appellant-Appellee,

vs.

CHAD RENEGAR,
Defendant-Appellee-Appellant.

---

On Appeal from a Decision of the
United States District Court for the Central District of California
Hon. David Carter
District Court Case No. 8:19-cv-01514-DOC-DFM

---

**CHAD RENEGAR'S SUPPLEMENTAL EXCERPTS OF RECORD
VOLUME 9 OF 9**

---

Michael L. Wroniak, Esq. (State Bar No. 210347) mwroniak@ccllp.law
Christie B. Swiss, Esq. (State Bar No. 245151) cswiss@ccllp.law
*James C. Jardin, Esq. (State Bar No. 187482) jjardin@ccllp.law
COLLINS + COLLINS LLP
750 The City Drive, Suite 400, Orange, CA 92868
(714) 823-4100; Fax (714) 823-4101

Attorneys for Defendant-Appellee-Appellant
CHAD RENEGAR

Michael L. Wroniak (State Bar No. 210347)
Christie B. Swiss (State Bar No. 245151)
Bonnie J. Bennett (State Bar No. 240313)
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
Email: mwroniak@ccllp.law
Email: cswiss@ccllp.law
Email: bbennett@ccllp.law

Attorneys for Defendant
DEPUTY CHAD RENEGAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| JEREMY HOLLOWAY, | CASE NO. 8:19-cv-01514-DOC-DFM |
| Plaintiff, | *Honorable David O. Carter; Courtroom 10A* |
| vs. | |
| COUNTY OF ORANGE; DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer. DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS, individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1 through 10, Inclusive | **DECLARATION OF CHRISTIE B. SWISS IN SUPPORT OF DEPUTY CHAD RENEGAR'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER F.R.C.P. RULE 50(b)** |
| | **Complaint Filed: August 6, 2019** |
| | **Trial Date: April 29, 2025** |
| Defendants. | |

*FILE # 23084*

1

**SWISS DECLARATION ISO RENEGAR'S RULE 50(b) MOTION**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

I, Christie B. Swiss, hereby declare as follows:

1.     I am an attorney admitted to practice before all the courts of the State of California and the Central District of California. I am a partner with the law firm of Collins + Collins LLP, counsel of record for Defendant Deputy Chad Renegar ("Deputy Renegar") in this matter. I have personal knowledge of the facts stated herein. If called upon to testify I could and would competently do so. This Declaration is made in support of Deputy Renegar's Renewed Motion for Judgment as a Matter of Law under Rule 50(b) of the Federal Rules of Civil Procedure.

2.     Attached hereto as **Exhibit A** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 2, 2025, Day 2, Volume I.

3.     Attached hereto as **Exhibit B** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 5, 2025, Day 3, Volume IV.

4.     Attached hereto as **Exhibit C** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 6, 2025, Day 4, Volume I.

5.     Attached hereto as **Exhibit D** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 6, 2025, Day 4, PM (Rough). As of the date of this declaration, I have not received the final transcript for the afternoon of Day 4.

6.     Attached hereto as **Exhibit E** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 7, 2025, Day 5, Volume II.

*FILE # 23084*

**SWISS DECLARATION ISO RENEGAR'S RULE 50(b) MOTION**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868
Phone   (714) 823-4100
Fax       (714) 823-4101

9-RenSER-01739                                                              9-RenSER-01739

7. Attached hereto as **Exhibit F** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 8, 2025, Day 6, Volume I.

8. Attached hereto as **Exhibit G** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 9, 2025, Day 7, Volume I.

9. Attached hereto as **Exhibit H** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 13, 2025, Day 9, Volume I.

10. Attached hereto as **Exhibit I** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 14, 2025, Day 10, Volume I.

11. Attached hereto as **Exhibit J** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 16, 2025, Day 11.

12. Attached hereto as **Exhibit K** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 19, 2025, Day 12, Volume III.

13. Attached hereto as **Exhibit L** is a true and correct copy of relevant portions from the transcript of trial proceedings on May 20, 2025, Day 13, Volume I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this on May 30, 2025, at Carlsbad, California.

CHRISTINE BODNAR SWISS

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

*FILE # 23084*

3

**SWISS DECLARATION ISO RENEGAR'S RULE 50(b) MOTION**

9-RenSER-01740 9-RenSER-01740

9-RenSER-01741

# EXHIBIT A

9-RenSER-01741

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

**HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

| | |
|---|---|
| JEREMY HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | **Certified Transcript** |
| ) | |
| vs. ) | Case No. |
| ) | 8:19-cv-01514-DOC-DFM |
| COUNTY OF ORANGE, et al., ) | |
| ) | |
| Defendants. ) | **DAY 2, VOLUME I** |
| ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS
JURY TRIAL
FRIDAY, MAY 2, 2025
8:02 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

9-RenSER-01742                                        9-RenSER-01742

4

**I N D E X**

**WITNESSES**                                                          **PAGE**

Plaintiff's opening statement                                              6
Defendant Renegar's opening statement by Ms. Swiss                        39
Defendant Gotts' opening statement by Mr. Harrell                        50

**OKORIE OKOROCHA, CALLED BY THE PLAINTIFF**
     Direct Examination by Ms. Mkrtchyan                                  71
     Cross-Examination by Mr. Harrell                                    102
     Redirect Examination by Ms. Mkrtchyan                              120

**EXHIBITS**

| EXHIBIT | | IN EVIDENCE | MARKED FOR I.D. |
|---|---|---|---|
| 56 | Document | | 84 |
| 5 | Medical records for treatment from the VA Long Beach P116-P262 | 120 | |

**UNITED STATES DISTRICT COURT**

9-RenSER-01743                                    9-RenSER-01743

some of it.  They are going to say, "Yes, oh, we did this.  We didn't do that."  But injuries, body, speaks louder than anyone talking to you here.  You will hear -- you will see photographs.  You will see medical records.

So he's punched to his face by Renegar.  He escalates the use of force because, oh, why?  "You need to get down on the ground.  I have a gun.  I'm going to shoot you."  The other officers go along with him.  "You're going to be tasered if you don't get down on the ground."  And why does he need to get down on the ground?  Nobody tells him.  What crime has he committed thus far?  Nobody tells him.  What is he being detained for?  Nobody tells him.

So he was punched to his face.  Multiple officers get on top of him.  He's choked.  He's going to tell you that he's choked; he's kicked in the multiple parts of his body.  And then if it's not enough, he's kicked and kneed in the head.  This is a man with a stroke.  It starts bleeding immediately, profusely from his head.

This is our sheriff's department, and I'm not lying to you.  You're going to hear all of this.  You're going to hear this on audio-video.  And you're going to see photographs of his injuries.  Are we here going to just blindfolded and say, "No, we believe in our police officers, all of them?"  Do we believe in all of them?  Do we trust all of them?

MS. SWISS:  Objection.  Argument.

UNITED STATES DISTRICT COURT

9-RenSER-01744                                              9-RenSER-01744

THE COURT:  Sustained.

Back to the facts, Counsel.

MS. MKRTCHYAN:  After all that brutal beating, after they see he's bleeding now, he's telling on -- you can hear him screaming from pain, "You're kneeing me in the head.  You are kicking me in the head."  He can't breathe because he's placed in a chokehold.  They are punching him.

You will hear the beating.  You will hear this gratuitous beating for fun.  You're dared not to get down on the ground.  And then they taser him, if it's not enough.  This man is face down already, face down under pressure of body weights of multiple officers.  Multiple officers are on top of him, five at least already at scene, five.  This man is bleeding.  He's already punched in the ribs, in his body.  And then if it's not enough, they taser him.  Why?  To punish him.  Punish this man for --

MS. SWISS:  Objection.  Argument.

THE COURT:  Counsel, I couldn't hear you.

MS. SWISS:  Argument.

THE COURT:  It's still argument.  Back to the facts.

MS. MKRTCHYAN:  -- questioning his authority.  He's tasered multiple times, ladies and gentlemen, when he's already face down under their pressure.  And Taser, you will hear policy of Tasers.  You don't apply Taser at close distance because it's not effective.  And that's --

UNITED STATES DISTRICT COURT

9-RenSER-01745                                      9-RenSER-01745

130

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES      )
                          )
STATE OF CALIFORNIA       )

I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date:  May 12, 2025*

                              /S/ DEBBIE HINO-SPAAN

                              *Debbie Hino-Spaan, CSR No. 7953*
                              *Federal Official Court Reporter*

**UNITED STATES DISTRICT COURT**

9-RenSER-01746                                    9-RenSER-01746

# EXHIBIT B

9-RenSER-01747

9-RenSER-01747

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

**HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

JEREMY HOLLOWAY,                              )
                                             )
                    Plaintiff,               )  **Certified Transcript**
                                             )
        vs.                                  )  Case No.
                                             )  8:19-cv-01514-DOC-DFM
COUNTY OF ORANGE, et al.,                     )
                                             )
                    Defendants.              )  **DAY 3, VOLUME IV**
                                             )

REPORTER'S TRANSCRIPT OF PROCEEDINGS
JURY TRIAL
MONDAY, MAY 5, 2025
1:32 P.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

9-RenSER-01748                              9-RenSER-01748

4

**I N D E X**

| WITNESSES | PAGE |
|---|---|

**JOEL GONZALEZ, CALLED BY THE PLAINTIFF**
Direct Examination by Ms. Mkrtchyan (continued)   12

**EXHIBITS**

(None offered.)

**UNITED  STATES  DISTRICT  COURT**

9-RenSER-01749                                    9-RenSER-01749

5

SANTA ANA, CALIFORNIA; MONDAY, MAY 5, 2025

1:32 P.M.

- - -


(Out of the presence of the jury.)

THE COURT:  Counsel, did you want to put something on the record?

MR. WRONIAK:  Thank you, Your Honor.  Counsel is getting into the use of --

THE COURT:  I can't hear you.

MR. WRONIAK:  May I sit?

With this witness, counsel is getting into the Taser policy.  And pursuant to the Court's ruling previously on the posttrial motions, the Taser was deemed as to Deputy Renegar to be subject to qualified immunity.  So when she's going into the Taser policy itself and the reasonableness of it, it's irrelevant.  And it's 403 to the extent it violates the Court's order that Deputy Renegar is entitled to qualified immunity on the use of the Taser.

The Court's already indicated we hear the whole story, including the Taser, because it's part of the story, but getting into the policy is irrelevant.

THE COURT:  That's one of the issues I've got.  That is, I'm not going to preclude the plaintiff, though, from arguing that the compilation of this, the number of officers

UNITED STATES DISTRICT COURT

9-RenSER-01750                                        9-RenSER-01750

involved and the use of Taser, are all part of this animus towards Mr. Holloway. That's the relevance of that. But as far as the Taser policy, et cetera, I have ruled on that. And that's why I kind of stopped it at the Taser issue at that time. So I turn back to the plaintiff to make your record.

MS. MKRTCHYAN: Your Honor, first of all, defendants in my motion *in limine* was denied. They were trying the same thing with -- you know, about the internal policies to be completely excluded. The Court denied that.

Now, how is this Taser policy relevant? It is extremely relevant to plaintiff's case. Why? Because not only Chad Renegar used actually the Taser on my client, but --

THE COURT: First of all, we have a disagreement on my ruling already, don't we?

MS. MKRTCHYAN: Wait a minute. I'm sorry.

THE COURT: Just a moment. Before we even get into this policy or not, you both disagree about what I ruled.

MS. MKRTCHYAN: But there's no ruling there. What ruling are we talking about? The motion *in limine* was denied, Your Honor.

MR. WRONIAK: I'm referring to the Court's omnibus order on posttrial motions, Docket Number 679.

MS. MKRTCHYAN: That's a very different issue. That's -- the Court dismissed some defendants --

THE COURT: Hold on. I'm confused by that now.

UNITED STATES DISTRICT COURT

9-RenSER-01751                    9-RenSER-01751

MR. WRONIAK: In the posttrial motions, Your Honor, for trial number 3, you ruled that -- why we ended up with the two deputies only, that the -- three of the deputies were entitled to qualified immunity.

As to Deputy Renegar, you specifically ruled after the first -- that trial, that the punch to the face was not subject to qualified immunity.

THE COURT: That's right.

MR. WRONIAK: But that Deputy Renegar was entitled to qualified immunity on the use of the Taser.

THE COURT: Yeah, I don't see the use of the Taser for both of you being inappropriate in this case. In other words, the specific use and policy, I believe, was adequately followed. The only reason Deputy Gotts is here and I didn't grant qualified immunity was because of the tape you hear Mr. Holloway saying basically, "Quick kicking me." Well, a person isn't saying that unless he's being kicked. And later on, unlike the first trial, you identified Deputy Gotts. That's why Deputy Gotts doesn't have qualified immunity.

Plus you also have a statement later on, something about "What do they do, teach you this in the academy?" something to that effect -- I'm a gatekeeper, that goes to the jury. They decide on Gotts. Otherwise, Gotts would have qualified immunity.

With Renegar, the whole issue is coming down to that

**UNITED STATES DISTRICT COURT**

9-RenSER-01752                    9-RenSER-01752

punch in the face, quite frankly, and do you believe it or not.

MR. WRONIAK: That's why the Taser policy and going to the Taser is --

THE COURT: I tend to agree with that. I don't think -- I think you can talk about the use of the Taser. I think you could argue the number of deputies that were eventually involved. I'm not precluding that. I'm not even precluding you getting together with their stories, although it's not a conspiracy. I ruled against you on that. But you can certainly say that they got together in terms of credibility and matched their stories. You're not precluded from that.

But as far as getting into the Taser policy, I believe that there, that Taser was properly employed. So I don't see why we're getting into the policy at all. I think it's unduly consumptive of time. Although you can talk about the Taser and how they used it, the fact it malfunctioned a number of times. You can argue that it was excessive as a total overall perspective and picture, but we're not into policy concerning this Taser.

MS. MKRTCHYAN: Your Honor, I need to be heard because the crux of this case -- and may I make my record? Because it seems to me that we are not communicating properly right now. The crux of this case is excessive force, isn't it? Okay. And there are two officers who not only drew Taser, but

9-RenSER-01753                                    9-RenSER-01753

Case 8:19-cv-01514-DOC-DFM Document 804-1 Filed 03/30/25 Page 17 of 115
Case: 25-7132, 07/27/2026, DktEntry: 39.10, (180 of 273)
Page ID #:33675

22

time in terms of any de-escalation when you left, okay?  So we're back on the second incident.

Now, Counsel, ask your question, but please don't carry on to the next.

MS. MKRTCHYAN:  We are on the second encounter.

THE COURT:  Counsel.

BY MS. MKRTCHYAN:

Q    Did you do any verbal de-escalation before you took him down to the ground, sir?

A    Aside from telling him multiple times to get on the ground, no.

THE COURT:  And now we're done with this area.  Move on.  You've asked him three times now.

BY MS. MKRTCHYAN:

Q    Now, of course, you're denying -- right? -- that Chad Renegar punched Jeremy Holloway in the face before takedown. You're denying that; true?

A    I didn't see him do any of that stuff.

Q    Okay.  But you were there; wasn't it true?  From the very beginning when he was taken down to the ground until the time he was picked up from that ground, you were there, weren't you?

A    Yes, I was.

Q    And you did not see how Mr. Holloway was punched to his face; true?

A    I never saw him get punched in the face.

9-RenSER-01754                                                        9-RenSER-01754

Q    And you also never saw anyone kicking him in the head; true?

A    That is correct.

Q    Okay.  Then how, sir, did he get those facial head injuries that you've described in your report -- in your police report?  You wrote -- isn't it true? -- "I saw Jeremy was bleeding from the right side of his head above his eye."  How did he get those head injuries if, according to you, you never saw him punched to his face, hit in the head?

A    In previous testimony, I believe I stated that I felt he got that injury when we took him to the ground and he hit his head or face on the ground.

Q    Isn't it true you also testified in the deposition -- do you remember your sworn deposition?

A    Yes, I do.

Q    Did you read that recently, as you said earlier?

A    Yes, I did.

Q    And isn't it true you did testify that you never saw him get down face -- hit his face on the ground?  Remember that?

         MR. HARRELL:  Improper use of the deposition.

         THE COURT:  Sustained.

BY MS. MKRTCHYAN:

Q    So let's, you know, show the photograph of -- so you are claiming that you actually believe that he went and hit his face on the ground; right?  That's what you are claiming now at

9-RenSER-01755                                                    9-RenSER-01755

A    That is true.

Q    Okay.  And then if that is the case, isn't it true you never saw Mr. Holloway place Deputy Renegar in a headlock as he has claimed; true?

A    I never said he did.

Q    Right.  And isn't it true, according to your report, there is no -- no indication whatsoever that there was any aggressive move placing an officer in a headlock by Mr. Holloway?

A    I did not write anything about a headlock on my report.

Q    Well, okay.  But if you didn't write it, then it didn't happen; true?

          MR. WRONIAK:  Objection.  Misstates the evidence. Calls for speculation.

          THE COURT:  Overruled.

          THE WITNESS:  I remember -- like I said, from what I remember, Deputy Renegar saying something to the effect "He's got my head" or something to that effect, but I did not write that in my report.

BY MS. MKRTCHYAN:

Q    And, sir, when we asked you -- you remember at your deposition we asked you several times:  Did you ever see Mr. Holloway place Mr. Renegar -- Chad Renegar -- Deputy Chad Renegar in the so-called headlock.

          Do you remember that question asked of you several

9-RenSER-01756                                    9-RenSER-01756

A    That is true.

Q    Okay.  And then if that is the case, isn't it true you never saw Mr. Holloway place Deputy Renegar in a headlock as he has claimed; true?

A    I never said he did.

Q    Right.  And isn't it true, according to your report, there is no -- no indication whatsoever that there was any aggressive move placing an officer in a headlock by Mr. Holloway?

A    I did not write anything about a headlock on my report.

Q    Well, okay.  But if you didn't write it, then it didn't happen; true?

        MR. WRONIAK:  Objection.  Misstates the evidence.  Calls for speculation.

        THE COURT:  Overruled.

        THE WITNESS:  I remember -- like I said, from what I remember, Deputy Renegar saying something to the effect "He's got my head" or something to that effect, but I did not write that in my report.

BY MS. MKRTCHYAN:

Q    And, sir, when we asked you -- you remember at your deposition we asked you several times:  Did you ever see Mr. Holloway place Mr. Renegar -- Chad Renegar -- Deputy Chad Renegar in the so-called headlock.

        Do you remember that question asked of you several

9-RenSER-01757                                                9-RenSER-01757

30

times?

A    Yes, I do.

Q    Do you remember what you responded?

MR. HARRELL:  Improper use of the deposition.

THE COURT:  No.  Overruled.

You can answer that question.

THE WITNESS:  I do remember what I said.

BY MS. MKRTCHYAN:

Q    Okay.  And what did you tell us?

MR. HARRELL:  Improper use of the deposition.

THE COURT:  Overruled.

THE WITNESS:  That I did not see it.

BY MS. MKRTCHYAN:

Q    Okay.  And isn't it true, sir, you never saw Jeremy Holloway rotate on the ground, facing up Officer Renegar, as he has claimed, Deputy Renegar?  Do you remember?  Isn't it true you never saw him rotate on the ground?

MR. WRONIAK:  Objection.  Compound.  Assumes facts not in evidence.

THE COURT:  Overruled.

You can answer the question.

BY MS. MKRTCHYAN:

Q    True?

A    I did not see him rotate.

Q    And isn't it true, sir, according to your previous

**UNITED STATES DISTRICT COURT**

9-RenSER-01758                                              9-RenSER-01758

*CERTIFICATE OF OFFICIAL REPORTER*


COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

                I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

COURT REPORTER, in and for the United States District Court for

the Central District of California, do hereby certify that

pursuant to Section 753, Title 28, United States Code that the

foregoing is a true and correct transcript of the

stenographically reported proceedings held in the

above-entitled matter and that the transcript page format is in

conformance with the regulations of the Judicial Conference of

the United States.


*Date:  May 26, 2025*


                         */S/ DEBBIE HINO-SPAAN*

                         *Debbie Hino-Spaan, CSR No. 7953*
                         *Federal Official Court Reporter*


**UNITED STATES DISTRICT COURT**

9-RenSER-01759                                        9-RenSER-01759

# EXHIBIT C

9-RenSER-01760

9-RenSER-01760

1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

### HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

JEREMY HOLLOWAY,                          )
                                          )
                    Plaintiff,            )  **Certified Transcript**
                                          )
        vs.                               )  Case No.
                                          )  8:19-cv-01514-DOC-DFM
COUNTY OF ORANGE, et al.,                 )
                                          )
                    Defendants.           )  **DAY 4, VOLUME I**
                                          )

REPORTER'S TRANSCRIPT OF PROCEEDINGS
JURY TRIAL
TUESDAY, MAY 6, 2025
8:06 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

# UNITED STATES DISTRICT COURT

9-RenSER-01761                                         9-RenSER-01761

4

## I N D E X

**WITNESSES**                                                              **PAGE**

**JOEL GONZALEZ, CALLED BY THE PLAINTIFF**
    Cross-Examination by Mr. Harrell (continued)          5
    Cross-Examination by Mr. Wroniak                      57
    Redirect Examination by Ms. Mkrtchyan                 67
    Recross-Examination by Mr. Harrell                    98

**LAVINIA SUE BETZLER, CALLED BY THE PLAINTIFF**
    Direct Examination by Ms. Mkrtchyan                  109
    Cross-Examination by Mr. Wroniak                     132
    Redirect Examination by Ms. Mkrtchyan                144
    Recross-Examination by Mr. Wroniak                   148

**LORETTA HOLLOWAY TAFOYA, CALLED BY THE PLAINTIFF:**
    Direct Examination by Ms. Mkrtchyan                  150

## EXHIBITS

**(None offered.)**

**UNITED STATES DISTRICT COURT**

9-RenSER-01762                                     9-RenSER-01762

**SANTA ANA, CALIFORNIA; TUESDAY, MAY 6, 2025**

**8:06 A.M.**

- - -

**(In the presence of the jury.)**

THE COURT:  Counsel, good morning.  If you'd have a seat, please.  Deputy Gonzalez will retake the stand.

This will be cross-examination, please.

**JOEL GONZALEZ, PREVIOUSLY SWORN, RESUMES THE STAND**

**CROSS-EXAMINATION**

BY MR. HARRELL:

Q     Good morning, sir.

A     Good morning.

Q     Yesterday you were asked about your performance during our incident; true?

A     Yes.

Q     Are you a defendant in this case, to your understanding, in this trial?

A     No, I'm not.

Q     Who, to your understanding, are the defendants in this case?

MS. MKRTCHYAN:  Objection, Your Honor.

THE COURT:  Yeah, it's irrelevant, Counsel.  Move on.

MR. HARRELL:  I'm sorry, Your Honor, the ruling?

**UNITED STATES DISTRICT COURT**

9-RenSER-01763                                                    9-RenSER-01763

58

Q    As it relates to the second incident when the use of force occurred when Deputy Renegar approached Mr. Holloway and prior to Deputy Renegar attempting to do the arm bar takedown, did you see Deputy Renegar punch Mr. Holloway in the face?

A    No, I did not.

Q    Did that happen?

A    No, it did not.

Q    You did see Mr. Holloway reach for Deputy Renegar's ballistic vest; correct?

A    Yes, I did.

Q    And, again, can you please describe what you saw.

MS. MKRTCHYAN:  Objection, Your Honor.  This is cumulative.  I have a witness waiting.

THE COURT:  We have each of the claims against each individual officer.

MS. MKRTCHYAN:  That's a joint defense, and the Court has limited this witness.  This is not a defendant.  I have a witness waiting, Your Honor.

THE COURT:  Overruled.

Counsel, your question.

BY MR. WRONIAK:

Q    You saw Mr. Holloway reach for Deputy Renegar's ballistic vest; correct?

A    Yes, I did.

Q    Again, can you please describe what you saw?

UNITED  STATES  DISTRICT  COURT

9-RenSER-01764                    9-RenSER-01764

194

CERTIFICATE OF OFFICIAL REPORTER


COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )

                I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

COURT REPORTER, in and for the United States District Court for

the Central District of California, do hereby certify that

pursuant to Section 753, Title 28, United States Code that the

foregoing is a true and correct transcript of the

stenographically reported proceedings held in the

above-entitled matter and that the transcript page format is in

conformance with the regulations of the Judicial Conference of

the United States.


Date:  May 27, 2025




                              /S/ DEBBIE HINO-SPAAN_____

                              Debbie Hino-Spaan, CSR No. 7953
                              Federal Official Court Reporter


**UNITED STATES DISTRICT COURT**

9-RenSER-01765                                    9-RenSER-01765

# EXHIBIT D

9-RenSER-01766

9-RenSER-01766

1

SANTA ANA, CALIFORNIA; TUESDAY, MAY 6, 2025; 1:10 P.M.

-oOo-

*(The following proceedings were had outside the presence of the jury:)*

THE COURT:  All parties are present.  Counsel are present.

Would you re-take the stand, please.

THE COURT:  All right.  Counsel, cross-examination, please.

MR. HARRELL:  Thank you, Your Honor.

CROSS-EXAMINATION

BY MR. HARRELL:

Q    Good afternoon, ma'am.

How are you?

A    Okay.  Good.

Q    You understand that January 21st, 2018 is the date of our --

A    The date of what?

*(Court Reporter requests clarification for the record.)*

BY MR. HARRELL:

Q    -- of our incident?

I'm going to try to make this microphone work. I'm tall, so sometimes it Reach, but I'm going to move it around.

*ROUGH DRAFT - DO NOT QUOTE*

9-RenSER-01767                                    9-RenSER-01767

78

Worse when lifting heavy objects.

Better with stretching and breathing

exercises.  Reports history of being hit

in the head during riot training in the

past with unknown object around 2000

with - loss of concussion."

First, Doctor, did I read that paragraph correctly?

A    You did.

Q    And did you see anywhere in that history that Mr. Holloway reported that he was punched the face?

A    No.

MS. SWISS:  Thank you.  No further questions.

THE COURT:  Counsel?

MR. HARRELL:  No questions, Your Honor.

THE COURT:  Counsel, back to redirect, please?

MS. MKRTCHYAN:  Very briefly.

REDIRECT EXAMINATION

BY MS. MKRTCHYAN:

Q    Doctor, thank you.

Isn't it true you were not retained here as an expert witness to testify in this case?

A    I was not retained as an expert witness.

Q    Up to date -- up until today, have you been paid to testify?

*ROUGH DRAFT - DO NOT QUOTE*

9-RenSER-01768                                    9-RenSER-01768

Case: 25-7132, 07/27/2026, DktEntry: 39.10, (330 of 273)

# EXHIBIT E

9-RenSER-01769

9-RenSER-01769

Case 8:19-cv-01514-DOC-DFM Document 864-1 Filed 05/30/25 Page 33 of 115
Case 25-7132, 07/27/2026, DktEntry: 39.10, (340 of 273) Page 33 of 115
Page ID #:33691

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

| | |
|---|---|
| JEREMY HOLLOWAY, | ) |
| PLAINTIFF, | ) |
| vs. | ) SACV NO. 19-01514-DOC |
| | ) Day 5, Volume II |
| COUNTY OF ORANGE, et al., | ) |
| DEFENDANTS. | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

WEDNESDAY, MAY 7, 2025

1:07 P.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01770                    9-RenSER-01770

I N D E X

| PLAINTIFF'S WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| ROGER ALMA CLARK | 5 | 49 | 107 | 119 |
| | | 103 | | |
| JEREMY HOLLOWAY | 123 | | | |

Deborah D. Parker, U.S. Court Reporter

9-RenSER-01771                    9-RenSER-01771

were not necessary or appropriate.  In my hopeful testimony here is, I did not consider that at all necessary or appropriate.  None of those aspects of force.

BY MS. MKRTCHYAN:

Q    And why not?  Tell us why not.  What is it, you're based on?

After all, we have a situation here.  There are 911 callers.  He's on probation.  He has got some knives in his campground.  Why not?

A    So just to unpack that a bit, the blows to the head are specifically trained to be avoided.  Blows to the head.  So punches -- any punches or kicks or smashing the head into a solid area is totally against policy and in the training to be avoided.  There are parts of the body that are to be avoided wherever possible.  And the head is one of them, the spine and the neck, those things.

The use of the taser.

MR. WRONIAK:  Objection.  403.  Irrelevant.

THE COURT:  You may speak about the taser.

You may answer.

THE WITNESS:  The use of the taser has specific requirements that are focused on aggressive behavior and credible threat.  None of that is apparent.  There's three on one, initially, and then there's seven.  It's about 1,400 pounds of muscle -- trained muscle on one person.

9-RenSER-01772                                    9-RenSER-01772

26

The -- so I did not consider that the taser -- especially used in what's termed "dry stun" mode. I can be precise on what the implications are there, and there were two applications: One elongated tasing, one dry stun tasing.

And -- so -- and then the totality of the energy in terms of blows, kicks, et cetera, and then the choke -- any choking of the neck -- the neck is also one other area, and just -- there's a term "carotid restraint" which by law is forbidden, but also can cause, in the training, spasms and respiratory failure, choking and so forth, windpipes and spasms and so forth depending on the person.

So those are all aspects of force I considered very extreme and not necessary in the totality of the circumstance and that combined with the time they had to use verbal skills and de-escalate, the absence of weapons, all of those factored in.

Q   So, Lieutenant, so we established that the degree of force depends on the actions of the suspect, whether the suspect is cooperative, passive, noncompliant, aggressive or combatant, right?

A   Right. And I gave the four categories in the training. This is how an officer gauges, *Okay. What can I do? What's necessary? What's appropriate?*

And it is a very good commentary. It's all

9-RenSER-01773                                                    9-RenSER-01773

different time, so it's just not five officers at one time.

Sustained.  All right, Counsel.

BY MS. MKRTCHYAN:

Q    So you've known from the materials, how many officers were there by the time taser was applied, involved with Holloway on the ground?

A    Well, I know there were three, and I considered that good enough.  You know, it's three on one.  So I considered the taser as a provocative.  That's my term.  Another term is, it's throwing gasoline on the fire.  It's not mitigating the circumstances.  It's not controlling force in this case that's necessary.

You got three guys.  It's not much Holloway can do, in my opinion.

MR. WRONIAK: Objection.  Irrelevant.  403.  Move to strike.

THE COURT:  Overruled.

BY MS. MKRTCHYAN:

Q    And when they -- you've heard evidence that there is a claim by Renegar that Mr. Holloway placed him in a headlock.

Do you recall that?

A    I saw it in his report and his testimony.

Q    Right.  And that headlock was not corroborated by any of the other officers present.  True?

A    That was my understanding of the reports.

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01774     9-RenSER-01774

into that subject.

THE COURT: Well, the subject didn't come up, Counsel.

Are you making the accusation that this gentleman has falsified a report?

MR. WRONIAK: No, sir.

THE COURT: What's your question?

MR. WRONIAK: I need to indicate that because his version did not match the suspect, it means he did not necessarily write a false report.

MS. MKRTCHYAN: Beyond the scope, Your Honor.

THE COURT: Sustained.

MR. WRONIAK: I'll move on.

BY MR. WRONIAK:

Q    You agree that there are no independent witnesses who saw Deputy Renegar punch Mr. Holloway in the face, correct?

A    Yes.

Q    Deputies Gonzalez and Pahel were the two closest persons to Mr. Holloway when Deputy Renegar first approached him the second encounter, correct?

A    Yes.

Q    And neither -- and you saw in the materials that Deputy Gonzalez says he did not see Deputy Renegar punch Mr. Holloway in the face, correct?

A    Yes.

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01775                                                        9-RenSER-01775

Q He said that didn't happen, correct?

A I don't know if it didn't happen. I think he said he didn't see it.

Q And Deputy Pahel said he didn't see that occur, correct?

A Correct.

Q Sir, you would agree that if an officer is attempting to handcuff an individual and a scuffle occurs and a suspect wraps his arm around the officer's head, the officer would be justified in using reasonable force to prevent that from happening, correct?

MS. MKRTCHYAN: Incomplete hypothetical.

THE COURT: Overruled. You can answer that question.

THE WITNESS: Yes.

BY MR. WRONIAK:

Q Similarly, you agree that if an officer is attempting to handcuff an individual and a scuffle occurs and the suspect tries to grab the officer's ballistic vest, the officer would be justified in using reasonable force to prevent that from happening, correct?

A Yes.

Q Sir, officers don't have to say "you're under arrest" before they can use force on a suspect, correct?

MS. MKRTCHYAN: Incomplete hypothetical,

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01776          9-RenSER-01776

112

Assuming that.

THE WITNESS:  It would not be reasonable to punch him in the face.

BY MS. MKRTCHYAN:

Q    Would it be reasonable to hit him in the head multiple times causing bleeding, if a probationer is refusing to go down on the ground?

MR. WRONIAK:  Objection.  Improper opinion.

THE COURT:  Overruled.

THE WITNESS:  No.

BY MS. MKRTCHYAN:

Q    Is it reasonable to taser someone multiple times when that person is face down in a prone position with multiple officers with their body weights on him?

MR. WRONIAK:  Objection.  Irrelevant.  403.

THE COURT:  Overruled.

But is that your understanding that he was on the ground when he was tasered?

THE WITNESS:  Yes, Your Honor.

THE COURT:  All right.  Thank you.

THE WITNESS:  The answer is no.

BY MS. MKRTCHYAN:

Q    So the issue is really not whether he did or did not go down to the ground.  The issue is whether the force was reasonable when it was applied.  True?

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01777                                                                9-RenSER-01777

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  May 9, 2025


                        /s/DEBORAH D. PARKER
                DEBORAH D. PARKER, OFFICIAL REPORTER

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01778          9-RenSER-01778

# EXHIBIT F

9-RenSER-01779

9-RenSER-01779

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

**HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

JEREMY HOLLOWAY,                          )
                                          )
                      Plaintiff,          )  **Certified Transcript**
                                          )
          vs.                             )  Case No.
                                          )  8:19-cv-01514-DOC-DFM
COUNTY OF ORANGE, et al.,                 )
                                          )
                      Defendants.         )  **DAY 6**
                                          )

REPORTER'S TRANSCRIPT OF PROCEEDINGS
JURY TRIAL
THURSDAY, MAY 8, 2025
8:05 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

9-RenSER-01780                                          9-RenSER-01780

I N D E X

WITNESSES                                                          PAGE

**JEREMY HOLLOWAY, CALLED BY THE PLAINTIFF**
    Direct Examination by Ms. Mkrtchyan                              5
    Cross-Examination by Mr. Harrell                               149

EXHIBITS

(None offered.)

UNITED STATES DISTRICT COURT

9-RenSER-01781                              9-RenSER-01781

down like this (indicating) on the ground.  And I'm watching what's going on, trying to figure out what's going on.  I'm still yelling, "I have not done anything wrong," trying to figure out what's going on.

And then I see another officer that wasn't from the first three come and knee me right in the eye, in the temple area of my right side.  And there is a moment where I did pull up my right arm to try to block my -- to save my face.  And you do see blood on my arm from where I was trying to protect my head.

Q    Did you actually feel when you started bleeding from your face?

A    Yes.  And I even say it.

Q    And how did you feel the moment in time when you saw blood?

A    The moment I saw blood, because it was warm and it was in my eye.

Q    And how did you feel when that -- when you saw blood?

A    I was scared.  I'm just trying to -- we're now in life or death.  I'm getting hit in my temple, in my eye.  And -- you know, and then I'm getting kicked everywhere right now, and I'm being held down.  It's like I have -- nothing I can do because I'm being held down and beaten.  I can't do anything.

I'm trying my best to -- so I wasn't fighting.  I was protecting my head.  But everything else I had a large

9-RenSER-01782                                            9-RenSER-01782

officer on my legs, on my calf area. I believe Officer Renegar was on my butt area, lower back. And I had other officers holding my -- arms held out while I had one leaning on his buddy, using leverage to knee me in the head. And I see that until like -- and that's why I'm trying to do that as I'm lying on the ground.

Q    So you did feel actually knee strikes on your head?

A    Yes, I did. And I say it.

Q    Okay. And then -- so after that, did you -- and this was ongoing -- were you actually striking them in any shape or way? Can you strike them?

A    No. I even tell them, "I'm not fighting you." And my words -- the best way to say it is I wasn't fighting them; they were fighting me. They were just -- and then with one officer starting it and officers seeing their other buddies in an altercation, they automatically want to save the other officer. So I become now the victim of -- it's pretty much of just -- it's chaos.

Q    So -- all right. So let's -- going to that moment again. So did you feel the Taser?

A    Yes, I did. I felt it several times.

Q    Okay. And you felt the Taser. And when the Taser was applied, did you feel it -- where did you feel it in your body, the Taser?

A    I felt it in my whole body. So I couldn't have told you

9-RenSER-01783                    9-RenSER-01783

Case 8:19-cv-01514-DOC-DFM 07/27/2026 DktEntry: 39.10 (48 of 273) Page 47 of 115
Case 8:19-cv-01514-JLS-JDE Document 864-1 Filed 05/30/25
Page ID #:33705

27

A    No.  At any point, no.

Q    When you were face down on the ground, were you kicking with your legs?

A    No.  I was being held down on my legs.

Q    Did you make any movement on the ground?

A    Just when I was trying to save my head from being kicked and kneed.

Q    And how were you moving?  In what way were you moving?

A    Just trying to -- whatever I could do.  Because they're still holding my arm, and I'm just -- I've got my hand about right here (indicating), and it's just blocking the knee strikes.

Q    And this entire thing for you while you are on the ground, how long can you say it was ongoing, that use of force?

A    If you were to ask me that moment, I could have told you maybe an hour.  It felt like -- it felt like a long time.  I was fighting for my life or just -- my life was -- I was held down and beaten.

Q    Now, when officers then brought you up, so now you are placed in handcuffs; right?

A    Yes.

Q    And when you were placed in handcuffs -- even after you were placed in handcuffs, did they actually stop their application of force after you were handcuffed?

A    No.  Also, the guy that was on my legs, he stands on me as

9-RenSER-01784                                    9-RenSER-01784

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date:  May 10, 2025*

                              */S/ DEBBIE HINO-SPAAN*

                              *Debbie Hino-Spaan, CSR No. 7953*
                              *Federal Official Court Reporter*

**UNITED STATES DISTRICT COURT**

9-RenSER-01785                    9-RenSER-01785

# EXHIBIT G

9-RenSER-01786

9-RenSER-01786

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

| | |
|---|---|
| JEREMY HOLLOWAY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) SACV NO. 19-01514-DOC |
| | ) Day 7, Volume I |
| | ) |
| COUNTY OF ORANGE, et al., | ) |
| | ) |
| DEFENDANTS. | ) |
| _____ | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

FRIDAY, MAY 9, 2025

7:49 A.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01787                    9-RenSER-01787

```
                            I N D E X


  PLAINTIFF'S WITNESSES:    DIRECT   CROSS   REDIRECT   RECROSS

   JEREMY HOLLOWAY                     19      133
                                       97
                                      111
```

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01788 9-RenSER-01788

120

A    No.

Q    Did you have a phone number on the date of the incident?

A    No.

Q    Did you provide a phone number to the register for the campers?

A    No.

Q    Now, the second encounter, you claimed that you're standing there, arms out saying, "I'm not moving," and Deputy Renegar just runs up and punches you in the face, correct?

A    That is correct.

Q    Is that the first thing that you claim Deputy Renegar did to you?

A    I believe that when they were yelling and he didn't think that I got down fast enough for him, he punched me in the head.

Q    So the first thing Deputy Renegar does, according to you, is runs up and punches you in the face?

A    Like I said, I'm looking around, and I hear people yell, "Get down on the ground.  Tase him," and I believe those are the words that are being said.  I was just looking at everybody, watching, just for my safety.

Q    Sir, the first thing, according to you, that Deputy Renegar does as he approaches you is run up and punch

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01789                                    9-RenSER-01789

156

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  May 10, 2025


                              /s/DEBORAH D. PARKER
                    DEBORAH D. PARKER, OFFICIAL REPORTER

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01790                                    9-RenSER-01790

# EXHIBIT H

9-RenSER-01791

9-RenSER-01791

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

**HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

JEREMY HOLLOWAY,                      )
                                      )
                Plaintiff,            )  **Certified Transcript**
                                      )
        vs.                           )  Case No.
                                      )  8:19-cv-01514-DOC-DFM
COUNTY OF ORANGE, et al.,             )
                                      )
                Defendants.           )  **DAY 9, VOLUME I**
                                      )

REPORTER'S TRANSCRIPT OF PROCEEDINGS
JURY TRIAL
TUESDAY, MAY 13, 2025
8:02 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

9-RenSER-01792                                    9-RenSER-01792

4

**I N D E X**

| WITNESSES | PAGE |
|---|---|

**CHAD MATTHEW RENEGAR, CALLED BY THE PLAINTIFF**
Direct Examination by Ms. Mkrtchyan (continue)          5
Cross Examination by Mr. Wroniak                         119

**EXHIBITS**

**(None offered.)**

**UNITED STATES DISTRICT COURT**

9-RenSER-01793                    9-RenSER-01793

MR. WRONIAK: Objection. Argumentative.

THE COURT: Overruled.

You can answer the question.

THE WITNESS: Again, I notified our sergeant, and you hear that on PVS -- or the audio recording.

BY MS. MKRTCHYAN:

Q    And when you talked about this headlock, as we covered this yesterday, to Sergeant Rawlings, you told him before you went down to the ground, Mr. Holloway placed you in a headlock. You said it; true?

A    I believe that's what I said, yes.

Q    On your report it appears completely different story as we covered it. Let's go back to your report for a moment. You said --

MS. MKRTCHYAN: Let's please pull up the report. Thank you.

BY MS. MKRTCHYAN:

Q    You wrote here, "Jeremy began to go to the ground but continued to pull away from me." Then you jump. We don't hear any indication here how you went down to the ground.

Then you wrote:

"Once Jeremy and I were on the ground, Jeremy was able to pull his arm away from me. Jeremy then rotated his body towards me on the ground and attempted to grab ahold of my ballistic vest.

9-RenSER-01794          9-RenSER-01794

Jeremy was unable to grab onto my vest. Jeremy then wrapped his left arm around my head, squeezing his arm, preventing me from pulling my head free."

Did I read it accurately? Is this your report, sir?

A     Yes, that's my report.

Q     So, first of all, I would like to bring your attention to something. There is a jump here. You say:

"I placed my right hand and forearm on Jeremy's left triceps and attempted to push his arm in downwards motion in order to take Jeremy to the ground."

Then you write:

"Jeremy began to go down to the ground but continued to pull away from me."

And then you jump. We don't see any information how you guys went down to the ground. And then you wrote, "Once Jeremy and I were on the ground," then this headlock occurred; true?

Did I describe the chronology of your report and chronology of this use of force accurately based on your report, sir?

A     I don't understand what you mean by "jump."

Q     Well, is there any indication after the sentence, you said, "He pulled away from me." And then you wrote, "Once Jeremy and I were on the ground." There's no indication how

9-RenSER-01795                    9-RenSER-01795

Case 8:19-cv-01514-DOC-DFM 07/27/2026 Document 804-1 Filed 05/30/25 Page 59 of 115
Case 25-7182, Document 39.10 (60 of 273) Page 59 of 115
Page ID #:33717

9

you went down to the ground. Was it by your force that he went down to the ground or he did something to go down to the ground, or some other officer did something to get you on the ground; true? True?

MR. WRONIAK: Objection. Vague. Compound.

THE COURT: "There's no indication how you went down to the ground. Was it by your force that he went down to the ground or did something you did go down to the ground, or other officer did something to get you on the ground?"

Do you understand the question?

THE WITNESS: No.

THE COURT: All right. Repeat it, Counsel.

BY MS. MKRTCHYAN:

Q    Based on your report, we don't know how you went down to the ground because you wrote, "He pulled away from me after I grabbed his arm," and then "Once Jeremy and I were on the ground," there is no information how you went down to the ground based on your report; true?

A    Also if you read above where you highlighted, it says:

    "Deputy Gonzalez attempted to gain control of
    Jeremy's right arm to assist me in taking him down
    to the ground."

Q    Well, okay. We know that, that Gonzalez was assisting. That's not in dispute. We know Pahel was assisting. That's not in dispute. We are talking about how you were writing your

9-RenSER-01796                                                9-RenSER-01796

report, how this use of force occurred.  Are we clear, my question?

MR. WRONIAK:  Objection.  Argumentative.

THE COURT:  Sustained.

BY MS. MKRTCHYAN:

Q    So it doesn't say that Gonzalez took him down to the ground; right?  When you write "I grabbed his arm.  He pulled away from me," it doesn't say Gonzalez took him down to the ground or Pahel.  It just then says -- jumps, "Once Jeremy and I were on the ground"; true?

A    Again, I don't understand what you mean by "jump."  The whole action is taking him to the ground using the arm bar takedown.

Q    Okay.  But based on this report so far we read, it appears to us that you guys were down on the ground and then he rotated his body on the ground and then somehow placed you in this hypothetical headlock; true?

MR. WRONIAK:  Objection.  Argumentative.

THE COURT:  Just a moment.  Overruled.

You can answer that question.

THE WITNESS:  It's the whole use of force in total, trying to take him down to the ground using the arm bar, and we ended up on the ground.

BY MS. MKRTCHYAN:

Q    We are talking about the headlock, sir.  The way you are

9-RenSER-01797                                    9-RenSER-01797

Q    Okay.  Isn't it true you described it completely differently to Mr. Beck, the same attorney who was asking you questions at deposition, when you said -- you, in fact, indicated that Mr. Holloway had contact, had grabbed you of your ballistic vest?  Remember that?

MR. WRONIAK:  Objection.  Improper use of the deposition.

THE COURT:  Overruled.

THE WITNESS:  I believe I said that in my deposition.

BY MS. MKRTCHYAN:

Q    So one place you say he didn't -- "He wasn't able to grab ahold of my vest."  Another time you say he was able; true?

A    Yes.

Q    Okay.  And you claimed you had to punch him, as we've heard, in the abdomen several times with full fist -- closed fist that you described to free yourself from this headlock; true?

A    Yes.  And you hear that on my PVS when I hit him.

Q    Well, okay.  If the claimed headlock never happened, there would have been no reason to hit him in the rib cage area that many times with a closed fist; true?

MR. WRONIAK:  Objection.  Speculation.  Legal conclusion.

THE COURT:  No, this is from his state of mind.

UNITED STATES DISTRICT COURT

9-RenSER-01798                                    9-RenSER-01798

get him under control.

BY MS. MKRTCHYAN:

Q    "Actively resisting."  And that term we already discussed with Sergeant -- no, Lieutenant Clark; right?  We discussed what is active resistance; true?

A    You did talk to him about that, yes.

Q    Okay.  And we asked the same question to Deputy Gonzalez, "What is active resistance in your law enforcement jargon?"; true?

A    I believe so.  But there is one day of his testimony I wasn't here for.

Q    Okay.  So you're aware -- you were not here when Deputy Gonzalez testified?

A    One of the days I was.  The other day I wasn't.

Q    In any event, he was face down, you said that, at the time the Taser was applied; right?  That's what you said.

A    I believe so, yes.

Q    And there were, at the very least, three officers around him and more arriving.  We know that from the patrol vehicle recordings; true?

A    That is correct.

Q    And you found it necessary to Taser him; true?

A    Yes, because he was still struggling, preventing us from getting him handcuffed.

Q    So you're telling us that it was -- it took five officers

9-RenSER-01799                                        9-RenSER-01799

Case 8:19-cv-01514-DOC-DFM Document 884-1 Filed 05/30/25 Page 63 of 115
Case 25-7132 07/27/2026 DktEntry: 39.10 (640 of 273)
Page ID #:33721

36

to place handcuffs on this one man; true?

MR. WRONIAK:  Objection.  Argumentative.

THE COURT:  It's also been asked and answered, Counsel.

You can answer it one more time, sir.

THE WITNESS:  At the conclusion of the use of force, it took five of us to get him handcuffed, yes.

BY MS. MKRTCHYAN:

Q    Okay.  And you know about your Taser and when to use the Taser; true?

MR. WRONIAK:  Objection.  Relevance.  403.

THE COURT:  Overruled.

You can answer the question.

THE WITNESS:  I do.

BY MS. MKRTCHYAN:

Q    You are trained to apply the Taser, under what circumstances to apply; true?

A    I am.

Q    Yes?

A    Yes.

Q    Okay.  Isn't it true you're allowed to use the Taser when someone is violent or aggressive towards you?

A    That is one of the parameters that we're allowed to use it for.

Q    Are you allowed to use the Taser when someone is

9-RenSER-01800                                    9-RenSER-01800

You were the only officer who used a Taser on him; true?

MR. WRONIAK: Objection. Argumentative. Compound.

THE COURT: I'm going to instruct you as follows. I've indicated to counsel outside your presence the following: This Court holds that the initial use and drawing of the Taser did not violate department policy. But the fact that the individual was tased is presented to you, the jury, in evaluating the reasonableness of the officers' actions after the initial tasing. And I'll reinstruct you on that again. Let me read that to you again:

"This court holds that the initial use and drawing of the Taser did not violate department policy. But the fact that the individual was tased is presented to you, the jury, in evaluating the reasonableness of the officers' actions after the initial tasing."

Now, Counsel, you can ask your question.

MS. MKRTCHYAN: Let's continue playing this.

**(Videotape played, not reported.)**

BY MS. MKRTCHYAN:

Q    So at 5:03:52, we've heard so far him screaming, "I haven't done anything. I'm bleeding." And right after that, when he says "I'm bleeding," you use the Taser warning. You say, "Taser, Taser, Taser"; true?

A    Yes. Because he's still actively resisting and fighting

9-RenSER-01801          9-RenSER-01801

(Videotape played, not reported.)

BY MS. MKRTCHYAN:

Q    When you say "We couldn't confirmed if that happened or not.  We don't have a crime to begin with," that's related to this incident and no other incident; true?

A    Yes.  I didn't know we were arguing that.

(Videotape played, not reported.)

BY MS. MKRTCHYAN:

Q    And this is, again, Pahel's second time on this tape telling you that no one saw anything.  Witnesses only heard something, and he was just storming around asking -- telling "Who called the cops on me?"; true?  That's what he says.

A    That's what he says at this point.  But, again, the totality of the circumstances, we are told, as we're going back, that he was in somebody's RV and a little girl -- that's what we were going on as we went back to the campground the second time.

Q    Well, sir, we've covered this.  You are trained as an officer -- peace officer to investigate calls.  You don't just go by the calls because if I get a false 911 call or incomplete or inaccurate 911 call, it's the duty of the officer to check on that; true?

        MR. WRONIAK:  Objection.  Incomplete hypothetical. Legal conclusion.

        THE COURT:  Sustained.

9-RenSER-01802                                    9-RenSER-01802

Q     So, again, you tell your Sergeant Rawlings that he's on formal probation, not on informal probation.  Why do you keep telling everyone he's on formal probation?  Why do you keep telling them misinformation when you already learned he's on informal probation?

MR. WRONIAK:  Objection.  Argumentative.

THE COURT:  Sustained.

Just restate the question, Counsel.

BY MS. MKRTCHYAN:

Q     Well, by this time you testified --

THE COURT:  No, Counsel, you can restate the question.  Just don't make it compound.  You can restate the question.

BY MS. MKRTCHYAN:

Q     Why do you tell Sergeant Rawlings he got on formal probation when you already learned he's on informal probation by this time, sir?

A     Because I'm not sure if it's at this time that I know he's on informal or formal or not.

Q     Well, that's part of the records check; right?  When you do records check -- are you telling us that, when you do records check, you get misinformation?

A     No, that's not what I'm saying at all.  I'm saying, like I stated earlier, when I did it, in the record checks I saw he was convicted of a felony.  At that time, if you're convicted

9-RenSER-01803                                        9-RenSER-01803

of a felony, most of them are formal probation, and I just went with that.

Q    So you assumed he was on formal probation?

A    That's because we see "probation" on it, and he's convicted of a felony at that time.  Most people that are convicted of a felony automatically get formal probation at that time.

Q    So -- but you -- as a police officer, you don't talk about speculations.  You talk -- you don't talk about assumptions.  You talk about actual facts; true?  When you are telling your sergeants and other deputies, you need to talk about actual facts; true?

            MR. WRONIAK:  Objection.  Vague.

            THE COURT:  Sustained.

BY MS. MKRTCHYAN:

Q    What does it do to you when you are telling everyone -- to your credibility when you are telling everyone he's on formal probation, enhancing his exposure?

            MR. WRONIAK:  Objection.  Argumentative.

            MS. MKRTCHYAN:  Excuse me.  I didn't finish.

BY MS. MKRTCHYAN:

Q    When you're enhancing his criminal exposure by telling everyone that he's on probation, formal probation?

            MR. WRONIAK:  Objection.

            THE COURT:  Just a moment.

**UNITED STATES DISTRICT COURT**

9-RenSER-01804                                        9-RenSER-01804

BY MR. WRONIAK:

Q   Good morning, sir.

A   Good morning.

Q   Did you attend college?

A   I did.

Q   Where at?

        MS. MKRTCHYAN:  Objection.  Relevance.

        THE COURT:  I'm sorry?

        MS. MKRTCHYAN:  Relevance.  Why is his --

        THE COURT:  No, overruled.  I've let the background of Mr. Holloway come in.  I'm going to allow some background concerning each of the officers.  Overruled.

        THE WITNESS:  I have a bachelor's degree from Cal State Fullerton and master's degree from Arizona State.

BY MR. WRONIAK:

Q   Are you married?

        MS. MKRTCHYAN:  Objection, Your Honor.  That's just not relevant.

        THE COURT:  Overruled.

        THE WITNESS:  I am.

BY MR. WRONIAK:

Q   Do you have kids?

A   Yes, I have two boys and a girl.

Q   How old are they?

A   Five, four, and almost two.

**UNITED STATES DISTRICT COURT**

9-RenSER-01805                                    9-RenSER-01805

141

*CERTIFICATE OF OFFICIAL REPORTER*


COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )

          I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

COURT REPORTER, in and for the United States District Court for

the Central District of California, do hereby certify that

pursuant to Section 753, Title 28, United States Code that the

foregoing is a true and correct transcript of the

stenographically reported proceedings held in the

above-entitled matter and that the transcript page format is in

conformance with the regulations of the Judicial Conference of

the United States.


*Date:  May 13, 2025*




                              */S/ DEBBIE HINO-SPAAN*

                              *Debbie Hino-Spaan, CSR No. 7953*
                              *Federal Official Court Reporter*


**UNITED STATES DISTRICT COURT**

9-RenSER-01806                                    9-RenSER-01806

# EXHIBIT I

9-RenSER-01807

9-RenSER-01807

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

**HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

JEREMY HOLLOWAY,                          )
                                          )
                    Plaintiff,            )  **Certified Transcript**
                                          )
        vs.                               )  Case No.
                                          )  8:19-cv-01514-DOC-DFM
COUNTY OF ORANGE, et al.,                 )
                                          )
                    Defendants.           )  **DAY 10, VOLUME I**
                                          )

REPORTER'S TRANSCRIPT OF PROCEEDINGS
JURY TRIAL
WEDNESDAY, MAY 14, 2025
8:10 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

9-RenSER-01808                                    9-RenSER-01808

4

# I N D E X

**WITNESSES**                                                           **PAGE**

**KENDALL WAGNER, M.D., CALLED BY THE DEFENDANTS**
    Cross-Examination by Ms. Mkrtchyan                                 6

**BRIAN FUERBACH, CALLED BY THE DEFENDANTS**
    Direct Examination by Mr. Harrell                                 24
    Cross-Examination by Ms. Swiss                                    52
    Cross-Examination by Ms. Mkrtchyan                               53
    Redirect Examination by Mr. Harrell                             117
    Recross-Examination by Ms. Mkrtchyan                            122

**CHAD MATTHEW RENEGAR, CALLED BY THE PLAINTIFF:**
    Direct Examination by Mr. Wroniak                                130

## EXHIBITS

| EXHIBIT | | IN EVIDENCE | WITHDRAWN OR REJECTED |
|---|---|---|---|
| 39 | Deputy Johnston's report | 122 | |

**UNITED STATES DISTRICT COURT**

9-RenSER-01809                                           9-RenSER-01809

A    No.

Q    Prior to this incident, did you have some type of grievance with Mr. Holloway where you wanted to get him in trouble for no reason?

A    No.

Q    Did you tell the truth on the 911 call?

A    Yes.

Q    Have you told the truth here?

A    Of course.  Yes.

Q    Sir, thank you for coming.  I have no further questions.

### CROSS-EXAMINATION

BY MS. SWISS:

Q    Just briefly, sir.  On the second encounter, did you see any member of law enforcement go up and punch Mr. Holloway in the face?

        MS. MKRTCHYAN:  Lacks foundation.

        THE COURT:  I'm going to sustain that.  I want to know more about what his view was, what he could see, Counsel.

BY MS. SWISS:

Q    Sir, on the second encounter, did you observe anything through the window of your RV when law enforcement was at Mr. Holloway's campsite?

A    Yes.  We watched the entire situation unfold.

Q    And when you were watching outside of your RV, did you see any member of law enforcement punch Mr. Holloway in the

9-RenSER-01810                                    9-RenSER-01810

face?

A    No.

Q    Thank you.  No further questions.

THE COURT:  Then cross-examination.

MS. MKRTCHYAN:  Sure.  Thank you.

**CROSS-EXAMINATION**

BY MS. MKRTCHYAN:

Q    Sir, we have met before, didn't we, many times before?
We've met before?

A    You and I?

Q    Yes.

A    I wouldn't say "many times."  I've spoken with you.

Q    Okay.  Sir, you've testified at a deposition; true?

A    True.

Q    Prior proceedings?

A    Yeah.

Q    Okay.  So now, you are giving -- you also spoke with
police on the night of this very incident; true?

A    Yes.

Q    You spoke to them twice on the night of the incident;
true?

A    Yes.

Q    You spoke to them couple of weeks after the incident --
true? -- in 2018?

A    Yes.

9-RenSER-01811                                    9-RenSER-01811

147

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )

                I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

COURT REPORTER, in and for the United States District Court for

the Central District of California, do hereby certify that

pursuant to Section 753, Title 28, United States Code that the

foregoing is a true and correct transcript of the

stenographically reported proceedings held in the

above-entitled matter and that the transcript page format is in

conformance with the regulations of the Judicial Conference of

the United States.


*Date:  May 14, 2025*




                              */S/ DEBBIE HINO-SPAAN*_____

                              *Debbie Hino-Spaan, CSR No. 7953*
                              *Federal Official Court Reporter*

**UNITED STATES DISTRICT COURT**

9-RenSER-01812                                    9-RenSER-01812

# EXHIBIT J

9-RenSER-01813

9-RenSER-01813

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

JEREMY HOLLOWAY,                               )
                                              )
             PLAINTIFF,                        )
                                              )
       vs.                                     ) SACV NO. 19-01514-DOC
                                              ) Day 11
                                              )
COUNTY OF ORANGE, et al.,                      )
                                              )
             DEFENDANTS.                       )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

FRIDAY, MAY 16, 2025

8:04 A.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01814                                    9-RenSER-01814

I N D E X

| DEFENDANTS' WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| MARK BORBA | 6 | 22 | | |
| | | 24 | | |
| | | 111 | | |
| KEVIN PAHEL | 136 | 165 | | |
| | | 166 | | |

E X H I B I T S

| PLAINTIFF'S EXHIBITS: | IDENTIFICATION | EVIDENCE |
|---|---|---|
| 37  Supplemental Report Mark Borba, 01/23/2018 | | 74 |

E X H I B I T S

| DEFENDANTS' EXHIBITS: | IDENTIFICATION | EVIDENCE |
|---|---|---|
| 35-4  Deputy Pahel's Arrest Report of Incident | | 138 |
| 102-13 Patrol Vehicle System, Video/Audio, Deputy Mark Borba | | 8 |

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01815                                    9-RenSER-01815

17

which is Station 91, so I was requesting medical for Mr. Holloway.

Q    And we hear on your PVS, you say something to the effect, *Make sure there's no knives on hand.*

Did you hear that?

A    I did.

Q    And why did you say that?

A    Some time had elapsed from the first contact with Mr. Holloway due to the nature of his agitated state and the weapons and knives we had already located on scene during the first call.  And the time that had elapsed, it could have gave him an opportunity to arm himself with one of the weapons, so I wanted to make sure that he was unarmed.

Q    At some point in your audio, we hear you say something to the effect of *I think I went airborne.*

Why did you say that?

A    I think I went over one the aggressive speed bumps like 45 miles an hour.

Q    During the incident where Mr. Holloway was subdued, did you see anyone punch Mr. Holloway in the face?

A    No.

Q    Did you see anyone knee Mr. Holloway in the head?

A    No.

Q    Approximately how many hours of use-of-force training

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01816                                    9-RenSER-01816

166

Q    And Deputy Renegar is the first one to approach Mr. Holloway to go hands-on; is that correct?

A    Yes.

Q    Before Deputy Renegar went hands-on with Mr. Holloway, did he punch Mr. Holloway in the face?

A    No.

MR. WRONIAK:  No further questions.

THE COURT:  Then let's take a recess, counsel, until -- for 15 minutes.  And we'll come back and get you about 2:41, okay?

Please don't form or express any opinion concerning this case.  And have a good recess.

Counsel, 15 to 20 minutes.  Go use the restroom.

*(Recess taken from 2:32 p.m. to 2:49 p.m.)*

*(The following proceedings were had in open court in the presence of the jury:)*

THE COURT:  Thank you very much.

We're back in session.

All parties are present.  Counsel are present. Deputy Pahel is present.

This would be cross-examination.  Thank you.

CROSS-EXAMINATION

BY MS. MKRTCHYAN:

Q    Okay, sir.  Good afternoon.

A    Good afternoon.

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01817                                                    9-RenSER-01817

Whatever you did under this circumstances, will that have been appropriate to knee Mr. Holloway in the head repeatedly?

A    No.

Q    Okay.  Well, would it have been appropriate to punch him in the head?

A    No.

Q    Would it have been appropriate to strike him to his face?

A    No.

Q    Okay.  Now, you are denying that that happened.  True?  All of you?

A    Correct.

Q    And in your report -- let's look at your report.  This is Exhibit 30-something -- 35, I believe.

        MS. MKRTCHYAN:  Your Honor --

        THE COURT:  It's fine.  You can continue on.  I'll get the number.  35-4.

BY MS. MKRTCHYAN:

Q    So let's look at your report, sir.  It's recently true, right?

        I mean, you looked at recently prior to your testimony?

A    Yes.

Q    Okay.  So just to recap, you wrote that -- upon my

9-RenSER-01818                    9-RenSER-01818

249

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  May 19, 2025

_____/s/DEBORAH D. PARKER___
DEBORAH D. PARKER, OFFICIAL REPORTER

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01819                                          9-RenSER-01819

Case: 25-7132  07/27/2026  DktEntry: 39.10  (84 of 273)

# EXHIBIT K

9-RenSER-01820

9-RenSER-01820

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

JEREMY HOLLOWAY,                       )
                                       )
            PLAINTIFF,                 )
                                       )
        vs.                            ) SACV NO. 19-01514-DOC
                                       ) Day 12, Volume III
                                       )
COUNTY OF ORANGE, et al.,              )
                                       )
            DEFENDANTS.                )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

MONDAY, MAY 19, 2025

8:23 A.M.


**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01821                    9-RenSER-01821

13

```
                          I N D E X


PLAINTIFF'S WITNESSES:     DIRECT   CROSS   REDIRECT   RECROSS

 MATTHEW BROWN               96     106


DEFENDANTS' WITNESSES:     DIRECT   CROSS   REDIRECT   RECROSS

 JOSHUA ANTHONY GOMEZ        14      35


 ROBERT FONZI               111
```

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01822                                        9-RenSER-01822

124

for service was domestic violence which is very important for an officer to handle in that the actions they took to determine whether or not there, in fact, was a domestic violence was reasonable and consistent with their training.

Q    Sir, did you see in the material that dispatch sent deputies to O'Neill Park to investigate the possible domestic violence incident?

A    Yes.  That was very important, domestic violence being the issue.

Q    Why do you say it's "very important"?

A    Domestic violence, it's a very serious issue socially in our society.  It's a serious matter.  There are many victims or individuals that are victimized by domestic violence.  There are usually high emotions -- high level emotions involved on both sides, separating and demonstrating whether or not it occurred is really important.  And the most important thing is to initiate contact, establish control and control is really important. Because you have somebody injured or worse, the officers need to bring in medical aid or summon medical aid.  You can't do that until you figure out what took place, who is involved and you have control.  That's why it's very important in the initial few moments to make contact, ask questions and determine if, in fact, there was a crime or not.  And that's why domestic violence is very serious and

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01823                                                    9-RenSER-01823

125

it's the one crime where more police officers are assaulted in any other type of call for service.

MS. MKRTCHYAN: Objection, Your Honor. That is highly improper. Appeals to passion and prejudice.

First of all, he's -- this is a use-of-force case, not domestic violence case.

So I object. This is not relevant.

MR. HARRELL: Speaking objection. Move to strike.

THE COURT: Overruled.

Concerning the type of incident and what this hierarchy is, I'm going to overrule the objection.

BY MR. WRONIAK:

Q    Would a reasonably well-trained officer be entitled to have officer safety concerns relating to a domestic violence call before ever arriving at O'Neill Park to investigate the call.

A    Yes, they would.

Q    Why do you say that?

A    For a lot of reasons I just articulated: Whether there are weapons involved, what the emotions are, do we have alcohol involved, do we have narcotics. All those are still questions that an officer has in their mind as they are responding.

THE COURT: Just a moment. You're here concerning this incident. So if it's a generalized answer, then I am

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01824                                                      9-RenSER-01824

126

sustaining the objection.  If you're referring to this incident, then you can respond.

So, Counsel, you're going to re-ask that question.

I'm going to sustain that objection.

Re-ask the question.

BY MR. WRONIAK:

Q    We can limit to this instance.  Would a reasonably well-trained officer be entitled to have officer safety concerns relating to a domestic violence call before ever arriving at O'Neill Park?

A    Yes.

Q    Why?

A    For the reasons I've articulated:  Not knowing who's involved, not knowing if there's injuries, not knowing the emotional level of both or how many parties are actually involved, whether there's weapons.  There's a whole host of things that will go through the officers minds responding to this call for service.

Q    Did you see in the material that dispatch continued to provide the deputies with information as to the location of where the incident may be taking place as they were traveling to O'Neill Park?

A    Yes, I did.

Q    Is a reasonably well-trained law enforcement officer allowed to rely on the information being provided by

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01825                                    9-RenSER-01825

127

dispatch?

A    Yes.

Q    Why do you say that?

A    That is the lifeline to an officer with respect to the call for service and the information that the dispatcher has received.  In many cases, they are still on the line with the reporting party so that information from a dispatch is very important.

Q    You listened to PVS recordings from the first encounter; is that correct?

A    Yes, I did.

Q    And how did you describe Deputy Renegar's demeanor during that first contact?

MS. MKRTCHYAN:  Objection, Your Honor.

First of all goes to credibility issues.  This is not for this expert to decide credibility.

THE COURT:  No, overruled.

You can answer that.

THE WITNESS:  The -- when listening to the dispatch and the recordings, based on what I reviewed is interaction and contact.  Initially, Deputy Renegar was very professional.  If you listen and you read the transcribed portions of that, he uses "yes, please," several times.  He used the word "please" several plus times.

In listening and reading the deposition and

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01826                                                                    9-RenSER-01826

statements and the audio recording and also the

transcription, he's very professional.

THE COURT:  Now, just a moment.

You'll determine demeanor of the various parties

involved.  You heard the tapes.  This is for escalation,

de-escalation.  But, ultimately, will be the excessive

force, or lack thereof, or whatever you determine as a jury

whether excessive force was used.  That's the central

question here, okay?

Now, Counsel, please continue.

BY MR. WRONIAK:

Q    As to Mr. Holloway, how would you describe is demeanor

during that first contact?

A    Based on my review and listening and reading the

transcription, less than cooperative.

Q    Did you hear Mr. Holloway's tone of voice in the PVS

recordings?

A    I did.

Q    How would you describe his tone of voice?

A    To me appeared, angry, aggressive, noncompliant,

questioning the authority in the presence of the deputy

there.

Q    Would Mr. Holloway's demeanor and tone of voice have an

impact on a reasonably well-trained officer as it relates to

safety concerns?

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01827                                      9-RenSER-01827

129

A    Oh, yes, absolutely.

Q    Why do you say that?

A    Based on the type of call, the domestic violence, we've been trained to recognize these kinds of issues or signs. It's important to establish control.  When you're not able to gain control or compliance, initially, determine if someone, in fact, has been injured.  It escalates officer safety not knowing the mindset of the individual.  So it does raise a concern when you're dealing with that type of situation.

Q    Did you also see the material that during the first encounter officers saw an axe, a machete and knives in Mr. Holloway's campsite?

A    Yes, I did.

Q    Did you also see that Mr. Holloway indicated he had knives?

A    Yes, I did.

Q    Would the presence of those weapons raise any officer safety concerns to a reasonably well-trained officer?

A    Yes, it would.

Q    Why do you say that?

A    Well, for obvious reasons, those items can be used as weapons and can cause serious injury or death.  So when an officer responds to a call for service such as this and those are present, they will cause some concern and an

9-RenSER-01828                                    9-RenSER-01828

130

officer will take note of that and recognize they're there.

Q    Did you also see in the material that during the first encounter, Mr. Holloway told the deputies he was on informal probation for insurance fraud?

A    Yes, I do recall that was the information provided.

Q    Would that have any significance to a reasonably well-trained law enforcement officer?

A    Yes.

Q    Why do you say that?

A    Based on my experience and training, those on probation for the most part are cooperative.  They have conditions of their probation, and they do vary depending on the type of crime and whatever was ordered by the Court.  There are terms that vary slightly, but the majority of them have what we refer to as "search terms."  They agree to sign and follow those terms of their probation in lieu of perhaps some custody time, so they do sign what's referred to as "search terms."  So officers are aware of that that the search terms are there, whether they elect to utilize -- it depends on the circumstances, but it's just something to have a mental note of.

Q    Did you also see in the material that after the deputies could not locate a female victim of Mr. Holloway, they left Mr. Holloway's campsite and Deputy Renegar ran Mr. Holloway through the criminal database on his computer?

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01829                                    9-RenSER-01829

133

Q    Would a reasonably well-trained officer have the prior contact with Mr. Holloway in mind as they were going back to O'Neill Park the second time?

A    Yes, they would.

Q    Why do you say that?

A    You had responded initially.  The first one was somewhat resolved.

(Court Reporter requests clarification for the record.)

THE WITNESS:  Yes.  The first call for service they had initiated contact, investigated.  It had been resolved, and they theft.  And then a short time later, they are summoned back and it appears that it escalated.  Now the information is that the person is wandering or walking around the campground yelling in search of who called the police in the first call for service.  So that would raise some concern for officer safety.

Q    Did you see in the materials as the deputies were returning back to O'Neill Park, dispatch provided additional information that the person was going through things in an RV?

A    Yes, it would.

Q    And did you also see in the material that when they were returning, dispatch advised there was now a little girl screaming and upgraded the call to a priority one?

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01830                                    9-RenSER-01830

134

A    Yes, I did see that information.

Q    "Priority one" is lights and sirens, correct?

A    Yes, it is.   It's the highest response for law enforcement.

Q    So what impact would the additional information of the little girl screaming and activating it to a priority one have on a reasonably well-trained officer returning to O'Neill Park?

A    It would have significant impact on an officer responding.

Q    Why do you say that?

A    If you take the backdrop and the context of all this information which is -- because in this case, it's the same officers responding to the initial call for service, the contact -- what they observed, the contact with Mr. Holloway.   Then you're summoned back there a short time later and has escalated substantially to a priority one -- which is, of course, Code 3 lights and sirens -- the concern is now who has been harmed, if anyone has been armed; what has taken place.

Going into a private RV is substantial.   It's like a home.   Has someone been injured or not injured?   All these things are unknown as you are responding there.   And now you have information you got a little girl screaming would certainly stand the hair on the back of an officer's neck

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01831                    9-RenSER-01831

135

when responding. It's pretty -- it has continued to escalate with the information provided to them which they are trained to rely upon.

Q Would a reasonably well-trained officer believe that Mr. Holloway, potentially, had enough time to arm himself with a knife between the first encounter and being dispatched back the second time?

A Yes, they would.

Q Why do you say that?

A Well, you know, from the first call for service, he had a knife on him. He even indicated that, or he indicated he had a knife on him at some point. They took note and observed the various types of things -- machete and an axe and other knives -- within the campground.

So those are things that would be important to take notes. So any of those things could have been accessed, hidden or placed on a person, or other.

Q When the deputies returned to Mr. Holloway's site the second time, there was a use-of-force incident, correct?

A Yes, there was.

Q Before any force is used on Mr. Holloway, did you form an opinion as to the deputy's conduct from the time they arrived to the time they went hands-on?

A Yes, I did.

Q What opinion did you form?

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01832                                    9-RenSER-01832

137

THE WITNESS: Oh, absolutely. You can't investigate or look for a little girl if you have a potential suspect that is armed or could be armed or has been involved in a violent crime. That's why I said a moment ago, control the person you believe may be involved. Make it safe. Make it safe for the officers. Make it safe for the public, and make it safe for that person you're detaining. Once you have them controlled, then you can do the investigation which would be, number one, to see if there's a little girl that has been injured, if there's been others injured, all the things I said a moment ago.

Q    Sir, do you know who Roger Clark is?

A    Yes, I do.

Q    He's a use-of-force expert. That's your understanding?

A    Yes, sir.

Q    If Mr. Clark testified that the deputies should have searched for the little girl first, would you agree with that?

A    No, I would not.

Q    Why not?

A    It's absolutely wrong. A call for service has now escalated. You know there are things that could be used as weapons there at the site. The first contact, less than cooperative Mr. Holloway. You're summoned there again with two pieces of information: He's running around the

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01833                                                    9-RenSER-01833

138

campground yelling for who called the police -- three, actually. He had entered a private RV, which I said a moment ago is like someone's home and now you got a little girl screaming. You needed to control him first if he, in fact, is a suspect. If he has information to help with the investigation, that's important but not until we make sure he's safe and secure then we can do the things that are really important to do.

Q    Did you see as the deputies return that second time that they ordered Mr. Holloway to get on the ground?

A    Yes, they did.

Q    Did you see in the material that the deputies wanted Mr. Holloway on the ground so they could handcuff him?

A    Yes.

Q    Based on law enforcement standards, that you are aware of, can handcuffs be applied to someone as an officer safety tool, even though the person is not being arrested?

A    Yes.

Q    Why do you say that?

A    It's to ensure -- again, not to go back over the things, but because of this type of call, the information that they were provided and why they were responding there to detain a person, Mr. Holloway, under these situations, secure him in cuffs for his safety and the officers is important so that allows them to do the other top priority

9-RenSER-01834                                                    9-RenSER-01834

139

things that we've already discussed.

Q    Was attempting to get Mr. Holloway on the ground a valid law enforcement tactic for a reasonably well-trained officer?

A    Yes.

Q    Why do you say that?

A    Placing someone or directing them on the ground minimizes their ability to assault, flee, or access weapons not presently on them.  So having them get on the ground is a means of soliciting cooperation and if the person follows the commands and things, it makes the encounter much easier; if they're not then, of course, you have to escalate if they're not following real commands.  So having them on the ground is for their safety and the officers.

Q    Based on your review of the material, did Mr. Holloway get on the ground when he was told to do so?

A    No, he did not.

Q    Do you recall approximately how many commands to get on the ground Mr. Holloway was given?

A    If I remember correctly, in listening and reading the transcripts, at least seven times.  It might have been seven plus but at least seven times.

Q    Did you see from your review of the material that there were two versions with regard to the opportunity given to Mr. Holloway to get on the ground?

9-RenSER-01835                                          9-RenSER-01835

146

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  May 24, 2025

                    /s/DEBORAH D. PARKER
          DEBORAH D. PARKER, OFFICIAL REPORTER

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01836                                    9-RenSER-01836

# EXHIBIT L

9-RenSER-01837

9-RenSER-01837

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

JEREMY HOLLOWAY,                      )
                                      )
          PLAINTIFF,                  )
                                      )
     vs.                              ) SACV NO. 19-01514-DOC
                                      ) Day 13, Volume I
                                      )
COUNTY OF ORANGE, et al.,             )
                                      )
          DEFENDANTS.                 )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

TUESDAY, MAY 20, 2025

8:11 A.M.


**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01838                                    9-RenSER-01838

I N D E X

CLOSING ARGUMENT:                                           PAGE

     By Ms. Mkrtchyan                                        34

     By Mr. Wroniak                                          86

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01839                                    9-RenSER-01839

45

(*The audiotape was played.*)

MS. MKRTCHYAN:  You can hear the screams of Holloway and the Taser clicks third time.

(*The audiotape was played.*)

MS. MKRTCHYAN:  5:04:07.  So this is about three times we can tell on this tape that he's tasered.  They claim it was twice.

How is it that we hear clicks and him screaming?

(*The audiotape was played.*)

MS. MKRTCHYAN:  So how many times this guy says, "There's blood.  It's on my head."

And they're going to keep denying that they hit him in the head?  They're going to keep denying it.

Let's hear Pahel's tape, how he complains.  Pahel's tape.  This is in evidence.

(*The audiotape was played.*)

MS. MKRTCHYAN:  This is better sounds of him complaining on 5:03:27 seconds:  "You're kneeing me in the head."

This is contemporaneous and independent evidence of what happened on that night.

(*The audiotape was played.*)

MS. MKRTCHYAN:  5:03:49.  You hear another complaint:  "You hit me in the fucking head.  I'm bleeding." So don't let them blow falsification.  It's a falsehood to

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01840                                                    9-RenSER-01840

Here it's 53 seconds.  On Renegar's and Pahel's tape, it's about 48 seconds.  I'll show it to you in a moment.  So this is a little bit slower.  This is not in sync with Pahel's and Renegar's tape.  So when this arrived -- this deputy arrived to the scene, this man was screaming, *You hit me in the head.  I'm bleeding.*  And Taser is applied at that point.  So he's trying to claim he had absolutely nothing to do with any use of force is another falsification.  Another falsification.

(*The audiotape was played.*)

MS. MKRTCHYAN:  Okay.  You see.  When Holloway is [sic] growling from pain, that's the Taser application.  That's the Taser getting applied on him.  He's growling -- pain.  So the Taser is applied here.  You can hear on Gotts' tape very well that he's tasered multiple times while Gotts is there by his own admission placing his knee on the back.  Really?  You think that was just like innocuous, placing his knee on his back?  How did he get his pants bloodied?

No, he came in and struck him with his knee.  That's what happened.  Because if he's on his back, he was not going to get blood on his uniform.  And, of course, he's going to deny that he had blood on his uniform.

So they just hope that they're going to believe -- you're going to believe them, and that's it.  That's the end of the story.  Let's, you know, cover this under the rug in

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01841                                              9-RenSER-01841

Case 25-7132 07/27/2026 DktEntry: 39.10 (106 of 273)

56

course, Renegar is going to lie, because he's lied before. He has a vested interest to justify his use of force. He's the only one who used the Taser. No one else there to use the Taser, and he used it multiple times. Not just once. This guy is basically out of control. He's overreacting, you know. Is that a reasonable police officer?

We're looking at it from the state of what is reasonable. Is that reasonable for someone to come and attack someone when you haven't even investigated what crime he has committed? Falsification 5. This is not ending. This is continuing. They say he was tucking his arms underneath him, not giving up his arms.

Ladies and gentlemen, Pahel, Borba, Gotts have exactly same story about this. I was not -- there were time limits in court. I couldn't, in fact, go into that. But let me show you their police reports, and you can see how this is preposterous. They're basically trying to tell us *Oh, look, we did exactly same thing. This man was not giving his arms.*

Just nonsense. Same scenario. Same exact scenario is given both -- all three officers.

(Pause.)

MS. MKRTCHYAN: I need to open up these reports. As you can see, I have technical issues with using this screen, because sometimes when you open something you can

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01842                                          9-RenSER-01842

investigate. They needed to take injuries of his --
photographs of his injuries. They didn't. So if this man
didn't take photos of his own injuries, they would be doing
a lot more falsifications here.

So they exactly the same scenario minimizing. Why
this is happening? Because they are minimizing use of
force. They are minimizing it. Because body weight with
control hold, you know, is the most minimal use of force.
And no one is going to admit that they hit him in the head.

We looked at the police reports. And then they
say Holloway was kicking with Renegar with legs, justifying
Taser. Well, Gonzales did not say that. He's there he
didn't see that. He said on direct exam, Holloway was
passively resisting on the ground. Did not see him punch or
strike anyone. He also said, *I didn't use the Taser.*
Meaning, I didn't use the Taser. Renegar used the Taser. I
didn't find it necessary. So you can't get control of this
unarmed disabled man on the ground -- five officers -- and
you have to use the Taser?

No, that was malicious. That was malicious. And
Holloway is in the face-down position. This is not a
position of advantage to kick at anyone. He was barefoot.
You saw how he was taken, pulled from the ground in Pahel's
tape. This man was pressed on the ground by the force of
multiple officers, hefty officers with their uniforms, with

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01843       9-RenSER-01843

72

life when those in power abuse that authority? How can we have pursuit of happiness when those in power we have given that much power? We have given them guns. We have given them power over us to arrest us. How are we going to live our lives if we entrust our lives to them, and they abuse it?

This officers had to restrain themselves. This officers had to use their proper judgment. They have training. They received hours of training.

This man had issues. He had psychological issues. He was on anxiety medications. They are trained to deal with difficult people. They are trained to deal with even mentally sick people. There are people who have serious mental health problems. They are trained. And they -- basically, what they did was to pick on the weak one. Pick on the weak one on that campground. They thought he might be homeless. It was clear to them, because he has two tents with lots of supplies. They searched him the first time. They saw his stuff there. They knew he's homeless. They thought, oh, what are the chances that he's going to actually take us to federal court? What are the chances?

This is why it's not about Mr. Holloway. Today it's about this homeless veteran. Tomorrow it's going to be one of us.

MR. WRONIAK: Objection. Argumentative. Improper

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01844                    9-RenSER-01844

memo. That didn't happen. But he falsified that to justify the use of force.

I'm asking you to think about assessing punitive damages against this officer, especially Renegar but also Gotts. Why is he denying his blood on his uniform? Why? You could have just said, *Yes, I came. I got involved. Accidentally, I have blood on my uniform and my hands.*

They are denying because they don't want to admit that they hit him in the head. So punitive damages is to deter so that if we as a society do not have the same kind of situation. I ask you to issue punitive damages against each officer in the amount of at the very least $30,000. That I'm asking you, personally, because this is so outrageous to me as a citizen. You don't come to court and try it bring your falsifications here and try to do, what? What are you trying to do? This is the integrity of this justice system. They are bringing their falsehoods and trying to make you believe that? I think that's outrageous to me, because this Holloway -- today is Holloway. Tomorrow it's going to be someone else.

MR. WRONIAK: Objection. Improper.

THE COURT: Overruled.

MS. MKRTCHYAN: And there's malice. There's malice here. There's reckless disregard here. Because they know what they did. And they're denying him -- they are

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01845    9-RenSER-01845

denying, you know, striking in the head.  So I ask you, please, you know, whatever you decide to compensate Mr. Holloway -- I give you a lot of -- I trust that you will be able to come to a number with the pain and suffering.

But punitive damages is critical, because we need to make sure that we say to this officers, *You do not dare to do that again.  You do not dare to lie under oath.  You do not dare to lie on police reports,* okay?

Because we as a society will perish.  Society will perish.  We'll perish.  American justice system will not survive if we have officers, people entrusted with law who lie.  We cannot handle that.  We will collapse.  There are many countries in the world who have collapsed because they did not --

MR. WRONIAK:  Objection.

MS. MKRTCHYAN:  -- their rights.

MR. WRONIAK:  Objection.  Improper.

THE COURT:  Overruled.

We have -- we live in America.  Why do we live in America?

Why people like us came from another country to live in America?  There's a reason behind it.  How many people from the world, all over the world like me, came to this country?  Why?  Because we believe in the Constitution.  Because we believe in the integrity of the legal system, law

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01846          9-RenSER-01846

and order.  We believe.  My -- my dad was a police --

MR. WRONIAK:  Objection.

THE COURT:  Overruled -- just a moment.  My apologies.  Sustained.

Sustained.

MS. MKRTCHYAN:  We believe in the integrity of law enforcement.  But when one officer lies, every one else goes down the drain.  It leaves a trace.  It's, basically, like a pebble you throw into a lake.  It's not going -- it's going to go and reverberate.  And it's going to make the lake, you know, dark and that lake is not going to be pure anymore.  We need to vigilantly guard this because otherwise, we're going to turn into a tyranny.  We're going to turn into a tyranny by those who have power.  They have grounds.  What about our rights as the people?

We have decided this is government of the people.  Not by the police officers, not by the -- those in power.  It is extremely disturbing to have an officer we give that much power to lie and do this kind of -- on the weak person.

So we need to send a clear, long message, ladies and gentlemen, to officers --

(Overtalking:  Unable to report.)

MR. WRONIAK:  Objection.  Improper.

MS. MKRTCHYAN:  Before --

MR. WRONIAK:  Move to strike.

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01847                    9-RenSER-01847

THE COURT: Sustained.

MS. MKRTCHYAN: -- this is going to be deterrent effect. You will hear the jury instruction which says why punitive damages are assessed is to deter. It's to deter this conduct. And, you know, we have -- if we are going to let this injustice from this court remain, remain untouched without any accountability, what is that going to do to the rest of us?

Because injustice to one is injustice to everyone.

So let's look at the verdict forms here. What I'm going to ask you to do when you go back, you're going to have this verdict forms printed [sic] to you. You're going to choose a foreperson who will help you and foreperson, of course, decides how to organize everything. But everyone I want to -- I want everyone to deliberate. I want everyone to voice their opinions. I want you to please look at the exhibits.

Here's the special verdict that you will get: We, the jury, in the above-entitled action, render the following findings of fact by this verdict. First question: Deputy Jameson Gotts use excessive force on plaintiff, Jeremy Holloway?

You say "Yes". All of you unanimously, you have to be unanimous.

No. 2: Did Deputy Chad Renegar use excessive

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01848                                    9-RenSER-01848

so that's -- you know, he's allowed to ask questions.

Right to reasonable self-defense against excessive force by peace officers.  If Mr. Holloway on that ground believed even that he's going to face death, he had the right to make movements to protect himself.  He testified that the only thing he was doing is to cover his head with his arm -- right arm.  And they are claiming, *Oh, he was not giving his arms.*  Are you serious?  He has the right to self-defense himself against the blows to his head.  And that's how he's got his sleeves blood-stained.

Probation.  They're going to say, *Oh, he waived his Fourth Amendment rights.*  Nope, that's not what the law says.  The law says the fact that plaintiff -- this is your jury instruction -- was on probation does not legally amount to a waiver of his Fourth Amendment rights.  Think about it.  If I am placed on probation with search and seizure terms, does that entitle this officers to assault me?  Does that entitle them to attack me and use excessive force?

No.  And, you know, so it's -- that's -- Probation is irrelevant as to excessiveness of the force.  Probation allowed them to search him, but they didn't come second time and say, *Mr. Holloway, you know what?  We've heard calls, again, on you.  We want to search.*

You know, they came with guns drawn.  Told him, *Get down on the ground,* no questions asked.  What kind of,

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01849                                          9-RenSER-01849

82

you know -- what kind of a system we have? Today they're going to tell us *Get on the ground* and then they will Taser us. Tomorrow they will shoot us, if we don't get down on the ground. Is that what we want from our police officers?

What crime did they investigate? Think about it. Disturbance of the peace, uncorroborated 911 calls in the dark campground.

First call is unreliable. They come. They don't find a female. Why are picking on this homeless guy? Why are they picking on this homeless guy? Oh, because they didn't like his attitude.

Well, ladies and gentlemen, so far as we know in this country, attitude does not entitle them to beat you up, so --

And then the excessive force instruction, it will give you guidelines in the determining what officers -- what are the circumstances? You need to consider extent of plaintiff's injury, availability of alternative methods to take the plaintiff into custody and subdue plaintiff.

I asked Lieutenant Clark -- this is a, you know, veteran from LA County Sheriff's Department. I asked, *Are there any other ways to put him into custody?*

Sure. They could have told him, *Place your hands behind your back. I'm going to handcuff you.* There are

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01850                                      9-RenSER-01850

84

desperation.  Laundry list of excuses.

Did you see they didn't even bring their toxicologist, Dr. Clark.  They said -- because I had the first witness, Dr. Okorocha, who testified that Trazodone, marijuana had no impact, could not have had an impact on someone who had used it for awhile.  Did they bring their toxicologist to desperately argue that, *Oh, Mr. Holloway might have been under the influence of this legally prescribed medications and marijuana and, therefore, he does not remember what happened.*

Did they bring their toxicologist?  No, they did not.  So this is -- it's a tale of desperation.

They're objecting to everything.  How many times did we hear "objection"?  And I was getting frustrated, because this is a court of law.

MR. WRONIAK:  Objection.  Objection.  Improper.

THE COURT:  Sustained.

MS. MKRTCHYAN:  So in any event, I trust in the jury system.  You've heard enough.

I'm going to leave you with one final remark: When one of us is in trouble, when one of us is in danger, the rest of the society --

MR. WRONIAK:  Objection.  Improper.

THE COURT:  Sustained.

Back to the case, Counsel.  Facts of this case.

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01851                                    9-RenSER-01851

133

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  May 22, 2025

_____/s/DEBORAH D. PARKER____
DEBORAH D. PARKER, OFFICIAL REPORTER

*Deborah D. Parker, U.S. Court Reporter*

9-RenSER-01852                                                    9-RenSER-01852

Case 25-7132 07/27/2026 DktEntry: 30.10 Page 3 of 273

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

JEREMY HOLLOWAY

    Plaintiff,

    vs.

ORANGE COUNTY ET AL.,

    Defendants.

Case No. 8:19-CV-01514-DOC-DFMx

**OMNIBUS ORDER ON POST-TRIAL MOTIONS SUBMITTED AFTER THE THIRD TRIAL**

-1-

9-RenSER-01853

9-RenSER-01853

In the third trial in this matter, the jury concluded that all five defendant officers—Deputies Renegar, Gonzalez, Pahel, Gotts, and Borba—used excessive force when apprehending Plaintiff Jeremy Holloway but that Holloway had suffered zero dollars in actual damages. Because Plaintiff did not request a nominal damages jury instruction, Plaintiff walked away with nothing, despite the finding that his constitutional rights were violated.

The jury's split decision prompted the three post-trial motions currently before the Court. First, all five officers moved for judgment as a matter of law that they are protected by qualified immunity. Second, Plaintiff moved for a new trial on the issues of damages. Finally, Plaintiff's counsel moved for attorneys' fees.

For the reasons explained below, the Court grants Plaintiff's Motion for a New Trial. The fourth trial will not be limited to damages, however, and will include a liability phase as well. Moreover, based on the evidence presented at the third trial, Deputies Pahel, Gonzalez, and Borba are entitled to qualified immunity. They are dismissed from the action and will not be defendants in the fourth trial. Finally, Plaintiff's Motion for Attorneys' Fees is denied as moot.

## I.  Background

Because the jury concluded that all five officers used excessive force when apprehending Plaintiff Jeremy Holloway, the Court construes the evidence presented at trial in the light most favorable to him. *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

### A.  First Encounter

Around 3 a.m., Orange County dispatch received a call from Brian Fuerbach, who was camping in his RV. Fuerbach informed the dispatcher that he heard a man and woman yelling, fists being landed, and a woman pleading to stop hitting her, that she is just a girl. The sounds of pleading and punches ceased after Fuerbach heard a tent unzip and someone run across the gravel. Fuerbach reported that the sounds were coming from inside a tent that was pitched near a white truck adjacent to Fuerbach's campsite. Deputy Chad Renegar, along with other officers including Deputy Mark Borba, responded to Fuerbach's call. When they arrived at the

-2-

9-RenSER-01854                    9-RenSER-01854

campground, another camper identified Plaintiff Jeremy Holloway's campsite, Campsite 65, as the source of the disturbance. Campsite 65 was both adjacent to Fuerbach's RV and had a white truck parked nearby.

Renegar proceeded to Campsite 65 and politely asked Holloway to exit his tent. After some back and forth, Holloway complied. Outside his tent, Holloway was uncooperative, agitated, and hostile; he also demanded to know why the officers were there. Holloway informed Renegar that he was on probation, and subject to search and seizure at any time. After searching Holloway's campsite, the officers could not locate the girl, but they did find several camping knives. The officers left without placing Holloway under arrest. Throughout the interaction, Holloway was angry that some campers had called 9-1-1, repeatedly asked the officers who had called, and called the campers who called "assholes and morons."

Within fifteen minutes of the officers departing the scene, Orange County dispatch received another call from the campground. The caller reported that Holloway was walking around the campground looking for and threatening the person who called the police, that he was rummaging through a white RV, and that a little girl was screaming. The call was classified as a priority one, meaning that there was a potentially life-threatening emergency.

**B. Second Encounter**

Renegar, followed closely by Deputies Pahel and Gonzalez, was the first officer to respond to the second call. As the three officers approached Holloway, Renegar repeatedly ordered Holloway to show his hands and get on the ground. Holloway showed his hands, but he did not get on the ground and instead asked why the officers had returned. In between shouting orders at Holloway, Renegar repeatedly asked Pahel, who was close behind him, whether he had a taser.

Renegar, Holloway testified, then punched him in the face. Holloway momentarily lost consciousness and fell onto his stomach with his arms pinned beneath him, near his waistband. Deputies Pahel and Gonzalez joined Renegar after the initial punch. They each placed their bodyweight on Holloway's back and tried, unsuccessfully, to free his arms so that they could handcuff him. Renegar, meanwhile, punched Holloway in the side but he too could not secure

-3-

9-RenSER-01855                                    9-RenSER-01855

Holloway's hands. Renegar then attempted to deploy a taser to Holloway's buttocks, but the taser was ineffective.

Deputies Borba and Gotts arrived on the scene around the time Renegar unsuccessfully deployed the taser. Deputy Borba successfully freed one of Holloway's arms from beneath Holloway's stomach. Gotts, who arrived a few seconds after Borba, kneed Holloway in the head several times.

Renegar then deployed the taser for a second time during the struggle; this time, to one of Holloway's calves. The officers then finally freed Holloway's other arm and handcuffed him. As soon as Holloway was in handcuffs, the officers immediately went to Holloway's tent to look for a little girl, but they were unable to find her. Holloway was arrested for resisting arrest and battery on a police officer.

At trial, Holloway presented evidence of several injuries that he claimed were a result of the altercation, including (1) photos showing bruising and swelling to his face, (2) ongoing back pain, including a spinal injury, and (3) emotional distress.

**C. The Jury's Verdict**

This was the third trial in this case. The first trial ended in a hung jury. The Court declared a mistrial in the second trial after Plaintiff violated a pretrial order not to mention the first trial. In the third trial, the jury deliberated for less than one day, and concluded that all five Defendant Officers violated Plaintiff Jeremy Holloway's Fourth Amendment right to be free from excessive force, but that he did not sustain any compensable injuries.

After the third trial in this case, all five officers moved for judgment as a matter of law that they are protected by qualified immunity.[1] Plaintiff also moved for a new trial on the issue of damages[2] and for attorneys' fees.[3] The Court addresses each motion in turn.

---

[1] *See* Borba's Renewed Motion for Judgment as a Matter of Law ("Borba Mot.") (Dkt. 639); Gotts' Renewed Motion for Judgment as a Matter of Law ("Gotts Mot.") (Dkt. 640); Pahel's Renewed Motion for Judgment as a Matter of Law ("Pahel Mot.") (Dkt. 641); Gonzalez's Renewed Motion for Judgment as a Matter of Law ("Gonzalez Mot.") (Dkt. 642); Order Regarding Defendant Renegar's Rule 50(b) Motion ("Renegar Mot.") (Dkt. 675).

[2] Motion to Amend Judgment or New Trial for Damages ("New Trial Mot.") (Dkt. 633).

[3] Motion for Attorneys Fees ("Fees Mot.") (Dkt. 664).

9-RenSER-01856        9-RenSER-01856

## II.    The Officers' Motions for Judgments as a Matter of Law

### A. Legal Background

#### 1.    Excessive Force

An officer violates the Fourth Amendment when they use force "greater than is reasonable under the circumstances." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Courts determine whether a use of force is objectively reasonable by "careful[ly] balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." *Id.* With respect to the Fourth Amendment intrusion side of the balance, courts "evaluat[e] the type and amount of force and amount of force inflicted." *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994). For the governmental interest side of the ledger, courts must examine all relevant factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Brooks v. Clark Cnty.*, 828 F.3d 910, 920 (9th Cir. 2016). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

#### 2.    Qualified Immunity

"Qualified immunity shields government officials from civil liability unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was 'clearly established' at the time of the challenged conduct, such that 'every reasonable official' would have understood that what he is doing violates that right." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011)). "[T]he two prongs of qualified immunity balance two important, competing interests: the need to hold public officials accountable for irresponsible actions, and the need to shield them from liability when they make reasonable mistakes." *Id.* at 822.

Because qualified immunity is a question of law, it is often decided before trial. *See Comm. House, Inc. v. City of Boise*, 623 F.3d 945, 968 (9th Cir. 2010); *S.R. Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019). A qualified immunity case must proceed to trial, however,

9-RenSER-01857

9-RenSER-01857

"when there are disputed factual issues that are necessary to a qualified immunity decision." *Nehad*, 929 F.3d at 1140 (quoting *Morales*, 873 F.3d at 821). In this situation, the jury "decide[s] the disputed factual issues," and the judge "decide[s] whether the right was clearly established once the factual issues are resolved." *Morales*, 873 F.3d at 821. When deciding whether the right was clearly established on a Rule 50(b) renewed motion for judgment as a matter of law, "the jury's view of the facts must govern" the court's analysis. *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 457 (9th Cir. 2013). That is, the court must "view[] the evidence in the light most favorable to the nonmoving party, and draw[] all reasonable inferences in favor of the nonmoving party." *Tan Lam v. City of Los Banos*, 976 F.3d 986, 997 (9th Cir. 2020).

Here, the jury has already conducted the first prong of the qualified immunity analysis—that all five officers violated Holloway's Fourth Amendment right to be free of excessive force. Post-trial, Defendants do not argue that the jury's excessive verdict is unsupported by substantial evidence. Therefore, the jury's verdict against the officers is sufficient to deny them quality immunity at the first step of the qualified immunity analysis. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018). Defendants' entitlement to qualified immunity thus turns on whether their conduct violated clearly established right.

A right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Hernandez v. Mesa*, 582 U.S. 548, 554 (2017). "The function of the inquiry…is to ensure that officials are subject to suit only for actions that they knew or should have known violated the law." *Cates v. Stroud*, 976 F.3d 972, 978 (9th Cir. 2020). Although a case directly on point is not necessary, "'[c]learly established law *usually* means that there is a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." *Hill v. City of Fountain Valley*, 70 F.4th 507, 517 n.6 (9th Cir. 2023) (emphasis added). Whether law is clearly established is assessed "at the time of the challenged conduct." *Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir. 1994).

The Supreme Court has reiterated that "clearly established law should not be defined at a high level of generality." *E.g.*, *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam). The inquiry "must be taken in the light of the specific context of the case, not as a broad general

9-RenSER-01858                                        9-RenSER-01858

proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam); *see also al-Kiid*, 563 U.S. at 742 (framing the question as whether the defendant's "*particular* conduct" violated clearly established law) (emphasis in original). "Such specificity is especially important in the Fourth Amendment context," because "it is sometimes difficult for an officer to determine how" a legal doctrine like excessive force "will apply to the factual situation the officer confronts." *Mullenix*, 577 U.S. at 12 (internal quotations omitted). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 580 U.S. 73, 78 (2017).

### B. Application

With these legal principles, the Court turns to the five officers' entitlement to qualified immunity.

#### 1. Renegar

For the reasons explained below, Renegar is not entitled to qualified immunity.

##### a. Renegar's punch violated clearly established law.

In *Nelson v. City of Davis*, the Ninth Circuit cited cases dating back to 2001 clearly establishing "that a failure to fully or immediately comply with an officer's orders" does not "justif[y] the use of a non-trivial amount of force." 685 F.3d 867, 881 (9th Cir. 2012); *see also Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013). The most analogous of the cases cited in *Nelson* is *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc). There, police responded to a domestic violence report and found the plaintiff on the porch, separated from his wife, the alleged victim. *Id.* at 693. The plaintiff complied with the officer's instruction to show his hands but did not follow an order to put his hands on his head and walk toward the officer. *Id.* In response, the officers unleashed considerable force on the plaintiff. *See id.* at 693-94. This force, the Ninth Circuit ruled, was excessive. *Id.* at 704. The court emphasized that, because the plaintiff had removed his hands from his pockets, there was no "reason to believe that he possessed any weapon or posed any immediate threat to the safety of the officers or others." *Id.* at 702. And, although the officers were responding a serious crime, the plaintiff was

9-RenSER-01859                                                                                                    9-RenSER-01859

"on the porch alone and separated from his wife," indicating that he no longer posed a threat to her. *Id.*

When Renegar punched him, Holloway's "resistance" resembled the resistance in *Smith*. Like the plaintiff in *Smith*, Holloway obeyed Renegar's orders to show his hands. Consequently, Holloway did not pose an immediate safety threat to Renegar, despite Renegar's knowledge that Holloway had knives at his campsite. *See id.* Additionally, Holloway was alone when Renegar returned to the campground. Even if it was reasonable for the officers to believe that Holloway had been assaulting the girl who the campers heard screaming, he was not presently a threat to her. *See id.*

Because Holloway did not pose an immediate threat to the officers or the alleged domestic violence victim, Renegar could not use more than a trivial amount of force. *See id.*; *Nelson*, 685 F.3d at 881. There is no Ninth Circuit caselaw establishing that a punch is more than non-trivial force; however, it does not matter that no case directly addresses a particular type of force. "[A]n officer is not entitled to qualified immunity solely on the grounds that the law is not clearly established every time a novel method is used to inflict injury." *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir.1994). The Ninth Circuit has ruled that tasers, *Gravelet-Blondin*, 728 F.3d at 1095, baton strikes, *Young*, 655 F.3d at 1160, pepper spray, *Headwaters Forest Defense v. Cnty. of Humboldt*, 276 F.3d 1125 (9th Cir. 2002), and bean bag projectiles, *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001), all constitute non-trivial force. A punch to the face is similar to those types of non-trivial force, both in its capability to impose immediate pain as well as lasting damage, so it too constitutes non-trivial force.

In sum, Renegar's decision to punch Holloway—who, at that point, was showing his hands, verbally challenging Renegar, and refusing a demand to get on the ground—violated clearly established law. Consequently, Renegar is not entitled to qualified immunity.

### b. Renegar's use of the taser did not violate clearly established law.

Renegar first employed the taser in dart mode[4] when Holloway's hands were pinned

---

[4] When a taser is deployed in dart mode, the taser shoots aluminum dart. Upon striking the person, the gun delivers an electrical charge through wires, which "instantly overrides the victim's central nervous system, paralyzing the muscles throughout the body, rendering the target limp and helpless." Bryan v. MacPherson, 630 F.3d 805, 824 (9th Cir. 2010). "The tased person also experiences an excruciating pain that radiates throughout the body." *Id.*

9-RenSER-01860                                    9-RenSER-01860

beneath his stomach while Gonzales and Pahel were attempting to free them. The taser, however, was ineffective. After Borba and Gotts arrived on the scene and Borba freed one of Holloway's hands, Renegar employed the Taser again, this time in drive stun mode to Holloway's calf. Renegar argues that these two tasings are protected by qualified immunity. The Court agrees, because there is no case law that would put Renegar on notice that the tasings were excessive.

An officer must have more than a "minimal interest in the use of force" before they use a taser. *Bryan*, 630 F.3d at 831. The "most important factor" in determining an officer's interest in applying force is "whether the suspect posed an immediate threat to the safety of the officers or others." *Id.* at 826 (internal quotations omitted).

In all six pre-incident, published cases where the Ninth Circuit has found that use of a taser violated the Fourth Amendment, the suspect posed no safety risk to the officers or others at the time they were tased. For example, in *Jones v. Las Vegas Metro. Police Dept.*, the decedent sprinted away from officers after was stopped for a routine traffic violation. 873 F.3d 1123, 1127 (9th Cir. 2017). The officer fired a taser at the fleeing decedent, which caused his body to "lock up" and he fell to the ground. *Id.* Backup arrived, and those officers controlled the decedent's feet and handcuffed him. *Id.* At this point, the decedent was no longer resisting, but two of the officers continued to tase the decedent for over ninety seconds. *Id.* The court concluded that the original tasing—the one used to stop the decedent from fleeing and to place him under arrest—was reasonable, but "the justification for the use of force waned" once backup arrived. *Id.* at 1130. Because the backup officers had controlled the decedent, he no longer posed a safety threat, making the additional taser shocks unreasonable. *Id.* at 1130-31; *see also Mattos*, 661 F.3d at 449 (concluding that a taser was excessive where the plaintiff posed "no threat to the officers"); *Brooks v. City of Seattle*, 661 F.3d 433, 444 (9th Cir. 2011) (en banc) (deciding that using a taser in drive stun mode on someone who was not "even a potential threat to the officers' or others' safety" was unreasonable) (emphasis in original); *Bryan*, 630 F.3d at 832 (concluding that an officer used excessive force where the officer tased a suspect who was not "an immediate threat"); *Gravelet-Blondin*, 728 F.3d at 1091 (holding that an officer

9-RenSER-01861                                              9-RenSER-01861

used excessive force where the officer tased a bystander when "there was no reason to believe, based on [the bystander's] behavior, demeanor, and distance from the officers, that he posed an immediate threat to anyone's safety"); *Thomas v. Dillard*, 818 F.3d 864, 890 (9th Cir. 2016) (concluding that an officer used excessive force by tasing a suspect where the officer "had scant reason to believe [the suspect] posed an immediate threat to him or anyone else").

Here, by contrast, Holloway was a threat to Renegar and the other officers when Renegar tased him. During both instances where Holloway was tased, at least one of his hands was pinned beneath him near his waistband. The placement of Holloway's hands was dangerous for the officers, because, as Deputy Pahel testified, "hands kill." Conversely, "[i]f you can secure someone's hands," Pahel testified, "the risk of injury to anyone at that point goes down to nearly zero." That Holloway's hands were near his waistband only added to the safety concern. Gotts testified that, based on his training and experience, "subjects often keep weapons in their waistband area," and, based on Renegar's first trip to the campground, he knew that Holloway had knives at the campground. Thus, at the time of both tasings, Holloway was a risk to officer safety. Given the lack of caselaw finding tasing to be excessive where the plaintiff was a risk to officer safety, the tasings did not violate clearly established law.

In fact, courts have approved use of tasers in situations like this one. For instance, in *Lindsay v. Kiernan*, the Ninth Circuit held that a taser was justified where a suspect's "increasing hostility, physical resistance, and repeated refusal to leave the gas station could have led a reasonable officer to believe that" the suspect posed an immediate safety threat to the officers and a bystander. 378 Fed. Appx. 606, 609 (9th Cir. 2010).

Other circuits are in accord. Many circuits, including the Sixth, Eighth, Tenth, and Eleventh "drawn the line" separating permissible and impermissible use of a taser at "active resistance." *See Hagans v. Franklin Cty. Sheriff's Office*, 695 F.3d 505, 509-10 (6th Cir. 2012) (collecting cases). In those circuits, active resistance includes "refusing to move your hands for the police to handcuff you." *Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015); *see also Hagans*, 695 F.3d at 509 (holding that a suspect's "refus[al] to remove his arms from under his body" was active resistance); *Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004)

9-RenSER-01862          9-RenSER-01862

(similar). That Renegar's actions would not violate the Fourth Amendment—much less clearly established Fourth Amendment law—in many circuits underscores their reasonableness.

Therefore, Renegar's use of the taser is protected by qualified immunity.[5]

### 2. Gotts

For Gotts, the qualified immunity question is a close one. Viewing the evidence in the light most favorable to Holloway, Gotts arrived on the scene a few seconds before Borba. At the time he arrived, two officers were trying to free one of Holloway's arms, and Renegar was trying to control Plaintiff's legs. Despite four officers being on top of Plaintiff and Renegar preparing to apply the stun gun to Plaintiff, Gotts, Holloway testified, kneed Holloway in the head several times.

The excessive force inquiry begins by analyzing the severity of force at issue. Although blunt force strikes are usually classified as "intermediate force," *see Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012), such strikes may constitute deadly force if delivered to the head, *Garlick v. City of Kern*, 167 F. Supp. 3d 1117, 1146-47 (E.D. Cal. 2016). A reasonable jury could have concluded that Gotts repeatedly kneeing a prone suspect in the head "created a substantial risk of death or serious bodily injury." *See id.* (quoting *Bryan*, 630 F.3d at 825)). Thus, Gotts used lethal force when apprehending Holloway.

Because "[d]eadly force is the most severe intrusion on Fourth Amendment interests," it may only be used to advance compelling governmental interests. *See Sabbe v. Washington Cnty. Bd. of Comm'rs*, 84 F.4th 807, 821-22 (9th Cir. 2023). A reasonable officer in Gotts' position would know that such a strong justification was lacking. When Gotts kneed Holloway, one of his arms was already in handcuffs. Thus, while Holloway was still a threat to the officers' safety, the threat had waned somewhat, reducing the need for deadly force. Indeed, use of force experts for both Plaintiff and Defendants agreed that, if the incident unfolded as Holloway testified, Gotts' knee would be excessive. Because the Court must take Holloway's version of events as true, *see A.D.*, 712 F.3d at 457, the experts testified that Gotts used excessive force.

---

[5] This conclusion does not preclude Plaintiff from presenting evidence of the tasings at the fourth trial. Although Renegar's use of the taser itself does not violate clearly established law, its use is relevant to other issues in the case (*e.g.*, whether Gotts' knees were reasonable).

-11-

9-RenSER-01863                    9-RenSER-01863

Their agreement strongly suggests that Gotts violated clearly established law. *See Marquez v. City of Phoenix*, 693 F.3d 1167, 1171 (9th Cir. 2012) (looking to expert testimony to decide a question of qualified immunity); *Gregory v. Cnty. of Maui*, 523 F.3d 1103, 1109-10 (9th Cir. 2008 (similar).

Another relevant factor in assessing the reasonableness of deadly force is "the availability of alternative methods of capturing or subduing a suspect." *S.R. Nehad*, 929 F.3d at 1138. Gotts and Borba arrived around at the scene around the same time. While Borba went to one of Holloway's arms to help free them from underneath his stomach, Gotts elected to knee Plaintiff in the head. A reasonable jury could have concluded that Gotts should have followed Borba's lead and tried to help free Holloway's hands, instead of kneeing him in the head. Moreover, while Gotts was kneeing Holloway, Renegar was shouting that he was about to redeploy the taser. This impending taser—the use of force that ultimately facilitated Holloway's arrest—reduced the necessity for Gotts to use deadly force to accomplish the same.

In conclusion, a reasonable officer in Gotts' position would have known that kneeing a prone suspect who was about to be handcuffed would violate the Fourth Amendment. Therefore, Gotts is not entitled to qualified immunity.

### 3. Pahel, Gonzalez, and Borba

Deputies Pahel, Gonzalez, and Borba encountered Holloway while he was prone, with his hands pinned beneath his waistband. They applied their bodyweight to Plaintiff's back and pulled at his arms to try and free them. The three deputies applied their bodyweight for around one minute and ceased once Holloway was handcuffed.

The officers are entitled to qualified immunity for their application of bodyweight to Holloway's back. The Ninth Circuit has found that applying bodyweight is excessive only where the officer applies bodyweight after the suspect is handcuffed or otherwise subdued. *See, e.g., La Londe v. Cnty. of Riverside*, 204 F.3d 947, 952, 959 (9th Cir. 2000) (finding excessive force where an officer "forcefully put his knee into [the plaintiff's back]" after he had been handcuffed); *Drummond ex. rel Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003) (concluding that applying bodyweight to the plaintiff after he was handcuffed and

9-RenSER-01864　　　　9-RenSER-01864

pleading for help was excessive). Pahel, Gonzalez, and Borba, by contrast, applied bodyweight to help control Holloway and ceased once he was in handcuffs. Therefore, the three officers' use of bodyweight on Plaintiff's back is protected by qualified immunity.

Plaintiff argues that, even if Pahel, Gonzalez, and Borba did not themselves use excessive force, they may still be liable based on an "integral participant" theory of liability. An officer is an "integral participant" in excessive force, and therefore liable, when they either (1) "knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct" constituted excessive force or (2) "set in motion a series of acts by others which the defendant knows or reasonably should know would cause others to" use excessive force. *See Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022).

As to the first excessive use of force—Renegar's punch— Pahel and Gonzalez were not integral participants. There is no indication that the punch was planned. Rather, Renegar punched Holloway without any apparent warning after Holloway did not obey Renegar's order to get down on the ground. Similarly, Pahel or Gonzalez had no reason to know that responding to the scene of a credible domestic violence tip would lead to an unconstitutional use of fore taking place. In sum, Pahel and Gonzalez in no way contributed to or were involved in Renegar's punch and are therefore not integral participants.[6]

Similar reasoning also demonstrates why Pahel, Gonzalez, and Borba, were not integral participants in the second excessive use of force—Gotts' knees to Holloway's head. Although the three officers holding Holloway down facilitated Gotts kneeing Holloway, there is no indication that they were applying their bodyweight for that purpose. Rather, in unrefuted testimony, the three officers stated that they applied their bodyweight to help subdue and control a potentially armed individual who was uncooperative, not yet in handcuffs, and suspected of a serious crime. Therefore, Pahel, Gonzalez, and Borba were not integral participants in Gotts' excessive use of force.

The motions for qualified immunity brought by Pahel, Gonzalez, and Borba are granted.

---

[6] The same is true for Borba. At the time of the punch, Borba was not on the scene, and there is no indication that he spoke with Renegar before the punch.

-13-

9-RenSER-01865                                        9-RenSER-01865

## III.     Plaintiff's Motion for a New Trial

Despite its excessive force finding, the jury concluded that Plaintiff suffered zero dollars in actual damages. Plaintiff argues that these two conclusions are inconsistent, warranting a new trial solely on the issues of damages. New Trial Mot. at 2. While the Court agrees that a new trial is necessary, the fourth trial in this matter will not be limited to damages.

### A. A new trial is warranted.

A breach of legal duty verdict does not require that the jury award compensable (as distinct from nominal) damages. *See Fairmount Glass Works v. Cub Fork Coal Co.*, 287 U.S. 474, 483 (1993); *Westcott v. Crinklaw*, 133 F.3d 658, 661 (8th Cir. 1998) (holding that an excessive force finding does not entitle the victim to compensatory damages as a matter of law). "[T]he federal rule is that a failure to award damages does not by itself render a verdict invalid." *Philippine Nat. Oil Co. v. Garrett Corp.*, 724 F.2d 803, 806 (9th Cir. 1984). However, where a jury's failure to award compensatory damages is "contrary to the clear weight of the evidence," a new trial is warranted. *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000); *see also* Fed. R. Civ. P. 59(a)(1). When deciding a new trial motion, the district court has "the duty…to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the" evidence's clear weight. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

In *Atkins v. New York City*, the Second Circuit granted the plaintiff's motion for a new trial after the jury found that the defendants used excessive force but did not award compensatory damages. 143 F.3d 100, 104 (2d Cir. 1998). There, the jury found that the defendant used "excessive force to stop and arrest plaintiff." *Id.* at 103 (internal quotations omitted). Although it was undisputed that the plaintiff "sustained a laceration and multiple abrasions on his forehead and head" because of the altercation, the jury found that he suffered no compensable damages and awarded only nominal damages. *Id.* The plaintiff moved for a new trial, arguing that the jury's damages verdict was against the clear weight of the evidence, and

9-RenSER-01866                                                          9-RenSER-01866

the district court denied the motion. *Id.* The Second Circuit reversed. It held that "[a] beating severe enough to leave marks is sufficient proof of compensable injury," and "the jury's rejection of [the plaintiff's] undisputed injuries and of the pain and suffering from the beating itself is unsupportable." *Id.* at 104.

Here too, Renegar and Gotts delivered a "beating severe enough to leave a mark." *See id.* At trial, Holloway presented photographic evidence that he suffered facial abrasions, swelling, and a black eye. Defendants argue that this photograph overstates Holloway's injury, because a side effect of Plaintiff's blood thinning medication is excessive bleeding. New Trial Opp'n (Dkt. 636) at 4, 10. However, this argument only goes to the extent of Holloway's injuries. It does not refute—and in fact confirms—that Holloway suffered facial lacerations, just like the plaintiff in *Atkins*. In any event, the jury was instructed to consider the "pain and suffering" Plaintiff suffered as a result of Defendants' use of excessive force. Jury Instruction No. 16 (Dkt. 619). The jury's finding that a punch to the face and several knees to the head caused Plaintiff no compensable "pain and suffering" is patently unsupportable. *See Atkins*, 143 F.3d at 104.

Therefore, Plaintiff's motion for a new trial is granted.

**B. Scope of the New Trial**

Next, the Court addresses whether to grant a new trial on all issues or to limit it to damages. While courts may order a new trial solely on the issue of damages, it must reopen the issue of liability "if a new trial on damages alone would work injustice." *Wharf v. Burlington N. R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995). This standard is satisfied when the jury returns a "compromise verdict." *See, e.g.*, 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2814 ("A new trial on damages is inappropriate if there is reason to think that the verdict may represent a compromise among jurors."); *Romberg v. Nichols*, 970 F.2d 512, 521 (9th Cir. 1992), *vacated on other grounds*, 506 U.S. 1075 (1993); *Bavlsik v. Gen. Motors, LLC*, 870 F.3d 800, 808-812 (8th Cir. 2017). "A compromise verdict is one reached when the jury, unable to agree on liability, compromises that disagreement and enters a low award of damages." *Romberg*, 970 F.2d at 521 (quoting *Nat'l R.R. Passenger Corp. v. Koch Indus.*, 701 F.2d 108, 110 (10th Cir. 1983)). These types of verdicts warrant a new trial on all issues

-15-

9-RenSER-01867                                        9-RenSER-01867

because both the jury's liability and damages conclusions reflect pragmatic considerations, instead of its true view of the facts. It would be unfair to treat the jury's compromised liability finding against a defendant as final, while vacating its equally compromised zero-dollar award and giving the plaintiff a second chance to prove damages.

In determining whether a jury reached a compromise verdict, courts look to the "totality of the circumstances," and consider "any indicia of compromise apparent from the record and any factors that may have caused a verdict for damages that would be inadequate if the jury actually found liability." *Yarbrough v. Sturm, Ruger & Co.*, 964 F.2d 376, 379 (5th Cir. 1992). "[S]uspicion should be aroused if the jury" does not award compensatory damages. *Romberg*, 970 F.2d at 521(quoting *Nat'l R.R.*, 701 F.2d at 110). In *Atkins*, the court inferred that the jury compromised, warranting a new trial on all issues, because "(1) the issue of liability was close and vigorously contested and (2) the verdict on damages was inconsistent with the facts adduced at trial." 143 F.3d at 104 (enumeration added).

Both of those elements are present here. First, the liability question was close and contested. The parties presented the jury with starkly different accounts of the incident. Indeed, the liability question in this case was so contested and close that the first trial in this matter ended in a hung jury. Second, the jury's zero-dollar damages verdict was inconsistent with its finding of liability. Holloway presented unrefuted evidence of facial lacerations and eye swelling. The extent and nature of these injuries make it almost certain that they were the result of blunt force—*i.e.*, Renegar punching Holloway and Gotts kneeing him—not the skirmish on the ground where the officers tried to handcuff Holloway.

The jury may have thought that their creative verdict was equitable. It chastened potentially over-zealous police officers, at least one of whom has a prior instance of professional misconduct, while also not financially rewarding a plaintiff who was needlessly hostile to the officers. However, "[p]art of the district court's function" is to "prevent such Solomonic solutions by the jury." *Romberg*, 953 F.2d at 1160 (internal quotations omitted). If the jury truly believed its liability finding, it should have awarded Holloway *some* compensatory damages for

-16-

9-RenSER-01868

9-RenSER-01868

his unrefuted facial injuries, pain, and suffering caused by the officers' excessive use of force.[7] Because the jury did not, a new trial on all issues is required.

## IV. Plaintiff's Attorneys' Fee Motion

The "prevailing party" in a §1983 case may recover attorneys' fees and costs. 42 U.S.C. § 1988. Plaintiff's counsel argues that Plaintiff is the "prevailing party" because the jury returned an excessive force verdict. Fees Mot. at 4. However, because the Court granted Plaintiff's motion for a new trial, that verdict "is of no effect." *See* 12 Moore's Federal Practice § 59.19.

Accordingly, Plaintiff's Motion for Attorneys' Fees is denied as moot. Counsel may renew her motion for fees after the fourth trial, if appropriate.

## V. Disposition

For the foregoing reasons, the Court rules as follows:

- Defendant Mark Borba's Motion for Judgment as a Matter of Law (dkt. 639) is **GRANTED**.
- Defendant Jameson Gotts's Motion for Judgment as a Matter of Law (dkt. 640) is **DENIED**.
- Defendant Kevin Pahel's Motion for Judgment as a Matter of Law (dkt. 641) is **GRANTED**.
- Defendant Joel Gonzalez's Motion for Judgment as a Matter of Law (dkt. 642) is **GRANTED**.
- Defendant Chad Renegar's Motions for Judgment as a Matter of Law (dkts. 588, 589, 590) and his renewed oral motion (dkt. 675) are **DENIED**.
- Plaintiff's Motion for a New Trial (dkt. 633) is **GRANTED IN PART**. Specifically, the Court orders a new trial on all issues.

---

[7] The jury's failure to award *any* money is not what made its verdict invalid. Plaintiff—in what the Court assumes was a tactical decision—did not ask for a nominal damages instruction. However, even if Plaintiff requested and the jury awarded nominal damages, the verdict still would be flawed. Compensatory damages serve "to compensate for a proven injury or loss." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871 (9th Cir. 2017). Nominal damages, on the other hand, are symbolic. They "are awarded to vindicate rights, the infringement of which has not caused actual, provable injury." *Id.*; *see also Atkins*, 143 F.3d at 103-04 (ordering a new trial where the jury found excessive force but awarded nominal but not compensatory damages).

9-RenSER-01869          9-RenSER-01869

- Plaintiff's Motion for Attorneys' Fees (Dkt. 664) is **DENIED AS MOOT**.

Further, Defendants' Rule 50(a) Motions (dkts. 592, 593, 594, 595, 599, 600, 601, 602) and Request for Order (dkt. 551) are **DENIED AS MOOT**.

The parties are **ORDERED** to appear for a scheduling conference on **April 8, 2024, at 9:00 a.m.**

DATED: March 18, 2024

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE

9-RenSER-01870        9-RenSER-01870

S. Frank Harrell – SBN 133437
sharrell@lynberg.com
Tamara M. Heathcote – SBN 193312
theathcote@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE,
DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ,
DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER,
DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS and
DEPUTY JUSTIN GUNDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.<br><br>Defendants. | CASE NO. 8:19-cv-01514-DOC-DFM<br><br>*Assigned for All Purposes to:*<br>*Hon. David O. Carter, Courtroom 9D*<br><br>*Assigned for Discovery Purposes to:*<br>*Hon. Douglas F. McCormick, Courtroom 6B*<br><br>**DECLARATION OF BRIAN FUERBACH IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**Date:  December 14, 2020**<br>**Time:  8:30 a.m.**<br>**Dept.:  9D**<br><br>*Trial Date: January 19, 2021*<br>*Second Amended Complaint filed: December 10, 2019* |

**1**

**DECLARATION OF BRIAN FUERBACH IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

9-RenSER-01871                    9-RenSER-01871

## DECLARATION OF BRIAN FUERBACH

I, Brian Fuerbach, do state and declare as follows:

1.      I have been employed in the plastics industry since 1989 and has an engineering manager since 2008 and have lived in the County of Orange for fifty-three (53) years.

2.      I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true.  If called upon to testify to the matters herein, I could and would competently do so.

3.      On January 20, 2028, my wife and I went camping for one night at O'Neill Park in our Recreational Vehicle ("R.V."). We arrived during the afternoon of January 20. 2018.

4.      On the side of my R.V. is a large window that is approximately two feet by five feet and below that window is dinette/bed.

5.      My wife and I were camping at campsite 63.

6.      At approximately 2:00 a.m. on January 21, 2018, I was awakened by a sound coming from campsite 65 which was located directly next door to us.  I now understand that campsite 65 was occupied by Jeremy Holloway as I have been deposed by Jeremy Holloway's counsel in the matter of Jeremy Holloway v. County of Orange, et al., Case No. 8:19-cv-01514-DOC-DFM.

7.      The loud noise at 2:00 a.m. sounded like something had hit my R.V.  The sound was like "boom, boom".  I looked out of the large window above the bed and discovered that it was the sound of the two doors closing on the white truck that was now at campsite 65.  I also heard a male and female talking inside one of the two tents at campsite 65.  At that point I went back to sleep.

8.      At approximately 3:00 a.m. I was awakened again to the sound of yelling and a bunch of expletives.  I also heard fist blows being landed on somebody.  I opened the window above the bed to look out at campsite 65 and saw the tent moving and a woman yelling "No, no, no.  Please stop.  I'm just a girl."  I could also hear the

**2**

9-RenSER-01872                                                    9-RenSER-01872

noise of someone rubbing the inside the tent fabric with what I thought was their arm and then the sound of further fist blows being landed on somebody as the tent moved. I heard my wife yell out the window toward campsite 65, "Stop hitting her".

9. At this point I was concerned for the woman's safety and called 9-1-1. I reported I had heard a male and female yelling, fists being landed on somebody, and a woman yelling to stop hitting her, that she's just a girl.

10. While still listening for the peace officers to arrive, I heard the sound of a tent unzip and the sound of footsteps running across gravel.

11. When the sheriff deputies arrived I looked out the large window above my bed and could hear the deputies ask Jeremy Holloway to step out of his tent. Mr. Holloway was combative and did not want to come out of the tent. Mr. Holloway was yelling and cursing at the deputies. Eventually I saw him come out of the tent. I saw the deputies and Mr. Holloway speaking but could not hear the precise words. After a total of five to ten minutes, the deputies left.

12. After the deputies left, it was quiet for approximately ten minutes. After this time, Jeremy Holloway started going up and down the road yelling at the various campsites for the person who called the police to come out. When Mr. Holloway got in front of our RV, he stopped and was yelling "I know it was you, mother f*cker. Come out." Due to Mr. Holloway's actions I felt threatened and was afraid of what he may do.

13. After a while, Mr. Holloway went away from my RV.

14. After a short period of time the deputies came back to Jeremy Holloway's campsite. Mr. Holloway was extremely combative with the deputies. The deputies asked Mr. Holloway to show his hands. Mr. Holloway refused to cooperate. They asked him to put his hands on his head but he would not comply. In my opinion, Mr. Holloway was acting in a threatening manner toward the deputies because he was yelling at them, being verbally abusive and not cooperating.

15. After Jeremy Holloway was on the ground, I could see that Mr. Holloway

**3**

**DECLARATION OF BRIAN FUERBACH IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

9-RenSER-01873                    9-RenSER-01873

appeared to be fighting to get away.  Mr. Holloway's tent, however, obstructed my view of what occurred next.

16.   I am thankful that law enforcement returned to the campground the second time as we needed law enforcement protection from Jeremy Holloway.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 23rd day of October, 2020, in Ontario, California.


**BRIAN FUERBACH, Declarant**

4818-9937-1471, v. 1

4

**DECLARATION OF BRIAN FUERBACH IN SUPPORT OF DEFENDANTS'**

9-RenSER-01874                                                    9-RenSER-01874

S. Frank Harrell – SBN 133437
sharrell@lynberg.com
Tamara M. Heathcote – SBN 193312
theathcote@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER, DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS and DEPUTY JUSTIN GUNDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.<br><br>Defendants. | CASE NO. 8:19-cv-01514-DOC-DFM<br><br>*Assigned for All Purposes to:*<br>*Hon. David O. Carter, Courtroom 9D*<br><br>*Assigned for Discovery Purposes to:*<br>*Hon. Douglas F. McCormick, Courtroom 6B*<br><br>**DECLARATION OF CHAD RENEGAR IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**Date:  December 14, 2020**<br>**Time:  8:30 a.m.**<br>**Dept.:  9D**<br><br>*Trial Date: January 19, 2021*<br>*Second Amended Complaint filed: December 10, 2019* |

**1**

**DECLARATION OF CHAD RENEGAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

9-RenSER-01875                    9-RenSER-01875

# DECLARATION OF CHAD RENEGAR

I, Chad Renegar, do state and declare as follows:

1.     I am employed by the Orange County Sheriff's Department as a Deputy Sheriff, and I am a named defendant in the matter of <u>Jeremy Holloway v. County of Orange, et al.</u>, Case No. 8:19-cv-01514-DOC-DFM.

2.     I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true.  If called upon to testify to the matters herein, I could and would competently do so. This Declaration is made in support of Defendants' Motion for Summary Judgment, or, in the alternative, Motion for Summary Adjudication against Plaintiff Jeremy Holloway ("Plaintiff").

3.     On January 21, 2018, I was a Deputy Sheriff assigned to patrol. Generally speaking, my duties were to patrol my assigned area of Orange County and respond to calls for service in protection of the public.

4.     At approximately 3:40 a.m., I became aware of a call for service to O'Neill Park in an unincorporated area of the County of Orange. This is confirmed by the Call Detail Log which sets forth all the information provided by dispatch to the officers on patrol.  This information is communicated by dispatch and shows up on our in-car monitor.  A true and correct copy of the Call Detail Log is attached hereto as Ex. "A".

5.     The call at 3:40 p.m. consisted of the reporting party advising that there was a male versus female in a physical altercation that was disturbing the peace occurring to the right of campsite number 63. (<u>See</u>, Call Detail Log, p. 5, Ex. "A".)

6.     At approximately 4:07 a.m., I heard dispatch state that per the reporting party, domestic violence was occurring in a tent by a white truck to the right of camp site 63.  (<u>See</u>, Call Detail Log, p. 5, Ex. "A".)

7.     While en route to campsite 65, I spoke with one of the reporting parties

**DECLARATION OF CHAD RENEGAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

9-RenSER-01876                                                                        9-RenSER-01876

whom I later learned to be Joshua Gomez and his girlfriend.  Mr. Gomez indicated he knew where the sound of fighting and arguing was coming from and pointed to camp site 65.

8.    I then contacted Mr. Holloway at campsite 65.  I found his denials of domestic violence unconvincing in light of the multiple third party reports that implicated him.  I could not come up with any reason for the witnesses reporting Mr. Holloway to lie.  I believed I had reasonable suspicion to detain Mr. Holloway and investigate for battery/domestic violence based on the third party reports against him.  Even so, I did not detain Mr. Holloway or charge him with a crime at the time based on my inability to locate the victim.

9.    I went back to my vehicle and drove to the entrance of the park, pulled over and ran Mr. Holloway through the system.  I discovered that Mr. Holloway was on probation and subject to search and seizure at any time.

10.    As I was driving back to my patrol area, I became aware of another call for service at approximately 4:55 a.m. to O'Neill Park.  The reporting party advised that a male subject was walking from campsite to campsite looking for the individual(s) who had called the police.  (See, Call Detail Log, pp. 3-4, Ex. "A".)  I turned around to return to O'Neill Park.

11.    While I was en route to O'Neill Park at approximately 4:58 a.m. I learned from dispatch that the reporting party stated the male subject is by campsite 61 in a white R.V.  (See, Call Detail Log, p. 3, Ex. "A".)  A few seconds later, I learned from dispatch that the reporting party was stating that a little girl was screaming and the call was upgraded to a priority one.  (See, Call Detail Log, p. 3, Ex "A".)  A priority one means that there is a life threatening or potentially life threatening emergency and we are able to proceed with lights and sirens to the call site.

12.    I approached Mr. Holloway for a second time that night.  I believed I had reasonable suspicion to detain Mr. Holloway and investigate for the occurrence of any

**DECLARATION OF CHAD RENEGAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

9-RenSER-01877          9-RenSER-01877

crime based on the reports of the persons reporting the incident. However, I confined my charges to what I personally observed Mr. Holloway do during my second encounter with him.

13. I was required to use force against Mr. Holloway to address my officer safety concerns during my second encounter with him. I understand that, in addition to myself, Mr. Holloway also sued Deputies Gunderson and Billinger for excessive force. Based on my observations during the incident, Deputies Gunderson and Billinger had no physical contact with Mr. Holloway. They did not any use force on Mr. Holloway, let alone excessive force.

**4**

**DECLARATION OF CHAD RENEGAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

9-RenSER-01878                    9-RenSER-01878

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 23rd day of October, 2020, in <u>RANCHO SANTA MARGARITA</u> California.

B _____
**CHAD RENEGAR, Declarant**

4829-1754-5423, v. 1

5

**DECLARATION OF CHAD RENEGAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

9-RenSER-01879                    9-RenSER-01879

Case 25-7132, 07/27/2026, DktEntry: 91.10, Page 144 of 273

# EXHIBIT A

9-RenSER-01880

9-RenSER-01880

9-RenSER-01881

7/25/2018     **Orange County Sheriff Department**     10:53:33AM

**Call Detail Information Report**

Call Number: 180121-0093

---

**Call Number**    180121-0093

## Call Detail Information

| Call Number | Class | Taker | Pos | Call Owner | Date - Time Received | Cat |
|---|---|---|---|---|---|---|
| 180121-0093 | C | morrisondl | 12 | | 01/21/2018 03:39:44 | 0 |

| Complaint | | Ten Code | Priority | Disp Zone | IRA | How Received |
|---|---|---|---|---|---|---|
| 241 ASSAULT ON POLICE OFFICER | | | 2 | SE | TC01 | WIRE |

| Incident Location | Apt/Suite | Floor/Bldg | Incident City | Grid |
|---|---|---|---|---|
| 30892 TRABUCO CANYON RD | | | TC | 893A1 |

| Caller Name | Patrol Zone | Telephone | Tower ID | Jurisdiction | Tract |
|---|---|---|---|---|---|
| BRIAN | 89 | 714-928-4939 | 714-511-3776 | OCSD | TC |

☐ Images    ☐ Medical    ☐ Hazard    ☒ Previous    ☐ DR Issued in Error

| ALI Time | Call Rec'd | Xmit | Dispatch | Enroute | OnScene | Departed | Arrived | Comp | Unit |
|---|---|---|---|---|---|---|---|---|---|
| 03:39:32 | 03:39:44 | 03:40:57 | 03:42:36 | 03:42:36 | 03:54:46 | 05:40:18 | 06:01:46 | 14:11:55 | 489 |

**Narrative**

[01/21/2018 14:13:23 : pos4 : CHAVEZGA]
DR= 243b/69

*Barrientos/Brown*
[01/21/2018 13:47:25 : pos4 : LGALLANT]
Unit : ■
10-49 AREA

*Barrientos/Brown*
[01/21/2018 13:12:00 : pos4 : LGALLANT]
Unit : ■
10-97 OCJ

*Barrientos/Brown*
[01/21/2018 12:50:29 : pos4 : LGALLANT]
Unit : ■
10-15

*Barrientos/Brown*
[01/21/2018 06:01:42 : pos4 : LGALLANT]
Unit : ■
10-97 MISSION

*Barrientos/Brown*
[01/21/2018 05:39:07 : pos4 : JURGENSENWA]
Unit : ■
WILL BE EN RTE TO MISSION HOSPITAL WITH THE SUSPECT ALL OTHER UNITS C4 10-6

*Renegar*
[01/21/2018 05:34:40 : pos4 : JURGENSENWA]
Unit : ■
REQ DR WILL ADV ON TITLE

[01/21/2018 05:25:04 : pos12 : morrisondl]
STA 17 ADVISED - EXTENDED ETA FROM ORANGE

*Barrientos/Brown*
[01/21/2018 05:19:32 : pos4 : JURGENSENWA]
Unit : ■
REQ ANIMAL CONTROL FOR 5 LB DOG

*Borba*
[01/21/2018 05:07:30 : pos4 : JURGENSENWA]
Unit : ■
SEND IN OCFA FOR OUR SUBJ

October 25, 2019

9-RenSER-01881     9-RenSER-01881

| 7/25/2018 | Orange County Sheriff Department | 10:53:33AM |
| --- | --- | --- |
| | **Call Detail Information Report** | |
| | Call Number:   180121-0093 | |

Borba
[01/21/2018 05:06:06 : pos4 : JURGENSENWA]
Unit ████
10-34 ON Y3

[01/21/2018 05:05:42 : pos1 : RAMIREZLV]
INF IS: JOSH GOMEZ #714-583-5615

Borba
[01/21/2018 05:04:57 : pos4 : JURGENSENWA]
Unit :████
SUFFICIENT UNITS

Borba
[01/21/2018 05:04:27 : pos4 : JURGENSENWA]
Unit :████
ALL RESPONDING UNITS SHUT DOWN CODE

[01/21/2018 05:04:13 : pos1 : RAMIREZLV]
INF STATING NON LETHAL HAS BEEN DEPLOYED

Borba
[01/21/2018 05:04:07 : pos4 : JURGENSENWA]
Unit :████
1 AT CUFFS....TAZER DEPLOYMENT

Gonzalez/
Pahel
[01/21/2018 05:03:31 : pos4 : JURGENSENWA]
Unit :████
415

[01/21/2018 05:02:55 : pos4 : JURGENSENWA]
PER 4S66 DO NOT NEED ADDL UNNITS AT THIS TIME

Renegar
[01/21/2018 05:02:49 : pos4 : JURGENSENWA]
Unit :████
1 AT GP AT CAMP 65

[01/21/2018 05:02:38 : pos1 : RAMIREZLV]
DESK ON 10-21 WITH SUBJ   HAS CONTACT WITH DEPS

Renegar
[01/21/2018 05:02:29 : pos4 : JURGENSENWA]
Unit :████
ASK INF WHERE IS HE AT NOW AND DESCRIP

[01/21/2018 05:01:48 : pos4 : JURGENSENWA]
10-33 ON Y3

October 25, 2019

9-RenSER-01882                                                  9-RenSER-01882

| 7/25/2018 | Orange County Sheriff Department | 10:53:33AM |
|---|---|---|
| | **Call Detail Information Report** | |
| | Call Number:  180121-0093 | |

Renegar

[01/21/2018 05:00:49 : pos4 : JURGENSENWA]
Unit : ███
KEEP INF ON THE LINE

[01/21/2018 05:00:27 : pos1 : RAMIREZLV]
INF IS AT CAMPSITE 67

Borba

[01/21/2018 04:59:58 : pos4 : JURGENSENWA]
Unit : ███
C3 SADDLEBACK//ROBINSON RANCH

Gotts/
Gunderson

[01/21/2018 04:59:41 : pos4 : JURGENSENWA]
Unit : ███
C3 SMP//PLANO TRABUCO

[01/21/2018 04:59:32 : pos1 : RAMIREZLV]
INF STS THE MALE SUBJ IS YELLING AND THERE IS STILL A LITTLE GIRL SCREAMING

Gonzalez/
Pahel

[01/21/2018 04:59:13 : pos4 : JURGENSENWA]
Unit : ███
C3 PLANO TRABUCO//SMP

Renegar

[01/21/2018 04:59:04 : pos4 : JURGENSENWA]
Unit : ███
C3 PLANO TRABUCO//SMP

[01/21/2018 04:58:29 : pos1 : RAMIREZLV]
INF NOW STATING A LITTLE GIRL IS SCREAMING    UPGRADED TO A P1

[01/21/2018 04:58:18 : pos1 : RAMIREZLV]
INF STS MALE SUBJ IS GOING THROUGH THINGS IN HIS CAMPSITE

[01/21/2018 04:56:36 : pos1 : RAMIREZLV]
INF STS MALE SUBJ IS BY CAMPSITE 61  IN AN WHITE RV

[01/21/2018 04:55:38 : pos1 : RAMIREZLV]
**Appended Information from duplicate call:
Caller Name : , Phone : ,Complaint : 415
Apt/Suite :  , Flr/Bldg :
Narrative : Landmark Comment: 893A1    92692
Landmark: ONEILL PARK

October 25, 2019

9-RenSER-01883                                    9-RenSER-01883

Case 8:25-cv-7132, 07/27/2026, DktEntry 39.10, 248 of 273, Page 10 of 21

7/25/2018      **Orange County Sheriff Department**      10:53:33AM

**Call Detail Information Report**

Call Number: 180121-0093

Cross streets: TRABUCO CANYON RD//
NBH: 893A1    92679    33.6530325102696,-117.599035586489
ARROYO SOUTH CAMPGROUND    INF STATING MALESUBJ IS WALKING AROUND FROM CAMPSITE TO CAMPITE LOOKING FOR THE SUBJ WHO CALLED POLICE
**End of Appended Information.

**Renegar**

[01/21/2018 04:48:13 : pos4 : JURGENSENWA]
 [Cleared with unit 489]
PER ▪ INF HAS SEVERAL MACHETES, HAMMERS, KNIVES, AND DENIED HAVING A HANDGUN BUT IT IS POSSIBLE. 489 ADV TO SEND 3 UNITS NEXT CALL AND THE SUBJ IS ON FORMAL PROBATION ALTHOUGH HE ADV INFORMAL

**Renegar**

[01/21/2018 04:47:30 : MOB : ▪]
spoke with multiple info who all stated it was campsite 65. spoke with subj who was un cooperative. subj was alone in campsite no female present. subj on formal probation. ***lots of knives in campsite.***** Subj agressive**** no injuries seen 10-98.

**Renegar**

[01/21/2018 04:33:02 : pos4 : JURGENSENWA]
Unit : ▪
C4 10-6

[01/21/2018 04:23:50 : pos4 : JURGENSENWA]
REG VALID FROM: 04/30/13 TO 04/30/14
LIC#:7U75121 YRMD:05 MAKE:CHEV BTM :PK VIN :2GCEC19V851284104
R/O :HOLLAWAY JEREMY R, 1100 E FAIRHAVEN 160 CITY:SANTA ANA C.C.:30
RIP OFC:691 D:04/13/16 ID/S:E00005 T:H00
PENDING MASTER FILE RECORD
LIC#:    YRMD:05 MAKE:CHEV BTM :PK VIN :2GCEC19V851284104
R/O :HOLLAWAY JEREMY R, 615 E ADAMS AVE CITY:ORANGE C.C.:30 ZIP#:92867

**Renegar**

[01/21/2018 04:23:19 : pos4 : JURGENSENWA]
Unit : ▪
CONTACT W INF WILL BE CAMP SITE   65

**Borba**

[01/21/2018 04:16:05 : pos4 : JURGENSENWA]
Unit : ▪
CAMPSITE 67

**Billinger**

[01/21/2018 04:15:25 : pos4 : JURGENSENWA]
Unit : ▪
HAVE CONTACT WITH BOTH PARTIES

[01/21/2018 04:13:30 : pos4 : JURGENSENWA]
PER ECB SUPER SOUTH ARROYA CAMPGROUND

October 25, 2019

9-RenSER-01884          9-RenSER-01884

Billinger



As
Reflected

October 25, 2019

9-RenSER-01885          9-RenSER-01885

| 7/25/2018 | | Orange County Sheriff Department **Call Detail Information Report** Call Number: 180121-0093 | | | | 10:53:33AM |
|---|---|---|---|---|---|---|
| ENR | 01/21/2018 04:09:14 | OCUN | 30892 TRABUCO CANYON RD, TC | 1397/8534 | GONZALEZ,JOEL NMN/PAHEL,KEVIN BRIAN | 0.0 |
| ENR | 01/21/2018 04:09:14 | OCUN | 30892 TRABUCO CANYON RD, TC | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |
| ONS | 01/21/2018 04:12:59 | OCUN | 30892 TRABUCO CANYON RD, TC | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |
| ONS | 01/21/2018 04:24:47 | OCUN | 30892 TRABUCO CANYON RD, TC | 1397/8534 | GONZALEZ,JOEL NMN/PAHEL,KEVIN BRIAN | 0.0 |
| | 01/21/2018 04:48:09 | OCUN | Primary Unit | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |
| COM | 01/21/2018 04:48:13 | OCRS | COM | 5073 | BORBA,MARK WILLIAM | 0.0 |
| COM | 01/21/2018 04:48:13 | OCRS | COM | 9153 | BILLINGER,BRENDEN RAY | 0.0 |
| COM | 01/21/2018 04:48:14 | OCUN | COM | 1397/8534 | GONZALEZ,JOEL NMN/PAHEL,KEVIN BRIAN | 0.0 |
| COM | 01/21/2018 04:48:14 | OCUN | COM | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |
| | 01/21/2018 04:55:26 | | Reactivated | | | 0.0 |
| DIS | 01/21/2018 04:55:31 | OCRS | 30892 TRABUCO CANYON RD, TC | 5073 | BORBA,MARK WILLIAM | 0.0 |
| DIS | 01/21/2018 04:55:31 | OCRS | 30892 TRABUCO CANYON RD, TC | 9153 | BILLINGER,BRENDEN RAY | 0.0 |
| DIS | 01/21/2018 04:55:32 | OCUN | 30892 TRABUCO CANYON RD, TC | 1397/8534 | GONZALEZ,JOEL NMN/PAHEL,KEVIN BRIAN | 0.0 |
| DIS | 01/21/2018 04:55:32 | OCUN | 30892 TRABUCO CANYON RD, TC | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |
| REM | 01/21/2018 04:55:44 | OCRS | REM | 5073 | BORBA,MARK WILLIAM | 0.0 |
| REM | 01/21/2018 04:55:45 | OCRS | REM | 9153 | BILLINGER,BRENDEN RAY | 0.0 |
| ENR | 01/21/2018 04:55:50 | OCRS | 30892 TRABUCO CANYON RD, TC | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 0.0 |
| REM | 01/21/2018 04:56:06 | OCRS | REM | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 0.0 |
| ENR | 01/21/2018 04:56:11 | OCUN | 30892 TRABUCO CANYON RD, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| ENR | 01/21/2018 04:56:33 | OCRS | 30892 TRABUCO CANYON RD, TC | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 0.0 |
| ENR | 01/21/2018 04:57:26 | OCRS | 30892 TRABUCO CANYON RD, TC | 5073 | BORBA,MARK WILLIAM | 0.0 |
| REM | 01/21/2018 04:57:28 | OCRS | REM | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 0.0 |
| ENR | 01/21/2018 04:59:32 | OCRS | 30892 TRABUCO CANYON RD, TC | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 0.0 |
| ONS | 01/21/2018 05:01:35 | OCUN | 30892 TRABUCO CANYON RD, TC | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |

As Reflected

As

October 25, 2019

9-RenSER-01886

9-RenSER-01886

| 7/25/2018 | | Orange County Sheriff Department | | | | 10:53:33AM |
|---|---|---|---|---|---|---|

**Call Detail Information Report**

Call Number:   180121-0093

As
Reflected

| | ONS | 01/21/2018 05:01:35 | OCUN | 30892 TRABUCO CANYON RD, TC | 1397/8534 | GONZALEZ,JOEL NMN/PAHEL,KEVIN BRIAN | 0.0 |
|---|---|---|---|---|---|---|---|
| | ONS | 01/21/2018 05:01:55 | OCRS | 30892 TRABUCO CANYON RD, TC | 5073 | BORBA,MARK WILLIAM | 0.0 |
| | ONS | 01/21/2018 05:03:13 | OCRS | 30892 TRABUCO CANYON RD, TC | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 39659.0 |
| | ENR | 01/21/2018 05:03:42 | OCRS | 30892 TRABUCO CANYON RD, TC | 9153 | BILLINGER,BRENDEN RAY | 0.0 |
| | ENR | 01/21/2018 05:03:42 | OCRS | 30892 TRABUCO CANYON RD, TC | 3313 | BAEK,PATRICK LEE | 0.0 |
| | ONS | 01/21/2018 05:03:55 | OCRS | 30892 TRABUCO CANYON RD, TC | 9153 | BILLINGER,BRENDEN RAY | 0.0 |
| | ONS | 01/21/2018 05:03:57 | OCRS | 30892 TRABUCO CANYON RD, TC | 3313 | BAEK,PATRICK LEE | 0.0 |
| | ONS | 01/21/2018 05:05:40 | OCUN | 30892 TRABUCO CANYON RD, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| | REM | 01/21/2018 05:25:46 | OCRS | REM | 8699/9090 | GOTTS,JAMESON/GUNDERSON,JUSTIN | 0.0 |
| | ONS | 01/21/2018 05:29:30 | OCRS | 30892 TRABUCO CANYON RD, TC | 1854 | RAWLINGS,STEWART ALAN | 0.0 |
| | LEF | 01/21/2018 05:40:18 | OCUN | Left Scene, MISSION HOSPITAL MV, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| | REM | 01/21/2018 05:42:14 | OCRS | REM | 9153 | BILLINGER,BRENDEN RAY | 0.0 |
| | REM | 01/21/2018 05:45:48 | OCRS | REM | 3313 | BAEK,PATRICK LEE | 0.0 |
| | REM | 01/21/2018 05:58:31 | OCRS | REM | 5073 | BORBA,MARK WILLIAM | 0.0 |
| | ENR | 01/21/2018 05:58:46 | OCUN | 30892 TRABUCO CANYON RD, TC | 5732 | DANIELS,JASON GARRETT | 0.0 |
| | ARR | 01/21/2018 06:01:46 | OCUN | Radio Communication, MISSION, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| | ONS | 01/21/2018 06:11:51 | OCUN | 30892 TRABUCO CANYON RD, TC | 5732 | DANIELS,JASON GARRETT | 0.0 |
| | REM | 01/21/2018 06:12:41 | OCRS | REM | 1854 | RAWLINGS,STEWART ALAN | 0.0 |
| | REM | 01/21/2018 06:30:21 | OCUN | REM | 5732 | DANIELS,JASON GARRETT | 0.0 |
| | REM | 01/21/2018 07:10:06 | OCUN | REM | 9250 | RENEGAR,CHAD MATTHEW | 0.0 |
| | REM | 01/21/2018 07:10:08 | OCUN | REM | 1397/8534 | GONZALEZ,JOEL NMN/PAHEL,KEVIN BRIAN | 0.0 |
| | LEF | 01/21/2018 12:50:32 | OCUN | Left Scene, OCJ, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| | ARR | 01/21/2018 13:12:03 | OCUN | Radio Communication, OCJ, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| | LEF | 01/21/2018 13:47:29 | OCUN | Left Scene, 10-49 REA, TC | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |
| | REM | 01/21/2018 14:09:14 | OCUN | REM | 3724/9289 | BARRIENTOS,CARLOS/BROWN,MATTHEW | 0.0 |

October 25, 2019

9-RenSER-01887
9-RenSER-01887



7/25/2018      **Orange County Sheriff Department**      10:53:33AM

**Call Detail Information Report**

Call Number:   180121-0093

Billinger
Borba
Gonzalez/Pahel
Renegar
Gotts/Gunderson
Barrientos/Brown
Baek
Rawlings
Daniels

| Unit | Department | DIS | ENR | ONS | LEF | ARR | BUS | REM | COM |
|------|-----------|-----|-----|-----|-----|-----|-----|-----|-----|
|  | OCRS | 04:55:31 | 03:42:36 | 03:54:46 |  |  |  | 05:42:14 | 04:48:13 |
|  | OCRS | 04:55:31 | 03:42:37 | 03:54:47 |  |  |  | 05:58:31 | 04:48:13 |
|  | OCUN | 04:55:32 | 04:09:14 | 04:24:47 |  |  |  | 07:10:08 | 04:48:14 |
|  | OCUN | 04:55:32 | 04:09:14 | 04:12:59 |  |  |  | 07:10:06 | 04:48:14 |
|  | OCRS |  | 04:55:50 | 05:03:13 |  |  |  | 05:25:46 |  |
|  | OCUN |  | 04:56:11 | 05:05:40 | 05:40:18 | 06:01:46 |  | 14:09:14 |  |
|  | OCRS |  | 05:03:42 | 05:03:57 |  |  |  | 05:45:48 |  |
|  | OCRS |  |  | 05:29:30 |  |  |  | 06:12:41 |  |
|  | OCUN |  | 05:58:46 | 06:11:51 |  |  |  | 06:30:21 |  |

## Unit Log

| Date Time | Dept | Unit | Deputy | Action | Comments |
|-----------|------|------|--------|--------|----------|
| 01/21/2018 03:42:51 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 03:42:51 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 03:42:51 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 03:54:38 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 03:54:38 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 03:54:38 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 03:59:11 | OCRS |  | 5073 | Borba |  |
| 01/21/2018 03:59:11 | OCRS |  | 5073 | Borba |  |
| 01/21/2018 03:59:11 | OCRS |  | 5073 | Borba |  |
| 01/21/2018 03:59:29 | OCRS |  | 5073 | Borba |  |
| 01/21/2018 03:59:29 | OCRS |  | 5073 | Borba |  |
| 01/21/2018 03:59:29 | OCRS |  | 5073 | Borba |  |
| 01/21/2018 04:04:53 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:04:53 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:04:53 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:05:11 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:05:11 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:05:12 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:05:24 | OCRS |  | 9153 | Note Billinger | UTL SO FAR CAN YOU CONFIRM THE CAMP SITE WITH RP, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 04:06:53 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:06:53 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:06:53 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:07:52 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:07:52 | OCRS |  | 9153 | Billinger |  |
| 01/21/2018 04:07:52 | OCRS |  | 9153 | Billinger |  |

October 25, 2019

9-RenSER-01888      9-RenSER-01888



7/25/2018

**Orange County Sheriff Department**

**Call Detail Information Report**

Call Number:   180121-0093

10:53:33AM

| | | | | |
|---|---|---|---|---|
| 01/21/2018  04:12:54 | OCUN | | 9250 | Renegar |
| 01/21/2018  04:12:54 | OCUN | | 9250 | Renegar |
| 01/21/2018  04:12:54 | OCUN | | 9250 | Renegar |
| 01/21/2018  04:13:25 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:13:25 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:13:25 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:15:12 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:15:12 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:15:12 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:15:25 | OCRS | | 9153 | Note  Billinger | HAVE CONTACT WITH BOTH PARTIES, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018  04:15:34 | OCRS | | 9153 | Note  Billinger | HAVE CONTACT WITH BOTH PARTIES, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018  04:15:53 | OCRS | | 5073 | Borba |
| 01/21/2018  04:15:53 | OCRS | | 5073 | Borba |
| 01/21/2018  04:15:53 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:04 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:04 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:04 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:05 | OCRS | | 5073 | Note  Borba | CAMPSITE 67, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018  04:16:11 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:11 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:11 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:39 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:39 | OCRS | | 5073 | Borba |
| 01/21/2018  04:16:39 | OCRS | | 5073 | Borba |
| 01/21/2018  04:18:01 | OCUN | | 9250 | Renegar |
| 01/21/2018  04:18:01 | OCUN | | 9250 | Renegar |
| 01/21/2018  04:18:01 | OCUN | | 9250 | Renegar |
| 01/21/2018  04:19:51 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018  04:19:51 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018  04:19:51 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018  04:20:22 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:22 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:22 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:31 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:31 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:31 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:56 | OCRS | | 9153 | Billinger |
| 01/21/2018  04:20:56 | OCRS | | 9153 | Billinger |

October 25, 2019

9-RenSER-01889                                        9-RenSER-01889

| 7/25/2018 | | **Orange County Sheriff Department** | | | 10:53:33AM |
|---|---|---|---|---|---|
| | | **Call Detail Information Report** | | | |
| | | **Call Number: 180121-0093** | | | |

| | | | | |
|---|---|---|---|---|
| 01/21/2018 04:20:56 | OCRS | | 9153 | Billinger |
| 01/21/2018 04:22:08 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:08 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:08 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:14 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:14 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:14 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:25 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:25 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:25 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:59 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:59 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:22:59 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:23:19 | OCUN | | 9250 | Note Renegar | CONTACT W ING WILL BE CAMP SITE 65, 30892 TRABUCO CANYON RD, TC |

| | | | | |
|---|---|---|---|---|
| 01/21/2018 04:32:56 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:32:56 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:32:56 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:33:02 | OCUN | | 9250 | Note Renegar | C4 10-6, 30892 TRABUCO CANYON RD, TC |

| | | | | |
|---|---|---|---|---|
| 01/21/2018 04:47:39 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:47:39 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:47:39 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:56:50 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:56:50 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:56:50 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:57:25 | OCRS | | 8699/9090 | Gotts/Gunderson |
| 01/21/2018 04:57:25 | OCRS | | 8699/9090 | Gotts/Gunderson |
| 01/21/2018 04:57:25 | OCRS | | 8699/9090 | Gotts/Gunderson |
| 01/21/2018 04:58:53 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:58:53 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:58:53 | OCUN | | 9250 | Renegar |
| 01/21/2018 04:59:04 | OCUN | | 9250 | Note Renegar | C3 PLANO TRABUCO//SMP, 30892 TRABUCO CANYON RD, TC |

| | | | | |
|---|---|---|---|---|
| 01/21/2018 04:59:12 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 04:59:12 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 04:59:12 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 04:59:13 | OCUN | | 1397/8534 | Note Gonzalez/Pahel | C3 PLANO TRABUCO//SMP, 30892 TRABUCO CANYON RD, TC |

| | | | | |
|---|---|---|---|---|
| 01/21/2018 04:59:20 | OCRS | | 5073 | Borba |
| 01/21/2018 04:59:20 | OCRS | | 5073 | Borba |

October 25, 2019

9-RenSER-01890
9-RenSER-01890



| 7/25/2018 | Orange County Sheriff Department | 10:53:33AM |

**Call Detail Information Report**
Call Number: 180121-0093

| | | | | |
|---|---|---|---|---|
| 01/21/2018 04:59:20 | OCRS | | 5073 | Borba |
| 01/21/2018 04:59:41 | OCRS | | 8699/9090 | Note Gotts/Gunderson | C3 SMP//PLANO TRABUCO, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 04:59:58 | OCRS | | 5073 | Note Borba | C3 SADDLEBACK//ROBINSON RANCH, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:00:38 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:00:38 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:00:38 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:00:49 | OCUN | | 9250 | Note Renegar | KEEP INF ON THE LINE, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:01:29 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:01:29 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:01:29 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:01:39 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:01:39 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:01:39 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:01:51 | OCRS | | 5073 | Borba |
| 01/21/2018 05:01:51 | OCRS | | 5073 | Borba |
| 01/21/2018 05:01:51 | OCRS | | 5073 | Borba |
| 01/21/2018 05:02:09 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:09 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:09 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:12 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:12 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:12 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:29 | OCUN | | 9250 | Note Renegar | ASK INF WHERE IS HE AT NOW AND DESCRIP, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:02:37 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:37 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:37 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:02:49 | OCUN | | 9250 | Note Renegar | 1 AT GP AT CAMP 65, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:03:16 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:03:16 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:03:16 | OCUN | | 9250 | Renegar |
| 01/21/2018 05:03:22 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018 05:03:22 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018 05:03:22 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018 05:03:26 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018 05:03:26 | OCUN | | 1397/8534 | Gonzalez/Pahel |
| 01/21/2018 05:03:26 | OCUN | | 1397/8534 | Gonzalez/Pahel |

October 25, 2019

9-RenSER-01891          9-RenSER-01891



| 7/25/2018 | | | | | Orange County Sheriff Department | 10:53:33AM |
|---|---|---|---|---|---|---|
| | | | | | **Call Detail Information Report** | |
| | | | | | Call Number: 180121-0093 | |

| | | | | | |
|---|---|---|---|---|---|
| 01/21/2018 05:03:31 | OCUN | ▮ | 1397/8534 | Note Gonzalez/Pahel | 415, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:03:51 | OCRS | | 9153 | Billinger | |
| 01/21/2018 05:03:51 | OCRS | | 9153 | Billinger | |
| 01/21/2018 05:03:51 | OCRS | | 9153 | Billinger | |
| 01/21/2018 05:04:00 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:01 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:01 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:07 | OCRS | | 5073 | Note Borba | 1 AT CUFFS, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:04:13 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:13 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:13 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:27 | OCRS | | 5073 | Note Borba | ALL RESPONDING UNITS SHUT DOWN CODE, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:04:41 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:41 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:41 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:04:57 | OCRS | | 5073 | Note Borba | SUFFICIENT UNITS, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:05:01 | OCRS | | 3313 | Baek | |
| 01/21/2018 05:05:02 | OCRS | | 3313 | Baek | |
| 01/21/2018 05:05:02 | OCRS | | 3313 | Baek | |
| 01/21/2018 05:05:12 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:05:13 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:05:13 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:05:21 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:05:21 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:05:21 | OCRS | | 5073 | Borba | |
| 01/21/2018 05:05:36 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:05:36 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:05:36 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:06:06 | OCRS | | 5073 | Note Borba | 10-34 ON Y3, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:07:30 | OCRS | | 5073 | Note Borba | SEND IN OCFA FOR OUR SUBJ, 30892 TRABUCO CANYON RD, TC |
| 01/21/2018 05:18:37 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:18:37 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:18:37 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:19:17 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:19:18 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:19:18 | OCUN | | 3724/9289 | Barrientos/Brown | |
| 01/21/2018 05:19:25 | OCUN | | 3724/9289 | Barrientos/Brown | |

October 25, 2019

9-RenSER-01892

9-RenSER-01892



9-RenSER-01893

October 25, 2019

9-RenSER-01893



**Orange County Sheriff Department**

**Call Detail Information Report**

Call Number: 180121-0093

| Date/Time | | | | |
|---|---|---|---|---|
| 01/21/2018 07:09:54 | OCUN | | 9250 | Renegar |
| 01/21/2018 07:09:54 | OCUN | | 9250 | Renegar |
| 01/21/2018 07:09:54 | OCUN | | 9250 | Renegar |
| 01/21/2018 12:50:20 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 12:50:20 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 12:50:20 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 12:50:29 | OCUN | | 3724/9289 | Note Barrientos/Brown 10-15, MISSION, TC |
| 01/21/2018 13:11:51 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 13:11:52 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 13:11:52 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 13:12:00 | OCUN | | 3724/9289 | Note Barrientos/Brown 10-97 OCJ, OCJ, TC |
| 01/21/2018 13:47:17 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 13:47:18 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 13:47:18 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 13:47:25 | OCUN | | 3724/9289 | Note Barrientos/Brown 10-49 AREA, OCJ, TC |
| 01/21/2018 14:08:41 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 14:08:41 | OCUN | | 3724/9289 | Barrientos/Brown |
| 01/21/2018 14:08:41 | OCUN | | 3724/9289 | Barrientos/Brown |

## Call Vehicles

| Year | Make | Model | VIN | Plate | Color | Towed | BOLO |
|---|---|---|---|---|---|---|---|
| | | | | 8J90643 | | | |

| Comments | | Owner | |
|---|---|---|---|
| | | | |

| Year | Make | Model | VIN | Plate | Color | Towed | BOLO |
|---|---|---|---|---|---|---|---|
| | | | | 6L52058 | | | |

| Comments | | Owner | |
|---|---|---|---|
| | | | |

| Year | Make | Model | VIN | Plate | Color | Towed | BOLO |
|---|---|---|---|---|---|---|---|
| | | | | 7U75121 | | | |

| Comments | | Owner | |
|---|---|---|---|
| | | | |

## Subject

| Category | Last Name | First Name | Middle Name | Suffix | Race | Ethnic |
|---|---|---|---|---|---|---|
| SUBJ | HOLLOWAY | JEREMY | RYAN | | H | H |

| Height | Weight | Age | DOB | SSN | OL-State | OLN | Description |
|---|---|---|---|---|---|---|---|
| 505 | 185 | 41 | 10/23/1976 | - - | CA | B3003420 | |

October 25, 2019

9-RenSER-01894 9-RenSER-01894

| 7/25/2018 | **Orange County Sheriff Department** | 10:53:33AM |
|---|---|---|
| | **Call Detail Information Report** | |
| | Call Number:   180121-0093 | |

## Call Reference Information

| Reference Type | Reference | Related Calls |
|---|---|---|

October 25, 2019

9-RenSER-01895                                                                    9-RenSER-01895

S. Frank Harrell – SBN 133437
sharrell@lynberg.com
Tamara M. Heathcote – SBN 193312
theathcote@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE,
DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ,
DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER,
DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS and
DEPUTY JUSTIN GUNDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.<br><br>Defendants. | CASE NO. 8:19-cv-01514-DOC-DFM<br><br>*Assigned for All Purposes to:*<br>*Hon. David O. Carter, Courtroom 9D*<br><br>**DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT OF DEFENDANTS RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, JAMESON, AND GUNDERSON'S MOTION FOR SUMMARY ADJUDICATION**<br><br>**Date: December 14, 2020**<br>**Time: 8:30 a.m.**<br>**Dept.: 9D**<br><br>*Trial Date: January 19, 2021*<br>*Second Amended Complaint filed:*<br>*December 10, 2019* |

**1**

DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT OF DEFENDANTS RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, JAMESON, AND GUNDERSON'S MOTION FOR SUMMARY ADJUDICATION

9-RenSER-01896                                                              9-RenSER-01896

# DECLARATION OF TAMARA M. HEATHCOTE

I, Tamara M. Heathcote, do state and declare as follows:

1.     I am an attorney at law duly licensed to practice before all the courts of the State of California, and am a partner in the law firm of Lynberg & Watkins, A.P.C., attorneys of record for Defendants Deputy Chad Renegar, Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Brandon Billinger, Deputy Mark Borba, Deputy Jameson Gotts and Deputy Justin Gunderson ("Defendants")  in the above-captioned matter.

2.     I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true.  If called upon to testify to the matters herein, I could and would competently do so. This Declaration is made in support of Defendants' Motion for Summary Adjudication as to Plaintiff Jeremy Holloway's ("Plaintiff") Second Amended Complaint, presently set for hearing on December 14, 2020.

3.     Attached hereto as **Exhibit "B"** is a true and correct copy of Plaintiff's Second Amended Complaint, filed December 10, 2019.  (<u>See</u>, ECF Docket No. 28.)

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 23rd day of October, 2020, in Orange, California.

*/s/ Tamara M. Heathcote*
**TAMARA M. HEATHCOTE,**
**Declarant**

4832-7452-0783, v. 2

**2**

DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT OF DEFENDANTS RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, JAMESON, AND GUNDERSON'S MOTION FOR SUMMARY ADJUDICATION

9-RenSER-01897                                    9-RenSER-01897

Case 25-7132, 07/27/2026, DktEntry: 89.2, Page 162 of 273

# EXHIBIT "B"

9-RenSER-01898

9-RenSER-01898

**Narine Mkrtchyan, Esq. (SBN 243269)**
**MKRTCHYAN LAW**
655 N. Central Ave, Suite 1700
Glendale, CA 91203
Telephone:     (818) 388-7022
Web:           www.narinelaw.com
Email:         narine57@gmail.com


Attorney for Plaintiff Jeremy Holloway


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

1

9-RenSER-01899                                                    9-RenSER-01899

JEREMY HOLLOWAY,

               Plaintiff,

      vs.

COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.

               Defendants.
_____

No. 8:19-cv-01514-DOC-DFM

***SECOND AMENDED* COMPLAINT FOR DAMAGES**

1. Violation of Civil Rights
   (42 U.S.C. §1983)
2. *Monell* Claim
   (42 U.S.C. §1983)

**DEMAND FOR JURY TRIAL**

## JURISDICTION

1.     Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

2

9-RenSER-01900

9-RenSER-01900

Case 8:19-cv-01514-DOC-DFM  Document 105  Filed 10/28/20  Page 6 of 23  Page ID #:2158

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.      At all times herein mentioned, Plaintiff JEREMY HOLLOWAY was a 41-year old homeless resident of the County of Orange.

3.      At all times herein mentioned Deputy CHAD RENEGAR, Deputy JOEL GONZALEZ, Deputy KEVIN PAHEL, Deputy BRANDON BILLINGER, Deputy MARK BORBA, Deputy JAMESON GOTTS, Deputy JUSTIN GUNDERSON, and DOES 1-10, inclusive and each of them, were employees of the COUNTY OF ORANGE, and the ORANGE COUNTY SHERIFF'S DEPARTMENT.

4.      Defendant COUNTY OF ORANGE (hereinafter referred to as "COUNTY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the ORANGE COUNTY SHERIFF'S DEPARTMENT, ("OCSD") and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

5.      Plaintiff is informed and believes and thereon alleges that Deputy CHAD

3

RENEGAR, Deputy JOEL GONZALEZ, Deputy KEVIN PAHEL, Deputy BRANDON BILLINGER, Deputy MARK BORBA, Deputy JAMESON GOTTS, and Deputy JUSTIN GUNDERSON, and each of the Defendants designated as a DOE, is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484 and FRCP Section 15.

6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well-established and settled law.

7. On January 21, 2018 at or around 2:00 am 41-year old Plaintiff JEREMY HOLLOWAY, a then-homeless veteran of the United States Marine Corps, was camping at O'Neill Regional Park in Trabuco Canyon, Orange County and sleeping peacefully in a tent with his dog. All his personal belongings were at his campsite and in his truck. His sleep was suddenly interrupted when he was awakened by Defendants Deputy CHAD RENEGAR, Deputy JOEL GONZALEZ, and Deputy KEVIN PAHEL who directed their flashlights at JEREMY while demanding he come out of his tent. The deputies informed JEREMY that they were following up on a domestic violence complaint for which he was a suspect. In stark contrast to the deputies' accusations, however, JEREMY had been sleeping at the campsite with his dog the entire evening, making it impossible for him to have been involved in any domestic dispute. As at least one Defendant continued to question JEREMY without a Miranda warning, Deputy

9-RenSER-01902 9-RenSER-01902

CHAD RENEGAR with the assistance of at least one other defendant, searched JEREMY's belongings in his tent without his consent, tossed and turned everything around, knowingly violating JEREMY's Fourth Amendment rights. In spite of this clear rights violation, JEREMY continued to cooperate with the officers and answer their questions for several minutes before they left him alone.

Once the officers left, JEREMY walked to the ranger station to make a complaint about the incident. He also told the family next to his camp to tell the deputies that the noise was coming from their campsite as he had heard a woman screaming from their camp that night. As he approached the station, he noticed that two police SUVs remained parked near the ranger station. Within minutes, additional police SUVs began to circle around where he was standing. Prevented from complaining to the ranger station by their presence, in fear JEREMY began to walk back towards his campsite. Suddenly, approximately 10 police officers, including Deputy CHAD RENEGAR, Deputy JOEL GONZALEZ, Deputy KEVIN PAHEL, Deputy BRANDON BILLINGER, Deputy MARK BORBA, Deputy JAMESON GOTTS, and Deputy JUSTIN GUNDERSON ran towards JEREMY with their guns drawn and ordered him to put his hands behind his head. He complied with their commands to step away from the tent and put his hands up, but asked them 'Why are you doing this to me?' JEREMY was then surrounded by Deputies RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, GOTTS, and GUNDERSON and became frightened as he heard one of the deputies repeatedly order his colleagues, "tase him!" Suddenly and without provocation, at least one Defendant punched JEREMY on the left side of his face, causing him to fall to the ground. Immediately after his fall, he had deputies get on top

5

9-RenSER-01903                    9-RenSER-01903

of him while choking him and kneeing him in the temple, maliciously causing him pain and suffering. While on the ground already detained, he was shot with a taser approximately five times. As he lay helpless on the ground bleeding profusely, he was ruthlessly attacked from all sides, and could feel the right side of his face get kneed and his head get kicked multiple times. JEREMY then experienced a violent blow to his temple, which caused him to temporarily lose consciousness. As Deputies RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, GOTTS, and GUNDERSON battered JEREMY, he continued to get shocked by a taser.

When Deputies RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, GOTTS, and GUNDERSON'S relentless attack finally ceased, JEREMY was left with bruised ribs and legs, head injury, severely bleeding and swollen face, lost eyesight vision, severe pain in his back, and periodic loss of consciousness. He was also under a severe emotional distress. Understanding the severity of the injuries that Defendants had inflicted during their violent attack, Deputies RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, GOTTS, and GUNDERSON turned JEREMY back on his stomach, handcuffed him, and had him transported to the emergency room at Mission Hospital in Mission Viejo by Deputies Carlos Barrientos and Matthew Brown after JEREMY was briefly interviewed by Sergeant Rawlings. The Sergeant as the only supervising officer arriving at scene grossly minimized the extent and scope of injuries by reporting them as 'minor scratches.'

At the hospital, JEREMY was treated for removal of taser probes and a number of injuries, including an eyelid laceration which required sutures, cervical strain, a closed head injury, and a rib contusion. After spending the night in the hospital, he was transported by

6

Deputies RENEGAR, GONZALEZ, and PAHEL to the County Jail in Santa Ana where they made the decision to book him on false felony charges of California Penal Code Sec. 69, Resisting an Executive Officer and 243(b), Battery on a Peace Officer based on false claims that he used force or the threat of force against officers. Deputies RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, GOTTS, and GUNDERSON then formed a quick meeting of the minds to author false police reports and/or refused to provide with exculpatory information, to justify their brutality and made a recommendation for felony criminal charges filed against JEREMY.  JEREMY remained incarcerated for three full days before he bailed out, and during that time, he was ridiculed and sexually harassed in jail by deputies. His complaint in jail against deputies went nowhere. Furthermore, Deputies RENEGAR, GONZALEZ, PAHEL, BILLINGER, BORBA, GOTTS, GUNDERSON confiscated his camping equipment and injured his primary companion, his dog. In an implicit admission of the false nature of the Defendants' allegations, the Orange County District Attorney ultimately declined to file charges against JEREMY, but only after JEREMY had expended sums to retain an attorney to represent him in criminal court. While no citizen should be subjected to such inhumane treatment by officers, the sacrifices JEREMY has made to serve his country make the mistreatment he experienced all the more reprehensible.

On May 23-24, 2018 JEREMY returned to O'Neill Regional Park in hopes that he could camp there peacefully as he had prior to the incident in January. As he was working on his car, between 5 and 6 officers, OCSD Deputies approached JEREMY and began verbally harassing him and searching his vehicle and his camp. JEREMY was immediately terrified and feared for

7

9-RenSER-01905                                                                 9-RenSER-01905

his life as he recognized that between 1 and 2 of the officers were the same deputies who had attacked him during the previous incident in January. This second encounter, in tandem with the violent attack on January 21, 2018, permanently impacted JEREMY's emotional well-being and sense of safety and security. Several weeks after this second encounter JEREMY vowed to never return to the O'Neill Regional Park and packed his belongings and moved to Pennsylvania, where he currently receives ongoing treatment from the Department of Veteran's Affairs for his mental and physical injuries, including vision loss, headaches, backache, and severe emotional distress stemming from Defendants' brutal beating.

JEREMY retained an attorney and filed a state law tort claim for damages on July 10, 2018. In a letter dated July 13, 2018, JEREMY was notified that his tort claim had been referred to the County of Orange Risk Management Office for processing and recommendation. In a letter dated August 29, 2018 the County of Orange Risk Management Office notified JEREMY that its investigation of his attack had been completed and disclosed no negligence on behalf of the County of Orange.

Through his lawyer JEREMY also filed a formal citizen complaint by a letter directed to OCSD Chief policymaker Sheriff Coroner Sandra Hutchens on April 24, 2018. JEREMY was not interviewed regarding his complaint, nor was asked to provide any supporting documentation. In a letter dated July 4, 2018, Sheriff Captain Sheryl Dubsky notified Jeremy that the unwarranted violence inflicted on him did not violate the Department's policies or procedures or otherwise fail to meet its expectations, while adding, "I do feel the situation may have been handled better." On information and belief, none of the Defendants who attacked

8

9-RenSER-01906

9-RenSER-01906

JEREMY have been disciplined for their actions. Through these acts and omissions, the OCSD and the County of Orange have effectively ratified the egregious misconduct and unlawful police practices, as it has been their long-standing custom and practice with respect to other detainees and citizens.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF CIVIL RIGHTS- UNREASONABLE SEARCH AND SEIZURE, EXCESSIVE FORCE, FALSE ARREST, CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS – 42 U.S.C. § 1983)**
**(By Plaintiff Against All Individual Defendants)**

8.      Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 7 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

9.      This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

10.      Commencing at or about the aforementioned date and place, without cause or

9-RenSER-01907                                                            9-RenSER-01907

justification, and acting under color of law, Defendants DEPUTY CHAD RENEGAR, Deputy JOEL GONZALEZ, Deputy KEVIN PAHEL, Deputy BRANDON BILLINGER, Deputy MARK BORBA, Deputy JAMESON GOTTS, Deputy JUSTIN GUNDERSON and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants, and each of them, subjected Plaintiff to unreasonable detention, unreasonable search, false arrest, and unreasonable force as they in concert detained, searched, brutally battered, injured and arrested Plaintiff without probable cause or justification.

11. The aforementioned acts and omissions were committed in accordance with widespread policies, practices and customs maintained by COUNTY and OCSD as elaborated hereinafter at paragraphs 18-23.

12. Defendants, and each of them, quickly and spontaneously reached meeting of minds to carry out and perpetrate the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to search and arrest Plaintiff without probable cause, to deploy the use of unreasonable force against him and falsify reports to justify their actions.

13. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

14. By reason of the aforementioned acts and omissions of Defendants, and each of

10

9-RenSER-01908

9-RenSER-01908

them, Plaintiff incurred medical expenses in an amount as proved.

15. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

16. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

17. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION

### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
### (By Plaintiff Against Defendant COUNTY)

18. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 17 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

11

9-RenSER-01909

9-RenSER-01909

19.     Defendant COUNTY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the OCSD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

20.     At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY and OCSD.

21.     Defendant COUNTY knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate,

12

9-RenSER-01910                                                                9-RenSER-01910

discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by COUNTY and OCSD.

22.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants COUNTY and OCSD include, but are not limited to:

(1)     Defendant COUNTY, and OCSD had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees and refused to enforce established administrative procedures to ensure the safety of detainees and arrestees. Specifically, COUNTY and OCSD knew Defendants Deputy CHAD RENEGAR, Deputy JOEL GONZALEZ, Deputy KEVIN PAHEL, Deputy BRANDON BILLINGER, Deputy MARK BORBA, Deputy JAMESON GOTTS, Deputy JUSTIN GUNDERSON, and DOES 1-10, inclusive and each of them, had in the past committed acts of police abuse, dishonesty and prevarication against members of the public, most of them members of protected minority classes. COUNTY and OCSD failed to train, discipline and supervise Defendants and further exonerated them of any wrongdoing without proper investigation of Plaintiff's citizen complaint.

(2)     On August 19, 2018 an OCSD dashcam video caught Orange County Sheriff's Deputies Michael Devitt and Eric Ota repeatedly punching a motorist in the face while apprehending him for misdemeanor intoxication. Mohamed Sayem was sleeping in his vehicle when officers approached to ask for his identification. When Sayem did not comply and moved his left leg out of the car, Officer Devitt placed his hand on him, which upset

13

9-RenSER-01911                                           9-RenSER-01911

Sayem. When Sayem asked the Deputy not to touch him and attempted to pull away, Devitt responded by violently striking Sayem in the face at least 3-4 times, with the force causing him to fall to the ground. When Sayem asked the deputies if they were going to shoot him, Officer Ota responded that he'd "like to." Despite video footage indicating that officers were the sole perpetrators of violence, the deputies falsely arrested and charged Sayem with felony resisting arrest, to which he has plead not guilty. https://ktla.com/2018/10/19/video-assistant-public-defender-alleges-excessive-force-in-stanton-arrest-sheriffs-department-stands-behind-deputy/; https://www.latimes.com/local/lanow/la-me-ln-deputy-force-20181018-story.html.

(3)     On October 12, 2017 Orange County Sheriff's Deputies Cortes and Sheek deployed excessive force against an unarmed man who suffered from mental illness and had no criminal history. One of Mark Hanalei Matias' neighbors had contacted law enforcement to complain that Matias, after getting into a verbal altercation with another neighbor, retreated into his house, came back outside with a firearm, and then returned inside. In making his complaint to the police, the neighbor emphasized that Matias never pointed the firearm at anyone nor threatened them with it, and indicated that Matias suffered from mental health challenges. Despite this information, deputies notified a SWAT team and upon arriving to Matias' residence they ordered him to come out of his home. Deputy Cortes proceeded to fire at least three "less lethal" shotgun rounds at Matias' front torso and back, and as Matias attempted to retreat to protect himself from further violence Deputy Sheek deployed a K-9 to attack Matias, resulting in severe injuries to his left wrist. Although video footage of the incident shows Matias calmly engaging with deputies and complying with their orders, Matias was falsely charged with resisting arrest in an effort to cover up the violation of his civil rights. Mark Hanalei Matias v. County of Orange et al No. 8:18-cv-

14

02209-AG-KES; https://ocweekly.com/oc-deputies-sued-for-unneccessarily-shooting-and-launching-k-9-attack-on-disabled-man/.

(4)     Tragically, many of these unnecessarily violent encounters with Orange County Sheriff's Deputies have resulted in civilian fatalities over the past several years. In April 2018, 33-year-old Cristobal Solano had been transported to the county jail after being arrested on a disturbing the peace-related charge in Tustin. During intake, Orange County Sheriff's Deputies became frustrated when Solano could not open his mouth wide enough for them to conduct an oral cavity search. In response, at least seven deputies forcefully shoved Solano against the cell wall, violently pushed his face down onto a concrete bunk, and placed their collective weight of more than 1,000 pounds onto him as he pleaded for them to stop and stated he could not breathe. Solano became unresponsive and was pronounced dead two days later. M. H. et al v. County of Orange et al 8:19-cv-00549-JVS-ADS; https://ocweekly.com/orange-county-sheriff-jail-death/.

(5)     On August 20, 2018 Orange County Sheriff's Deputies unlawfully detained and arrested 23-year-old Andru Maldonado. Witnesses to the incident stated that Maldonado had merely been "acting strange" inside shops, was walking through traffic, and appeared to be in need of psychological help. When deputies arrived to the scene, they deployed multiple electroshocks from a taser rather than attempt to address his mental health needs. After deploying the taser, deputies failed to timely summon medical attention, which contributed to Maldonado's untimely death. Alisha Maldonado v. County of Orange et al. No. 8:19-cv-00883-JLS-JDE; https://ocweekly.com/deputy-taser-death-orange-county/.

15

9-RenSER-01913                                          9-RenSER-01913

(6)     In February 2018 deputies were called to the residence of Paul Mono, a 65-year-old retired cartoonist and screenwriter who was suffering a mental crisis due to the increasing loss of his vision. During a meeting with his real estate agent Mono had retrieved an antique revolver and began waving it around. The real estate agent persuaded him to put it down and did not believe it was loaded. When officers arrived to the scene, instead of taking time to assess the situation they shot through the windows and doors 14 times, fatally shooting Mono and narrowly missing his wife. <u>Susan Peck et al v. County of Orange et al.</u> No. 2:19-cv-04654-DSF-SS; <u>https://www.latimes.com/local/lanow/la-me-blind-man-lawsuit-sheriffs-killed-20190529-story.html.</u> Other notable recent incidents include the 2013 fatal shooting of Connor Zion, whom officers shot nine times and stomped on his head as he lay on the ground (<u>https://www.usnews.com/news/best-states/california/articles/2019-01-24/jury-california-deputy-used-excessive-force-in-shooting; https://abc7.com/$11-million-settlement-reached-in-oc-excessive-force-case/5335263/; https://www.nbclosangeles.com/news/local/Federal-Judge-Upholds-360k-Verdict-to-Mom-of-Man-Killed-by-Deputy-508622741.html</u>) and Brandon Lee Witt, who was shot by Deputy Nicholas Petropulos while sitting in a parked car outside an Extended Stay America motel on Feb. 15, 2016 while being apprehended for a missing license plate on his vehicle. (<u>https://www.latimes.com/local/lanow/la-me-ln-oc-sheriff-shooting-lawsuit-20190430-story.html; https://www.ocregister.com/2019/04/29/jury-awards-3-4-million-to-parents-of-man-killed-by-sheriffs-deputy-in-yorba-linda-finds-officer-used-excessive-force/.</u>)

(7)     Defendant COUNTY and OCSD failed to do proper background investigations of Defendants under Cal. Gov. Code §1031 before hiring for employment as peace officers.

16

9-RenSER-01914                                                        9-RenSER-01914

(8)     Defendant COUNTY and OCSD refused to take citizen complaints, interview involved officers and adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct.

(9)     Defendant COUNTY and OCSD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Defendants and other OCSD deputies;

(10)     Defendant COUNTY and OCSD reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other deputies;

(11)     Defendant COUNTY and OCSD covered up acts of misconduct and abuse by OCSD deputies and sanctioned a code of silence by and among officers;

(12)     Defendant COUNTY and OCSD rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(13)     Defendant COUNTY and OCSD failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(14)     Defendant COUNTY and OCSD and failed to adequately supervise the actions of officers under their control and guidance;

17

9-RenSER-01915                    9-RenSER-01915

(15)     Defendant COUNTY and OCSD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the County of Orange, OCSD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(16)     Defendant COUNTY and OCSD condone and encourage a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(17)     Defendant COUNTY and OCSD engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence favorable to defendants and unfavorable to its officers in violation of law and the Constitution.

(18)     Defendant COUNTY and OCSD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by January 21, 2018 and thereafter, represented the unconstitutional policies, practices and customs of the COUNTY and OCSD.

23.     By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights under the Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

18

9-RenSER-01916                                                                                    9-RenSER-01916

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.    For General damages according to proof;

2.    For Special damages according to proof;

3.    For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.    For Attorney's fees pursuant to 42 U.S.C § 1988;

5.    For Costs of suit;

6.    For such other and further relief as the Court may deem proper.

DATED:     November 5, 2019     MKRTCHYAN LAW


By:    /s/Narine Mkrtchyan
Narine Mkrtchyan
Attorney for Plaintiff

19

9-RenSER-01917                                             9-RenSER-01917

## PLAINTIFF'S JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury.

DATED:  November 5, 2019                    MKRTCHYAN LAW


By: /s/Narine Mkrtchyan
Narine Mkrtchyan
Attorney for Plaintiff

20

9-RenSER-01918                                                        9-RenSER-01918

Name __James C. Jardin, Collins + Collins LLP__

Address __750 The City Drive, Suite 400__

City, State, Zip __Orange, CA 92868__

Phone __(714) 823-4100__

Fax __(714) 823-4101__

E-Mail __jjardin@ccllp.law, mwroniak@ccllp.law, cswiss@ccllp.law__

☐ FPD ☐ Appointed ☐ CJA ☐ Pro Per ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY<br><br>PLAINTIFF(S),<br><br>v.<br><br>COUNTY OF ORANGE, ET AL.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>8:19-cv-01514-DOC-DFM<br><br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ CHAD RENEGAR _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):

   Dkt. 902 (10/14/25); Dkt. 881 (7/24/25)

☒ Judgment (specify):

   Dkt. 882 (7/29/2025)

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on __10/14/25, 7/29/25, 7/24/25__ .

A copy of said judgment or order is attached hereto.

__November 12, 2025__

Date

__/S/ James C. Jardin__

Signature

☐ Appellant/ProSe ☒ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                NOTICE OF APPEAL

9-RenSER-01919                    9-RenSER-01919

**PROOF OF SERVICE**

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,              )
                                  )  ss.
County of San Diego.              )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 2011 Palomar Airport Road, Suite 207, Carlsbad, California 92011.

On this date, I served the foregoing document described as **NOTICE OF APPEAL** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Carlsbad, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Carlsbad, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Carlsbad, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR  SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service on: 11/12/2025

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached <u>Service List</u> and the activity report(s) generated by facsimile number (760) 274-2111 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **November 12, 2025** at Carlsbad, California.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Patrice Porter

COLLINS + COLLINS LLP
750 The City Drive, Ste 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

FILE #23084

1

**Proof of Service**

9-RenSER-01920                    9-RenSER-01920

**SERVICE LIST**
**Case Name: Holloway v. County of Orange, et al.**
**Case Number: 8:19-cv-01514-DOC-DFM**
**CCMS: 23084**

Narine Mkrtchyan
655 North Central Avenue Suite 1700
Glendale CA, CA 91203
**Mailing Address:**
10063 Riverside Dr #2288
Toluca Lake, CA 91602
Tel: 818-388-7022
Email: narine56@msn.com
**ATTORNEYS FOR PLAINTIFF JEREMY
HOLLOWAY**

S. Frank Harrell
Tamara M. Heathcote
Lynberg and Watkins APC
1100 West Town and Country Road Suite 1450
Orange, CA 92868
714-937-1010
Fax: 714-937-1003
sharrell@lynberg.com
cnaltsas@lynberg.com
theathcote@lynberg.com
**ATTORNEY FOR County of Orange, Deputy
Joel Gonzalez, Deputy Kevin Pahel, Deputy
Brandon Billinger, Deputy Mark Borba, Deputy
Jameson Gotts, Deputy Justin Gunderson**

**COLLINS + COLLINS** LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*FILE #23084*

2
**Proof of Service**

9-RenSER-01921

9-RenSER-01921

ACCO,(DFMx),APPEAL,CLOSED,DISCOVERY,MANADR,PROTORD,STAYED
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division – Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:19–cv–01514–DOC–DFM

| | |
|---|---|
| Jeremy Holloway v. County of Orange et al | Date Filed: 08/06/2019 |
| Assigned to: Judge David O. Carter | Date Terminated: 07/29/2025 |
| Referred to: Magistrate Judge Douglas F. McCormick | Jury Demand: Both |
| Case in other court:  9TH CCA, 25–07132 | Nature of Suit: 440 Civil Rights: Other |
| 9TH CCA, 25–07297 | Jurisdiction: Federal Question |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

**Jeremy Holloway**                    represented by   **Narine Mkrtchyan**
Mkrtchyan Law
655 North Central Avenue, Suite 1700
Glendale, CA 91203
818–388–7022
Email: narine56@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**County of Orange**                    represented by   **Catherine A Naltsas**
Lynberg and Watkins APLC
1150 South Olive Street 18th Floor
Los Angeles, CA 90015
213–624–8700
Fax: 213–892–2763
Email: cnaltsas@lynberg.com
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
Lynberg and Watkins APC
1100 West Town and Country Road Suite
1450
Orange, CA 92868
714–937–1010
Fax: 714–937–1003
Email: ekotkin@lynberg.com
*TERMINATED: 11/05/2020*

**G Craig Smith**
Lynberg and Watkins
1100 West Town and Country Road, Suite
1450
Orange, CA 92868
714–937–1010
Fax: 714–937–1003
Email: csmith@lynberg.com
*ATTORNEY TO BE NOTICED*

**Jonathan C Bond**
Law Office of Jonathan Bond
2034 East Lincoln Avenue, Suite 103
Anaheim, CA 92806
714–584–8540
Fax: 714–451–4899
Email: jcb@jcbrealty.net
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
Lynberg and Watkins APC
1100 West Town and Country Road Suite 1450
Orange, CA 92868
714–937–1010
Fax: 714–937–1003
Email: sharrell@lynberg.com
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
Lynberg and Watkins APC
1150 S. Olive Street, 18th Floor
Los Angeles, CA 90015
213–624–8700
Fax: 213–892–2763
Email: theathcote@lynberg.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chad Renegar**
*individually*

represented by **Bonnie J Bennett**
Collins and Collins, LLP
790 East Colorado Boulevard, Suite 600
Pasadena, CA 92879
626–243–1100
Fax: 626–243–1111
Email: bbennett@ccllp.law
*ATTORNEY TO BE NOTICED*

**Christie Bodnar Swiss**
Collins and Collins LLP
2011 Palomar Airport Road Suite 207
Carlsbad, CA 92011
760–274–2110
Fax: 760–274–2111
Email: cswiss@ccllp.law
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**James Christopher Jardin**
Collins and Collins
750 The City Drive, Suite 400
Orange, CA 92868
714–823–4100
Fax: 714–823–4101
Email: jjardin@ccllp.law
*ATTORNEY TO BE NOTICED*

**Jonathan C Bond**
(See above for address)
*TERMINATED: 05/10/2021*

**Michael L Wroniak**
Collins and Collins LLP
750 The City Drive, Suite 400
Orange, CA 92868
714–823–4100
Fax: 714–823–4101
Email: mwroniak@ccllp.law
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*TERMINATED: 05/10/2021*

**Defendant**

**Deputy Chad Renegar**
*as a peace officer*

represented by **Catherine A Naltsas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christie Bodnar Swiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**James Christopher Jardin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan C Bond**
(See above for address)
*TERMINATED: 05/10/2021*

**Michael L Wroniak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*TERMINATED: 05/10/2021*

**Defendant**

**Does**
*1–20*

**Defendant**

**Joel Gonzalez**
*individually*

represented by **Catherine A Naltsas**
Lynberg and Watkins APLC
1150 South Olive Street Suite 1800
Los Angeles, CA 90015
213–624–8700
Fax: 213–892–2763
Email: cnaltsas@lynberg.com
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**G Craig Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

9-RenSER-01924　　　　　　　　　　　　　　　　9-RenSER-01924

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Joel Gonzalez**                  represented by  **Edward Z Kotkin**
*a peace officer*                                        (See above for address)
                                                         *TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin Pahel**                           represented by  **Catherine A Naltsas**
*individually*                                           (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Kevin Pahel**                    represented by  **Catherine A Naltsas**
*as a peace officer*                                     (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

9-RenSER-01925                                          9-RenSER-01925

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brandon Billinger**
*individually*

represented by **Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Brandon Billinger**
*a a peace officer*

represented by **Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Borba**
*individually*

represented by **Catherine A Naltsas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

9-RenSER-01926          9-RenSER-01926

**Defendant**

**Deputy Mark Borba**
*as a peace officer*

represented by **Catherine A Naltsas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jameson Gotts**
*individually*

represented by **Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lacey N Sipsey**
Lynberg & Watkins
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868
714–937–1010
Email: LSipsey@lynberg.com
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Jameson Gotts**
*as a peace officer*

represented by **Catherine A Naltsas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**G Craig Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan C Bond**
(See above for address)

9-RenSER-01927   9-RenSER-01927

*ATTORNEY TO BE NOTICED*

**Ryane Corinne Skinner**
Lynberg and Watkins
1100 Town and Country Road, Suite 1450
Orange, CA 92868
714–937–1010
Fax: 714–937–1003
Email: rskinner@lynberg.com
*ATTORNEY TO BE NOTICED*

**S Frank Harrell**
(See above for address)
*TERMINATED: 01/05/2026*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Justin Gunderson**                    represented by    **Edward Z Kotkin**
*as a peace officer*                                                       (See above for address)
                                                                                      *TERMINATED: 11/05/2020*

                                                                              **Jonathan C Bond**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **S Frank Harrell**
                                                                              (See above for address)
                                                                              *TERMINATED: 01/05/2026*

                                                                              **Tamara M Heathcote**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Justin Gunderson**                               represented by    **Edward Z Kotkin**
*individually*                                                              (See above for address)
                                                                                      *TERMINATED: 11/05/2020*

                                                                              **Jonathan C Bond**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **S Frank Harrell**
                                                                              (See above for address)
                                                                              *TERMINATED: 01/05/2026*

                                                                              **Tamara M Heathcote**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2026 | 959 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Granting 956 REQUEST For Stay. The hearing set for August 3, 2026 is VACATED. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/23/2026) |
| 07/20/2026 | 958 | RESPONSE IN SUPPORT of REQUEST to Stay Case pending Writ of Execution 956 filed by Defendant Chad Renegar. (Jardin, James) (Entered: 07/20/2026) |

| 07/12/2026 | 957 | OPPOSITION Opposition re: REQUEST to Stay Case pending Writ of Execution 956 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 07/12/2026) |
|---|---|---|
| 07/06/2026 | 956 | REQUEST to Stay Case pending Writ of Execution filed by Defendant Chad Renegar(as a peace officer). Request set for hearing on 8/3/2026 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration OF JAMES C JARDIN ISO OF RESPONSE TO WRIT OF EXECUTION AND REQUEST FOR STAY) (Attorney James Christopher Jardin added to party Chad Renegar(pty:dft)) (Jardin, James) (Entered: 07/06/2026) |
| 06/16/2026 | 955 | PROCESS RECEIPT AND RETURN (USM−285) Amended Complaint/Petition 28 upon Chad Renegar(as a peace officer) served on 6/12/2026, answer due 7/6/2026; Chad Renegar(individually ) served on 6/12/2026, answer due 7/6/2026, served by personal service, by Federal statute, upon Edgar Guerrerro Staff Assistant. (twdb) (Entered: 06/26/2026) |
| 06/09/2026 | 954 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFF'S APPLICATION FOR JUDGMENT DEBTOR EXAM 950 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 06/10/2026) |
| 06/02/2026 | 953 | DECLARATION of James C. Jardin in opposition to APPLICATION for Judgment Debtor Exam as to Chad Renegar(as a peace officer) 950 filed by Defendant Chad Renegar. (Attachments: # 1 Exhibit A – ILOC, # 2 Exhibit B – County Annual Audit)(Jardin, James) (Entered: 06/02/2026) |
| 06/02/2026 | 952 | OPPOSITION to APPLICATION for Judgment Debtor Exam as to Chad Renegar(as a peace officer) 950 filed by Defendant Chad Renegar. (Attorney James Christopher Jardin added to party Chad Renegar(pty:dft))(Jardin, James) (Entered: 06/02/2026) |
| 05/26/2026 | 951 | (IN CHAMBERS) ORDER by Judge David O. Carter: Defendants are ORDERED to file a Response to Plaintiff's APPLICATION for Judgment Debtor Exam as to Chad Renegar 950 WITHIN SEVEN (7) days of this order. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (isa) TEXT ONLY ENTRY (Entered: 05/26/2026) |
| 05/21/2026 | 950 | APPLICATION for Judgment Debtor Exam as to Chad Renegar(as a peace officer) filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 05/21/2026) |
| 04/23/2026 | 949 | ORDER (IN CHAMBERS) by Judge David O. Carter: In light of the pending appeal of the Courts Order Regarding Plaintiffs Motion for Attorneys Fees and Costs (Dkt. 919 ), the Court orders that the Application to the Clerk to Tax Costs (Dkt. 894 ) be HELD IN ABEYANCE pending resolution of the appeal. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/23/2026) |
| 04/13/2026 | 948 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (G−120), 947 . The following error(s) was found: No G−120 is needed to order transcript for hearing dated 05/06/2025. Transcript is available to the public at docket 907 . No further action to be taken. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ryo) TEXT ONLY ENTRY (Entered: 04/13/2026) |
| 04/10/2026 | 947 | TRANSCRIPT ORDER re: Court of Appeals case number 25−7132, as to Plaintiff Jeremy Holloway for Court Smart (CS). Court will contact Narine Mkrtchyan at narine57@gmail.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Mkrtchyan, Narine) (Entered: 04/10/2026) |
| 03/30/2026 | 946 | NOTICE OF FILING TRANSCRIPT filed for proceedings 2/9/2026 re Transcript 945 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 03/30/2026) |
| 03/30/2026 | 945 | TRANSCRIPT for proceedings held on 2/9/2026. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949−2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/20/2026. Redacted Transcript Deadline set for 4/30/2026. Release of Transcript Restriction set for 6/29/2026. (aa) (Entered: 03/30/2026) |
| 02/18/2026 | 944 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Denying Plaintiff's 933 MOTION for Post−Judgment Interrogatory Responses; and Denying 936 Defendants' MOTION for Sanctions. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 02/19/2026) |

9-RenSER-01929　　　　　　　　　　　　　　　　　9-RenSER-01929

| | | |
|---|---|---|
| 02/12/2026 | 943 | TRANSCRIPT ORDER as to Defendant County of Orange for Court Smart (CS). Court will contact Ryane Skinner at rskinner@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Skinner, Ryane) (Entered: 02/12/2026) |
| 02/09/2026 | 942 | MINUTES OF MOTION Hearing re Plaintiff's Motion for Order for Post–Judgment interrogatory responses 933 and Defendant's MOTION for Sanctions MONETARY SANCTIONS AND ANCILLARY RELIEF AGAINST PLAINTIFF JEREMY HOLLOWAY AND/OR PLAINTIFF'S COUNSEL NARINE MKRTCHYAN 936 held before District Judge David O. Carter: Motion hearing held. The court hears oral argument from the parties. The Court takes the Motion(s) under submission. Order to issue. Attorneys for Plaintiff: Narine Mkrtchyan; Attorneys for Defendant: Christie Swiss, Michael Wroniak, Catherine Naltsas, James Jardin. Courtroom Deputy: Karlen Dubon; Court Reporter: Court Smart. Time in Court: {0:21}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY (kdu) TEXT ONLY ENTRY (Entered: 02/11/2026) |
| 02/03/2026 | 941 | REPLY in support *of Defendants County of Orange Motion for Monetary Sanctions and Ancillary Relief Against Plaintiff Jeremy Holloway and/or Plaintiffs Counsel Narine Mkrtchyan* filed by Defendant County of Orange. (Naltsas, Catherine) (Entered: 02/03/2026) |
| 01/30/2026 | 940 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION for Sanctions MONETARY SANCTIONS AND ANCILLARY RELIEF AGAINST PLAINTIFF JEREMY HOLLOWAY AND/OR PLAINTIFF'S COUNSEL NARINE MKRTCHYAN 936 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 01/30/2026) |
| 01/23/2026 | 938 | NOTICE OF NON–OPPOSITION to EX PARTE APPLICATION for Order for Extend Time for Hearing and Opposition to Motion *due February 2, 2026* 937 filed by Defendants County of Orange, Chad Renegar. (Attorney Catherine A Naltsas added to party Chad Renegar(pty:dft))(Naltsas, Catherine) (Entered: 01/23/2026) |
| 01/22/2026 | 939 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING DEFENDANTS' MOTION TO INCREASE PAGE LIMIT 935 AND DENYING PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE 937 AND ADVANCING HEARING. Instead, the Court ADVANCES the hearing for Defendants' Sanctions Motion (Dkt. 936) from the previously set date of February 23, 2026 to February 9, 2026 at 8:30 a.m. before Judge David O. Carter. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 01/23/2026) |
| 01/22/2026 | 937 | EX PARTE APPLICATION for Order for Extend Time for Hearing and Opposition to Motion *due February 2, 2026* filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed order) (Mkrtchyan, Narine) (Entered: 01/22/2026) |
| 01/21/2026 | 936 | NOTICE OF MOTION AND MOTION for Sanctions MONETARY SANCTIONS AND ANCILLARY RELIEF AGAINST PLAINTIFF JEREMY HOLLOWAY AND/OR PLAINTIFF'S COUNSEL NARINE MKRTCHYAN filed by Defendant County of Orange. Motion set for hearing on 2/23/2026 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration of Ryane C. Skinner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Proposed Order) (Naltsas, Catherine) (Entered: 01/21/2026) |
| 01/21/2026 | 935 | NOTICE OF MOTION AND MOTION to FOR AN ORDER INCREASING THE PAGE LIMIT FOR THE COUNTY'S MOTION FOR MONETARY SANCTIONS AND ANCILLARY RELIEF AGAINST PLAINTIFF AND/OR PLAINTIFF'S COUNSEL filed by Defendant County of Orange. Motion set for hearing on 2/23/2026 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration of Catherine A. Naltsas, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order) (Attorney Catherine A Naltsas added to party County of Orange(pty:dft)) (Naltsas, Catherine) (Entered: 01/21/2026) |
| 01/16/2026 | 934 | Opposition Opposition re: NOTICE OF MOTION AND MOTION for Order for Post–Judgment interrogatory responses FRCP 69 933 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration of Christie Swiss, # 2 Declaration of James Jardin)(Swiss, Christie) (Entered: 01/16/2026) |
| 01/06/2026 | 933 | NOTICE OF MOTION AND MOTION for Order for Post–Judgment interrogatory responses FRCP 69 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 2/9/2026 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (Mkrtchyan, Narine) (Entered: 01/06/2026) |
| 01/05/2026 | 932 | Notice of Appearance or Withdrawal of Counsel: for attorney S Frank Harrell counsel for Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, |

| | | |
|---|---|---|
| | | Kevin Pahel. S. FRANK HARRELL is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G–123 Notice. Filed by Defendants County Of Orange, Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Brandon Billinger, Deputy Mark Borba, Deputy Jameson Gotts and Deputy Justin Gunderson. (Harrell, S) (Entered: 01/05/2026) |
| 12/29/2025 | 931 | Writ of Execution issued against Chad Renegar re: Affidavit and Request for Issuance of Writ of Execution 929 . (twdb) (Entered: 12/29/2025) |
| 12/29/2025 | 930 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: ORDER REGARDING JUDGMENT AMOUNT. The Court also awarded Plaintiff $848,754.30 in attorneys' fees and $100,435.86 in costs and expenses (Dkt. 902). Combined these numbers total $1,331,190.16. Accordingly, that is the total judgment amount and a writ of execution may issue in that amount. The Clerk shall serve this minute order on the parties. (twdb) (Entered: 12/29/2025) |
| 12/29/2025 | 929 | Affidavit and Request for Issuance of Writ of Execution re: Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Supplement Proposed Writ of Execution)(Mkrtchyan, Narine) (Entered: 12/29/2025) |
| 12/29/2025 | 928 | NOTICE OF DEFICIENCY WRIT OF EXECUTION. The document is being returned to you for correction of: Entered date listed on the writ/abstract does not match the entered date of the judgment/order. The amount(s) listed in writ/abstract do(es) not coincide with the amount(s) in the judgment/order. (The entered date is 10/16/25 and the amount is off by.16 and not.10 cents. (twdb) (Entered: 12/29/2025) |
| 12/23/2025 | 927 | Affidavit and Request for Issuance of Writ of Execution re: Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Appendix Proposed Writ of Execution)(Mkrtchyan, Narine) (Entered: 12/23/2025) |
| 12/22/2025 | 926 | [SEE DOCUMENT #927 RE CORRECTED] Affidavit and Request for Issuance of Writ of Execution re: Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Appendix Proposed Writ of Execution, # 2 Supplement Verdict, # 3 Supplement Order on post–trial motions, # 4 Supplement Order on fees and costs)(Mkrtchyan, Narine) Modified on 12/23/2025 (twdb). (Entered: 12/22/2025) |
| 12/18/2025 | 925 | NOTICE OF DEFICIENCY WRIT OF EXECUTION. The document is being returned to you for correction of: Entered date listed on the writ/abstract does not match the entered date of the judgment/order. The amount(s) listed in writ/abstract do(es) not coincide with the amount(s) in the judgment/order. (es) (Entered: 12/18/2025) |
| 11/19/2025 | 924 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 25–7132 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 919 as to Plaintiff Jeremy Holloway. (sh) (Entered: 11/20/2025) |
| 11/19/2025 | 923 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 25–7297 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 920 as to Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (sh) (Entered: 11/20/2025) |
| 11/13/2025 | 921 | Affidavit and Request for Issuance of Writ of Execution filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Supplement Writ of execution)(Mkrtchyan, Narine) (Entered: 11/13/2025) |
| 11/12/2025 | 922 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 25–7132 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 919 as to plaintiff Jeremy Holloway. (mat) (Entered: 11/16/2025) |
| 11/12/2025 | 920 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Defendant Chad Renegar(as a peace officer). Appeal of Order on Motion for Judgment as a Matter of Law,,,, Order on Motion for New Trial, 881 . (Appeal Fee – $605 Fee Paid, Receipt No. ACACDC–40894204.) (Attachments: # 1 REPRESENTATION STATEMENT, # 2 ORDER, # 3 AMENDED JUDGMENT, # 4 ORDER DENYING RULE 50(b))(Jardin, James) (Entered: 11/12/2025) |
| 11/12/2025 | 919 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by PLAINTIFF Jeremy Holloway. Appeal of Order on Motion for Contempt,, Order on Motion for Attorney Fees, 902 . (Appeal Fee – $605 Fee Paid, Receipt No. ACACDC–40887483.) (Attachments: # 1 Supplement Representation statement)(Mkrtchyan, Narine) (Entered: 11/12/2025) |
| 10/28/2025 | 918 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/14/2025 at 8:10 AM re Transcript 917 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |

| 10/28/2025 | 917 | TRANSCRIPT JURY TRIAL–DAY 10, Volume I held on 05/14/2025 at 8:10 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
|---|---|---|
| 10/28/2025 | 916 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/13/2025 at 8:02 AM re Transcript 915 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
| 10/28/2025 | 915 | TRANSCRIPT JURY TRIAL–DAY 9, Volume I on 05/13/2025 at 8:02 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
| 10/28/2025 | 914 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/12/2025 at 8:34 AM re Transcript 913 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
| 10/28/2025 | 913 | TRANSCRIPT for JURY TRIAL–DAY 8, Volume I held on 05/12/2025 at 8:34 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
| 10/28/2025 | 912 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/08/2025 at 8:05 AM re Transcript 911 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
| 10/28/2025 | 911 | TRANSCRIPT for JURY TRIAL–DAY 6 held on 05/08/2025 at 8:05 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
| 10/28/2025 | 910 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/07/2025 at 7:51 AM re Transcript 909 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
| 10/28/2025 | 909 | TRANSCRIPT for JURY TRIAL–DAY 5, Volume I held on 05/07/2025 at 7:51 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
| 10/28/2025 | 908 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/06/2025 at 8:06 AM re Transcript 907 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
| 10/28/2025 | 907 | TRANSCRIPT for JURY TRIAL–DAY 4, Volume I held on 05/06/2025 at 8:06 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |

| 10/28/2025 | 906 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/05/2025 at 1:32 PM re Transcript 905 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
|---|---|---|
| 10/28/2025 | 905 | TRANSCRIPT for JURY TRIAL–DAY 3, Volume IV held on 05/05/2025 at 1:32 PM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
| 10/28/2025 | 904 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/02/2025 at 8:02 AM re Transcript 903 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cr) TEXT ONLY ENTRY (Entered: 10/28/2025) |
| 10/28/2025 | 903 | TRANSCRIPT for JURY TRIAL–DAY 2, Volume I held on 05/02/2025 at 8:02 AM. Court Reporter/Electronic Court Recorder: DEBBIE HINO–SPAAN, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (cr) (Entered: 10/28/2025) |
| 10/14/2025 | 902 | ORDER by Judge David O. Carter: DENYING PLAINTIFF'S MOTION TO COMPEL 883 AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES AND COSTS 888 . The Court AWARDS Plaintiff's counsel $848,754.30 in fees and $100,435.86 in costs and expenses. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 10/16/2025) |
| 09/22/2025 | 901 | REPLY Reply to Plaintiff's Response REQUEST to the Clerk to Tax Costs against defendant Chad Renegar(as a peace officer) 894 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 09/22/2025) |
| 09/17/2025 | 899 | RESPONSE IN SUPPORT of REQUEST to the Clerk to Tax Costs against defendant Chad Renegar(as a peace officer) 894 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Supplement Updated cost bill, # 4 Exhibit Tab 1, # 5 Exhibit Tab 2, # 6 Exhibit Tab 4, # 7 Exhibit Tab 5, # 8 Exhibit Tab 6, # 9 Exhibit Tab 10, # 10 Exhibit Tab 12)(Mkrtchyan, Narine) (Entered: 09/17/2025) |
| 09/15/2025 | 900 | MINUTES OF Motion Hearing re Plaintiff's Motion for Contempt against Orange County Sheriff's Department 883 and Plaintiff's Motion for Attorney Fees 888 held before Judge David O. Carter: The Courts hears oral arguments. The Court takes the Motions under submission. Written order to issue. APPEARANCES for Plaintiff: Narine Mkrtchyan. For Defendants: S. Frank Harrell, Michael Wroniak, Ryane Corinne Skinner. Deputy Clerk: Karlen Dubon; Court Reporter and Deborah Parker. Time in Court: {1:13}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 09/19/2025) |
| 09/15/2025 | 898 | Objection re: REQUEST to the Clerk to Tax Costs against defendant Chad Renegar(as a peace officer) 894 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration)(Swiss, Christie) (Entered: 09/15/2025) |
| 09/09/2025 | 897 | NOTICE OF NON–OPPOSITION *to defendants' request for Sur–Reply to Plaintiff's Motion for Fees and Costs* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 09/09/2025) |
| 09/04/2025 | 896 | Objection to Additional Evidence Submitted in Reply Doc 895 re: NOTICE OF MOTION AND MOTION for Attorney Fees 888 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 09/04/2025) |
| 09/02/2025 | 895 | REPLY support NOTICE OF MOTION AND MOTION for Attorney Fees 888 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Declaration Declaration of Counsel Thomas Beck, # 3 Declaration Declaration of Counsel Carol Sobel, # 4 Exhibit E, # 5 Exhibit F, # 6 Supplement Tab 1, # 7 Supplement Tab 2, # 8 Supplement Tab 3, # 9 Supplement Tab 4, # 10 Supplement Tab 5, # 11 Supplement Tab 6, # 12 Supplement Tab 7, # 13 Exhibit G, # 14 Exhibit H, # 15 Exhibit I, # 16 Exhibit J, # 17 Exhibit K, # 18 Exhibit L, # 19 Exhibit M, # 20 Exhibit N)(Mkrtchyan, Narine) (Entered: 09/02/2025) |

| | | |
|---|---|---|
| 09/01/2025 | 894 | REQUEST to the Clerk to Tax Costs against defendant Chad Renegar(as a peace officer) filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Appendix Tab 1, # 2 Appendix Tab 2, # 3 Appendix Tab 3, # 4 Appendix Tab 4, # 5 Appendix Tab 5, # 6 Appendix Tab 6, # 7 Appendix Tab 7) (Mkrtchyan, Narine) (Entered: 09/01/2025) |
| 08/25/2025 | 893 | DEFENDANT JAMESON GOTTS OPPOSITION TO PLAINTIFFS MOTION FOR AWARD OF ATTORNEY FEES AND COSTS IN OPPOSITION re: NOTICE OF MOTION AND MOTION for Attorney Fees 888 filed by Defendant Jameson Gotts. (Harrell, S) (Entered: 08/25/2025) |
| 08/25/2025 | 892 | Opposition in support of re: NOTICE OF MOTION AND MOTION for Attorney Fees 888 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration of Christie ISO Defendant Renegar's Opposition to Plaintiff's Motion for Attorney Fees, # 2 Declaration of John O'Connor ISO Defendant Renegar's Opposition to Plaintiff's Motion for Attorney Fees)(Swiss, Christie) (Entered: 08/25/2025) |
| 08/22/2025 | 891 | SCHEDULING NOTICE by Judge David O. Carter re: MOTION for Contempt against Orange County Sheriff's Department 883 . Motion set for hearing on 8/25/2025 is CONTINUED to 9/15/2025 at 09:00 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 08/22/2025) |
| 08/08/2025 | 890 | REPLY support NOTICE OF MOTION AND MOTION for Contempt against Orange County Sheriff's Department 883 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit E)(Mkrtchyan, Narine) (Entered: 08/08/2025) |
| 08/06/2025 | 889 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: NOTICE OF MOTION AND MOTION for Attorney Fees 888 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 08/06/2025) |
| 08/05/2025 | 888 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by Plaintiff Jeremy Holloway. Motion set for hearing on 9/15/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Mkrtchyan, Narine) (Entered: 08/05/2025) |
| 08/05/2025 | 887 | NOTICE OF FILING TRANSCRIPT filed for proceedings 07/14/2025, 10:45 a.m. re Transcript 886 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 08/05/2025) |
| 08/05/2025 | 886 | TRANSCRIPT for proceedings held on 07/14/2025, 10:45 a.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/26/2025. Redacted Transcript Deadline set for 9/5/2025. Release of Transcript Restriction set for 11/3/2025. (dpa) (Entered: 08/05/2025) |
| 08/04/2025 | 885 | DEPUTY DEFENDANT JAMESON GOTTS AND DEPUTY CHAD RENEGARS OPPOSITION TO MOTION TO COMPEL AND FOR AN ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE AGAINST ORANGE COUNTY SHERIFFS DEPARTMENT FOR REFUSAL TO PRODUCE RECORDS; DECLARATION OF CHRISTIE SWISS; EXHIBITS re: NOTICE OF MOTION AND MOTION for Contempt against Orange County Sheriff's Department 883 filed by Defendant Jameson Gotts. (Attachments: # 1 Declaration)(Skinner, Ryane) (Entered: 08/04/2025) |
| 07/29/2025 | 884 | TRANSCRIPT ORDER as to DEFENDANT JAMESON GOTTS Jameson Gotts(as a peace officer) for Court Reporter. Court will contact RYANE SKINNER at rskinner@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Skinner, Ryane) (Entered: 07/29/2025) |
| 07/29/2025 | 883 | NOTICE OF MOTION AND MOTION for Contempt against Orange County Sheriff's Department filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 8/25/2025 at 09:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (Mkrtchyan, Narine) (Entered: 07/29/2025) |
| 07/29/2025 | 882 | NOTICE OF LODGING filed *Proposed Judgment on Special Verdict* re Order on Motion for Judgment as a Matter of Law,,,, Order on Motion for New Trial, 881 (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 07/29/2025) |

| | | |
|---|---|---|
| 07/24/2025 | 881 | ORDER by Judge David O. Carter: Granting Defendant Jameson Gotts' Judgment as a Matter of Law 833 ; Order Denying Defendant Chad Renegar's Judgment as a Matter of Law 834 ; Order Denying Defendant's Motion for a New Trial 845 .(see document for details) (mba) (Entered: 07/24/2025) |
| 07/18/2025 | 880 | SUPPLEMENT to Motion Hearing with html form,,, 858 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Mkrtchyan, Narine) (Entered: 07/18/2025) |
| 07/18/2025 | 879 | Joint BRIEF filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer). *Joint Brief Regarding Remittitur* (Swiss, Christie) (Entered: 07/18/2025) |
| 07/18/2025 | 878 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/13/2025, 12:16 p.m., Day 9, Volume II; 05/13/2025, 4:17 p.m., Day 9, Volume IV; 05/16/2025, 8:04 p.m., Day 11; 05/19/2025, 8:23 a.m., Day 12, Volume III; 05/19/2025, 1:52 p.m., Day 12, Volume V; 05/20/2025, 8:11 a.m., Day 13, Volume I and 05/21/2025, 10:19 a.m., Day 14; re Transcript 876 , 873 , 877 , 875 , 872 , 874 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 07/18/2025) |
| 07/18/2025 | 877 | TRANSCRIPT for proceedings held on 05/21/2023, 10:19 a.m., Day 14. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 876 | TRANSCRIPT for proceedings held on 05/20/2025, 8:11 a.m., Day 13, Volume I. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 875 | TRANSCRIPT for proceedings held on 05/19/2025, 1:52 p.m., Day 12, Volume V. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 874 | TRANSCRIPT for proceedings held on 05/19/2025, 8:23 a.m., Day 12, Volume III. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 873 | TRANSCRIPT for proceedings held on 05/19/2025, 8:07 a.m., Day 12, Volume I. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 872 | TRANSCRIPT for proceedings held on 05/16/2025, 8:04 a.m., Day 11. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |

| | | |
|---|---|---|
| 07/18/2025 | 871 | TRANSCRIPT for proceedings held on 05/13/2025, 4:17 p.m., Day 5, Volume IV. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 870 | TRANSCRIPT for proceedings held on 05/13/2025, 12:16 p.m., Day 9, Volume II. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 869 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/01/2025, 8:10 a.m., Day 1; 05/02/2025, 12:48 p.m., Day 2, Volume II; 05/05/2025, 8:45 a.m., Day 3, Volume I; 05/05/2025. 10:24 a.m., Day 3, Volume III; 05/06/2025, 8:45 a.m., Day 4; 05/07/2025, 1:07 p.m., Day 5, Volume II; 05/09/2025, 7:49 a.m., Day 7, Volume I; 05/09/2025, 1:12 p.m., Day 7, Volume III; 05/09/2025, 3:07 p.m., Day 7, Volume V; 05/12/2025, 1:35 p.m., Day 8, Volume II and 05/13/2025, 12:16 p.m., Day 9, Volume II re Transcript 868 , 863 , 859 , 860 , 864 , 862 , 867 , 866 , 865 , 861 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 07/18/2025) |
| 07/18/2025 | 868 | TRANSCRIPT for proceedings held on 05/12/2025, 1:35 p.m., Day 8, Volume II. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 867 | TRANSCRIPT for proceedings held on 05/09/2025, 3:07 p.m., Day 7, Volume V. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 866 | TRANSCRIPT for proceedings held on 05/09/2025, 1:12 p.m., Day 7, Volume III. Court Reporter Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 865 | TRANSCRIPT for proceedings held on 05/09/2025, 7:49 a.m., Day 7, Volume I. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 864 | TRANSCRIPT for proceedings held on 05/07/2025, 1:07 p.m., Day 5, Volume II. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 863 | TRANSCRIPT for proceedings held on 05/06/2025, 8:45 a.m., Day 4. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript |

| | | |
|---|---|---|
| | | Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 862 | TRANSCRIPT for proceedings held on 05/05/2025, 10:24 a.m., Day 3, Volume III. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 861 | TRANSCRIPT for proceedings held on 05/05/2025, 8:45 a.m., Day 3, Volume I. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 860 | TRANSCRIPT for proceedings held on 05/02/2025, 12:48 p.m., Day 2, Volume II. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/18/2025 | 859 | TRANSCRIPT for proceedings held on 05/01/2025, 8:10 a.m., Day 1. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/8/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/16/2025. (dpa) (Entered: 07/18/2025) |
| 07/14/2025 | 858 | MINUTES OF Motion Hearing re Motions for Judgment as a Matter of Law 819 833 834 and Motion for New Trial 845 held before Judge David O. Carter: The Courts hears oral arguments. With regards to Dkt. 845 , Defendants requested on page 35 through 36 that "this Court issue a Remittitur as to the award of punitive damages against {Gotts and Renegar}." In order to allow the parties to fully flesh out the issue of Remittitur as to general damages, especially emotional distress, the Court ORDERS the parties to submit supplemental briefing no more than ten (10) pages in length by Friday, July 18, 2025 at 3:00 PM. The Court's detailed written order to issue. APPEARANCES for Plaintiff: Narine Mkrtchyan. For Defendants: S. Frank Harrell, Michael Wroniak, Christie Swiss, Ryane Corinne Skinner. Deputy Clerk: Karlen Dubon; Court Reporter and Deborah Parker. Time in Court: {3:20}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 07/17/2025) |
| 07/11/2025 | 857 | SCHEDULING NOTICE by Judge David O. Carter: Motion Hearing re 845 833 819 834 set for hearing on 7/14/2025 is CONTINUED to 09:00 AM before Judge David O. Carter. **TIME CHANGE ONLY**THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 07/11/2025) |
| 07/01/2025 | 856 | NOTICE of Offer of Judgment filed by Plaintiff Jeremy Holloway. *PROPOSED JUDGMENT ON SPECIAL VERDICTS* (Mkrtchyan, Narine) (Entered: 07/01/2025) |
| 06/24/2025 | 855 | NOTICE OF FILING TRANSCRIPT filed for proceedings 5/9/25 12:12 p.m. to 6:58 p.m., 5/14/25 1:12 p.m. to 4:47 p.m., 5/19/25 8:12 a.m. to 6:45 p.m., 5/20/25 12:18 p.m. to 5:26 p.m. re Transcript 851 , 852 , 854 , 853 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (apr) TEXT ONLY ENTRY (Entered: 06/24/2025) |
| 06/24/2025 | 854 | TRANSCRIPT for proceedings held on 5/20/25 12:18 p.m. to 5:26 p.m.. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/15/2025. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 7/25/2025. Release of Transcript Restriction set for 9/22/2025. (apr) (Entered: 06/24/2025) |
| 06/24/2025 | 853 | TRANSCRIPT for proceedings held on 5/19/25 8:12 a.m. to 6:45 p.m.. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/15/2025. Redacted Transcript Deadline set for 7/25/2025. Release of Transcript Restriction set for 9/22/2025. (apr) (Entered: 06/24/2025) |
| 06/24/2025 | 852 | TRANSCRIPT for proceedings held on 5/14/25 1:12 p.m. to 4:47 p.m.. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/15/2025. Redacted Transcript Deadline set for 7/25/2025. Release of Transcript Restriction set for 9/22/2025. (apr) (Entered: 06/24/2025) |
| 06/24/2025 | 851 | TRANSCRIPT for proceedings held on 5/9/25 12:12 p.m. to 6:58 p.m.. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/15/2025. Redacted Transcript Deadline set for 7/25/2025. Release of Transcript Restriction set for 9/22/2025. (apr) (Entered: 06/24/2025) |
| 06/23/2025 | 850 | OBJECTIONS to Order on Motion for Leave to File Document Under Seal 848 , APPLICATION to file document *certain documents in support of Motion for New Trial* under seal 842 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mkrtchyan, Narine) (Entered: 06/23/2025) |
| 06/23/2025 | 849 | OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL Opposition re: APPLICATION to file document *certain documents in support of Motion for New Trial* under seal 842 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mkrtchyan, Narine) (Entered: 06/23/2025) |
| 06/23/2025 | 848 | ORDER by Judge David O. Carter: Granting 842 APPLICATION to File Certain Documents Under Seal In Support Of Motion For New Trial (L.R. 79–5.2.2) (twdb) (Entered: 06/23/2025) |
| 06/23/2025 | 847 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION for New Trial 845 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Mkrtchyan, Narine) (Entered: 06/23/2025) |
| 06/16/2025 | 846 | DECLARATION of S. Frank Harrell re NOTICE OF MOTION AND MOTION for New Trial 845 filed by Defendants Jameson Gotts, Chad Renegar. (Attachments: # 1 Exhibit Exhibit J, # 2 Exhibit Exhibit K, # 3 Exhibit Exhibit L, # 4 Exhibit Exhibit M, # 5 Exhibit Exhibit N, # 6 Exhibit Exhibit O, # 7 Exhibit Exhibit P, # 8 Exhibit Exhibit Q, # 9 Exhibit Exhibit R, # 10 Exhibit Exhibit S, # 11 Exhibit Exhibit T, # 12 Exhibit Exhibit U)(Harrell, S) (Entered: 06/16/2025) |
| 06/16/2025 | 845 | NOTICE OF MOTION AND MOTION for New Trial filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 7/14/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order, # 2 Declaration Declaration of Christie Swiss, # 3 Exhibit Exhibit A, # 4 Exhibit Exhibit B, # 5 Exhibit Exhibit C, # 6 Exhibit Exhibit D, # 7 Exhibit Exhibit E, # 8 Exhibit Exhibit F, # 9 Exhibit Exhibit G, # 10 Exhibit Exhibit H, # 11 Exhibit Exhibit I) (Harrell, S) (Entered: 06/16/2025) |
| 06/16/2025 | 844 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 833 filed by Defendant Jameson Gotts. (Harrell, S) (Entered: 06/16/2025) |
| 06/16/2025 | 843 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: APPLICATION to file document *certain documents in support of Motion for New Trial* under seal 842 . The following error(s) was/were found: Accordingly, you must first electronically file an Application for Leave to File Under Seal, following the instructions set forth below at page 5. Your Application must be accompanied by: (1) a declaration; (2) a proposed order; (3) a redacted version of any documents of which only a portion is proposed to be filed under seal; and (4) an unredacted version of the documents |

| | | |
|---|---|---|
| | | proposed to be filed under seal. L.R. 79– 5.2.2(a)–(b) (eff. 12/1/15). In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 06/16/2025) |
| 06/13/2025 | 842 | APPLICATION to file document *certain documents in support of Motion for New Trial* under seal filed by Defendant Chad Renegar. (Attachments: # 1 Declaration, # 2 Redacted Document, # 3 Proposed Order)(Swiss, Christie) (Entered: 06/13/2025) |
| 06/02/2025 | 838 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 833 . The following error(s) was/were found: The caption: is Memorandum of points and authorities in support of motion. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 06/02/2025) |
| 05/30/2025 | 837 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of flashdrive with video exhibits in Plaintiff's Opposition to defendants Motion for Directed Verdict. (Mkrtchyan, Narine) (Entered: 05/30/2025) |
| 05/30/2025 | 836 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 834 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50 818 , NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to as Matter of Law re Excessive Force and Claim for Punitive Damages NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 819 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 833 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Mkrtchyan, Narine) (Entered: 05/30/2025) |
| 05/30/2025 | 835 | DEFENDANT DEPUTY GOTTS POST TRIAL MEMORANDUM OF POINTS AND AUTHORITIES REGARDING USE OF FORCE AND FAILURE TO INTERVENE THEORIES OF LIABILITY filed by Defendant Jameson Gotts (Attachments: # 1 Declaration)(Harrell, S) (Entered: 05/30/2025) |
| 05/30/2025 | 834 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 7/14/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration of Swiss, # 2 Proposed Order) (Swiss, Christie) (Entered: 05/30/2025) |
| 05/30/2025 | 833 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law filed by Defendant Jameson Gotts(as a peace officer). Motion set for hearing on 7/14/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order) (Harrell, S) (Entered: 05/30/2025) |
| 05/28/2025 | 826 | TRANSCRIPT ORDER as to Defendant Jameson Gotts(as a peace officer), Jameson Gotts(individually) for Court Smart (CS). Court will contact Holly Kemble at hkemble@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Sipsey, Lacey) (Entered: 05/28/2025) |
| 05/21/2025 | 840 | SEALED – UNREDACTED – Jury Notes re: (Redacted) Jury Notes 839 . (jp) (Entered: 06/05/2025) |
| 05/21/2025 | 839 | (REDACTED) – Jury Notes filed. (jp) (Entered: 06/05/2025) |
| 05/21/2025 | 832 | SEALED – UNREDACTED – SPECIAL VERDICT re: Redacted – Special Verdict 830 . (jp) (Entered: 05/29/2025) |
| 05/21/2025 | 831 | JURY INSTRUCTIONS (Given) by Judge David O. Carter. (es) (Entered: 05/28/2025) |
| 05/21/2025 | 830 | REDACTED SPECIAL VERDICT filed (es) (Entered: 05/28/2025) |
| 05/21/2025 | 829 | CONFIRMATION OF EXHIBIT REVIEW AND AUTHORIZATION TO SUBMIT EXHIBITS TO JURY filed (es) (Entered: 05/28/2025) |
| 05/21/2025 | 828 | RECEIPT FOR RELEASE OF EXHIBITS to Counsel Upon Verdict/Judgment at Trial; Pursuant to stip of counsel and/or by Order of the Court, all exhibits listed on Joint exhibits list are returned to counsel for respective party(ies). (es) (Entered: 05/28/2025) |
| 05/21/2025 | 827 | LIST OF EXHIBITS AND WITNESSES at trial. (es) (Entered: 05/28/2025) |

| 05/21/2025 | 825 | MINUTES OF Jury Trial – FOURTEENTH Day held and completed before Judge David O. Carter: Jury resumes deliberations. Verdict reached. Jury FINDS: for plaintiff. Jury polled. Filed Witness and Exhibit Lists. Filed jury notes. Filed jury instructions. The Court ORDERS additional briefing on Defendant's Motions for Directed Verdict to be filed no later than May 30, 2025. Any Motions for New Trial to be held July 14, 2025. SEE DOCUMENT FOR FURTHER INFORMATION. Court Reporter: Deborah Parker. (twdb) (Entered: 05/27/2025) |
|---|---|---|
| 05/20/2025 | 824 | MINUTES OF Jury Trial – THIRTEENTH Day held before Judge David O. Carter: Closing arguments made by plaintiff(s), defendant(s). Court instructs jury. Bailiff(s) sworn. Jury retires to deliberate. The Court hears further arguments on Defendant's Motion for Directed Verdict. Jury Trial continued to 5/21/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Court Smart. (twdb) (Entered: 05/23/2025) |
| 05/19/2025 | 823 | MINUTES OF Jury Trial – TWELFTH Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Defendant(s) rest. Motion for Judgment /Directed Verdict by Defendants submitted. Jury Trial continued to 5/20/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Court Smart. (twdb) (Entered: 05/23/2025) |
| 05/19/2025 | 822 | Proposed Voir Dire Questions filed by Defendant Chad Renegar(as a peace officer).. (Swiss, Christie) (Entered: 05/19/2025) |
| 05/19/2025 | 821 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motion 819 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. Proposed document was not submitted or was not submitted as a separate attachment. Other error(s) with document(s): Lacking Notice of Motion. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/19/2025) |
| 05/19/2025 | 820 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Memorandum of points and authorities 818 . The following error(s) was/were found: Incorrect document is attached to the docket entry. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/19/2025) |
| 05/19/2025 | 819 | NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to as Matter of Law re Excessive Force and Claim for Punitive Damages , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 5/20/2025 at 08:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration of Swiss) (Swiss, Christie) (Entered: 05/19/2025) |
| 05/19/2025 | 818 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50 filed by Defendant Jameson Gotts(as a peace officer). Motion set for hearing on 6/30/2025 at 08:30 AM before Judge David O. Carter. (Naltsas, Catherine) (Entered: 05/19/2025) |
| 05/16/2025 | 841 | AMENDED MINUTES (6/6/25) held before Judge David O. Carter re: Jury Trial – 11th Day Held and Continued 817 . Witnesses called, sworn and testified. Exhibits Identified. Exhibits admitted. Case continued to Monday, 5/19/25 at 8:00 AM for further trial/further jury deliberation. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 06/06/2025) |
| 05/16/2025 | 817 | MINUTES OF Jury Trial – 11th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/19/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker. (twdb) (Entered: 05/19/2025) |
| 05/16/2025 | 816 | TRIAL BRIEF filed by Defendants Jameson Gotts(as a peace officer), Jameson Gotts(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Sipsey, Lacey) (Entered: 05/16/2025) |
| 05/16/2025 | 815 | PROPOSED Joint Special Verdicit JURY VERDICT filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer). (Swiss, Christie) (Entered: 05/16/2025) |
| 05/15/2025 | 813 | OBJECTIONS to Jury Instructions (Proposed) 789 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 05/15/2025) |
| 05/14/2025 | 814 | MINUTES OF Jury Trial – 10th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/16/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan; CourtSmart. (twdb) (Entered: 05/15/2025) |

9-RenSER-01940                    9-RenSER-01940

| 05/13/2025 | 812 | MINUTES OF Jury Trial – NINE Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/14/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan / Deborah Parker. (twdb) (Entered: 05/14/2025) |
|---|---|---|
| 05/12/2025 | 811 | MINUTES OF Jury Trial – 8th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/13/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan; Deborah Parker. (twdb) (Entered: 05/13/2025) |
| 05/12/2025 | 808 | ORDER RE ADMISSION OF PLAINTIFF'S PRIOR GUILTY PLEA by Judge David O. Carter. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/12/2025) |
| 05/11/2025 | 807 | OBJECTIONS *to Court's Proposed Jury Instruction on Taser Application* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A)(Mkrtchyan, Narine) (Entered: 05/11/2025) |
| 05/11/2025 | 806 | TRIAL BRIEF *re impeachment of defendants with prior testimony* filed by PLAINTIFF Jeremy Holloway.. (Attachments: # 1 Supplement Supplement, # 2 Exhibit A, # 3 Exhibit B)(Mkrtchyan, Narine) (Entered: 05/11/2025) |
| 05/09/2025 | 810 | MINUTES OF Jury Trial – SEVEN Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/12/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker and C/S – 05/09/2025. (twdb) (Entered: 05/12/2025) |
| 05/09/2025 | 805 | NOTICE OF FILING TRANSCRIPT filed for proceedings 5/5/2025 & 5/6/2025 re Transcript 803 , 804 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 05/09/2025) |
| 05/09/2025 | 804 | PARTIAL TRANSCRIPT for proceedings held on 5/6/2025. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 5/30/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/7/2025. (aa) (Entered: 05/09/2025) |
| 05/09/2025 | 803 | PARTIAL TRANSCRIPT for proceedings held on 5/5/2025. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 5/30/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/7/2025. (aa) (Entered: 05/09/2025) |
| 05/08/2025 | 809 | MINUTES OF Jury Trial – SIX Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/9/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan. (twdb) (Entered: 05/12/2025) |
| 05/08/2025 | 800 | ORDER RE PLAINTIFF'S TRIAL BRIEF REGARDING COLLATERAL SOURCE RULE by Judge David O. Carter 783 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/09/2025) |
| 05/07/2025 | 802 | MINUTES OF Jury Trial – FIVE Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/8/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Hino–Spaan. (twdb) (Entered: 05/09/2025) |
| 05/07/2025 | 799 | TRANSCRIPT ORDER as to Defendant Jameson Gotts(individually) for Court Smart (CS). Court will contact Holly Kemble at hkemble@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Harrell, S) (Entered: 05/07/2025) |
| 05/07/2025 | 795 | DECLARATION of Holly J. Kemble *DECLARATION OF HOLLY J. KEMBLE IN SUPPORT OF DEFENDANTS ORAL MOTION TO RENEW DEFENDANTS MOTION FOR MISTRIAL* filed by Defendant Jameson Gotts. (Harrell, S) (Entered: 05/07/2025) |
| 05/06/2025 | 801 | MINUTES OF Jury Trial – FOURTH Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Motion for mistrial by Defendant is denied. Jury Trial continued to 5/7/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Hino–Spaan, Court Smart. (twdb) (Entered: 05/09/2025) |

| | | |
|---|---|---|
| 05/05/2025 | 798 | MINUTES OF Jury Trial – THIRD Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/6/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Hino–Spaan. (twdb) (Entered: 05/07/2025) |
| 05/02/2025 | 797 | MINUTES OF Jury Trial – SECOND Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 5/5/2025 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Hino–Spaan. (twdb) (Entered: 05/07/2025) |
| 05/01/2025 | 796 | MINUTES OF Jury Trial – FIRST Day held before Judge David O. Carter: Jury impaneled and sworn. Opening statements made. Jury Trial continued to 5/2/2025 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Court Smart. (twdb) (Entered: 05/07/2025) |
| 04/28/2025 | 794 | SCHEDULING NOTICE by Judge David O. Carter: The Jury Trial set for 4/29/2025 is hereby CONTINUED to 5/1/2025 08:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/28/2025) |
| 04/25/2025 | 793 | OBJECTIONS to Jury Instructions (Proposed) 781 filed by Defendants Jameson Gotts, Chad Renegar. (Swiss, Christie) (Entered: 04/25/2025) |
| 04/24/2025 | 792 | REPLY support *Plaintiff's Trial Brief to Exclude Collateral Sources* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mkrtchyan, Narine) (Entered: 04/24/2025) |
| 04/23/2025 | 791 | ORDER GRANTING JOINT STIPULATION RE: USE OF LOADING DOCK FOR TECHNICAL EQUIPMENT, PAPER DOCUMENTATION, AND EXHIBIT BINDERS by Judge David O. Carter 790 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/23/2025) |
| 04/22/2025 | 790 | STIPULATION for Order Granting Joint Stipulation Re Use of Loading Dock for Technical Equipment, Paper Documentation, and Exhibit Binders filed by Defendant Jameson Gotts(as a peace officer). (Attachments: # 1 Proposed Order Granting Joint Stipulation Re Use of Loading Dock for Technical Equipment, Paper Documentation, and Exhibit Binders)(Heathcote, Tamara) (Entered: 04/22/2025) |
| 04/22/2025 | 789 | PROPOSED JURY INSTRUCTIONS filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer).. (Wroniak, Michael) (Entered: 04/22/2025) |
| 04/22/2025 | 788 | PROPOSED Joint Special Verdict JURY VERDICT filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer). (Swiss, Christie) (Entered: 04/22/2025) |
| 04/22/2025 | 787 | OBJECTIONS to Trial Brief 783 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 04/22/2025) |
| 04/22/2025 | 786 | NOTICE OF FILING TRANSCRIPT filed for proceedings 4//4/25 re Transcript 785 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Baird, Miriam) TEXT ONLY ENTRY (Entered: 04/22/2025) |
| 04/22/2025 | 785 | TRANSCRIPT for proceedings held on 4/4/25. Court Reporter/Electronic Court Recorder: miriam baird, phone number velizbairdmiriam@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 5/13/2025. Redacted Transcript Deadline set for 5/23/2025. Release of Transcript Restriction set for 7/21/2025. (Baird, Miriam) (Entered: 04/22/2025) |
| 04/21/2025 | 784 | OBJECTIONS *to Plaintiff's Designations of Portions of the Transcript of Janina Pyburn to Be Read At Trial* filed by Defendant Jameson Gotts. (Attachments: # 1 Exhibit A – Expert Witness Designation Joint Stip Re Read–Back Testimony for Trial Filed 02–25–25, # 2 Exhibit B – Objectionable Testimony Pyburn2)(Harrell, S) (Entered: 04/21/2025) |
| 04/10/2025 | 783 | TRIAL BRIEF *regarding Collateral Source Rule* filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Exhibit)(Mkrtchyan, Narine) (Entered: 04/10/2025) |
| 04/08/2025 | 782 | Proposed Voir Dire Questions filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 04/08/2025) |
| 04/08/2025 | 781 | PROPOSED JURY INSTRUCTIONS filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 04/08/2025) |

| 04/08/2025 | 780 | PROPOSED JURY VERDICT filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/08/2025) |
|---|---|---|
| 04/07/2025 | 779 | FOR COURT USE ONLY: STATISTICAL CORRECTION by Judge David O. Carter: denying 698 Motion in Limine to Exclude (twdb) (Entered: 04/08/2025) |
| 04/07/2025 | 778 | ORDER RE PRETRIAL MOTIONS by Judge David O. Carter: [698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 720, 721, 722, 723, 724, 725, 726, 727, 728, 730, 734, 735, 736, 771] denying 699 Motion in Limine to Exclude; HELD IN ABEYANCE 700 Motion in Limine to Exclude; HELD IN ABEYANCE 701 Motion in Limine to Exclude; HELD IN ABEYANCE 702 Motion in Limine to Permit; granting 703 Motion in Limine for Admissions; denying 705 Motion in Limine to Exclude; HELD IN ABEYANCE 706 Motion in Limine to Exclude; granting 707 Motion in Limine to Permit; denying 720 Motion in Limine to Exclude; granting in part and denying in part 721 Motion in Limine to Exclude; granting 722 Motion in Limine to Exclude; granting 723 Motion in Limine to Exclude; granting 725 Motion in Limine to Exclude; granting 726 Motion in Limine to Exclude; granting 727 Motion in Limine to Exclude; finding as moot 730 Motion in Limine to Preclude; denying 734 Motion in Limine to Exclude; denying 735 Motion in Limine to Exclude; denying 736 Motion in Limine to Exclude. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/08/2025) |
| 04/07/2025 | 776 | NOTICE OF FILING TRANSCRIPT filed for proceedings 08/02/2023, Day 9, Volume II, 1:07 p.m. re Transcript 775 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 04/07/2025) |
| 04/07/2025 | 775 | TRANSCRIPT for proceedings held on 08/02/2023, Day 9, Volume II, 1:07 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/28/2025. Redacted Transcript Deadline set for 5/8/2025. Release of Transcript Restriction set for 7/7/2025. (dpa) (Entered: 04/07/2025) |
| 04/04/2025 | 777 | MINUTES OF Motion Hearing re Motions in Limine held before Judge David O. Carter: The Courts hears oral arguments. The Court's detailed written order to issue. APPEARANCES for Plaintiff: Narine Mkrtchyan. For Defendants: S. Frank Harrell, Michael Wroniak, Christie Swiss, Ryane Corinne Skinner. Deputy Clerk: Karlen Dubon; Court Reporter: Miriam Baird. Time in Court: {2:04}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/07/2025) |
| 04/03/2025 | 774 | NOTICE OF FILING TRANSCRIPT filed for proceedings 3/28/25 re Transcript 773 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Baird, Miriam) TEXT ONLY ENTRY (Entered: 04/03/2025) |
| 04/03/2025 | 773 | TRANSCRIPT for proceedings held on 3/28/25. Court Reporter/Electronic Court Recorder: miriam baird, phone number velizbairdmiriam@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/24/2025. Redacted Transcript Deadline set for 5/5/2025. Release of Transcript Restriction set for 7/2/2025. (Baird, Miriam) (Entered: 04/03/2025) |
| 04/02/2025 | 771 | NOTICE OF MOTION AND MOTION for Order for Release of Address of Material Witness filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/4/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibit, # 2 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 04/02/2025) |
| 03/31/2025 | 770 | TRANSCRIPT ORDER as to Defendants County of Orange, Jameson Gotts(individually) for Court Reporter. Court will contact Ryane Skinner at rskinner@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Skinner, Ryane) (Entered: 03/31/2025) |
| 03/28/2025 | 772 | MINUTES OF Motion Hearing re Motions in Limine held before Judge David O. Carter: The Courts hears oral arguments. Remaining arguments for Motions in Limine are CONTINUED to April 4, 2025 at 8:30 AM. APPEARANCES for Plaintiff: Narine Mkrtchyan. For Defendants: S. Frank Harrell, Michael Wroniak, Catherine Naltsas, Ryane Corinne Skinner. Deputy Clerk: Karlen Dubon; Court Reporter: Miriam Baird. Time in Court: {1:08}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/02/2025) |

| 03/27/2025 | 769 | OBJECTIONS *Defendants' Objections to Plaintiff's Designations of Portions of the Transcript of Dr. Kamshad Raiszadeh* filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/27/2025) |
|---|---|---|
| 03/27/2025 | 768 | Defendants' Cross–Examination Designation with Objections of Expert Raiszadeh filed by Defendants Jameson Gotts, Chad Renegar (Harrell, S) (Entered: 03/27/2025) |
| 03/27/2025 | 767 | OBJECTIONS *Defendants' Objections to Plaintiff's Designations of Portions of the Transcript of Dr. David Barcay* filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/27/2025) |
| 03/27/2025 | 766 | Defendants' Designation of Cross–Examination of David Barcay filed by Defendants Jameson Gotts, Chad Renegar (Harrell, S) (Entered: 03/27/2025) |
| 03/27/2025 | 765 | Opposition Opposition to Supplement to Motion in Limine 5 re: MOTION IN LIMINE #5 to Permit Readback of previous testimony 702 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 03/27/2025) |
| 03/26/2025 | 764 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Notice of Appearance or Withdrawal of Counsel (G–123), 761 . The following error(s) was/were found: Docket text and document conflict; re name of party. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (ak) (Entered: 03/26/2025) |
| 03/26/2025 | 763 | SUPPLEMENT to MOTION IN LIMINE #5 to Permit Readback of previous testimony 702 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A)(Mkrtchyan, Narine) (Entered: 03/26/2025) |
| 03/24/2025 | 762 | ORDER Denying Stipulation to Continue Trial and Final Pretrial Conference by Judge David O. Carter 760 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 03/24/2025) |
| 03/21/2025 | 761 | Notice of Appearance or Withdrawal of Counsel: for attorney Ryane Corinne Skinner counsel for Defendant Jameson Gotts. Adding Ryane Skinner as counsel of record for Defendant Jameson Gotts for the reason indicated in the G–123 Notice. Filed by Defendant Jameson Gotts. (Attorney Ryane Corinne Skinner added to party )(Skinner, Ryane) (Entered: 03/21/2025) |
| 03/20/2025 | 760 | STIPULATION to Continue Trial and Final Pretrial Conference from 04/29/2025 and 03/28/2025 to 05/06/2025 and 04/04/2025 filed by Defendant Chad Renegar(individually ). (Attachments: # 1 Proposed Order)(Swiss, Christie) (Entered: 03/20/2025) |
| 03/19/2025 | 759 | OBJECTIONS to Request for Judicial Notice,, 729 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 758 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by PLAINTIFF Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 757 | OPPOSITION Opposition re: MOTION IN LIMINE (13) to Exclude Evidence, Arguments or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incident 736 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 756 | OPPOSITION Opposition re: MOTION IN LIMINE (#12) to Preclude Improper Argument Re: "David v. Goliath" 730 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 755 | OPPOSITION Opposition re: MOTION IN LIMINE (11) to Exclude Testimony, Argument, or Evidence that Plaintiff was or is Experiencing Homelessness 735 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 754 | OPPOSITION Opposition re: MOTION IN LIMINE (#10) to Admit Evidence of Plaintiff's Emotional Distress Damages 728 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 753 | OPPOSITION Opposition re: MOTION IN LIMINE (#9) to Exclude Prior Proceeding 727 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 752 | OPPOSITION Opposition re: MOTION IN LIMINE (#8) to Exclude Any News or Media Regarding the Incident, Other Uses of Force Incidents or the Orange County Sheriff's Department 726 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 751 | OPPOSITION Opposition re: MOTION IN LIMINE (#7) to Exclude Evidence by SAPD's Chief Walters that Plaintiff has a Good Case, a Good Claim or that the County will Indemnify 725 filed by |

9-RenSER-01944      9-RenSER-01944

| | | Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
|---|---|---|
| 03/19/2025 | 750 | OPPOSITION Opposition re: MOTION IN LIMINE (#6) to Preclude Argument that Post Investigation was Deficient or Negligent 724 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 749 | OPPOSITION Opposition re: MOTION IN LIMINE (#5) to Exclude Any of Holloway's Claimed Experiences in the Orange County Jail (as They Allegedly Involved Non–Party Defendants) 723 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 748 | OPPOSITION Opposition re: MOTION IN LIMINE (4) to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 734 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A)(Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 747 | OPPOSITION Opposition re: MOTION IN LIMINE (#3) to Exclude Reference to the Deputy Defendants' Other Use of Force Incident 722 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 746 | OPPOSITION Opposition re: MOTION IN LIMINE (#2) to Exclude Reference to the Deputy Defendants' Personnel Records or Other Inadmissible Prior Bad Act Evidence 721 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/19/2025 | 745 | OPPOSITION Opposition re: MOTION IN LIMINE (#1) to Exclude to Exclude Evidence re Orange County Sheriff Dept's Internal Policies or P.O.S.T. Learning Domains 720 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/19/2025) |
| 03/17/2025 | 744 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 9 OPPOSITION re: MOTION IN LIMINE #9 to Exclude Discovery not disclosed Rule 37, 26 706 filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/17/2025) |
| 03/17/2025 | 743 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 1 OPPOSITION re: MOTION IN LIMINE #1 to Exclude Prior record history 698 filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/17/2025) |
| 03/17/2025 | 742 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 2 TO EXCLUDE 911 CALLS TO DISPATCH OPPOSITION re: MOTION IN LIMINE #2 to Exclude 911 callers 699 filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/17/2025) |
| 03/17/2025 | 741 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 7 TO ADMIT INTERNAL INVESTIGATION INTO PLAINTIFFS COMPLAINT IN THE CASE IN CHIEF TO PROVE CODE OF SILENCE OPPOSITION re: MOTION IN LIMINE #7 to Admit Internal Affairs investigation 704 filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/17/2025) |
| 03/17/2025 | 740 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 4 OPPOSITION re: MOTION IN LIMINE #4 to Exclude Prior court rulings from trial 701 filed by Defendant Jameson Gotts. (Harrell, S) (Entered: 03/17/2025) |
| 03/17/2025 | 739 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 3 TO EXCLUDE PLAINTIFFS INVOCATION OF THE FIFTH AMENDMENT OPPOSITION re: MOTION IN LIMINE #3 to Exclude Reference to Fifth Amendment right to remain silent 700 filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/17/2025) |
| 03/17/2025 | 738 | Opposition Opposition re: MOTION IN LIMINE #6 to Admit Defendant's Criminal Prosecution for Bad Acts 703 filed by Defendants Jameson Gotts, Chad Renegar. (Attachments: # 1 Declaration)(Swiss, Christie) (Entered: 03/17/2025) |
| 03/17/2025 | 737 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 8 OPPOSITION re: MOTION IN LIMINE #8 to Exclude Expert witness testimony 705 filed by Defendants Jameson Gotts, Chad Renegar. (Harrell, S) (Entered: 03/17/2025) |
| 03/13/2025 | 736 | NOTICE OF MOTION AND MOTION IN LIMINE (13) to Exclude Evidence, Arguments or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incident filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 3/28/2025 at 09:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order)(Swiss, Christie) (Entered: 03/13/2025) |
| 03/13/2025 | 735 | NOTICE OF MOTION AND MOTION IN LIMINE (11) to Exclude Testimony, Argument, or Evidence that Plaintiff was or is Experiencing Homelessness filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 3/28/2025 at 09:30 AM |

| | | |
|---|---|---|
| | | before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 03/13/2025) |
| 03/12/2025 | 734 | NOTICE OF MOTION AND MOTION IN LIMINE (4) to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 03/12/2025) |
| 03/10/2025 | 733 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER GRANTING BOTH PARTIES LEAVE TO AMEND EXPERT WITNESS DESIGNATION 691 ; ORDER DENYING JOINT STIPULATION RE READ−BACK TESTIMONY OF EXPERT WITNESSES FOR TRIAL 709 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 03/12/2025) |
| 03/07/2025 | 732 | MINUTES OF Motion Hearing re MOTION to AMEND DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK 691 held before Judge David O. Carter: The Courts hears oral arguments and takes motion under submission. ALL Motions in Limine are CONTINUED from March 24, 2025 to March 28, 2025 at 8:00 AM. APPEARANCES for Plaintiff: Narine Mkrtchyan. For Defendants: S. Frank Harrell, Michael Wroniak, Catherine Naltsas. Ryain Skinner. Deputy Clerk: Karlen Dubon; Court Reporter: Deborah Parker. Time in Court: {0:38}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (kdu) (Entered: 03/10/2025) |
| 03/06/2025 | 731 | NOTICE OF LODGING filed re MOTION IN LIMINE (#10) to Admit Evidence of Plaintiff's Emotional Distress Damages 728 , MOTION IN LIMINE (#9) to Exclude Prior Proceeding 727 , MOTION IN LIMINE (#5) to Exclude Any of Holloway's Claimed Experiences in the Orange County Jail (as They Allegedly Involved Non−Party Defendants) 723 , MOTION IN LIMINE (#7) to Exclude Evidence by SAPD's Chief Walters that Plaintiff has a Good Case, a Good Claim or that the County will Indemnify 725 , MOTION IN LIMINE (#1) to Exclude to Exclude Evidence re Orange County Sheriff Dept's Internal Policies or P.O.S.T. Learning Domains 720 , MOTION IN LIMINE (#2) to Exclude Reference to the Deputy Defendants' Personnel Records or Other Inadmissible Prior Bad Act Evidence 721 , MOTION IN LIMINE (#12) to Preclude Improper Argument Re: "David v. Goliath" 730 , MOTION IN LIMINE (#3) to Exclude Reference to the Deputy Defendants' Other Use of Force Incident 722 , MOTION IN LIMINE (#8) to Exclude Any News or Media Regarding the Incident, Other Uses of Force Incidents or the Orange County Sheriff's Department 726 , MOTION IN LIMINE (#6) to Preclude Argument that Post Investigation was Deficient or Negligent 724 (Attachments: # 1 Exhibit EXH A, Proposed Order MIL #1, # 2 Exhibit EXH B, Proposed Order MIL #2, # 3 Exhibit EXH C, Proposed Order MIL #3, # 4 Exhibit EXH D, Proposed Order MIL #5, # 5 Exhibit EXH E, Proposed Order MIL #6, # 6 Exhibit EXH F, Proposed Order MIL #7, # 7 Exhibit EXH G, Proposed Order MIL #8, # 8 Exhibit EXH H, Proposed Order MIL #9, # 9 Exhibit EXH I, Proposed Order MIL #10, # 10 Exhibit EXH J, Proposed Order MIL #12)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 730 | NOTICE OF MOTION AND MOTION IN LIMINE (#12) to Preclude Improper Argument Re: "David v. Goliath" filed by Defendants Jameson Gotts(as a peace officer), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 729 | REQUEST FOR JUDICIAL NOTICE re MOTION IN LIMINE (#10) to Admit Evidence of Plaintiff's Emotional Distress Damages 728 filed by Defendants Jameson Gotts, County of Orange, Joel Gonzalez. (Attachments: # 1 Exhibit EXH A, # 2 Exhibit EXH B, # 3 Exhibit EXH C, # 4 Exhibit EXH D, # 5 Exhibit EXH E, # 6 Exhibit EXH F, # 7 Exhibit EXH G)(Attorney G Craig Smith added to party, Attorney G Craig Smith added to party County of Orange(pty:dft), Attorney G Craig Smith added to party Joel Gonzalez(pty:dft))(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 728 | NOTICE OF MOTION AND MOTION IN LIMINE (#10) to Admit Evidence of Plaintiff's Emotional Distress Damages filed by Defendants Jameson Gotts(individually), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A, # 2 Exhibit EXH B, # 3 Exhibit EXH C, # 4 Exhibit EXH D)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 727 | NOTICE OF MOTION AND MOTION IN LIMINE (#9) to Exclude Prior Proceeding filed by Defendants Jameson Gotts(individually), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 726 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude Any News or Media Regarding the Incident, Other Uses of Force Incidents or the Orange County Sheriff's Department filed by Defendants Jameson Gotts(as a peace officer), County of Orange, Joel Gonzalez(individually). Motion |

| | | |
|---|---|---|
| | | set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 725 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude Evidence by SAPD's Chief Walters that Plaintiff has a Good Case, a Good Claim or that the County will Indemnify filed by Defendants Jameson Gotts(as a peace officer), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 724 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Preclude Argument that Post Investigation was Deficient or Negligent filed by Defendants Jameson Gotts(individually), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A–1, Pg. 1–35, # 2 Exhibit EXH A–2, Pg. 36–72, # 3 Exhibit EXH B)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 723 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude Any of Holloway's Claimed Experiences in the Orange County Jail (as They Allegedly Involved Non–Party Defendants) filed by Defendants Jameson Gotts(individually), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A, # 2 Exhibit EXH B)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 722 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude Reference to the Deputy Defendants' Other Use of Force Incident filed by Defendants Jameson Gotts(as a peace officer), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A, # 2 Exhibit EXH B)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 721 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude Reference to the Deputy Defendants' Personnel Records or Other Inadmissible Prior Bad Act Evidence filed by Defendants Jameson Gotts(individually), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A, # 2 Exhibit EXH B)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 720 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude to Exclude Evidence re Orange County Sheriff Dept's Internal Policies or P.O.S.T. Learning Domains filed by Defendants Jameson Gotts(individually), County of Orange, Joel Gonzalez(individually). Motion set for hearing on 4/29/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit EXH A, # 2 Exhibit EXH B, # 3 Exhibit EXH C)(Smith, G) (Entered: 03/06/2025) |
| 03/06/2025 | 719 | ORDER by District Judge David O. Carter: In Response to Plaintiff's Request to continue hearing for MOTION to AMEND *DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK* 691 . The Court CONTINUES the motion hearing set for 3/7/2025 to 04:30 PM before Judge David O. Carter. **TIME CHANGE ONLY** In–person appearances required. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 03/06/2025) |
| 03/05/2025 | 718 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: REQUEST to Continue Hearing from March 7, 7:30 am to March 10, 14. The following error(s) was/were found: Incorrect document is attached to the docket entry. Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 03/05/2025) |
| 03/04/2025 | 717 | REQUEST to Continue Hearing from March 7, 7:30 am to March 10, 14 Re: Generic Text Only Entry,, 716 filed by PLAINTIFF Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/04/2025) |
| 03/04/2025 | 716 | ORDER by District Judge David O. Carter DENYING Request for Leave of Bonnie Bennett to Appear for to Appear for Lead Counsel at Motion to Amend Expert Designation 711 . The Court FURTHER ORDERS the Motion hearing for Defendant's MOTION to AMEND DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK 691 be CONTINUED from March 6, 2025 to March 7, 2025 at 7:30 AM in Courtroom 9C. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 03/04/2025) |
| 03/04/2025 | 715 | NOTICE of Change of Attorney Business or Contact Information: for attorney Narine Mkrtchyan counsel for Plaintiff Jeremy Holloway. Changing address to 655 N. Central Ave, Suite 1700 Glendale, |

9-RenSER-01947      9-RenSER-01947

| | | |
|---|---|---|
| | | CA 91203. Changing email to narine56@msn.com. Filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/04/2025) |
| 03/03/2025 | 714 | Witness List filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 03/03/2025) |
| 03/03/2025 | 713 | JOINT Exhibit List filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 03/03/2025) |
| 03/03/2025 | 712 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants Jameson Gotts(as a peace officer), Chad Renegar(as a peace officer). (Swiss, Christie) (Entered: 03/03/2025) |
| 02/27/2025 | 711 | REQUEST for Leave of Bonnie Bennett to Appear for to Appear for Lead Counsel at Motion to Amend Expert Designation filed by Defendant Chad Renegar(individually ). Request set for hearing on 3/6/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration of Swiss, # 2 Declaration of Wroniak, # 3 Proposed Order) (Swiss, Christie) (Entered: 02/27/2025) |
| 02/27/2025 | 710 | Notice of Appearance or Withdrawal of Counsel: for attorney Bonnie J Bennett counsel for Defendant Chad Renegar. Adding Bonnie J. Bennett as counsel of record for Deputy Chad Renegar for the reason indicated in the G–123 Notice. Filed by Defendant Deputy Chad Renegar. (Attorney Bonnie J Bennett added to party Chad Renegar(pty:dft))(Bennett, Bonnie) (Entered: 02/27/2025) |
| 02/25/2025 | 709 | STIPULATION for Order Witness testimony readback filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 02/25/2025) |
| 02/18/2025 | 708 | SCHEDULING NOTICE by Judge David O. Carter re: MOTION to AMEND *DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK* 691 Motion hearing set for 2/24/2025 is CONTINUED to 3/6/2025 at 08:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 02/18/2025) |
| 02/18/2025 | 707 | NOTICE OF MOTION AND MOTION IN LIMINE #10 to Permit Remote testimony of medical providers filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 02/18/2025) |
| 02/18/2025 | 706 | NOTICE OF MOTION AND MOTION IN LIMINE #9 to Exclude Discovery not disclosed Rule 37, 26 filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/18/2025) |
| 02/18/2025 | 705 | NOTICE OF MOTION AND MOTION IN LIMINE #8 to Exclude Expert witness testimony filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B)(Mkrtchyan, Narine) (Entered: 02/18/2025) |
| 02/17/2025 | 704 | NOTICE OF MOTION AND MOTION IN LIMINE #7 to Admit Internal Affairs investigation filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/17/2025) |
| 02/17/2025 | 703 | NOTICE OF MOTION AND MOTION IN LIMINE #6 to Admit Defendant's Criminal Prosecution for Bad Acts filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/17/2025) |
| 02/17/2025 | 702 | NOTICE OF MOTION AND MOTION IN LIMINE #5 to Permit Readback of previous testimony filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/17/2025) |
| 02/17/2025 | 701 | NOTICE OF MOTION AND MOTION IN LIMINE #4 to Exclude Prior court rulings from trial filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/17/2025) |
| 02/17/2025 | 700 | NOTICE OF MOTION AND MOTION IN LIMINE #3 to Exclude Reference to Fifth Amendment right to remain silent filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/17/2025) |
| 02/17/2025 | 699 | NOTICE OF MOTION AND MOTION IN LIMINE #2 to Exclude 911 callers filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 02/17/2025) |

| | | |
|---|---|---|
| 02/17/2025 | 698 | NOTICE OF MOTION AND MOTION IN LIMINE #1 to Exclude Prior record history filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 3/24/2025 at 09:00 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 02/17/2025) |
| 02/14/2025 | 697 | NOTICE OF FILING TRANSCRIPT filed for proceedings 08/03/2023, 1:07 p.m. re Transcript 696 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 02/14/2025) |
| 02/14/2025 | 696 | TRANSCRIPT for proceedings held on 08/03/2023, 1:07 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 3/7/2025. Redacted Transcript Deadline set for 3/17/2025. Release of Transcript Restriction set for 5/15/2025. (dpa) (Entered: 02/14/2025) |
| 02/10/2025 | 695 | REPLY filed by Defendant Jameson Gotts to Objection/Opposition (Motion related), 694 , Joinder (Motion Related) 693 , NOTICE OF MOTION AND MOTION to AMEND *DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK* 691 *DEFENDANTS JAMESON GOTTS AND CHAD RENAGERS JOINT REPLY IN SUPPORT OF DEFENDANTS EXPERT WITNESS DESIGNATION TO INCLUDE TOXOCOLOGIST DR. RICHARD CLARK; MEMORANDUM OF POINTS AND AUTHORITIES; HARRELL DECLARATION; EXHIBITS* (Skinner, Ryane) (Entered: 02/10/2025) |
| 01/31/2025 | 694 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION to AMEND *DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK* 691 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 01/31/2025) |
| 01/24/2025 | 693 | JOINDER in NOTICE OF MOTION AND MOTION to AMEND *DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK* 691 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 01/24/2025) |
| 01/22/2025 | 692 | SCHEDULING NOTICE by Judge David O. Carter: On the Court's own motion, the Jury Trial in this matter is CONTINUED to 4/29/2025 at 08:30 AM before Judge David O. Carter. The Final Pretrial Conference in this matter is CONTINUED to 3/24/2025 at 09:00 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 01/22/2025) |
| 01/20/2025 | 691 | NOTICE OF MOTION AND MOTION to AMEND *DEFENDANTS' EXPERT WITNESS DESIGNATION TO INCLUDE TOXICOLOGIST DR. RICHARD CLARK* filed by Defendant Jameson Gotts(individually), Jameson Gotts(as a peace officer). Motion set for hearing on 2/24/2025 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Proposed Order) (Attorney Lacey N Sipsey added to party Jameson Gotts(pty:dft)) (Sipsey, Lacey) (Entered: 01/20/2025) |
| 06/12/2024 | 690 | NOTICE OF FILING TRANSCRIPT filed for proceedings Wednesday, August 2, 2023 5:58 p.m. to 6:51 p.m. re Transcript 689 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mci) TEXT ONLY ENTRY (Entered: 06/12/2024) |
| 06/12/2024 | 689 | TRANSCRIPT for proceedings held on Wednesday, August 2, 2023 5:58 p.m. to 6:51 p.m.. Court Reporter/Electronic Court Recorder: Exceptional Reporting Services, Inc, phone number 361–949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/3/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/10/2024. (mci) (Entered: 06/12/2024) |
| 06/05/2024 | 688 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually) for Court Smart (CS). Court will contact Karla Fonseca at kfonseca@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Heathcote, Tamara) (Entered: 06/05/2024) |
| 04/30/2024 | 687 | MINUTES OF Status Conference held before Judge David O. Carter: The case is called. The Court approves trial dates as proposed in the parties' stipulation 683 , written order to be issued. |

9-RenSER-01949　　　　　　　　　　　　　　　　　　　　　　9-RenSER-01949

| | | APPEARANCES: For Plaintiff(s): Narine Mkrtchyan (via Zoom); For Defendant(s): S. Frank Harrell, Michael Wroniak; Courtroom Deputy Clerk: Karlen Dubon; Court Reporter: Court Smart; Time in Court: {0:13}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (kdu) (Entered: 04/30/2024) |
|---|---|---|
| 04/30/2024 | 686 | ORDER by Judge David O. Carter DENYING Request for Leave to Appear for Remote on Zoom 685. All parties are ordered to appear in person. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/30/2024) |
| 04/29/2024 | 685 | REQUEST for Leave of Narine Mkrtchyan to Appear for Remote on Zoom filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 04/29/2024) |
| 04/29/2024 | 684 | MINUTES OF Status Conference held before Judge David O. Carter: The case is called. Plaintiff's counsel not present. The Status Conference is CONTINUED to 4/30/2024 09:00 AM before Judge David O. Carter. APPEARANCES: For Plaintiff(s): None Present; For Defendant(s): S. Frank Harrell, Michael Wroniak; Courtroom Deputy Clerk: Karlen Dubon; Court Reporter: Court Smart; Time in Court: {0:01}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY Court Reporter: Court Smart. (kdu) (Entered: 04/29/2024) |
| 04/19/2024 | 683 | STIPULATION for Jury Trial on March 25, 2025 filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). (Attachments: # 1 Proposed Order TO SET THE TRIAL DATE AND THE FINAL PRETRIAL CONFERENCE IN THIS MATTER)(Heathcote, Tamara) (Entered: 04/19/2024) |
| 04/18/2024 | 682 | SCHEDULING NOTICE by Judge David O. Carter Status Conference re trial dates set for 4/29/2024 09:00 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/18/2024) |
| 04/08/2024 | 681 | MINUTES OF SCHEDULING CONFERENCE held before District Judge David O. Carter: The case is called. The Court and counsel confer. The parties shall file a stipulation regarding trial dates. APPEARANCES: For Plaintiff(s): Narine Mkrtchyan; For Defendant(s): S. Frank Harrell, Michael Wroniak, Catherine Naltsas; Courtroom Deputy Clerk: Karlen Dubon; Court Reporter: Court Smart; Time in Court: {0:26}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/09/2024) |
| 04/05/2024 | 680 | SCHEDULING NOTICE by Judge David O. Carter Scheduling Conference set for 4/8/2024 is RESET for 10:00 AM before Judge David O. Carter. **TIME CHANGE ONLY**THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/05/2024) |
| 03/18/2024 | 679 | OMNIBUS ORDER ON POST–TRIAL MOTIONS SUBMITTED AFTER THE THIRD TRIAL by Judge David O. Carter: For the foregoing reasons, the Court rules as follows: Defendant Mark Borbas Motion for Judgment as a Matter of Law (dkt. 639) is GRANTED. Defendant Jameson Gottss Motion for Judgment as a Matter of Law (dkt. 640) is DENIED. Defendant Kevin Pahels Motion for Judgment as a Matter of Law (dkt. 641) is GRANTED. Defendant Joel Gonzalezs Motion for Judgment as a Matter of Law (dkt. 642) is GRANTED. Defendant Chad Renegars Motions for Judgment as a Matter of Law (dkts. 588, 589, 590) and his renewed oral motion (dkt. 675) are DENIED. Plaintiffs Motion for a New Trial (dkt. 633) is GRANTED IN PART. Specifically, the Court orders a new trial on all issues. Plaintiffs Motion for Attorneys Fees (Dkt. 664) is DENIED AS MOOT. Further, Defendants Rule 50(a) Motions (dkts. 592, 593, 594, 595, 599, 600, 601, 602) and Request for Order (dkt. 551) are DENIED AS MOOT. The parties are ORDERED to appear for a scheduling conference on April 8, 2024, at 9:00 a.m. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 03/18/2024) |
| 03/18/2024 | 678 | ORDER by District Judge David O. Carter RE MOTION IN LIMINE #18 to Exclude Evidence, Argument, or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incidents 337, MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors 345, MOTION IN LIMINE (#14) to Exclude Evidence, argument, or testimony re: Indemnity or Hearsay Comments by Walters 344, MOTION IN LIMINE (#17) to Prevent Argument, Suggestion, etc. of a "David v. Goliath" circumstance, and similar comments 346, MOTION IN LIMINE (#12) to Exclude Testimony, evidence, and argument that Plaintiff was "Unlawfully Arrested" 343, all denied as moot. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 03/18/2024) |
| 11/30/2023 | 677 | DECLARATION of Narine Mkrtchyan Support of Fees Motion NOTICE OF MOTION AND MOTION for Attorney Fees 664 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 |

| | | Appendix)(Mkrtchyan, Narine) (Entered: 11/30/2023) |
|---|---|---|
| 11/30/2023 | 676 | SUPPLEMENT to Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 639 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 642 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 640 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 641 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 590 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 11/30/2023) |
| 11/16/2023 | 675 | MINUTES (IN CHAMBERS): ORDER REGARDING BRIEFING FOR DEFENDANT RENEGARD'S RULE 50(B) MOTION by Judge David O. Carter: To mitigate prejudice to Plaintiff, Plaintiff may respond, in writing, to Renegar's motion for judgment as a matter of law that he is protected by qualified immunity (Dkt. 590 ). Plaintiff must submit such briefing by November 30, 2023. Plaintiff's counsel may also submit a declaration stating the number of hours that she spent preparing this opposition. The Court will consider this declaration in calculating Plaintiff's attorneys' fees (assuming the Court finds that she is entitled to fees). [SEE DOCUMENT FOR FURTHER INFORMATION.] (es) (Entered: 11/16/2023) |
| 11/14/2023 | 674 | MINUTES OF MOTION TO AMEND JUDGMENT OR NEW TRIAL FOR DAMAGES 633 , MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE BASIS OF: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM–DEFT. BORBA 639 , MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE BASIS OF: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM–DEFT. GOTTS 640 , MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE BASIS OF: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM–DEFT. PAHEL 641 , MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE BASIS OF: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM–DEFT. GONZALEZ 642 , MOTION FOR ATTORNEY FEES FILED BY PLAINTIFF JEREMY HOLLOWAY 664 Hearing held before Judge David O. Carter: The Court and counsel confer. The Court hears arguments. The Court takes all motions under submission. Court Reporter: Court Smart. (es) (Entered: 11/15/2023) |
| 11/09/2023 | 673 | SCHEDULING NOTICE by Judge David O. Carter: Hearing for Motions 633 639 640 641 642 664 set for 11/13/2023 is CONTINUED to 11/14/2023 at 01:30 PM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 11/09/2023) |
| 10/30/2023 | 672 | REPLY support NOTICE OF MOTION AND MOTION for Attorney Fees 664 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 10/30/2023) |
| 10/25/2023 | 671 | Notice NOTICE OF RECORD CLARIFICATION RE DECLARATION OF TAMARA HEATHCOTE filed by Defendants Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). (Harrell, S) (Entered: 10/25/2023) |
| 10/23/2023 | 670 | DECLARATION of Declaration of Tamara M. Heathcote in Support of Defendants' Opposition Against Plaintiff's Motion for Fees and Costs in Opposition to NOTICE OF MOTION AND MOTION for Attorney Fees 664 filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Harrell, S) (Entered: 10/23/2023) |
| 10/23/2023 | 669 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Attorney Fees 664 *Defendants' Opposition Against Plaintiff's Motion for Fees and Costs* filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel, Chad Renegar. (Attachments: # 1 Declaration Declaration of Tamara M. Heathcote in Support of Defendants' Opposition Against Plaintiff's Motion for Fees and Costs, # 2 Declaration Declaration of Christie B. Smith in Support of Defendants' Opposition Against Plaintiff's Motion for Fees and Costs)(Harrell, S) (Entered: 10/23/2023) |
| 10/13/2023 | 668 | ORDER GRANTING EX PARTE APPLICATION TO CONITNUE THE HEARING RE PLAINTIFF'S MOTION FOR ATTORNEY FEES (DOCKET NO. 664) 666 by Judge David O. Carter. Good cause appearing, this Court grants the Defendant's Ex Parte Application to Continue the Hearing date on Plaintiff's Motion for Attorney's Fees (Dkt.664). The hearing date is continued from |

| | | |
|---|---|---|
| | | October 16, 2023 to November 13, 2023 at 10:00AM. (rolm) (Entered: 10/13/2023) |
| 10/13/2023 | 667 | SCHEDULING NOTICE by Judge David O. Carter re: Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 641 , NOTICE OF MOTION AND MOTION for Attorney Fees 664 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 639 , NOTICE OF MOTION AND MOTION to AMEND *JUDGMENT OR NEW TRIAL FOR DAMAGES 633* , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 642 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 640 Motion hearing set for 10/16/2023 is CONTINUED to 11/13/2023 at 10:00 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 10/13/2023) |
| 10/13/2023 | 666 | EX PARTE APPLICATION to Continue Motion for Attorney Fees from 10/16/23 to 11/13/23 Re: NOTICE OF MOTION AND MOTION for Attorney Fees 664 filed by Defendant Chad Renegar(individually ). (Attachments: # 1 Declaration, # 2 Proposed Order) (Swiss, Christie) (Entered: 10/13/2023) |
| 10/12/2023 | 665 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION for Attorney Fees 664 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 10/12/2023) |
| 10/12/2023 | 664 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by Plaintiff Jeremy Holloway. Motion set for hearing on 10/16/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Declaration Carol Sobel Esq.) (Mkrtchyan, Narine) (Entered: 10/12/2023) |
| 10/02/2023 | 663 | REPLY IN SUPPORT OF Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 639 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 642 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 640 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 641 filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Harrell, S) (Entered: 10/02/2023) |
| 09/25/2023 | 662 | MINUTES OF Motion Hearing held before Judge David O. Carter: MOTION TO AMEND JUDGMENT OR NEW TRIAL FOR DAMAGES 633 . Motion hearing continued to 10/16/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker. (twdb) (Entered: 09/27/2023) |
| 09/22/2023 | 661 | OPPOSITION Opposition re: Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 639 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 642 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 640 , Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 641 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law 590 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 09/22/2023) |
| 09/18/2023 | 660 | NOTICE OF FILING TRANSCRIPT filed for proceedings 7–17–23 Vol. 2 1:34 p.m.; 7–18–23 Vol. 2 1:05 p.m.; 7–20–23 Vol. 2 12:50 p.m.; 7–21–23 Vol. 2 1:03 p.m.; 7–24–24 Vol. 2 1:05 p.m.; 8/1/23 Vol. 1 8:46 a.m.; 8–2–23 Vol. 1 8:07 a.m.; 8–3–23 Vol. 1 8:51 a.m.; 8–4–23 Vol. 1 8:47 a.m.; |

| | | |
|---|---|---|
| | | 8–8–23 Vol. 1 8:57 a.m.; 8–9–23 Vol. 1 8:44 a.m.; 8–10–23 Vol. 1 8:46 a.m.; 8–11–23 Vol. 1 8:56 a.m.; 8–14–23 10:57 a.m.; 8–15–23 Vol. 1 8:53 a.m.; 8–16–23 Vol. 1 8:22 a.m. re Transcript 653 , 645 , 659 , 649 , 652 , 656 , 658 , 657 , 648 , 644 , 650 , 655 , 646 , 654 , 647 , 651 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 09/18/2023) |
| 09/18/2023 | 659 | TRANSCRIPT for proceedings held on 8–16–23 Vol. 1 8:22 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 658 | TRANSCRIPT for proceedings held on 8–15–23 Vol. 1 8:53 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 657 | TRANSCRIPT for proceedings held on 8–14–23 10:57 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 656 | TRANSCRIPT for proceedings held on 8–11–23 Vol. 1 8:56 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 655 | TRANSCRIPT for proceedings held on 8–10–23 Vol. 1 8:46 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 654 | TRANSCRIPT for proceedings held on 8–9–23 Vol. 1 8:44 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 653 | TRANSCRIPT for proceedings held on 8–8–23 Vol. 1 8:57 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 652 | TRANSCRIPT for proceedings held on 8–4–23 Vol. 1 8:47 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 651 | TRANSCRIPT for proceedings held on 8–3–23 Vol. 1 8:51 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 650 | TRANSCRIPT for proceedings held on 8–2–23 Vol. 1 8:07 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 649 | TRANSCRIPT for proceedings held on 8–1–23 Vol. 1 8:46 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 648 | TRANSCRIPT for proceedings held on 7–24–23 Vol. 2 1:05 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 647 | TRANSCRIPT for proceedings held on 7–21–23 Vol. 2 1:03 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 646 | TRANSCRIPT for proceedings held on 7–20–23 Vol. 2 12:50 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 645 | TRANSCRIPT for proceedings held on 7–18–23 Vol. 2 1:05 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |
| 09/18/2023 | 644 | TRANSCRIPT for proceedings held on 7–17–23 Vol. 2 1:34 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/10/2023. Redacted Transcript Deadline set for 10/19/2023. Release of Transcript Restriction set for 12/18/2023. (Seffens, Sharon) (Entered: 09/18/2023) |

| 09/14/2023 | 643 | REPLY support NOTICE OF MOTION AND MOTION to AMEND *JUDGMENT OR NEW TRIAL FOR DAMAGES* 633 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Mkrtchyan, Narine) (Entered: 09/14/2023) |
|---|---|---|
| 09/12/2023 | 642 | Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Joel Gonzalez(individually). Motion set for hearing on 10/16/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order Proposed Order) (Heathcote, Tamara) (Entered: 09/12/2023) |
| 09/12/2023 | 641 | Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Kevin Pahel(as a peace officer). Motion set for hearing on 10/16/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Catherine Naltsas, # 2 Exhibit Exhibit A, # 3 Proposed Order Proposed Order) (Heathcote, Tamara) (Entered: 09/12/2023) |
| 09/12/2023 | 640 | Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Jameson Gotts(as a peace officer). Motion set for hearing on 10/16/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Catherine Naltsas, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Proposed Order Proposed Order) (Heathcote, Tamara) (Entered: 09/12/2023) |
| 09/12/2023 | 639 | Renewed NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Mark Borba(individually). Motion set for hearing on 10/16/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Catherine Naltsas, # 2 Exhibit Exhibit A, # 3 Proposed Order Proposed Order) (Heathcote, Tamara) (Entered: 09/12/2023) |
| 09/10/2023 | 638 | NOTICE OF FILING TRANSCRIPT filed for proceedings 7–18–23 Vol. 2, 2:14 p.m. (Direct Testimony of Dr. Midani and Dr. Raizadeh) re Transcript 637 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 09/10/2023) |
| 09/10/2023 | 637 | TRANSCRIPT for proceedings held on 7–18–23 Vol. 2, 2:14 p.m., (Direct Testimony of Dr. Midani and Dr. Raizadeh). Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/2/2023. Redacted Transcript Deadline set for 10/11/2023. Release of Transcript Restriction set for 12/11/2023. (Seffens, Sharon) (Entered: 09/10/2023) |
| 09/07/2023 | 636 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to AMEND *JUDGMENT OR NEW TRIAL FOR DAMAGES* 633 *DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE JUDGMENT, MOTION FOR NEW TRIAL; DECLARATION OF TAMARA HEATHCOTE; EXHIBITS* filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel, Chad Renegar. (Attachments: # 1 Exhibit A to Declaration of Tamara Heathcote, # 2 Exhibit B to Declaration of Tamara Heathcote, # 3 Exhibit C to Declaration of Tamara Heathcote, # 4 Exhibit D to Declaration of Tamara Heathcote, # 5 Exhibit E to Declaration of Tamara Heathcote)(Heathcote, Tamara) (Entered: 09/07/2023) |
| 09/07/2023 | 635 | MINUTES (IN CHAMBERS) ORDER DISMISSING AS MOOT PLAINTIFF'S APPLICATION TO ENFORCE SUBPOENAS 489 AND DEFENDANTS' MOTIONS IN LIMINE 489 491 492 493 494 495 496 497 498 499 500 501 502 504 505 506 510 by Judge David O. Carter. Before the Court is Plaintiff's Application to Enforce Trial Subpoenas ("Application") (Dkt. 489). Because the trial has passed, the Application is DENIED AS MOOT. Also before the Court are Motions in Limine (Dkts. 489, 491–502, 504–06, 510) filed by Defendants. Because the evidentiary matters raised by these motions were decided on the record throughout the course of the trial, the Motions are DENIED AS MOOT. (rolm) (Entered: 09/07/2023) |
| 08/28/2023 | 634 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to AMEND *JUDGMENT OR NEW TRIAL FOR DAMAGES* 633 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. Lacking Notice of Motion. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as |

| | | |
|---|---|---|
| | | the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 08/28/2023) |
| 08/28/2023 | 633 | NOTICE OF MOTION AND MOTION to AMEND *JUDGMENT OR NEW TRIAL FOR DAMAGES* filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 9/25/2023 at 08:30 AM before Judge David O. Carter. (Mkrtchyan, Narine) (Entered: 08/28/2023) |
| 08/28/2023 | 632 | OBJECTIONS to Notice of Lodging 630 *Defendants' Proposed Judgment on Special Verdicts* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/28/2023) |
| 08/28/2023 | 631 | NOTICE OF LODGING filed *PLAINTIFF'S PROPOSED JUDGMENT* re Generic Text Only Entry 622 (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 08/28/2023) |
| 08/25/2023 | 630 | NOTICE OF LODGING filed *RE PROPOSED JUDGMENT* re Generic Text Only Entry 622 (Attachments: # 1 Exhibit A – Proposed Judgment)(Heathcote, Tamara) (Entered: 08/25/2023) |
| 08/22/2023 | 629 | NOTICE OF FILING TRANSCRIPT filed for proceedings 7/14/2023, 9:12 a.m.; 7/17/2023, 9:20 a.m.; 7/18/2023, 8:42 a.m.; 7/20/2023, 8:47 a.m.; 7/21/2023, 8:42 a.m.; 7/24/2023, 8:44 a.m. re Transcript 627 , 626 , 625 , 624 , 628 , 623 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dhs) TEXT ONLY ENTRY (Entered: 08/22/2023) |
| 08/22/2023 | 628 | TRANSCRIPT DAY 7, VOL. I, for proceedings held on 7/24/2023 at 8:44 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 9/12/2023. Redacted Transcript Deadline set for 9/22/2023. Release of Transcript Restriction set for 11/20/2023. (dhs) (Entered: 08/22/2023) |
| 08/22/2023 | 627 | TRANSCRIPT DAY 6, VOL. I, for proceedings held on 7/21/2023 at 8:42 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 9/12/2023. Redacted Transcript Deadline set for 9/22/2023. Release of Transcript Restriction set for 11/20/2023. (dhs) (Entered: 08/22/2023) |
| 08/22/2023 | 626 | TRANSCRIPT DAY 5, VOL. I, for proceedings held on 7/20/2023 at 8:47 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 9/12/2023. Redacted Transcript Deadline set for 9/22/2023. Release of Transcript Restriction set for 11/20/2023. (dhs) (Entered: 08/22/2023) |
| 08/22/2023 | 625 | TRANSCRIPT DAY 4, VOL. I, for proceedings held on 7/18/2023 at 8:42 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 9/12/2023. Redacted Transcript Deadline set for 9/22/2023. Release of Transcript Restriction set for 11/20/2023. (dhs) (Entered: 08/22/2023) |
| 08/22/2023 | 624 | TRANSCRIPT DAY 3, VOL. I, for proceedings held on 7/17/2023 at 9:20 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. |

9-RenSER-01956　　　　　　　　　　　　　　　　　　　　　9-RenSER-01956

| | | |
|---|---|---|
| | | Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 9/12/2023. Redacted Transcript Deadline set for 9/22/2023. Release of Transcript Restriction set for 11/20/2023. (dhs) (Entered: 08/22/2023) |
| 08/22/2023 | 623 | TRANSCRIPT DAY 2, VOL. I, for proceedings held on 7/14/2023 at 9:12 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 9/12/2023. Redacted Transcript Deadline set for 9/22/2023. Release of Transcript Restriction set for 11/20/2023. (dhs) (Entered: 08/22/2023) |
| 08/22/2023 | 622 | SCHEDULING NOTICE AND ORDER by Judge David O. Carter: Counsel are DIRECTED to lodge proposed judgments by August 28, 2023 re Special Verdict 618 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 08/22/2023) |
| 08/17/2023 | 614 | NOTICE OF FILING TRANSCRIPT filed for proceedings 08/07/2023, Day 12, 1:23 p.m. and 08/08/2023, Day 13, Volume II, 12:56 p.m. re Transcript 612 , 613 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 08/17/2023) |
| 08/17/2023 | 613 | TRANSCRIPT for proceedings held on 08/08/2023, Day 13, Volume II, 12:56 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |
| 08/17/2023 | 612 | TRANSCRIPT for proceedings held on 08/07/2023, Day 12, 1:23 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |
| 08/17/2023 | 611 | NOTICE OF FILING TRANSCRIPT filed for proceedings 08/01/2023, Day 8, Volume II, 1:15 p.m.; 08/04/2023, Day 11, Volume II, 12:53 p.m.; 08/09/2023, Day 14, Volume II, 1:18 p.m.; August 10, 2023, Day 15, Volume II, 1:01 p.m. and August 15, 2023, Day 18, Volume II, 12:58 p.m. re Transcript 609 , 610 , 607 , 606 , 608 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 08/17/2023) |
| 08/17/2023 | 610 | TRANSCRIPT for proceedings held on 08/15/2023, Day 18, Volume II, 12:58 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |
| 08/17/2023 | 609 | TRANSCRIPT for proceedings held on 08/10/2023, Day 15, Volume II, 1:01 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |
| 08/17/2023 | 608 | TRANSCRIPT for proceedings held on 08/09/2023, Day 14, Volume II, 1:18 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |

| | | |
|---|---|---|
| 08/17/2023 | 607 | TRANSCRIPT for proceedings held on 08/04/2023, Day 11, Volume II, 12:53 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |
| 08/17/2023 | 606 | TRANSCRIPT for proceedings held on 08/01/2023, Volume II, 1:15 p.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/7/2023. Redacted Transcript Deadline set for 9/18/2023. Release of Transcript Restriction set for 11/15/2023. (dpa) (Entered: 08/17/2023) |
| 08/16/2023 | 621 | SEALED UNREDACTED SPECIAL VERDICT filed re: SPECIAL VERDICT 618 (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 620 | SEALED UNREDACTED JURY NOTES filed re: JURY NOTES 617 (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 619 | JURY INSTRUCTIONS (Given) by Judge David O. Carter. (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 618 | SPECIAL VERDICT (REDACTED) (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 617 | JURY NOTES (REDACTED) filed. (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 616 | LIST OF EXHIBITS AND WITNESSES at trial. (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 615 | MINUTES OF Jury Trial – 19th Day held and completed before Judge David O. Carter: Court instructs jury. Jury retires to deliberate. Verdict reached. Jury FINDS in favor of: plaintiff(s). Polling waived. Filed Witness and Exhibit Lists. Filed jury notes. Filed jury instructions. Clerk reviewed admitted exhibits with counsel to be submitted to the Jury/Court for deliberation/findings. Counsel stipulate to the return of exhibits upon the conclusion of trial. Exhibit Release Form prepared and filed. Other: The Court gives one additional instruction re transcripts is given to Jury. Jury Notes No. 1 and No. 2 received and resolved. Court Reporters: Deborah Parker and Sharon Seffens. (bm) (Entered: 08/18/2023) |
| 08/16/2023 | 603 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY PAHEL'S MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 599 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY GONZALEZ'S MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 601 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY GOTTS' MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 602 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY BORBA'S MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM 600 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 08/16/2023) |
| 08/15/2023 | 605 | MINUTES OF Jury Trial – Eighteenth Day held before Judge David O. Carter: Closing arguments made by plaintiff(s), defendant(s). Court instructs jury. Bailiff(s) sworn. Jury Trial continued to 8/16/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker and Sharon Seffens. (twdb) (Entered: 08/17/2023) |
| 08/15/2023 | 602 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY GOTTS' MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Jameson Gotts(as a peace officer). (Attachments: # 1 Exhibit) (Naltsas, Catherine) (Entered: 08/15/2023) |
| 08/15/2023 | 601 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY GONZALEZ'S MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Joel Gonzalez(individually). |

| | | |
|---|---|---|
| | | (Naltsas, Catherine) (Entered: 08/15/2023) |
| 08/15/2023 | 600 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY BORBA'S MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Mark Borba(individually). (Attachments: # 1 Exhibit A) (Naltsas, Catherine) (Entered: 08/15/2023) |
| 08/15/2023 | 599 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: DEPUTY PAHEL'S MOTION THAT QUALIFIED IMMUNITY APPLIES TO BAR LIABILITY FOR ANY ALLEGED EXCESSIVE FORCE CLAIM filed by Defendant Kevin Pahel(as a peace officer). (Attachments: # 1 Exhibit A) (Naltsas, Catherine) (Entered: 08/15/2023) |
| 08/14/2023 | 604 | MINUTES OF Jury Trial – Seventeenth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/15/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Court Smart and Sharon Seffens. (twdb) (Entered: 08/17/2023) |
| 08/14/2023 | 596 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas 592 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas 594 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas 593 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas 595 (Attachments: # 1 Proposed Order [PROPOSED] ORDER RE DEPUTY DEFENDANT JAMESON GOTTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, # 2 Proposed Order [PROPOSED] ORDER RE DEPUTY DEFENDANT KEVIN PAHELS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, # 3 Proposed Order [PROPOSED] ORDER RE DEPUTY DEFENDANT MARK BORBAS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, # 4 Proposed Order [PROPOSED] ORDER RE DEPUTY DEFENDANT JOEL GONZALEZS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW)(Harrell, S) (Entered: 08/14/2023) |
| 08/13/2023 | 595 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas filed by Defendant Joel Gonzalez(individually). (Attachments: # 1 Exhibit) (Naltsas, Catherine) (Entered: 08/13/2023) |
| 08/13/2023 | 594 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas filed by Defendant Mark Borba(individually). (Attachments: # 1 Exhibit) (Attorney Catherine A Naltsas added to party Mark Borba(pty:dft)) (Naltsas, Catherine) (Entered: 08/13/2023) |
| 08/13/2023 | 593 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas filed by Defendant Kevin Pahel(individually). (Attachments: # 1 Exhibit) (Naltsas, Catherine) (Entered: 08/13/2023) |
| 08/13/2023 | 592 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Memorandum of Points and Authorities in Support of Motion for Judgment as a Matter of Law; Declaration of Catherine Naltsas filed by Defendant Jameson Gotts(as a peace officer). (Attachments: # 1 Exhibit) (Naltsas, Catherine) (Entered: 08/13/2023) |
| 08/13/2023 | 591 | PROPOSED JURY INSTRUCTIONS (Joint set) filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/13/2023) |
| 08/13/2023 | 590 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Declaration) (Swiss, Christie) (Entered: 08/13/2023) |

| 08/13/2023 | 589 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Declaration) (Swiss, Christie) (Entered: 08/13/2023) |
| 08/13/2023 | 588 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Declaration) (Swiss, Christie) (Entered: 08/13/2023) |
| 08/12/2023 | 587 | OBJECTIONS to Jury Instructions (Proposed) 546 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/12/2023) |
| 08/11/2023 | 598 | MINUTES OF Jury Trial – Sixteenth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/14/2023 at 11:00 AM before Judge David O. Carter. Court Reporter: Court Smart, Deborah Parker, and Sharon Seffens. (twdb) (Entered: 08/15/2023) |
| 08/11/2023 | 586 | MINUTE ORDER (IN CHAMBERS): ORDER REGARDING PROPOSED JURY INSTRUCTIONS [540, 546] by Judge David O. Carter: A. Plaintiff's Jury Instruction 36 Bystander Liability: In light of this authority and the potential overlap with the instruction on conspiracy (discussed below), the parties are ORDERED to meet and confer and, by 12 p.m. PST on Sunday, August 13, 2023, jointly submit instructions that comport with the applicable law. C. Plaintiff's Jury Instruction 38 "Conspiracy": In light of the Court's ruling on Plaintiff's Jury Instruction 36, the parties ORDERED to meet and confer and, by 12 p.m. PST on Sunday, August 13, 2023, jointly submit instructions that comport with the applicable law. (see document for further information) (bm) (Entered: 08/11/2023) |
| 08/10/2023 | 597 | MINUTES OF Jury Trial – Fifteenth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/11/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Court Smart, Deborah Parker, and Sharon Seffens. (twdb) (Entered: 08/15/2023) |
| 08/09/2023 | 585 | MINUTES OF Jury Trial – 14th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/10/2023 at 8:30 AM. Court Reporters: Court Smart, Deborah Parker, and Sharon Seffens. (bm) (Entered: 08/11/2023) |
| 08/09/2023 | 581 | PROPOSED Questions to Jury on Issue of Qualified Immunity of Deputy Chad Renegar filed by Defendant Chad Renegar (Swiss, Christie) (Entered: 08/09/2023) |
| 08/09/2023 | 580 | TRIAL BRIEF *Regarding Questions to Jury – Qualified Immunity* filed by Defendant Chad Renegar(as a peace officer).. (Swiss, Christie) (Entered: 08/09/2023) |
| 08/09/2023 | 579 | *DEFENDANTS JOINT OBJECTIONS* re: Jury Instructions (Proposed) 540 (Wroniak, Michael) (Entered: 08/09/2023) |
| 08/08/2023 | 584 | MINUTES OF Jury Trial – 13th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/9/2023 at 8:30 AM. Court Reporters: Deborah Parker and Sharon Seffens. (bm) (Entered: 08/11/2023) |
| 08/07/2023 | 583 | MINUTES OF Jury Trial – 12th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/8/2023 at 8:30 AM. Court Reporter: Deborah Parker, and Court Smart. (bm) (Entered: 08/11/2023) |
| 08/04/2023 | 582 | MINUTES OF Jury Trial – 11th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Plaintiff(s) rest. Jury Trial continued to 8/7/2023 at 1:00 PM. Court Reporters: Deborah Parker and Sharon Seffens. (bm) (Entered: 08/11/2023) |
| 08/03/2023 | 578 | MINUTES OF Jury Trial – 10th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/4/2023 at 8:30 AM. Court Reporter: Court Smart, Deborah Parker, and Sharon Seffens. (bm) (Entered: 08/07/2023) |
| 08/03/2023 | 576 | NOTICE OF FILING TRANSCRIPT filed for proceedings 08/17/2021, D1VII, 1:35 p.m.; 08/19/2021, D3VI, 9:13 a.m.; 08/20/2021, D4VI, 9:42 a.m.; 08/24/2021, D6VII,10:02 a.m.; 08/26/2021, D8VII, 10:55 a.m.; 08/31/2021, D10VII,10:23 a.m.; 08/31/2021, D10VII,10:23 a.m.; 08/31/2021, D10VIV, 2:40 p.m.; 09/01/2021, D11VII, 10:39 a.m.; 09/01/2021, D11VIV, 3:16 p.m.; 09/02/2021, D12VIII, 11:01 a.m.; 08/18/2021, D2VIII, 11:06 a.m. and 08/18/2021, D2VV, 3:49 p.m. re Transcript 566 , 570 , 564 , 568 , 565 , 572 , 571 , 569 , 573 , 574 , 567 , 575 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 08/03/2023) |
| 08/03/2023 | 575 | TRANSCRIPT for proceedings held on 08/18/2021,D2VV, 3:49 p.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court |

|  |  |  |
|---|---|---|
|  |  | public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 574 | TRANSCRIPT for proceedings held on 08/18/2021, Day2VIII, 11:06 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 573 | TRANSCRIPT for proceedings held on 09/02/2021, D12VIII, 11:01 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 572 | TRANSCRIPT for proceedings held on 09/01/2021, D11VIV, 3:16 p.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 571 | TRANSCRIPT for proceedings held on 09–01–2021, D11VII, 10:39 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 570 | TRANSCRIPT for proceedings held on 08/31/2021, D10,VoIIV,2:40 p.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 569 | TRANSCRIPT for proceedings held on 08/31/2021, D10VII, 10:23 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 568 | TRANSCRIPT for proceedings held on 08/26/2021, D8VII, 10:55 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 567 | TRANSCRIPT for proceedings held on 08/24/2021, D6VII, 10:02 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted |

| | | Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
|---|---|---|
| 08/03/2023 | 566 | TRANSCRIPT for proceedings held on 08/20/2021, D4VI, 9:42 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 565 | TRANSCRIPT for proceedings held on 08/19/2021, D3VI, 9:13 a.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/03/2023 | 564 | TRANSCRIPT for proceedings held on 08/17/2021, D1VII,1:35 p.m. Court Reporter: Deborah D. Parker, CSR 103432, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (dpa) (Entered: 08/03/2023) |
| 08/02/2023 | 577 | MINUTES OF Jury Trial – 9th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/3/2023 at 8:30 AM. Court Reporter: Court Smart, Deborah Parker, and Sharon Seffens. (bm) (Entered: 08/07/2023) |
| 08/01/2023 | 563 | MINUTES OF Jury Trial – Eight Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/2/2023 at 08:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker and Sharon Seffens. (twdb) (Entered: 08/02/2023) |
| 07/31/2023 | 562 | OPPOSITION filed by Defendant Chad Renegar. (Attachments: # 1 Declaration OF MICHAEL L. WRONIAK IN SUPPORT OF DEFENDANTS JOINT OPPOSITION TO PLAINTIFFS TRIAL BRIEF ON IMPEACHMENT EVIDENCE)(Wroniak, Michael) (Entered: 07/31/2023) |
| 07/27/2023 | 561 | TRIAL BRIEF *Admission of Deposition Testimony* filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mkrtchyan, Narine) (Entered: 07/27/2023) |
| 07/24/2023 | 560 | MINUTES OF Jury Trial – 7th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/1/2023 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan and Sharon Seffens. (rolm) (Entered: 07/26/2023) |
| 07/21/2023 | 559 | MINUTES OF Jury Trial – Sixth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 7/24/2023 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan and Sharon Seffens. (rolm) (Entered: 07/25/2023) |
| 07/20/2023 | 558 | MINUTES OF Jury Trial – Fifth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 7/21/2023 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan and Sharon Seffens. (rolm) (Entered: 07/24/2023) |
| 07/18/2023 | 557 | MINUTES OF Jury Trial – Fourth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 7/20/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan and Sharon Seffens. (twdb) (Entered: 07/19/2023) |
| 07/17/2023 | 556 | MINUTES OF Jury Trial – Third Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 7/18/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan and Sharon Seffens. (twdb) (Entered: 07/18/2023) |

| 07/15/2023 | 553 | NOTICE OF FILING TRANSCRIPT filed for proceedings 7−13−23 5:45 p.m. (Motions In−Limine) re Transcript 552 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 07/15/2023) |
|---|---|---|
| 07/15/2023 | 552 | TRANSCRIPT for proceedings held on 7−13−23 5:45 p.m. (Motions In−Limine). Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/7/2023. Redacted Transcript Deadline set for 8/15/2023. Release of Transcript Restriction set for 10/13/2023. (Seffens, Sharon) (Entered: 07/15/2023) |
| 07/14/2023 | 555 | MINUTES OF Jury Trial − Second Day held before Judge David O. Carter: Opening statements made. Jury Trial continued to 7/17/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino−Spaan and Court Smart. (twdb) (Entered: 07/17/2023) |
| 07/13/2023 | 554 | MINUTES OF Jury Trial − First Day held before Judge David O. Carter: Jury impaneled and sworn. Jury Trial continued to 7/14/2023 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino−Spaan and Sharon Seffens. (twdb) (Entered: 07/17/2023) |
| 07/13/2023 | 551 | REQUEST for Order for DEFENDANTS REQUEST FOR ORDER REQUIRING THE VETERAN'S ADMINISTRATION RECORDS RE JEREMY HOLLOWAY − [PROPOSED] ORDER filed by DEFENDANTS REQUEST FOR ORDER REQUIRING THE VETERAN'S ADMINISTRATION RECORDS RE JEREMY HOLLOWAY − [PROPOSED] ORDER Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(individually). (Heathcote, Tamara) (Entered: 07/13/2023) |
| 07/10/2023 | 550 | Witness List filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 07/10/2023) |
| 07/10/2023 | 549 | JOINT AMENDED Exhibit List filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 07/10/2023) |
| 07/06/2023 | 548 | STATEMENT DEFENDANTS' JOINT [PROPOSED] STATEMENT OF THE CASE FOR THIRD TRIAL filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel *DEFENDANTS' JOINT [PROPOSED] STATEMENT OF THE CASE FOR THIRD TRIAL* (Heathcote, Tamara) (Entered: 07/06/2023) |
| 07/06/2023 | 547 | PROPOSED DEFENDANTS' JOINT [PROPOSED] SPECIAL VERDICT FORM JURY VERDICT filed by DEFENDANTS' JOINT [PROPOSED] SPECIAL VERDICT FORM Mark Borba(as a peace officer), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually). (Heathcote, Tamara) (Entered: 07/06/2023) |
| 07/06/2023 | 546 | PROPOSED JURY INSTRUCTIONS filed by DEFENDANTS' JOINT [PROPOSED] JURY INSTRUCTIONS Mark Borba(as a peace officer), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(as a peace officer).. (Heathcote, Tamara) (Entered: 07/06/2023) |
| 07/05/2023 | 545 | Witness List filed by DEFENDANTS' FIRST AMENDED [PROPOSED] JOINT WITNESS LIST; ATTESTATION OF COUNSEL [FOR THIRD TRIAL] Mark Borba(as a peace officer), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(as a peace officer).. (Heathcote, Tamara) (Entered: 07/05/2023) |
| 07/05/2023 | 544 | DEFENDANTS' [PROPOSED] JOINT EXHIBIT LIST Exhibit List *DEFENDANTS' [PROPOSED] JOINT EXHIBIT LIST FOR THIRD TRIAL* filed by DEFENDANTS Mark Borba(as a peace officer), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(individually).. (Heathcote, Tamara) (Entered: 07/05/2023) |
| 07/03/2023 | 543 | ORDER by Judge David O. Carter: Granting 538 APPLICATION to File Documents Under Seal 538 . (twdb) (Entered: 07/03/2023) |
| 06/29/2023 | 542 | REQUEST FOR JUDICIAL NOTICE *DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AT TRIAL* filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30)(Attorney Catherine A Naltsas added to party Kevin Pahel(pty:dft))(Naltsas, Catherine) (Entered: 06/29/2023) |

9-RenSER-01963          9-RenSER-01963

| 06/29/2023 | 541 | PROPOSED Special JURY VERDICT filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/29/2023) |
|---|---|---|
| 06/28/2023 | 540 | PROPOSED JURY INSTRUCTIONS filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 06/28/2023) |
| 06/28/2023 | 539 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibit E to Plaintiff's Trial Brief* under seal 538 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Unredacted Document Exhibit E to Plaintiff's Trial Brief)(Mkrtchyan, Narine) (Entered: 06/28/2023) |
| 06/28/2023 | 538 | APPLICATION to file document *Exhibit E to Plaintiff's Trial Brief* under seal filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 06/28/2023) |
| 06/28/2023 | 537 | TRIAL BRIEF filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Mkrtchyan, Narine) (Entered: 06/28/2023) |
| 06/22/2023 | 536 | MEMORANDUM in Opposition to MOTION IN LIMINE 3 to Exclude 911 tapes 510 *DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE 911 CALLS TO DISPATCH AS MULTIPLE LAYERS OF HEARSAY, MORE PREJUDICIAL THAN PROBATIVE TO ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES* filed by Defendants Brandon Billinger, Mark Borba, Joel Gonzalez, Kevin Pahel. (Heathcote, Tamara) (Entered: 06/22/2023) |
| 06/22/2023 | 535 | MEMORANDUM in Opposition to MOTION IN LIMINE 1 to Exclude Plaintiff's criminal record history 505 *DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. ONE – TO SANITIZE HIS FELONY CONVICTION & EXCLUDE UNDERLYING FACTS, SENTENCE, PROBATION TERMS & CONDITIONS AS MORE PREJUDICIAL THAN PROBATIVE* filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Attachments: # 1 Exhibit A to Opposition to Plaintiff's MIL No. One)(Heathcote, Tamara) (Entered: 06/22/2023) |
| 06/22/2023 | 534 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12/7/2022 at 10:08 a.m.; 12/7/2022 at 1:32 p.m.; 12/9/2022 at 1:11 p.m.; 12/13/2022 at 9:18 a.m.; 12/14/2022 at 9:24 a.m.; 12/15/2022 at 9:57 a.m.; 12/16/2022 at 9:31 a.m. re Transcript 531 , 533 , 530 , 527 , 528 , 532 , 529 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dhs) TEXT ONLY ENTRY (Entered: 06/22/2023) |
| 06/22/2023 | 533 | TRANSCRIPT DAY 9, for proceedings held on 12/16/2022 at 9:31 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 532 | TRANSCRIPT DAY 8, VOL. 2, for proceedings held on 12/15/2022 at 9:57 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 531 | TRANSCRIPT DAY 7, VOL. 3, for proceedings held on 12/14/2022 at 9:24 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |

| | | |
|---|---|---|
| 06/22/2023 | 530 | TRANSCRIPT DAY 6, VOL. 2, for proceedings held on 12/13/2022 at 9:18 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 529 | TRANSCRIPT DAY 4, VOL. 2, for proceedings held on 12/9/2022 at 1:11 p.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 528 | TRANSCRIPT DAY 2, VOL. 4, for proceedings held on 12/7/2022 at 1:32 p.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 527 | TRANSCRIPT DAY 2, VOL. 2, for proceedings held on 12/7/2022 at 10:08 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 526 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8/20/2021 at 1:03 p.m.; 8/23/2021 at 11:07 a.m.; 8/24/2021 at 4:05 p.m.; 8/27/2021 at 10:05 a.m. re Transcript 523 , 525 , 522 , 524 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dhs) TEXT ONLY ENTRY (Entered: 06/22/2023) |
| 06/22/2023 | 525 | TRANSCRIPT DAY 9, VOL. 2, for proceedings held on 8/27/2021 at 10:05 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 524 | TRANSCRIPT DAY 6, VOL. 7, for proceedings held on 8/24/2021 at 4:05 p.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |

| | | |
|---|---|---|
| 06/22/2023 | 523 | TRANSCRIPT DAY 5, VOL. 2, for proceedings held on 8/23/2021 at 11:07 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 522 | TRANSCRIPT DAY 4, VOL. 2, for proceedings held on 8/20/2021 at 1:03 p.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO–SPAAN at: WEBSITE www.debbiehinospaan.com; E–mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (dhs) (Entered: 06/22/2023) |
| 06/22/2023 | 521 | OPPOSITION Opposition re: MOTION IN LIMINE #13 to Exclude Evidence, Arguments or Reference to Deputy Renegar's Personnel Records or other Use of Force Incident 493 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 520 | OPPOSITION Opposition re: MOTION IN LIMINE #12 to Preclude IMPROPER ARGUMENT RE: DAVID V. GOLIATH 504 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 519 | OPPOSITION Opposition re: MOTION IN LIMINE #10 to Admit EVIDENCE OF PLAINTIFFS ALTERNATIVE STRESSORS 502 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 518 | OPPOSITION Opposition re: MOTION IN LIMINE #9 to Exclude ANY REFERENCE TO THE FACT THERE WERE PREVIOUS TRIALS IN THIS MATTER 501 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 517 | OPPOSITION Opposition re: MOTION IN LIMINE #8 to Exclude ANY NEWS OR MEDIA REGARDING THE INCIDENT, OTHER USE OF FORCE INCIDENTS OR THE ORANGE COUNTY SHERIFFS DEPARTMENT 500 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 516 | OPPOSITION Opposition re: MOTION IN LIMINE #7 to Exclude EVIDENCE OR ARGUMENT RE: INDEMNITY, COMMENT BY CHIEF WALTERS 499 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 515 | OPPOSITION Opposition re: MOTION IN LIMINE #6 to Exclude TESTIMONY AND OPINIONS REGARDING THE POST–INCIDENT INVESTIGATION BEING DEFICIENT OR NEGLIGENT 498 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 514 | OPPOSITION Opposition re: MOTION IN LIMINE #5 to Exclude EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL 497 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 513 | OPPOSITION Opposition re: MOTION IN LIMINE #3 to Exclude REFERENCE TO AND EVIDENCE OF THE DEFENDANTS DEPUTIES OTHER USES OF FORCE 496 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 512 | OPPOSITION Opposition re: MOTION IN LIMINE #2 to Exclude REFERENCES, ARGUMENT OR EVIDENCE OF PERSONNEL RECORDS AND/OR OTHER INADMISSIBLE BAD ACTS EVIDENCE 495 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |
| 06/22/2023 | 511 | OPPOSITION Opposition re: MOTION IN LIMINE #1 to Exclude EVIDENCE, ARGUMENT, OR EXPERT OPINION REGARDING ORANGE COUNTY SHERIFFS DEPARTMENTS INTERNAL POLICIES OR P.O.S.T. LEARNING DOMAINS; DECLARATION IN SUPPORT 494 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/22/2023) |

9-RenSER-01966      9-RenSER-01966

| 06/21/2023 | 510 | NOTICE OF MOTION AND MOTION IN LIMINE 3 to Exclude 911 tapes filed by Plaintiff Jeremy Holloway. Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 06/21/2023) |
|---|---|---|
| 06/21/2023 | 509 | NOTICE OF LODGING filed *IN RE PROPOSED ORDERS GRANTING DEFENDANTS' MOTIONS IN LIMINE NUMBERS 1, 2, 3, 5, 6, 7, 8, 9, 10, 12* re MOTION IN LIMINE #8 to Exclude ANY NEWS OR MEDIA REGARDING THE INCIDENT, OTHER USE OF FORCE INCIDENTS OR THE ORANGE COUNTY SHERIFFS DEPARTMENT 500 , MOTION IN LIMINE #12 to Preclude IMPROPER ARGUMENT RE: DAVID V. GOLIATH 504 , MOTION IN LIMINE #1 to Exclude EVIDENCE, ARGUMENT, OR EXPERT OPINION REGARDING ORANGE COUNTY SHERIFFS DEPARTMENTS INTERNAL POLICIES OR P.O.S.T. LEARNING DOMAINS; DECLARATION IN SUPPORT 494 , MOTION IN LIMINE #3 to Exclude REFERENCE TO AND EVIDENCE OF THE DEFENDANTS DEPUTIES OTHER USES OF FORCE 496 , MOTION IN LIMINE #7 to Exclude EVIDENCE OR ARGUMENT RE: INDEMNITY, COMMENT BY CHIEF WALTERS 499 , MOTION IN LIMINE #5 to Exclude EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL 497 , MOTION IN LIMINE #2 to Exclude REFERENCES, ARGUMENT OR EVIDENCE OF PERSONNEL RECORDS AND/OR OTHER INADMISSIBLE BAD ACTS EVIDENCE 495 , MOTION IN LIMINE #9 to Exclude ANY REFERENCE TO THE FACT THERE WERE PREVIOUS TRIALS IN THIS MATTER 501 , MOTION IN LIMINE #10 to Admit EVIDENCE OF PLAINTIFFS ALTERNATIVE STRESSORS 502 , MOTION IN LIMINE #6 to Exclude TESTIMONY AND OPINIONS REGARDING THE POST–INCIDENT INVESTIGATION BEING DEFICIENT OR NEGLIGENT 498 , Request for Judicial Notice, 503 (Attachments: # 1 Exhibit A – Proposed Order Granting MIL #1, # 2 Exhibit B – Proposed Order Granting MIL #2, # 3 Exhibit C – Proposed Order Granting MIL #3, # 4 Exhibit D – Proposed Order Granting MIL #5, # 5 Exhibit E – Proposed Order Granting MIL #6, # 6 Exhibit F – Proposed Order Granting MIL #7, # 7 Exhibit G – Proposed Order Granting MIL #8, # 8 Exhibit H – Proposed Order Granting MIL #9, # 9 Exhibit I – Proposed Order Granting MIL #10, # 10 Exhibit J – Proposed Order Granting MIL #12)(Heathcote, Tamara) (Entered: 06/21/2023) |
| 06/21/2023 | 508 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #11 to Exclude Testimony, Argument or Evidence that Plaintiff was or is Experiencing Homelessness 492 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/21/2023) |
| 06/21/2023 | 507 | OPPOSITION Opposition re: MOTION IN LIMINE #4 to Exclude Evidence, Argument or Reference to Criminal Matter of People v. Renegar Case No. 21CF0438 491 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A)(Mkrtchyan, Narine) (Entered: 06/21/2023) |
| 06/21/2023 | 506 | NOTICE OF MOTION AND MOTION IN LIMINE 2 to Permit medical providers testify remotely filed by Plaintiff Jeremy Holloway. Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 06/21/2023) |
| 06/21/2023 | 505 | NOTICE OF MOTION AND MOTION IN LIMINE 1 to Exclude Plaintiff's criminal record history filed by Plaintiff Jeremy Holloway. Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 06/21/2023) |
| 06/20/2023 | 504 | NOTICE OF MOTION AND MOTION IN LIMINE #12 to Preclude IMPROPER ARGUMENT RE: DAVID V. GOLIATH filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #12 Exhibit A)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 503 | REQUEST FOR JUDICIAL NOTICE re MOTION IN LIMINE #10 to Admit EVIDENCE OF PLAINTIFFS ALTERNATIVE STRESSORS 502 *WITH EXHIBITS A–G* filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 502 | NOTICE OF MOTION AND MOTION IN LIMINE #10 to Admit EVIDENCE OF PLAINTIFFS ALTERNATIVE STRESSORS filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #10 Exhibits A–D)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 501 | NOTICE OF MOTION AND MOTION IN LIMINE #9 to Exclude ANY REFERENCE TO THE FACT THERE WERE PREVIOUS TRIALS IN THIS MATTER filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. |

9-RenSER-01967                                         9-RenSER-01967

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit MIL #9 Exhibit A)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 500 | NOTICE OF MOTION AND MOTION IN LIMINE #8 to Exclude ANY NEWS OR MEDIA REGARDING THE INCIDENT, OTHER USE OF FORCE INCIDENTS OR THE ORANGE COUNTY SHERIFFS DEPARTMENT filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #8 Exhibit A)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 499 | NOTICE OF MOTION AND MOTION IN LIMINE #7 to Exclude EVIDENCE OR ARGUMENT RE: INDEMNITY, COMMENT BY CHIEF WALTERS filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #7 Exhibit A)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 498 | NOTICE OF MOTION AND MOTION IN LIMINE #6 to Exclude TESTIMONY AND OPINIONS REGARDING THE POST–INCIDENT INVESTIGATION BEING DEFICIENT OR NEGLIGENT filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #6 Exhibit A, # 2 Exhibit MIL #6 Exhibit B)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 497 | NOTICE OF MOTION AND MOTION IN LIMINE #5 to Exclude EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #5 Exhibits A–B)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 496 | NOTICE OF MOTION AND MOTION IN LIMINE #3 to Exclude REFERENCE TO AND EVIDENCE OF THE DEFENDANTS DEPUTIES OTHER USES OF FORCE filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #3 Exhibits A–B)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 495 | NOTICE OF MOTION AND MOTION IN LIMINE #2 to Exclude REFERENCES, ARGUMENT OR EVIDENCE OF PERSONNEL RECORDS AND/OR OTHER INADMISSIBLE BAD ACTS EVIDENCE filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #2 Exhibits A–B)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 494 | NOTICE OF MOTION AND MOTION IN LIMINE #1 to Exclude EVIDENCE, ARGUMENT, OR EXPERT OPINION REGARDING ORANGE COUNTY SHERIFFS DEPARTMENTS INTERNAL POLICIES OR P.O.S.T. LEARNING DOMAINS; DECLARATION IN SUPPORT filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibits A–B)(Heathcote, Tamara) (Entered: 06/20/2023) |
| 06/20/2023 | 493 | NOTICE OF MOTION AND MOTION IN LIMINE #13 to Exclude Evidence, Arguments or Reference to Deputy Renegar's Personnel Records or other Use of Force Incident filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order)(Swiss, Christie) (Entered: 06/20/2023) |
| 06/20/2023 | 492 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #11 to Exclude Testimony, Argument or Evidence that Plaintiff was or is Experiencing Homelessness filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 06/20/2023) |
| 06/20/2023 | 491 | NOTICE OF MOTION AND MOTION IN LIMINE #4 to Exclude Evidence, Argument or Reference to Criminal Matter of People v. Renegar Case No. 21CF0438 filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 7/13/2023 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 06/20/2023) |

| 06/15/2023 | 490 | MINUTE ORDER (IN CHAMBERS): ORDER ADVANCING TRIAL PROCEEDINGS by Judge David O. Carter: On the Court's own motion, trial proceedings for this case are ADVANCED to July 13, 2023 at 8:30 AM. Counsel is ordered to appear July 13, 2023 at 8:30 AM for jury selection and opening statements ONLY. Trial will resume July 18, 2023 at 8:00 AM for witness testimony. Please refer to section 3 of the Court's INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER (Dkt. 8). (bm) (Entered: 06/20/2023) |
|---|---|---|
| 06/05/2023 | 489 | APPLICATION to Enforce Trial Subpoenas Properly Served for the Rescheduled Trial Date filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 06/05/2023) |
| 06/02/2023 | 488 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Denying 487 Ex Parte APPLICATION to Set Trial Date on 11/28/23. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 06/02/2023) |
| 05/31/2023 | 487 | EX PARTE APPLICATION to Set Trial Date on 11/28/2023 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Affidavit Declaration of Kamshad Raiszadeh, # 2 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 05/31/2023) |
| 05/25/2023 | 486 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Denying 482 REQUEST to Continue Trial. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/25/2023) |
| 05/24/2023 | 485 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12–8–22 Vol. 3 1:04 p.m.; 12–9–22 Vol. 1 7:56 a.m. re Transcript 484 , 483 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 05/24/2023) |
| 05/24/2023 | 484 | TRANSCRIPT for proceedings held on 12–9–22 Vol. 1 7:56 a.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/14/2023. Redacted Transcript Deadline set for 6/26/2023. Release of Transcript Restriction set for 8/22/2023. (Seffens, Sharon) (Entered: 05/24/2023) |
| 05/24/2023 | 483 | TRANSCRIPT for proceedings held on 12–8–22 Vol. 3 1:04 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/14/2023. Redacted Transcript Deadline set for 6/26/2023. Release of Transcript Restriction set for 8/22/2023. (Seffens, Sharon) (Entered: 05/24/2023) |
| 05/22/2023 | 482 | REQUEST to Continue Trial from July 18, 2023 to November 28, 2023 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 05/22/2023) |
| 04/13/2023 | 481 | Notice of Appearance or Withdrawal of Counsel: for attorney Catherine A Naltsas counsel for Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. Adding Catherine A. Naltsas as counsel of record for Joel Gonzalez, Kevin Pahel, Mark Borba, Jameson Gotts for the reason indicated in the G–123 Notice. Filed by Defendants Joel Gonzalez, Kevin Pahel, Mark Borba, Jameson Gotts. (Attorney Catherine A Naltsas added to party Mark Borba(pty:dft), Attorney Catherine A Naltsas added to party Joel Gonzalez(pty:dft), Attorney Catherine A Naltsas added to party Jameson Gotts(pty:dft), Attorney Catherine A Naltsas added to party Kevin Pahel(pty:dft))(Naltsas, Catherine) (Entered: 04/13/2023) |
| 01/30/2023 | 479 | ORDER by District Judge David O. Carter DENYING REQUEST 361 and APPLICATION 388 as moot. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 01/30/2023) |
| 01/03/2023 | 478 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: ORDER SETTING TIME LIMITS AT TRIAL. The Court hereby SETS a time limit of 31 hours per side for trial testimony (not including jury selection, opening statements, or closing arguments) to be allocated as follows: SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 01/04/2023) |
| 12/27/2022 | 476 | TRANSCRIPT ORDER as to PLAINTIFF Jeremy Holloway for Court Smart (CS). Court will contact Narine Mkrtchyan at narine56@msn.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Mkrtchyan, Narine) (Entered: 12/27/2022) |

9-RenSER-01969                                        9-RenSER-01969

| 12/27/2022 | 475 | TRANSCRIPT ORDER as to PLAINTIFF Jeremy Holloway for Court Smart (CS). Court will contact Narine Mkrtchyan at narine56@msn.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Mkrtchyan, Narine) (Entered: 12/27/2022) |
|---|---|---|
| 12/27/2022 | 474 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (G–120), 472 . The following error(s) was found: THE G–120 TRANSCRIPT ORDER FORM IS BLANK. PLEASE BE SURE TO PRINT TO PDF BEFORE YOU SAVE AND E–FILE IT TO THE CASE DOCKET. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 12/27/2022) |
| 12/26/2022 | 477 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (G–120), 473 . The following error(s) was found: The G–120 TRANSCRIPT FORM THAT WAS E–FILED is BLANK. PLEASE RESUBMIT. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ss) TEXT ONLY ENTRY (Entered: 12/27/2022) |
| 12/26/2022 | 473 | TRANSCRIPT ORDER as to PLAINTIFF Jeremy Holloway for Court Smart (CS). Court will contact Narine Mkrtchyan at narine56@msn.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Mkrtchyan, Narine) (Entered: 12/26/2022) |
| 12/26/2022 | 472 | TRANSCRIPT ORDER as to PLAINTIFF Jeremy Holloway for Court Smart (CS). Court will contact Narine Mkrtchyan at narine56@msn.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Mkrtchyan, Narine) (Entered: 12/26/2022) |
| 12/19/2022 | 471 | MINUTES OF STATUS CONFERENCE held before Judge David O. Carter. Retrial set for July 18, 2023 at 8:30 AM. The Court reserving discretion to advance or continue the trial by one week. Court Reporter: Debbie Hino–Spaan. (lom) (Entered: 12/20/2022) |
| 12/19/2022 | 470 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12/15/2022, 8:00 a.m. re Transcript 469 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ls) TEXT ONLY ENTRY (Entered: 12/19/2022) |
| 12/19/2022 | 469 | TRANSCRIPT for proceedings held on 12/15/2022, 8:00 a.m. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC., phone number (858)453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/9/2023. Redacted Transcript Deadline set for 1/19/2023. Release of Transcript Restriction set for 3/20/2023. (ls) (Entered: 12/19/2022) |
| 12/16/2022 | 480 | AMENDED MINUTES held before Judge David O. Carter: Completed by jury verdict/submitted to court. re: Jury Trial 468 . The Court GRANTS defendants' motion for mistrial. All jurors are excused. ( Status Conference set for 12/19/2023 at 02:00 PM before Judge David O. Carter.) SEE DOCUMENT FOR FURTHER INFORMATION. **AMENDED 3/6/23*** (twdb) (Entered: 03/06/2023) |
| 12/16/2022 | 468 | MINUTES OF Jury Trial – 9th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Motion for mistrial by Defendants is granted. Jury Trial set for 12/19/2022 02:00 PM before Judge David O. Carter. The Court GRANTS defendants' motion for mistrial. All jurors are excused. Court Reporter: Debbie Hino–Spaan. (rolm) (Entered: 12/16/2022) |
| 12/16/2022 | 466 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12/07/2022 VOL. I, 12/14/2022 VOL. I, 12/14/2022 VOL. V. re Transcript 464 , 463 , 465 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ls) TEXT ONLY ENTRY (Entered: 12/16/2022) |
| 12/16/2022 | 465 | TRANSCRIPT for proceedings held on 12/14/2022 (4:36 p.m. to 4:42 p.m.) JURY TRIAL DAY 7, VOL. V. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/6/2023. Redacted Transcript Deadline set for 1/17/2023. Release of Transcript Restriction set for 3/16/2023. (ls) (Entered: 12/16/2022) |

| | | |
|---|---|---|
| 12/16/2022 | 464 | TRANSCRIPT for proceedings held on 12/14/2022 (7:33 a.m. to 8:05 a.m.) JURY TRIAL DAY 7, VOL. I. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/6/2023. Redacted Transcript Deadline set for 1/17/2023. Release of Transcript Restriction set for 3/16/2023. (ls) (Entered: 12/16/2022) |
| 12/16/2022 | 463 | TRANSCRIPT for proceedings held on 12/07/2022 (8:23 a.m. to 9:45 a.m.) JURY TRIAL DAY 2, VOL. I. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/6/2023. Redacted Transcript Deadline set for 1/17/2023. Release of Transcript Restriction set for 3/16/2023. (ls) (Entered: 12/16/2022) |
| 12/16/2022 | 462 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer) for Court Smart (CS). Court will contact Stephanie Lizarraga at slizarraga@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Heathcote, Tamara) (Entered: 12/16/2022) |
| 12/16/2022 | 461 | MINUTES (IN CHAMBERS) ORDER RE EVIDENTIARY MOTIONS AT TRIAL by Judge David O. Carter. Until Defendants can cite to specific testimony or evidence that highlights the issue of emotional damages before the jury, other than evidence within Exhibits 22 and 26, the Court maintains its prior ruling and precludes the events Defendants presented on the record as alternative stressors, pursuant to Federal Rule of Evidence 403. See Order re Pretrial Motions (Dkt. 414) at 5. Additionally, the Court receives portions of exhibit 34 into evidence, finding them more probative then prejudicial. In particular, the Court receives the letter dated May 13, 2018, from Stewart Rawlings on P12, and the letter dated July 4, 2018, from Sheryl Dubsky. (rolm) (Entered: 12/16/2022) |
| 12/15/2022 | 467 | MINUTES OF Jury Trial – 8th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial set for 12/16/2022 09:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan/Debbie Gale. (rolm) (Entered: 12/16/2022) |
| 12/15/2022 | 460 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12–06–2022, 10:01AM re Transcript 459 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jmo) TEXT ONLY ENTRY (Entered: 12/16/2022) |
| 12/15/2022 | 459 | TRANSCRIPT for proceedings held on 12–06–2022, 10:01AM. Court Reporter/Electronic Court Recorder: ECHO REPORTING, INC, phone number (858) 453–7590. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/5/2023. Redacted Transcript Deadline set for 1/17/2023. Release of Transcript Restriction set for 3/15/2023. (jmo) Modified on 12/16/2022 (jmo). (Entered: 12/16/2022) |
| 12/15/2022 | 455 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer) for Court Smart (CS). Court will contact Stephanie Lizarraga at slizarraga@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Heathcote, Tamara) (Entered: 12/15/2022) |
| 12/14/2022 | 458 | MINUTES OF Jury Trial – Seventh Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/15/2022 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan / Miriam Baird. (twdb) (Entered: 12/15/2022) |
| 12/14/2022 | 453 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12/8/2022 9:53 a.m. JURY TRIAL DAY 3, VOL. II re Transcript 452 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (apr) TEXT ONLY ENTRY (Entered: 12/14/2022) |
| 12/14/2022 | 452 | TRANSCRIPT for proceedings held on 12/8/2022 9:53 a.m. JURY TRIAL DAY 3, VOL. II. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC, phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/4/2023. Redacted Transcript Deadline set for 1/17/2023. Release of |

| | | |
|---|---|---|
| | | Transcript Restriction set for 3/14/2023. (apr) (Entered: 12/14/2022) |
| 12/13/2022 | 457 | MINUTES OF Jury Trial – sixth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/14/2022 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan / Debbie Gale. (twdb) (Entered: 12/15/2022) |
| 12/13/2022 | 451 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer) for Court Smart (CS). Court will contact Stephanie Lizarraga at slizarraga@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Heathcote, Tamara) (Entered: 12/13/2022) |
| 12/13/2022 | 449 | TRIAL BRIEF *Jointly Submitted by Defendants as* filed by Defendants Gonzalez, Pahel, Borba, and Gotts, jointly with Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 12/13/2022) |
| 12/12/2022 | 456 | MINUTES OF Jury Trial – Fifth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Jury Trial continued to 12/13/2022 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan / Debbie Gale. (twdb) (Entered: 12/15/2022) |
| 12/12/2022 | 448 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer) for Court Smart (CS). Court will contact Stephanie Lizarraga at slizarraga@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Heathcote, Tamara) (Entered: 12/12/2022) |
| 12/09/2022 | 454 | MINUTES OF Jury Trial – Fourth Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/12/2022 at 12:00 PM before Judge David O. Carter. Court Reporter: Debbie–Hino Spaan / Sharon Seffens. (twdb) (Entered: 12/14/2022) |
| 12/08/2022 | 450 | MINUTES OF Jury Trial – Third Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/9/2022 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Court Smart. (twdb) (Entered: 12/13/2022) |
| 12/08/2022 | 447 | TRIAL BRIEF *re Admissibility of Extrinsic Witness Testimony from Underlying Criminal Matter Entitled People v. Chad Renegar, Case No. 21CF0438* filed by Defendant Chad Renegar(as a peace officer).. (Swiss, Christie) (Entered: 12/08/2022) |
| 12/07/2022 | 446 | MINUTES OF Jury Trial – Second Day held before Judge David O. Carter: Jury impaneled and sworn. Opening statements made. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/8/2022 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale/ Court Smart/ Debbie Hino–Spaan. (twdb) (Entered: 12/08/2022) |
| 12/06/2022 | 445 | MINUTES OF Jury Trial – First Day held before Judge David O. Carter: Jury impaneled and sworn. Started voir dire and sworn in 6 jurors. Selection of alternates to continue December 7, 2022. Jury Trial continued to 12/7/2022 at 08:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Court Smart. (twdb) (Entered: 12/07/2022) |
| 12/06/2022 | 444 | Defendants First Amended Proposed Exhibit List Exhibit List *with Attached "Redline" of Edits* filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Attachments: # 1 Exhibit Redline of Changes to Exhibit List)(Bond, Jonathan) (Entered: 12/06/2022) |
| 12/05/2022 | 443 | ORDER GRANTING JOINT STIPULATION RE: USE OF LOADING DOCK FOR TECHNICAL EQUIPMENT, PAPER DOCUMENTATION, AND EXHIBIT BINDERS 442 by Judge David O. Carter. Having considered the Parties Joint Stipulation, AND GOOD CAUSE THEREFOR APPEARING, it is hereby ORDERED: 1. The individuals referenced above may deliver the above–referenced materials to Courtroom 10A on 2. This order shall permit such access to the loading dock for purpose of delivering boxes/materials needed for trial in Courtroom 10A each day of the trial of this action, beginning one hour the beginning of that days court session. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 12/05/2022) |

| | | |
|---|---|---|
| 12/05/2022 | 442 | Joint EX PARTE APPLICATION for Order for Access to Both Parties for Loading Dock Delivery of Trial Materials filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). (Attachments: # 1 Proposed Order) (Bond, Jonathan) (Entered: 12/05/2022) |
| 12/02/2022 | 441 | MINUTES (IN CHAMBERS) ORDER DENYING MOTION TO DISQUALIFY AND MOTION TO CERTIFY APPEAL 426 by Judge David O. Carter. The Court DENIES Plaintiffs Motion to Disqualify and DENIES Plaintiffs Motion to Certify Appeal. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 12/02/2022) |
| 12/01/2022 | 440 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 12/01/2022) |
| 12/01/2022 | 439 | NOTICE OF FILING TRANSCRIPT filed for proceedings 09/01/21 and 09/02/21 re Transcript 436 , 437 , 438 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (yja) TEXT ONLY ENTRY (Entered: 12/01/2022) |
| 12/01/2022 | 438 | TRANSCRIPT for proceedings held on 09/02/21, Jury Trial– Day 12, Vol. IV. From 5:02 p.m. to 5:10 p.m. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/22/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 3/1/2023. (yja) (Entered: 12/01/2022) |
| 12/01/2022 | 437 | TRANSCRIPT for proceedings held on 09/02/21, Jury Trial– Day 12, Vol. II. From 9:33 a.m. to 10:47 a.m. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/22/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 3/1/2023. (yja) (Entered: 12/01/2022) |
| 12/01/2022 | 436 | TRANSCRIPT for proceedings held on 09/01/21, Jury Trial– Day 11, Vol. V. From 5:11 p.m. to 6:28 p.m. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/22/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 3/1/2023. (yja) (Entered: 12/01/2022) |
| 11/30/2022 | 435 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8/17/21 VOL I & VOL IV, 8/18/21 VOL I & VOL VI, 8/24/21 VOL III & 8/24/21 VOL V, 8/25/21 VOL 1 & 8/25/21 VOL IV re Transcript 429 , 427 , 431 , 428 , 434 , 433 , 430 , 432 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 11/30/2022) |
| 11/30/2022 | 434 | TRANSCRIPT for proceedings held on 8/25/2021 VOL IV JURY TRIAL – DAY 7. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 433 | TRANSCRIPT for proceedings held on 8/25/2021 VOL I JURY TRIAL – DAY 7. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |

9-RenSER-01973                                    9-RenSER-01973

| | | |
|---|---|---|
| 11/30/2022 | 432 | TRANSCRIPT for proceedings held on 8/24/2021 VOL V JURY TRIAL – DAY 6. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 431 | TRANSCRIPT for proceedings held on 8/24/2021 VOL III JURY TRIAL – DAY 6. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 430 | TRANSCRIPT for proceedings held on 8/18/2021 VOL VI JURY TRIAL – DAY 2. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 429 | TRANSCRIPT for proceedings held on 8/18/2021 VOL I JURY TRIAL – DAY 2. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 428 | TRANSCRIPT for proceedings held on 8/17/2021 VOL IV JURY TRIAL – DAY 1. Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 427 | PARTIAL TRANSCRIPT for proceedings held on 8/17/2021 VOL I JURY TRIAL – DAY 1 (JURY SELECTION). Court Reporter/Electronic Court Recorder: EXCEPTIONAL REPORTING SERVICES, INC., phone number (361) 949–2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/21/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 2/28/2023. (aa) (Entered: 11/30/2022) |
| 11/30/2022 | 426 | NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter , NOTICE OF MOTION AND MOTION to Certify Appeal 28 USC 1292 (b) filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Proposed Order Proposed Order, # 3 Exhibit Exhibit 1) (Mkrtchyan, Narine) (Entered: 11/30/2022) |
| 11/30/2022 | 425 | PROPOSED JURY INSTRUCTIONS (Unannotated set) filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 11/30/2022) |
| 11/29/2022 | 424 | STATEMENT the Case [Proposed] by All Deputy Defendants filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel *and Chad Renegar* (Bond, Jonathan) (Entered: 11/29/2022) |
| 11/29/2022 | 423 | Proposed Voir Dire Questions filed by Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. |

| | | |
|---|---|---|
| | | (Bond, Jonathan) (Entered: 11/29/2022) |
| 11/29/2022 | 422 | PROPOSED SPECIAL JURY VERDICT filed by Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). (Bond, Jonathan) (Entered: 11/29/2022) |
| 11/29/2022 | 421 | TRIAL BRIEF *for All Deputy Defendants* filed by Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 11/29/2022) |
| 11/29/2022 | 420 | TRIAL BRIEF *Regarding Questions to Jury – Qualified Immunity* filed by Defendant Chad Renegar(as a peace officer).. (Swiss, Christie) (Entered: 11/29/2022) |
| 11/29/2022 | 419 | PROPOSED Questions to Jury on Issue of Qualified Immunity of Deputy Chad Renegar JURY VERDICT filed by Defendant Chad Renegar(individually ). (Swiss, Christie) (Entered: 11/29/2022) |
| 11/29/2022 | 418 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8–25–21 Vol. 5 1:29 p.m.; 8–25–21 Vol. 6 5:22 p.m.; 8–26–21 Vol. 3 2:57 p.m. re Transcript 416 , 415 , 417 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 11/29/2022) |
| 11/29/2022 | 417 | TRANSCRIPT for proceedings held on 8–26–21 Vol. 3 2:57 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/20/2022. Redacted Transcript Deadline set for 12/30/2022. Release of Transcript Restriction set for 2/27/2023. (Seffens, Sharon) (Entered: 11/29/2022) |
| 11/29/2022 | 416 | TRANSCRIPT for proceedings held on 8–25–21 Vol. 6 5:22 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/20/2022. Redacted Transcript Deadline set for 12/30/2022. Release of Transcript Restriction set for 2/27/2023. (Seffens, Sharon) (Entered: 11/29/2022) |
| 11/29/2022 | 415 | TRANSCRIPT for proceedings held on 8–25–21 1:29 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/20/2022. Redacted Transcript Deadline set for 12/30/2022. Release of Transcript Restriction set for 2/27/2023. (Seffens, Sharon) (Entered: 11/29/2022) |
| 11/28/2022 | 413 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING MOTION TO VOIR DIRE AND MOTION FOR SANCTIONS [317, 362], 362 , 317 . The Court GRANTS IN PART Plaintiffs Motion to Voir Dire as it relates to sealing juror names and identifying information. (Dkt. 317). The Court DENIES Plaintiffs Motion for Sanctions. (Dkt. 362). The Clerk shall serve this minute order on the parties. (twdb) (Entered: 11/28/2022) |
| 11/23/2022 | 414 | ORDER by Judge David O. Carter: ORDER RE PRETRIAL MOTIONS 317 , 332 , 333 , 334 , 335 , 336 , 337 , 338 , 339 , 340 , 342 , 343 , 344 , 345 , 346 , 362 , 385 . For the foregoing reasons, the Court: DENIES Plaintiffs MIL #1 (Dkt. 332); GRANTS without prejudice Defendants MIL #2 (Dkt. 338); DENIES Defendants MIL #3 (Dkt. 339); DENIES Defendants MIL #4 (Dkt. 333); GRANTS Defendants MIL #5 (Dkt. 340); DENIES AS MOOT Defendants MIL #6 (Dkts. 341, 385); DENIES Defendants MIL #7 (Dkt. 342); GRANTS Defendants MIL #8 (Dkt. 334); GRANTS AS UNOPPOSED Defendants MIL #9 (Dkt. 335); GRANTS Defendants MIL #10 (Dkt. 336); DENIES Defendants MIL #12 (Dkt. 336); GRANTS IN PART Defendants MIL #14 (Dkt. 336); GRANTS IN PART Defendants MIL #16 (Dkt. 336); DENIES Defendants MIL #17 (Dkt. 336); and DENIES Defendants MIL #18 (Dkt. 336). SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 11/28/2022) |
| 11/21/2022 | 412 | NOTICE OF FILING TRANSCRIPT filed for proceedings 11/8/2022 re Transcript 411 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 11/22/2022) |

| 11/21/2022 | 411 | TRANSCRIPT for proceedings held on 11/8/2022. Court Reporter/Electronic Court Recorder: JAMS CERTIFIED TRANSCRIPTION, phone number (661) 609–4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/12/2022. Redacted Transcript Deadline set for 12/22/2022. Release of Transcript Restriction set for 2/21/2023. (aa) (Entered: 11/22/2022) |
|---|---|---|
| 11/21/2022 | 410 | PROPOSED JURY INSTRUCTIONS filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 11/21/2022) |
| 11/17/2022 | 408 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (G–120), 406 . The following error(s) was found: TRANSCRIPT FOR HEARING HELD ON 08–19–22 BY SHARON SEFFENS IS AVAILABLE ON THE DOCKET. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (yja) TEXT ONLY ENTRY (Entered: 11/17/2022) |
| 11/17/2022 | 407 | TRANSCRIPT ORDER as to DEFENDANTS Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually) for Court Smart (CS). Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bond, Jonathan) (Entered: 11/17/2022) |
| 11/17/2022 | 406 | TRANSCRIPT ORDER Mark Borba(individually), Joel Gonzalez(a peace officer), Jameson Gotts(individually), Kevin Pahel(individually) for Court Reporter. Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Bond, Jonathan) (Entered: 11/17/2022) |
| 11/17/2022 | 405 | TRANSCRIPT ORDER as to DEFENDANTS Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually) for Court Reporter. Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Bond, Jonathan) (Entered: 11/17/2022) |
| 11/17/2022 | 404 | TRANSCRIPT ORDER as to DEFENDANTS Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually) for Court Reporter. Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Bond, Jonathan) (Entered: 11/17/2022) |
| 11/17/2022 | 403 | TRANSCRIPT ORDER as to DEFENDANTS Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer) for Court Reporter. Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Bond, Jonathan) (Entered: 11/17/2022) |
| 11/17/2022 | 402 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (G–120), 401 . The following error(s) was found: PLEASE FILE ONE G–120 FORM PER COURT REPORTER OR COURTSMART. TRANSCRIPTS FOR SEVERAL DATES HAVE ALREADY BEEN REQUESTED. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (yja) TEXT ONLY ENTRY (Entered: 11/17/2022) |
| 11/17/2022 | 401 | TRANSCRIPT ORDER as to DEFENDANTS Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(as a peace officer) for Court Smart (CS). Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bond, Jonathan) (Entered: 11/17/2022) |
| 11/16/2022 | 400 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually) for Court Smart (CS). Court will contact Stephanie Lizarraga at slizarraga@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bond, Jonathan) (Entered: 11/16/2022) |

9-RenSER-01976          9-RenSER-01976

| | | |
|---|---|---|
| 11/16/2022 | 399 | TRANSCRIPT ORDER as to Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually) for Court Smart (CS). Court will contact Stephanie Lizarraga at slizarraga@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bond, Jonathan) (Entered: 11/16/2022) |
| 11/09/2022 | 398 | Notice of Compliance with Court Order filed by Defendants Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). *Pertains to Docket Nos. 362, 373, and 374* (Bond, Jonathan) (Entered: 11/09/2022) |
| 11/09/2022 | 397 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of flashdrive with audio/video recordings. (Mkrtchyan, Narine) (Entered: 11/09/2022) |
| 11/09/2022 | 396 | SUPPLEMENT to MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors 345 *in compliance with Court order 11/8* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit Exhibit)(Mkrtchyan, Narine) (Entered: 11/09/2022) |
| 11/08/2022 | 409 | MINUTES OF Motion Hearing held before Judge David O. Carter: PRETRIAL CONFERENCE; DEFT.'S MOTION IN LIMINE. The case is called. The Court and counsel confer. The Court hears arguments. All Motions are taken under submission. Trial date remains for December 6, 2022. taking under advisement 332 Motion in Limine to Exclude; taking under advisement 333 Motion in Limine to Exclude; taking under advisement 334 Motion in Limine to Exclude; taking under advisement 335 Motion in Limine to Exclude; taking under advisement 336 Motion in Limine to Preclude; taking under advisement 337 Motion in Limine to Exclude; taking under advisement 338 Motion in Limine to Exclude; taking under advisement 339 Motion in Limine to Exclude; taking under advisement 340 Motion in Limine to Exclude; taking under advisement 342 Motion in Limine to Bar; taking under advisement 343 Motion in Limine to Exclude; taking under advisement 344 Motion in Limine to Exclude; taking under advisement 345 Motion in Limine for Admissions; taking under advisement 346 Motion in Limine to Prevent; taking under advisement 362 MOTION for Sanctions; taking under advisement 385 Motion in Limine to Preclude; taking under advisement 317 MOTION to Amend/Correct MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history 332 , MOTION IN LIMINE #4 to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 333 , Joint MOTION IN LIMINE #8 to Exclude Any News or Media Regarding the Incident, Other Use of Force Incidents, or the Orange County Sheriff's Department 334 , Joint MOTION IN LIMINE #9 to Exclude Any Reference to the Fact there was a Previous Trial in this Matter 335 , Joint MOTION IN LIMINE #10 to Preclude Any Discussion Regarding Plaintiff's Purported Homelessness at Trial 336 , MOTION IN LIMINE #18 to Exclude Evidence, Argument, or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incidents 337 , Joint MOTION IN LIMINE #2 to Exclude EXCLUDE REFERENCES TO OR EVIDENCE OF DEFENDANT DEPUTIES PERSONNEL RECORDS OR OTHER BAD ACTS EVIDENCE *; DECLARATION IN SUPPORT* 338 , Joint MOTION IN LIMINE #3 to Exclude TO EXCLUDE REFERENCE TO AND EVIDENCE OF THE DEFENDANTS DEPUTIES OTHER USES OF FORCE *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* 339 , Joint MOTION IN LIMINE #5 to Exclude TO EXCLUDE EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* 340 , MOTION IN LIMINE (#7) to Bar Testimony, Evidence, Argument re "Negligent Investigation" 342 , MOTION IN LIMINE (#12) to Exclude Testimony, evidence, and argument that Plaintiff was "Unlawfully Arrested" 343 , MOTION IN LIMINE (#14) to Exclude Evidence, argument, or testimony re: Indemnity or Hearsay Comments by Walters 344 , MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors 345 , MOTION IN LIMINE (#17) to Prevent Argument, Suggestion, etc. of a "David v. Goliath" circumstance, and similar comments 346 , NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence− booking photograph* 362 , MOTION IN LIMINE (Withdrawal of Motion in Limine #6) to Preclude DEFENDANTS NOTICE OF TAKING OFF CALENDAR AND WITHDRAWAL OF MOTION IN LIMINE NO. 6 TO PRECLUDE INFLAMMATORY PHOTOGRAPHS, INCLUDING PHOTOGRAPHS OF PLAINTIFFS INJURIES THAT ARE PREJU 385 , NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 ; Court Reporter: Court Smart. (twdb) (Entered: 11/17/2022) |
| 11/08/2022 | 395 | TRANSCRIPT ORDER as to DEFENDANTS Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually) for Court Reporter. Court will contact JAMILEH SARABIAN at jsarabian@lynberg.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Bond, |

| | | Jonathan) (Entered: 11/08/2022) |
|---|---|---|
| 11/07/2022 | 394 | ORDER by Judge David O. Carter: Granting 392 Orange County Deputy Defendants' REQUEST. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 11/08/2022) |
| 11/07/2022 | 393 | SCHEDULING NOTICE by Judge David O. Carter re: Final Pretrial Conference and Motions and Limine. Motion hearing set for 11/8/2022 is reset to 03:00 PM before Judge David O. Carter. **TIME CHANGE ONLY** THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 11/07/2022) |
| 11/07/2022 | 392 | REQUEST for Order for Order Permitting Non–Lead Trial Counsel to Attend Nov 8, 2022 Hearings Remotely Via Zoom (Lead Trial Counsel Will Attend in Person) filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Request set for hearing on 11/8/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order Proposed Order on Request) (Bond, Jonathan) (Entered: 11/07/2022) |
| 11/03/2022 | 391 | JOINT AMENDED Exhibit List filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 11/03/2022) |
| 11/03/2022 | 390 | REPLY Reply to Defendants' Opposition to Plaintiff's Supplemental Brief *Document 389* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit Exhibit)(Mkrtchyan, Narine) (Entered: 11/03/2022) |
| 11/01/2022 | 389 | JOINT OPPOSITION TO SUPPLEMENTAL re: MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history 332 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration)(Swiss, Christie) (Entered: 11/01/2022) |
| 10/25/2022 | 388 | APPLICATION & REQUEST TO EXCUSE LEAD TRIAL COUNSEL FOR DEFENDANT CHAD RENEGAR FROM FINAL PRETRIAL CONFERENCE; DECLARATION OF MICHAEL L. WRONIAK; [PROPOSED] ORDER filed by Defendant Chad Renegar (Wroniak, Michael) Modified on 10/26/2022 (twdb). (Entered: 10/25/2022) |
| 09/20/2022 | 387 | AMENDED MINUTES (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW 386 310 by Judge David O. Carter. The Court DENIES Deputy Defendants' Motion for Judgment as a Matter of Law. (Dkt. 310 ). (lom) Modified on 9/20/2022 (lom). (Entered: 09/20/2022) |
| 09/20/2022 | 386 | MINUTES (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW 310 by Judge David O. Carter. The Court DENIES Deputy Defendants' Motion for Judgment as a Matter of Law. (Dkt. 310 ). (lom) (Entered: 09/20/2022) |
| 08/22/2022 | 385 | [NOTICE OF WITHDRAWAL, filed as] NOTICE OF MOTION AND MOTION IN LIMINE (Withdrawal of Motion in Limine #6) to Preclude DEFENDANTS NOTICE OF TAKING OFF CALENDAR AND WITHDRAWAL OF MOTION IN LIMINE NO. 6 TO PRECLUDE INFLAMMATORY PHOTOGRAPHS, INCLUDING PHOTOGRAPHS OF PLAINTIFFS INJURIES THAT ARE PREJUDICIAL AND LACK PROBATIVE VALUE filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 11/8/2022 at 08:30 AM before Judge David O. Carter.(Heathcote, Tamara) Modified on 8/23/2022 (twdb). (Entered: 08/22/2022) |
| 08/11/2022 | 384 | SUPPLEMENT to MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history 332 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A)(Mkrtchyan, Narine) (Entered: 08/11/2022) |
| 07/22/2022 | 383 | ORDER REGARDING TRIAL SUBPOENAS by Judge David O. Carter 382 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/22/2022) |
| 07/19/2022 | 382 | NOTICE OF MOTION AND MOTION to Enforce Trial Subpoenas Properly Served for the Rescheduled Trial Date filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 07/19/2022) |
| 07/15/2022 | 381 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Denying 377 MOTION to Disqualify. For the reasons set forth above, the Court DENIES Plaintiffs Motion to Disqualify and VACATES the hearing set for July 18, 2022. The Clerk shall serve this minute order on the parties. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/15/2022) |

9-RenSER-01978                                                                                          9-RenSER-01978

| | | |
|---|---|---|
| 06/27/2022 | 380 | OPPOSITION OPPOSITION TO PLAINTIFFS MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE re: NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter 377 *DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS OPPOSITION TO PLAINTIFFS MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE; DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT THEREOF; EXHIBITS* filed by Defendants Brandon Billinger, Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Harrell, S) (Entered: 06/27/2022) |
| 06/27/2022 | 379 | Opposition re: NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter 377 filed by Defendant Chad Renegar. (Wroniak, Michael) (Entered: 06/27/2022) |
| 06/17/2022 | 378 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter 377 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 06/17/2022) |
| 06/16/2022 | 377 | NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 7/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A) (Mkrtchyan, Narine) (Entered: 06/16/2022) |
| 06/13/2022 | 376 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER GRANTING MOTION TO CONTINUE TRIAL 367 AND CONTINUING TRIAL AND ASSOCIATED DATES [310, 316, 317, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 362]. Accordingly, the Court CONTINUES the trial in this matter to Tuesday, December 6, 2022. SEE DOCUMENT FOR FURTHER INFORMATION. Motion hearing continued to 11/8/2022 at 08:30 AM before Judge David O. Carter. Final Pretrial Conference continued to 11/8/2022 at 08:30 AM before Judge David O. Carter. Jury Trial continued to 12/6/2022 at 08:30 AM before Judge David O. Carter. (twdb) (Entered: 06/14/2022) |
| 06/09/2022 | 375 | REPLY Support of NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence– booking photograph* 362 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit H)(Mkrtchyan, Narine) (Entered: 06/09/2022) |
| 06/07/2022 | 374 | OPPOSITION to NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence– booking photograph* 362 filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Heathcote, Tamara) (Entered: 06/07/2022) |
| 06/07/2022 | 373 | Opposition re: NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence– booking photograph* 362 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 06/07/2022) |
| 06/03/2022 | 372 | OBJECTIONS to Status Report 371 *and Status Report re Compliance with Court Order on Trial Availability* filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 06/03/2022) |
| 06/03/2022 | 371 | STATUS REPORT *trial scheduling* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A)(Mkrtchyan, Narine) (Entered: 06/03/2022) |
| 05/25/2022 | 370 | MINUTE (IN CHAMBERS) ORDER RE: MOTION TO CONTINUE TRIAL 367 by Judge David O. Carter. The Court ORDERS all parties to meet and confer and submit a list of trial dates between July 26, 2022 and December 1, 2022 suitable for all parties. The submission shall be filed by Friday, June 3, 2022 at 4:00 pm. (iv) (Entered: 05/26/2022) |
| 05/18/2022 | 369 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION to Continue TRIAL from July 26, 2022 to a date that is convenient to this Court and all parties, 367 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 05/18/2022) |
| 05/16/2022 | 368 | SCHEDULING NOTICE by Judge David O. Carter: Defendant's MOTION to Continue TRIAL from July 26, 2022 to a date that is convenient to this Court and all parties 367 has been rescheduled to June 28, 2022 at 8:30 a.m. before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dca) TEXT ONLY ENTRY (Entered: 05/16/2022) |

9-RenSER-01979      9-RenSER-01979

| 05/16/2022 | 367 | NOTICE OF MOTION AND MOTION to Continue TRIAL from July 26, 2022 to a date that is convenient to this Court and all parties, filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 6/13/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration OF CHRISTIE B. SWISS IN SUPPORT OF MOTION TO CONTINUE TRIAL, # 2 Declaration OF MICHAEL L. WRONIAK IN SUPPORT OF MOTION TO CONTINUE TRIAL, # 3 Declaration OF COUNSEL FOR DEFENDANTS PAHEL, GONZALEZ, BORBA, AND GOTTS' RE: TRIAL CONTINUANCE, # 4 Proposed Order GRANTING DEFENDANT DEPUTY CHAD RENEGARS MOTION TO CONTINUE TRIAL DATE) (Swiss, Christie) (Entered: 05/16/2022) |
|---|---|---|
| 04/22/2022 | 366 | ORDER by Judge David O. Carter: Granting 365 APPLICATION Regarding Trial Subpoenas. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/25/2022) |
| 04/21/2022 | 365 | APPLICATION to Enforce Trial Subpoenas Properly Served for the Rescheduled Trial date filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 04/21/2022) |
| 04/14/2022 | 364 | SCHEDULING NOTICE by Judge David O. Carter: Plaintiff's MOTION for Sanctions FRCP 37 *for failure to disclose material evidence− booking photograph* 362 Motion hearing is reset for hearing on 6/28/2022 at 08:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/14/2022) |
| 04/13/2022 | 363 | MINUTE ORDER (IN CHAMBERS): ORDER CONTINUING TRIAL, FINAL PRETRIAL CONFERENCE, AND MOTIONS [310, 316, 317, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346 by Judge David O. Carter. The trial in this matter is therefore CONTINUED to Tuesday, July 26, 2022. The Final Pretrial Conference is CONTINUED to Tuesday, June 28, 2022, at 8:30 am. The three outstanding motions (Dkts. 310, 316, 317), and all motions in limine (Dkts. 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346), are also CONTINUED to June 28, 2022 at 8:30 am. The Court DENIES AS MOOT the request for remote appearance (Dkt. 361). (lom) (Entered: 04/13/2022) |
| 04/13/2022 | 362 | NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence− booking photograph* filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 04/13/2022) |
| 04/12/2022 | 361 | REQUEST for Leave of Tamara M. Heathcote, Esq. to Appear for Remote (Zoom) *non−lead trial counsel (Lead Trial Counsel will Attend in Person)* filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Request set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Proposed Order Proposed Order Approving Zoom for Non−Lead Counsel) (Bond, Jonathan) (Entered: 04/12/2022) |
| 04/11/2022 | 360 | Joint Opposition re: MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history 332 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration of Courtney Orliss in Support of Opposition)(Swiss, Christie) (Entered: 04/11/2022) |
| 04/11/2022 | 359 | OPPOSITION Opposition re: MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors 345 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 358 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #5 to Exclude TO EXCLUDE EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* 340 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 357 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #2 to Exclude EXCLUDE REFERENCES TO OR EVIDENCE OF DEFENDANT DEPUTIES PERSONNEL RECORDS OR OTHER BAD ACTS EVIDENCE *; DECLARATION IN SUPPORT* 338 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 356 | OPPOSITION Opposition re: MOTION IN LIMINE (#14) to Exclude Evidence, argument, or testimony re: Indemnity or Hearsay Comments by Walters 344 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |

| | | |
|---|---|---|
| 04/11/2022 | 355 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #8 to Exclude Any News or Media Regarding the Incident, Other Use of Force Incidents, or the Orange County Sheriff's Department 334 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 354 | OPPOSITION Opposition re: MOTION IN LIMINE (#7) to Bar Testimony, Evidence, Argument re "Negligent Investigation" 342 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 353 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #10 to Preclude Any Discussion Regarding Plaintiff's Purported Homelessness at Trial 336 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 352 | OPPOSITION Opposition re: MOTION IN LIMINE (#17) to Prevent Argument, Suggestion, etc. of a "David v. Goliath" circumstance, and similar comments 346 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 351 | OPPOSITION Opposition re: MOTION IN LIMINE (#3) to Exclude Reference to and Evidence of the Defendant Deputies' Other Uses of Force 189 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 350 | OPPOSITION Opposition re: MOTION IN LIMINE (#12) to Exclude Testimony, evidence, and argument that Plaintiff was "Unlawfully Arrested" 343 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 349 | OPPOSITION Opposition re: MOTION IN LIMINE #18 to Exclude Evidence, Argument, or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incidents 337 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 348 | OPPOSITION Opposition re: MOTION IN LIMINE #4 to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 333 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 347 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #6 to Preclude TO PRECLUDE INFLAMMATORY PHOTOGRAPHS, INCLUDING PHOTOGRAPHS OF PLAINTIFFS INJURIES THAT ARE PREJUDICIAL AND LACK PROBABTIVE VALUE *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* 341 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/07/2022 | 346 | NOTICE OF MOTION AND MOTION IN LIMINE (#17) to Prevent Argument, Suggestion, etc. of a "David v. Goliath" circumstance, and similar comments filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 345 | NOTICE OF MOTION AND MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 344 | NOTICE OF MOTION AND MOTION IN LIMINE (#14) to Exclude Evidence, argument, or testimony re: Indemnity or Hearsay Comments by Walters filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 343 | NOTICE OF MOTION AND MOTION IN LIMINE (#12) to Exclude Testimony, evidence, and argument that Plaintiff was "Unlawfully Arrested" filed by Defendants Gonzalez, Pahel, Borba, Gotts, |

| | | |
|---|---|---|
| | | and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 342 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Bar Testimony, Evidence, Argument re "Negligent Investigation" filed by Defendants Gonzalez, Pahel, Borba, and Gotts, with Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 341 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #6 to Preclude TO PRECLUDE INFLAMMATORY PHOTOGRAPHS, INCLUDING PHOTOGRAPHS OF PLAINTIFFS INJURIES THAT ARE PREJUDICIAL AND LACK PROBABTIVE VALUE *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #6 Exhibit A (1) Pictures, # 2 Exhibit MIL #6 Exhibit A (2) Pictures, # 3 Exhibit MIL #6 Ex. B Holloway M&C re MILs)(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 340 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #5 to Exclude TO EXCLUDE EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter.(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 339 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #3 to Exclude TO EXCLUDE REFERENCE TO AND EVIDENCE OF THE DEFENDANTS DEPUTIES OTHER USES OF FORCE *; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter.(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 338 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #2 to Exclude EXCLUDE REFERENCES TO OR EVIDENCE OF DEFENDANT DEPUTIES PERSONNEL RECORDS OR OTHER BAD ACTS EVIDENCE *; DECLARATION IN SUPPORT* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter.(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 337 | NOTICE OF MOTION AND MOTION IN LIMINE #18 to Exclude Evidence, Argument, or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incidents filed by Defendant Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 336 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #10 to Preclude Any Discussion Regarding Plaintiff's Purported Homelessness at Trial filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually), Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 335 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #9 to Exclude Any Reference to the Fact there was a Previous Trial in this Matter filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually), Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 334 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #8 to Exclude Any News or Media Regarding the Incident, Other Use of Force Incidents, or the Orange County Sheriff's Department filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), |

9-RenSER-01982          9-RenSER-01982

| | | Kevin Pahel(individually), Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
|---|---|---|
| 04/07/2022 | 333 | NOTICE OF MOTION AND MOTION IN LIMINE #4 to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 filed by Defendant Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Supplement, # 3 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 332 | NOTICE OF MOTION AND MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 04/07/2022) |
| 04/07/2022 | 331 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by PLAINTIFF Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/07/2022) |
| 04/07/2022 | 330 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Final Pre–Trial Conference Order)(Mkrtchyan, Narine) (Entered: 04/07/2022) |
| 04/04/2022 | 329 | REPLY in Support NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 *Declaration of S. Frank Harrell in support* filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Attachments: # 1 Exhibit A – Trial Exhibit 222)(Bond, Jonathan) (Entered: 04/04/2022) |
| 03/28/2022 | 328 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 *with Notice of Joinder and Joinder to Defendant Renegar's Opposition (Dkt # 325)* filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Bond, Jonathan) (Entered: 03/28/2022) |
| 03/28/2022 | 327 | Opposition re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50(a) 316 filed by Defendant Chad Renegar. (Attachments: # 1 Objections to Evidence, # 2 Declaration)(Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 326 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). (Heathcote, Tamara) (Entered: 03/28/2022) |
| 03/28/2022 | 325 | Opposition re: NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 324 | Proposed Joint Exhibit List filed by Defendant Chad Renegar(individually ).. (Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 323 | Witness List filed by Defendant Chad Renegar(individually ).. (Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 322 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendant Chad Renegar(individually ). (Swiss, Christie) (Entered: 03/28/2022) |
| 03/26/2022 | 321 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/26/2022) |
| 03/25/2022 | 320 | SCHEDULING NOTICE by Judge David O. Carter re: MOTION to VOIR DIRE *FRCP 47* 317 , MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 previously scheduled for 4/18/2022 at 3:00 PM has been rescheduled. Motion Hearings set for 4/18/2022 at 8:30 AM **TIME CHANGE ONLY** before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 03/25/2022) |
| 03/22/2022 | 319 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 . The following error(s) was/were found: Hearing information is missing, incorrect, or not timely. Proposed Document was not submitted as separate attachment. Not sure whether this is a motion or a request. Lacking notice of motion. If this is a request no hearing date is necessary. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court |

| | | |
|---|---|---|
| | | deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 03/22/2022) |
| 03/22/2022 | 318 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50(a) 316 . The following error(s) was/were found: Hearing information is missing, incorrect, or not timely. Incorrect document is attached to the docket entry. Proposed Document was not submitted as separate attachment. Other error(s) with document(s): The document attached is a Memorandum. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 03/22/2022) |
| 03/21/2022 | 317 | NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B) (Mkrtchyan, Narine) (Entered: 03/21/2022) |
| 03/21/2022 | 316 | [POINTS AND AUTHORITIES, filed as] NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50(a) filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Mkrtchyan, Narine) Modified on 3/22/2022 (twdb). (Entered: 03/21/2022) |
| 03/04/2022 | 315 | TEXT ONLY ORDER by Judge David O. Carter: The Court is in receipt of Plaintiffs Application to Continue 312 . Despite the late notice, the Court is conscious of a colleague Courts planned trial date. The Court also wishes to combine hearing dates for efficiency. Accordingly, the Court CONTINUES the Final Pre−Trial Conference to April 18, 2022 at 3:00 pm. The Court also CONTINUES the hearing on Defendants Motion for Judgment as a Matter of Law 310 to April 18, 2022 at 3:00 pm. The parties are ORDERED to file amended joint witness and exhibit lists. The parties are also instructed to meet and confer regarding any other pre−trial documents. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 03/04/2022) |
| 03/02/2022 | 314 | Opposition to Plaintiff Ex Parte Application Opposition re: EX PARTE APPLICATION to Continue Pre−Trial Conference from 3/28/22 to 4/19/22 Re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 312 filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Bond, Jonathan) (Entered: 03/02/2022) |
| 03/02/2022 | 313 | Opposition re: EX PARTE APPLICATION to Continue Pre−Trial Conference from 3/28/22 to 4/19/22 Re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 312 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration of Christie Swiss in Support of Opposition)(Swiss, Christie) (Entered: 03/02/2022) |
| 03/01/2022 | 312 | EX PARTE APPLICATION to Continue Pre−Trial Conference from 3/28/22 to 4/19/22 Re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order, # 2 Exhibit A, # 3 Exhibit B) (Mkrtchyan, Narine) (Entered: 03/01/2022) |
| 03/01/2022 | 311 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 (Attachments: # 1 Proposed Order)(Bond, Jonathan) (Entered: 03/01/2022) |
| 02/28/2022 | 310 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 3/28/2022 at 08:30 AM before Judge David O. Carter. (Bond, Jonathan) (Entered: 02/28/2022) |
| 10/08/2021 | 309 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Granting 304 Plaintiff's MOTION to Designate Expert. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 10/10/2021) |
| 09/27/2021 | 308 | Limited Opposition to Plaintiff Motion for Leave to Designate Late Expert (to ECF 304) Limited Opposition re: NOTICE OF MOTION AND MOTION to Appoint Expert NOTICE OF MOTION |

9-RenSER-01984                                                                9-RenSER-01984

| | | |
|---|---|---|
| | | AND MOTION to Designate Expert 304 filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Bond, Jonathan) (Entered: 09/27/2021) |
| 09/23/2021 | 307 | MINUTES OF STATUS CONFERENCE (Held and Completed) held before Judge David O. Carter: Outside the presence of the court reporter, the Court and counsel confer. The new trial date is set for May 3, 2022 at 8:30 a.m. Pretrial conference is set for March 28, 2022 at 8:30 a.m. Court Reporter: Not Reported. (lc) (Entered: 09/24/2021) |
| 09/22/2021 | 306 | SCHEDULING NOTICE by Judge David O. Carter: The Court ADVANCES the in–person Status Conference to 8:30 AM on September 23, 2021 before Judge David O. Carter. IT IS SO ORDERED. **TIME CHANGE ONLY** THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 09/22/2021) |
| 09/20/2021 | 305 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Appoint Expert NOTICE OF MOTION AND MOTION to Designate Expert 304 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 09/20/2021) |
| 09/20/2021 | 304 | NOTICE OF MOTION AND MOTION to Appoint Expert , NOTICE OF MOTION AND MOTION to Designate Expert filed by Plaintiff Jeremy Holloway. Motion set for hearing on 10/18/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibit A) (Mkrtchyan, Narine) (Entered: 09/20/2021) |
| 09/13/2021 | 303 | Witness List (twdb) Modified on 9/13/2021 (twdb). (Entered: 09/13/2021) |
| 09/13/2021 | 302 | JURY NOTES (UNREDACTED) RE REDACTED JURY NOTES 301 (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 301 | (REDACTED) Jury Notes (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 300 | JURY INSTRUCTIONS by Judge David O. Carter. (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 299 | CONFIRMATION OF EXHIBIT REVIEW AND AUTHORIZATION TO SUBMIT EXHIBITS TO JURY. (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 298 | RECEIPT FOR RELEASE OF EXHIBITS to Counsel Upon Verdict/Judgment at Trial; Pursuant to stip of counsel and/or by Order of the Court, all exhibits listed on exhibits list are returned to counsel for respective party(ies). (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 297 | Exhibit List (twdb) (Entered: 09/13/2021) |
| 09/07/2021 | 296 | MINUTES OF Jury Trial – 14th Day held before Judge David O. Carter: Jury resumes deliberations. Counsel stipulate to the return of exhibits upon the conclusion of trial. Exhibit Release Form prepared and filed. Jury Note #4– Jury remains deadlocked. The Court declares a mistrial. The Court excuses the jury. The case is continued to 9/23/21 at 1:30 PM for a status conference. Court Reporter: Deborah Parker. (twdb) (Entered: 09/10/2021) |
| 09/03/2021 | 295 | MINUTES OF Jury Trial – 13th Day held before Judge David O. Carter: Jury resumes deliberations. Jury Note #2 received and counsel stipulate to providing copies of the jury instructions. Jury Note #3 received. Jury Note #3 is handled on the record. Jury Trial continued to 9/7/2021 at 09:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker. (twdb) (Entered: 09/07/2021) |
| 09/02/2021 | 294 | MINUTES OF Jury Trial – 12th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Defendant(s) rest. Closing arguments made. Motion for Judgment/Directed Verdict by defendant submitted. SEE DOCUMENT FOR FURTHER INFORMATION. Jury Trial continued to 9/3/2021 at 09:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Deborah Parker / Court Smart. (twdb) (Entered: 09/03/2021) |
| 09/02/2021 | 291 | TRIAL BRIEF *re Rule 50(a) Motion Regarding Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 09/02/2021) |
| 09/01/2021 | 293 | MINUTES OF Jury Trial – 11th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 9/2/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Gale; Court Smart. (twdb) (Entered: 09/03/2021) |

| | | |
|---|---|---|
| 08/31/2021 | 292 | MINUTES OF Jury Trial – 10th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Juror #1 excused by the Court for reasons stated on the record. Jury Trial continued to 9/1/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Gale. (twdb) (Entered: 09/03/2021) |
| 08/30/2021 | 288 | PROPOSED JURY INSTRUCTIONS (Supplemental, Annotated, on Probation Status of Plaintiff set) filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/30/2021) |
| 08/30/2021 | 285 | PROPOSED JURY INSTRUCTIONS (Supplemental, Annotated set) filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/30/2021) |
| 08/29/2021 | 284 | PROPOSED JURY INSTRUCTIONS (Annotated Supplemental set) filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 08/29/2021) |
| 08/27/2021 | 290 | MINUTES OF Jury Trial – 9th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Plaintiff(s) rest. Jury Trial continued to 8/31/2021 at 08:30 AM before Judge David O. Carter. Other: The Court GRANTS Defendants' Motion for Judgment as a Matter of Law on the conspiracy charge against Defendant's Deputies Billinger and Gunderson. Court Reporter: Debbie Hino–Spaan, Deborah Parker, Debbie Gale, Court Smart. (twdb) (Entered: 09/01/2021) |
| 08/27/2021 | 287 | ORDER GRANTING DEFENDANTS' ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW by Judge David O. Carter: For the foregoing reasons, the Court GRANTS Defendants' Motion for Judgment as a Matter of Law on the conspiracy charge against Defendants Deputies Billinger and Gunderson. (see document for further details) (bm) (Entered: 08/30/2021) |
| 08/27/2021 | 282 | TRIAL BRIEF *re Rule 50 Motion Regarding Punitive Damages* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/27/2021) |
| 08/27/2021 | 281 | TRIAL BRIEF *re Rule 50 on Excessive Force* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/27/2021) |
| 08/26/2021 | 289 | MINUTES OF Jury Trial – 8th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/27/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Sharon Seffens, Deborah Parker, Debbie Gale, Court Smart. (twdb) (Entered: 09/01/2021) |
| 08/25/2021 | 286 | MINUTES OF Jury Trial – 7th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/26/2021 at 8:30 AM before Judge David O. Carter. Court Reporters: Sharon Seffens, Deborah Parker, Debbie Gale, Court Smart. (bm) (Entered: 08/30/2021) |
| 08/25/2021 | 280 | Questions to Jury on Issue of Qualified Immunity of Deputy Renegar filed by Defendants Chad Renegar, Chad Renegar (Swiss, Christie) (Entered: 08/25/2021) |
| 08/25/2021 | 279 | TRIAL BRIEF *re Questions to Jury–Qualified Immunity* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/25/2021) |
| 08/24/2021 | 283 | MINUTES OF Jury Trial – 6th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/25/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino–Spaan, Deborah Parker, Debbie Gale, Court Smart. (twdb) (Entered: 08/27/2021) |
| 08/24/2021 | 273 | MINUTES ORDER GRANTING IN PART DEFENDANTS'MOTION IN LIMINE #8 194 by Judge David O. Carter: Before the Court is Defendants' motion in limine #8 to exclude the testimony of Plaintiff's orthopedic expert ("MIL") (Dkt. 194). Plaintiff opposes (Dkt. 203) and provided supplemental briefing (Dkt. 244). Having considered the briefing andarguments, the Court GRANTS IN PART the MIL. The Application is GRANTED insofar as Defendants are permitted to call Dr. Wagner as an expert witness. (et) (Entered: 08/24/2021) |
| 08/23/2021 | 278 | MINUTES OF Jury Trial – 5th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/24/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Debbie Hino–Spaan. (twdb) (Entered: 08/25/2021) |

| | | |
|---|---|---|
| 08/23/2021 | 272 | NOTICE Defendants' Notice Re Filing Deposition Testimony of Kamshad Raiszadeh, M.D. Presented to Court During August 23, 2021 Trial Proceedings filed by Defendants Brandon Billinger(individually), Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). (Heathcote, Tamara) (Entered: 08/23/2021) |
| 08/22/2021 | 270 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8–19–21 Vol. 2, 1:02 p.m. re Transcript 269 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 08/22/2021) |
| 08/22/2021 | 269 | TRANSCRIPT for proceedings held on 8–19–21 Vol. 2, 1:02 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/13/2021. Redacted Transcript Deadline set for 9/22/2021. Release of Transcript Restriction set for 11/22/2021. (Seffens, Sharon) (Entered: 08/22/2021) |
| 08/20/2021 | 277 | AMENDED MINUTES held before Judge David O. Carter re: Fourth Day Jury Trial – Held and Continued 275 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 08/25/2021) |
| 08/20/2021 | 275 | MINUTES OF Jury Trial – 4th Day Held and Continued before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 8/23/2021 09:00 A.M. for further trial/further jury deliberation. The Court DENIES Defendant's Motion for Mistrial. Court Reporter: Debbie Gale/Deborah Parker/Court Smart. (et) (Entered: 08/24/2021) |
| 08/20/2021 | 271 | MINUTE ORDER by Judge David O. Carter: ORDER. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 08/23/2021) |
| 08/19/2021 | 276 | AMENDED MINUTES held before Judge David O. Carter re: Third Day Jury Trial – Held and Continued 274 . Deborah Parker/Sharon Seffens. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 08/25/2021) |
| 08/19/2021 | 274 | MINUTES OF Jury Trial – 3rd Day held and continued Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 8/20/2021 09:00 A.M. for further trial/further jury deliberation. Court Reporter: Debbie Gale/Deborah Parker/Court Smart. (et) (Entered: 08/24/2021) |
| 08/18/2021 | 268 | MINUTES OF Jury Trial – 2nd Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/19/2021 at 09:00 AM before Judge David O. Carter. Plaintiff's Motion in Limine #6 183 – GRANTED in part and DENIED in part. Court Reporter: Debbie Gale / Deborah Parker / Court Smart. (twdb) (Entered: 08/19/2021) |
| 08/18/2021 | 266 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: ORDER GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE #6 183 . Accordingly, the Application is GRANTED as to Exhibits 79 and 80 and DENIED as to exhibits 81– 87. The Clerk shall serve this minute order on the parties. (twdb) (Entered: 08/18/2021) |
| 08/18/2021 | 265 | JOINDER filed by Defendants Chad Renegar, Chad Renegar joining in Brief (non–motion non–appeal),, 263 . (Swiss, Christie) (Entered: 08/18/2021) |
| 08/18/2021 | 264 | BRIEF filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). *Regarding 5th Amendment to Not Testify* (Swiss, Christie) (Entered: 08/18/2021) |
| 08/18/2021 | 263 | BRIEF filed by Defendants Gonzalez, Pahel, Borba, Gotts, Gunderson, and Billinger Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually). *Defendants' Brief re: Claims of Emotional Distress, Damages, and Alternative Stressorson Alternative Stressors* (Bond, Jonathan) (Entered: 08/18/2021) |
| 08/17/2021 | 267 | MINUTES OF Jury Trial – 1st Day held before Judge David O. Carter: Jury impaneled and sworn. Opening statements made. Witnesses called, sworn and testified. Jury Trial continued to 8/18/2021 at 09:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Deborah Parker / Court Smart. (twdb) (Entered: 08/19/2021) |

9-RenSER-01987　　　　　　　　　　9-RenSER-01987

| | | |
|---|---|---|
| 08/17/2021 | 262 | Defendants Proposed Third Amended Exhibit List filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/17/2021) |
| 08/16/2021 | 261 | REQUEST FOR JUDICIAL NOTICE *AT TIME OF TRIAL – STATUTES AND CERTIFIED COURT RECORDS* filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Attachments: # 1 Exhibit 199 – Family Code 3044, # 2 Exhibit 200 – Sep 2, 2010 TRO, # 3 Exhibit 201 – Sep 22, 2010 Amended TRO, # 4 Exhibit 202 – May 18, 2016 Request for DVRO, # 5 Exhibit 203 – June 13, 2016 Findings and Order, # 6 Exhibit 204 – Restraining Order After Hearing, # 7 Exhibit 205 – June 19, 2020 Request to Renew Restraining Order, # 8 Exhibit 206 – Minute Orders and Notices of Hearing on DVRO, # 9 Exhibit 207 – Feb 5, 2021 Minute Order and Notice of Hearing on DVRO, # 10 Exhibit 208 – April 5, 2021 Minute Order on DVRO, # 11 Exhibit 209 – April 5, 2021 Order Renewing DVRO Permanently, # 12 Exhibit 210 – April 5, 2021 Clerk Certificate of Service, # 13 Exhibit 211 – June 23, 2017 Minute Order, # 14 Exhibit 212 – California Penal Code 240, # 15 Exhibit 213 – California Penal Code 242, # 16 Exhibit 214 – California Penal Code 243, # 17 Exhibit 215 – California Penal Code 550, # 18 Exhibit 216 – California Penal Code 273.6, # 19 Exhibit 217 – Penn Title 18 Pa.C.S.A. 2701 Simple Assault, # 20 Exhibit 218 – Penn Title 18 Pa.C.S.A. 3502 Burglary, # 21 Exhibit 219 – Penn Title 18 Pa.C.S.A. 3503 Criminal Trespass, # 22 Exhibit 220 – Entire Court File 11CM00409, # 23 Exhibit 221 – Entire Court File 05CM03011, # 24 Exhibit 222 – Entire Court File 17CF0358, # 25 Exhibit 223 – Entire Court File 10CM09832, # 26 Exhibit 224 – Entire Court File 12CM04807, # 27 Exhibit 225 – Entire Court File 18NM08472, # 28 Exhibit 226 – Entire Court File MJ–14–14102–CR–0000408–2020, # 29 Exhibit 229 – Entire Court File 20CM04389, # 30 Exhibit 235 – California Vehicle Code 23152)(Bond, Jonathan) (Entered: 08/16/2021) |
| 08/16/2021 | 260 | JOINDER filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel joining in Objection 258 . (Bond, Jonathan) (Entered: 08/16/2021) |
| 08/16/2021 | 259 | Witness List filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/16/2021) |
| 08/16/2021 | 258 | OBJECTIONS to Jury Instructions (Proposed) 248 filed by Defendants Chad Renegar, Chad Renegar. (Swiss, Christie) (Entered: 08/16/2021) |
| 08/13/2021 | 257 | Defendants Proposed Second Amended Exhibit List filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/13/2021) |
| 08/11/2021 | 256 | Proposed Voir Dire Questions filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 08/11/2021) |
| 08/10/2021 | 255 | TRIAL BRIEF filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/10/2021 | 254 | Proposed Voir Dire Questions filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/10/2021 | 253 | PROPOSED SPECIAL JURY VERDICT filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/10/2021 | 252 | STATEMENT the Case [Proposed] filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar *Defendants Proposed Joint Statement of the Case* (Bond, Jonathan) (Entered: 08/10/2021) |

9-RenSER-01988          9-RenSER-01988

| 08/10/2021 | 251 | PROPOSED JURY INSTRUCTIONS filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/10/2021) |
|---|---|---|
| 08/10/2021 | 250 | STATEMENT Proposed Joint Statement of the Case filed by Plaintiff Jeremy Holloway (Mkrtchyan, Narine) (Entered: 08/10/2021) |
| 08/10/2021 | 249 | PROPOSED Special JURY VERDICT filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/10/2021) |
| 08/10/2021 | 248 | PROPOSED JURY INSTRUCTIONS (annotated set) filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 08/10/2021) |
| 08/10/2021 | 247 | Proposed Voir Dire Questions filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Wroniak, Michael) (Entered: 08/10/2021) |
| 08/09/2021 | 246 | PROPOSED JOINT EXHIBIT LIST Exhibit List *DEFENDANTS' AMENDED PROPOSED JOINT EXHIBIT LIST* filed by DEFENDANTS Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer).. (Bond, Jonathan) (Entered: 08/09/2021) |
| 08/09/2021 | 245 | Witness List filed by DEFENDANTS Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/09/2021) |
| 08/06/2021 | 244 | Opposition Opposition re: MOTION IN LIMINE (#8) to Exclude Plaintiff's Orthopedic Expert 194 *Defense late designation of expert witness Dr. Kendall Wagner* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Mkrtchyan, Narine) (Entered: 08/06/2021) |
| 08/04/2021 | 243 | Witness List filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 08/04/2021) |
| 08/04/2021 | 242 | AMENDED Exhibit List filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 08/04/2021) |
| 07/28/2021 | 241 | ORDER by Judge David O. Carter Re Plaintiff's Application to File Confidential Records Under Seal in support of Plaintiff's Supplemental Brief to Motion in Limine No. 6 238 . (See document for further information). (jp) (Entered: 07/28/2021) |
| 07/28/2021 | 240 | SUPPLEMENT to MOTION IN LIMINE #6 to Admit Defendants' Prior Bad Acts 183 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 07/28/2021) |
| 07/27/2021 | 239 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Records subject to Protective Order/Use of force reports* under seal 238 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mkrtchyan, Narine) (Entered: 07/27/2021) |
| 07/27/2021 | 238 | APPLICATION to file document *Records subject to Protective Order/Use of force reports* under seal filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 07/27/2021) |
| 06/18/2021 | 237 | MINUTE ORDER (IN CHAMBERS) by Judge David O. Carter: Before the Court is a Motion for Reconsideration 231 brought by Plaintiff Jeremy Holloway. The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. R. 7–15. Having reviewed the moving papers and considered the parties arguments, the Court DENIES Plaintiffs Motion. No appearances are necessary on June 21, 2021. See Order for complete details. (kd) (Entered: 06/18/2021) |
| 06/03/2021 | 236 | REPLY in support of Plaintiff's motion for reconsideration of Court's ruling on MSJ NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 231 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/03/2021) |
| 05/31/2021 | 235 | OPPOSITION to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 231 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, |

| | | Kevin Pahel. (Heathcote, Tamara) (Entered: 05/31/2021) |
|---|---|---|
| 05/28/2021 | 234 | Opposition to Plaintiff's Motion for Reconsideration of Court's Order of Defendants' Motion for Summary Judgment/Adjudication Under FRCP 54(B) re: NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 231 filed by Defendants Chad Renegar, Chad Renegar. (Wroniak, Michael) (Entered: 05/28/2021) |
| 05/24/2021 | 233 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/06/2021, Volume I, 9:00 a.m. re Transcript 232 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 05/24/2021) |
| 05/24/2021 | 232 | TRANSCRIPT for proceedings held on 05/06/2021, Volume I, 9:00 a.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/14/2021. Redacted Transcript Deadline set for 6/24/2021. Release of Transcript Restriction set for 8/23/2021. (dpa) (Entered: 05/24/2021) |
| 05/18/2021 | 231 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 6/21/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit 29, # 3 Exhibit 30) (Mkrtchyan, Narine) (Entered: 05/18/2021) |
| 05/17/2021 | 230 | ORDER REGARDING TRIAL SUBPOENAS 224 by Judge David O. Carter: Good Cause Appearing all trial subpoenas properly served on witnesses for appearance on May 25 and May 26, 2021, shall remain in full force and effect and shall compel the attendance of said witnesses on the new trial date of August 17, 2021 at 8:30 a.m. and at the location stated in the trial subpoenas. (bm) (Entered: 05/18/2021) |
| 05/17/2021 | 229 | NOTICE OF FILING TRANSCRIPT filed for proceedings May 6, 2021 at 12:23 p.m. re Transcript 228 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Cuneo, Patricia) TEXT ONLY ENTRY (Entered: 05/17/2021) |
| 05/17/2021 | 228 | TRANSCRIPT for proceedings held on May 6, 2021 at 12:23 p.m. Court Reporter: PAT CUNEO CSR 1600, OFFICIAL REPORTER, www.patcuneo.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/7/2021. Redacted Transcript Deadline set for 6/17/2021. Release of Transcript Restriction set for 8/16/2021. (Cuneo, Patricia) (Entered: 05/17/2021) |
| 05/11/2021 | 225 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: REQUEST for re Enforcement of Trial Subpoenas for New Trial Date *in response to Court's Order 221* 224 . The following error(s) was/were found: Incorrect document is attached to the docket entry. Other error(s) with document(s): The event selected is Motion. The document attached to entry #224 is a proposed order. The Motion/Request is missing. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/11/2021) |
| 05/10/2021 | 227 | ORDER by Judge David O. Carter: Granting 223 Request to Substitute Attorney. S. Frank Harrell, Tamara Heathcote and Jonathan Bond terminated. (twdb) (Entered: 05/11/2021) |
| 05/10/2021 | 226 | ORDER by Judge David O. Carter: Granting 222 Request to Substitute Attorney. Attorney Tamara M Heathcote; Jonathan C Bond and S Frank Harrell terminated. (twdb) (Entered: 05/11/2021) |
| 05/10/2021 | 224 | REQUEST for Order for re Enforcement of Trial Subpoenas for New Trial Date *in response to Court's Order 221* filed by PLAINTIFF Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 05/10/2021) |
| 05/07/2021 | 223 | REQUEST TO SUBSTITUTE ATTORNEY Michael L. Wroniak in place of attorney S. Frank Harrell; Tamara M. Heathcote and Jonathan C. Bond filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order) (Attorney Michael L Wroniak added to party Chad Renegar(pty:dft), Attorney Michael L Wroniak added to party Chad Renegar(pty:dft)) (Wroniak, Michael) (Entered: 05/07/2021) |

| | | |
|---|---|---|
| 05/07/2021 | 222 | REQUEST TO SUBSTITUTE ATTORNEY Christie B. Swiss in place of attorney S. Frank Harrell; Tamara M. Heathcote and Jonathan C. Bond filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order) (Attorney Christie Bodnar Swiss added to party Chad Renegar(pty:dft), Attorney Christie Bodnar Swiss added to party Chad Renegar(pty:dft)) (Swiss, Christie) (Entered: 05/07/2021) |
| 05/06/2021 | 221 | MINUTES OF MOTION HEARING (Held via Zoom) before Judge David O. Carter: granting in part and denying in part 178 Motion in Limine to Exclude; denying 179 Motion in Limine to Exclude; denying 180 Motion in Limine to Exclude; denying 181 Motion in Limine to Exclude; granting in part and denying in part 182 Motion in Limine for Admissions; denying 183 Motion in Limine for Admissions; denying 184 Motion in Limine for Admissions; granting 185 Motion in Limine to Permit; Held in Abeyance 186 Motion in Limine to Exclude; denying 187 Motion in Limine to Exclude; granting 188 Motion in Limine to Exclude; denying 189 Motion in Limine to Exclude; denying as moot 191 Motion in Limine to Exclude; denying 192 Motion in Limine to Exclude; granting 193 Motion in Limine to Exclude; denying 194 Motion in Limine to Exclude; The Court continues the Jury Trial to 8/17/21 at 8:30 a.m. The Final Pretrial Conference is not held and will be re−set for a date in the future. SEE DOCUMENT FOR FURTHER INFORMATION. Court Reporter: Deborah Parker and Patricia Cuneo. (twdb) (Entered: 05/07/2021) |
| 05/06/2021 | 220 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other), 219 , Notice (Other), 218 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Request for Approval of Substitution or Withdrawal of Counsel G−01. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/06/2021) |
| 05/06/2021 | 219 | NOTICE Request for Approval of Substitution or Withdrawal of Counsel (Substitution of Attorney Michael Wroniak in place of attorney Tamara Heathcote, S. Frank Harrell, Jonathan C. Bond) filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order)(Wroniak, Michael) (Entered: 05/06/2021) |
| 05/06/2021 | 218 | NOTICE Request for Approval of Substitution or Withdrawal of Counsel (Substitution of Attorney Christie Swiss in place of attorney Tamara Heathcote; S. Frank Harrell and Jonathan C. Bond) filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order)(Swiss, Christie) (Entered: 05/06/2021) |
| 05/05/2021 | 217 | ORDER GRANTING DEFENDANT COUNTYS MOTION FOR SUMMARY JUDMENT 102 ; AND GRANTING INDIVIDUAL DEFENDANTS MOTION FOR SUMMARY ADJUDICATION 105 by Judge David O. Carter: SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/05/2021) |
| 05/03/2021 | 216 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 213 , Notice (Other) 212 . The following error(s) was/were found: Incorrect form used for the Request. Incorrect event selected. Correct event to be used is: Request to substitute or withdraw attorney G 01. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/03/2021) |
| 04/30/2021 | 215 | SCHEDULING NOTICE by Judge David O. Carter. The Court re−sets the Final Pretrial Conference and the Motions in Limine 178 179 180 181 182 183 184 185 186 187 188 189 190 191 192 193 194 to MAY 6, 2021 at 9:00 AM via Zoom. The Court's Zoom information can be found under www.cacd.uscourts.gov.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/30/2021) |
| 04/30/2021 | 214 | OBJECTIONS to Notice (Other) 213 , Notice (Other) 212 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/30/2021) |
| 04/30/2021 | 213 | NOTICE Consent Order Granting Substitution of Attorney Michael Wroniak in place of attorney Tamara Heathcote and S. Frank Harrell filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Wroniak, Michael) (Entered: 04/30/2021) |
| 04/30/2021 | 212 | NOTICE Consent Order Granting Substitution of Attorney Christie Swiss in place of attorney Tamara Heathcote and S. Frank Harrell filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Swiss, Christie) (Entered: 04/30/2021) |
| 04/27/2021 | 211 | OPPOSITION to MOTION IN LIMINE #6 to Admit Defendants' Prior Bad Acts 183 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, |

| | | |
|---|---|---|
| | | Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/27/2021) |
| 04/27/2021 | 210 | MEMORANDUM in Opposition to MOTION IN LIMINE #7 to Admit Admit Internal Investigation into Plaintiff's Complaint 184 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 04/27/2021) |
| 04/27/2021 | 209 | OPPOSITION to MOTION IN LIMINE #4 to Exclude Defense Expert Witness 181 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/27/2021) |
| 04/27/2021 | 208 | MEMORANDUM in Opposition to MOTION IN LIMINE #2 to Exclude Speculative arguments 179 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 04/27/2021) |
| 04/27/2021 | 207 | OPPOSITION to MOTION IN LIMINE #1 to Exclude Prior bad acts 178 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/27/2021) |
| 04/27/2021 | 206 | MEMORANDUM in Opposition to MOTION IN LIMINE #3 to Exclude Social media accounts 180 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 04/27/2021) |
| 04/26/2021 | 205 | Opposition Opposition re: MOTION IN LIMINE #9 to Exclude Exclude Untimely Disclosures 186 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/26/2021) |
| 04/26/2021 | 204 | MEMORANDUM in Opposition to MOTION IN LIMINE #5 to Admit Defendant's criminal prosecution 182 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/26/2021) |
| 04/26/2021 | 203 | OPPOSITION Opposition re: MOTION IN LIMINE (#8) to Exclude Plaintiff's Orthopedic Expert 194 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 202 | OPPOSITION Opposition re: MOTION IN LIMINE (#7) to Exclude Testimony and Evidence Regarding Post–Incident Investigation 192 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 201 | OPPOSITION Opposition re: MOTION IN LIMINE (#6) to Exclude Testimony, evidence, and argument regarding Plaintiff's Booking at OC Jail 193 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 200 | OPPOSITION Opposition re: MOTION IN LIMINE (#5) to Exclude Evidence, Argument, or Reference to Pending Criminal Charges, Investigation, and/or News Articles re: Deputy Renegar 190 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 199 | OPPOSITION Opposition re: MOTION IN LIMINE (#4) to Exclude Reference to and Evidence of Other Cases Naming the County of Orange as a Defendant 191 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 198 | OPPOSITION Opposition re: MOTION IN LIMINE (#2) to Exclude References, Evidence, or Testimony regarding Defendant Deputies' Personnel Records or other "Bad Acts" 188 , MOTION IN LIMINE (#3) to Exclude Reference to and Evidence of the Defendant Deputies' Other Uses of Force 189 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 197 | OPPOSITION Opposition re: MOTION IN LIMINE (#1) to Exclude Evidence, argument, or expert opinion regarding Orange County Sheriff's Department's Internal Policies or P.O.S.T. Learning Domains 187 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |

| | | |
|---|---|---|
| 04/26/2021 | 196 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Final Pre–Trial Conference Order)(Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/23/2021 | 195 | SCHEDULING NOTICE by Judge David O. Carter. The Court re–sets the Jury Trial to MAY 26, 2021, at 8:30 a.m.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/23/2021) |
| 04/23/2021 | 194 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude Plaintiff's Orthopedic Expert filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bond, Jonathan) (Entered: 04/23/2021) |
| 04/22/2021 | 193 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Exclude Testimony, evidence, and argument regarding Plaintiff's Booking at OC Jail filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 192 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude Testimony and Evidence Regarding Post–Incident Investigation filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A – Expert Disclosure)(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 191 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude Reference to and Evidence of Other Cases Naming the County of Orange as a Defendant filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 190 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude Evidence, Argument, or Reference to Pending Criminal Charges, Investigation, and/or News Articles re: Deputy Renegar filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 189 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude Reference to and Evidence of the Defendant Deputies' Other Uses of Force filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 188 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude References, Evidence, or Testimony regarding Defendant Deputies' Personnel Records or other "Bad Acts" filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark |

| | | |
|---|---|---|
| | | Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 187 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude Evidence, argument, or expert opinion regarding Orange County Sheriff's Department's Internal Policies or P.O.S.T. Learning Domains filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 186 | NOTICE OF MOTION AND MOTION IN LIMINE #9 to Exclude Exclude Untimely Disclosures filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 185 | NOTICE OF MOTION AND MOTION IN LIMINE #8 to Permit Treating providers testify remotely filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 184 | NOTICE OF MOTION AND MOTION IN LIMINE #7 to Admit Admit Internal Investigation into Plaintiff's Complaint filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 183 | NOTICE OF MOTION AND MOTION IN LIMINE #6 to Admit Defendants' Prior Bad Acts filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 182 | NOTICE OF MOTION AND MOTION IN LIMINE #5 to Admit Defendant's criminal prosecution filed by plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 181 | NOTICE OF MOTION AND MOTION IN LIMINE #4 to Exclude Defense Expert Witness filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 180 | NOTICE OF MOTION AND MOTION IN LIMINE #3 to Exclude Social media accounts filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 179 | NOTICE OF MOTION AND MOTION IN LIMINE #2 to Exclude Speculative arguments filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | 178 | NOTICE OF MOTION AND MOTION IN LIMINE #1 to Exclude Prior bad acts filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/12/2021 | 177 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). (Heathcote, Tamara) (Entered: 04/12/2021) |
| 04/12/2021 | 176 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/12/2021) |

| 04/12/2021 | 175 | Witness List filed by plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 04/12/2021) |
|---|---|---|
| 04/12/2021 | 174 | JOINT Exhibit List filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 04/12/2021) |
| 04/02/2021 | 173 | MINUTES (IN CHAMBERS: ORDER GRANTING MOTION TO REMOVE PROTECTIVE ORDER 166 by Judge David O. Carter. For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remove Protective Order from Criminal DA File of Defendant Chad Renegar. (lom) (Entered: 04/02/2021) |
| 04/02/2021 | 172 | SCHEDULING NOTICE by Judge David O. Carter. The Court re−sets the ZOOM Motion for Order to Lift Protective Order from Criminal File for Defendant Renegar 166 from 8:30 a.m. to 12:00 p.m. on April 5, 2021. The Court's ZOOM information is: https://cacd−uscourts.zoomgov.com/j/1618147150?pwd=eXFCVzloVmdDVlVyL29LZTVoUi9Ldz09 / Webinar ID: 161 814 7150 / Passcode: 634618THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/02/2021) |
| 03/24/2021 | 171 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan C Bond counsel for Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. Adding JONATHAN C. BOND as counsel of record for COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER, DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS & DEPUTY JUSTIN GUNDERSON for the reason indicated in the G−123 Notice. Filed by DEFENDANTS COUNTY OF ORANGE, ET AL.. (Bond, Jonathan) (Entered: 03/24/2021) |
| 03/17/2021 | 170 | REPLY In support of Plaintiff's Motion NOTICE OF MOTION AND MOTION for Order for Lift Protective Order from Criminal File for Defendant Renegar 166 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit Exhibit A)(Mkrtchyan, Narine) (Entered: 03/17/2021) |
| 03/15/2021 | 169 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Order for Lift Protective Order from Criminal File for Defendant Renegar 166 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 03/15/2021) |
| 03/11/2021 | 168 | STIPULATION REGARDING SELECTION of Panel Mediator filed. Parties stipulate that Richard Copeland may serve as Panel Mediator. Plaintiff obtained the Panel Mediators consent to serve. All parties and the Panel Mediator have agreed that the mediation will be held on 3/29/2021 and counsel will submit mediation statements seven (7) calendar days before the session. Filed by Plaintiff Jeremy Holloway(Mkrtchyan, Narine) (Entered: 03/11/2021) |
| 03/03/2021 | 167 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFFS MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGES ORDER 154 . (twdb) (Entered: 03/04/2021) |
| 03/02/2021 | 166 | NOTICE OF MOTION AND MOTION for Order for Lift Protective Order from Criminal File for Defendant Renegar filed by plaintiff Jeremy Holloway. Motion set for hearing on 4/5/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 03/02/2021) |
| 02/25/2021 | 165 | NOTICE to Court of Setting of Plaintiff's Deposition for March 12, 2021 filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). *Notice to Court of Setting of Plaintiff's Deposition Date − March 12, 2021 (re: ECF Docket No. 163)* (Attachments: # 1 Exhibit Exh A − Notice of Deposition of Plaintiff)(Bond, Jonathan) (Entered: 02/25/2021) |
| 02/24/2021 | 164 | MINUTES (IN CHAMBERS) Order Denying Plaintiff's Ex Parte Application (Dkt. 159 ) by Magistrate Judge Douglas F. McCormick. See minute order for further information. (lom) (Entered: 02/24/2021) |
| 02/22/2021 | 163 | MINUTES OF Motion Hearing held before Judge David O. Carter: PLTF'S MOTION FOR REVIEW OF MAGISTRATE'S DISCOVERY RULING JANUARY 11 ON MONETARY SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL, AND SECOND DEPOSITION OF PLAINTIFF 148 . For the reasons stated on the record, the Motion is held in abeyance. The plaintiff's deposition must be completed. Counsel shall meet and confer and notify the Court by noon on 2/25/21 of the Zoom deposition. Court Reporter: Debbie Gale. (twdb) (Entered: 02/24/2021) |

9-RenSER-01995        9-RenSER-01995

| 02/19/2021 | 162 | SCHEDULING NOTICE by Judge David O. Carter: The Court resets the time of the MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* 148 to 3:30 PM on 2/22/2021 before Judge David O. Carter. Counsel shall take notice of this new time. This hearing will be held via Zoom. The Court's Zoom information is posted under www.cacd.uscourts.gov/David O.Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrp) TEXT ONLY ENTRY (Entered: 02/19/2021) |
|---|---|---|
| 02/17/2021 | 161 | REPLY In support of Plaintiff's Motion for Review NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 154 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 02/17/2021) |
| 02/17/2021 | 160 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Order for Lifting Protective Order for criminal case file on Defendant Chad Renegar 159 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 02/17/2021) |
| 02/16/2021 | 159 | EX PARTE APPLICATION for Order for Lifting Protective Order for criminal case file on Defendant Chad Renegar filed by plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 02/16/2021) |
| 02/15/2021 | 158 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 154 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 02/15/2021) |
| 02/11/2021 | 157 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit Exhibit A)(Mkrtchyan, Narine) (Entered: 02/11/2021) |
| 02/11/2021 | 156 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* 148 , NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 154 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 02/11/2021) |
| 02/04/2021 | 155 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION for Review 154 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 02/04/2021) |
| 02/03/2021 | 154 | NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 filed by plaintiff Jeremy Holloway. Motion set for hearing on 3/8/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Mkrtchyan, Narine) (Entered: 02/03/2021) |
| 02/02/2021 | 153 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* 148 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 02/02/2021) |
| 01/28/2021 | 152 | REPLY OPPOSITION *DEFENDANTS' OBJECTIONS TO MAGISTRATE'S ORDERS, DOC. 151* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Declaration Declaration of Counsel)(Mkrtchyan, Narine) (Entered: 01/28/2021) |
| 01/25/2021 | 151 | Defendants Objections to Magistrate Judge's Recommendation as to Defendants' Motion to Dismiss Objection re: First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 *Defendants' Objections to Report and Recommendation* filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 01/25/2021) |

| 01/25/2021 | 150 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of CD−Rom Exhibit A to Plaintiff's Motion for Review. (Mkrtchyan, Narine) (Entered: 01/25/2021) |
|---|---|---|
| 01/25/2021 | 149 | COMPACT DISC Order for date of proceedings 12/8/21 to 12/8/21 filed by Defendants Brandon Billinger(a a peace officer), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Court will contact Tamara M. Heathcote, Esq. at theathcote@lynberg.com with any questions regarding this order. Transcript portion requested: Other: Telephonic Discovery Hearing. FEE PAID. (Heathcote, Tamara) (Entered: 01/25/2021) |
| 01/25/2021 | 148 | NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* filed by plaintiff Jeremy Holloway. Motion set for hearing on 2/22/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Declaration Declaration by Plaintiff Jeremy Holloway, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 01/25/2021) |
| 01/20/2021 | 147 | MINUTES (IN CHAMBERS) Order re Plaintiff's Facebook Account by Magistrate Judge Douglas F. McCormick: Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for sanctions based on spoliation of evidence is GRANTED. IT IS FURTHER RECOMMENDED that the District Judge give the following adverse inference instruction: [See document for details.] Objections to this order shall be filed within fourteen (14) days of the date of this order. (es) (Entered: 01/20/2021) |
| 01/18/2021 | 146 | DECLARATION of S. Frank Harrell and Tamara M. Heathcote in support of Defendants Motion for Sanctions (Dkt 116, Order Dkt 144) First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 *Pertaining to Motion at ECF Dkt 111, 116, and Order ECF Dkt 144* filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # 1 Exhibit A – September 2020 Fees, # 2 Exhibit B – October 2020 Fees, # 3 Exhibit C – November 2020 Fees, # 4 Exhibit D – November 2020 Fees)(Bond, Jonathan) (Entered: 01/18/2021) |
| 01/12/2021 | 145 | COMPACT DISC Order for date of proceedings 12/8/20 to 12/8/20 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: discovery telephonic hearing. FEE PAID. (Mkrtchyan, Narine) (Entered: 01/12/2021) |
| 01/11/2021 | 144 | Order re: Defendants' Motion for Sanctions (Dkt. 116) by Magistrate Judge Douglas F. McCormick. Based on its review of the record, the parties' papers, and the arguments of counsel at the hearing, the Court now RECOMMENDS and ORDERS as follows: SEE DOCUMENT FOR DETAILS. (es) (Entered: 01/11/2021) |
| 12/29/2020 | 143 | [DECLARATION OF JEREMY HOLLOWAY IN RESPONSE TO COURT'S ORDER OF 137 IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS filed as] SUPPLEMENT to MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *and Production of Documents; Request for Spoliation and Monetary Sanction; Declaration of Tamara M. Heathcote; Exhibits* 100 *in response to Court's Order Doc. No. 137* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) Modified on 12/30/2020 (es). (Entered: 12/29/2020) |
| 12/28/2020 | 142 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Supplement(Motion related), 140 , Supplement(Motion related), 141 . The following error(s) was/were found: Local Rule 11−8 Memorandum/brief exceeding 10 pages shall contain table of contents. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) (Entered: 12/28/2020) |
| 12/24/2020 | 141 | SUPPLEMENT to MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 *in response to Court's Order, Doc. 133* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit Exhibit A)(Mkrtchyan, Narine) (Entered: 12/24/2020) |
| 12/24/2020 | 140 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 *in response to Court's Text Scheduling Order 139* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 12/24/2020) |

| | | |
|---|---|---|
| 12/18/2020 | 139 | SCHEDULING NOTICE by Judge David O. Carter. The Court is in receipt of Plaintiff's Notice of Manual Filing of two flash drives. These flash drives are filled with what appear to be hundreds of unmarked and unreadable files (by the Court computers, meaning the flash drives are not in formats that the Court computer can pick up and open.) Counsel indicated during the recent MSJ hearing that there was audio that she wanted the Court to consider in making its decision on the MSJ. The Court is unable to use these flash drives. Plaintiff counsel to submit either new files or clarify the names and locations of the files on the existing flash drives that she wants the Court to review. Deadline for this filing is DECEMBER 25, 2020. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 12/18/2020) |
| 12/17/2020 | 138 | SUPPLEMENT to MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 *Defendants' Supplemental Declaration on Attorney's Fees and Costs* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 12/17/2020) |
| 12/17/2020 | 137 | MINUTES (IN CHAMBERS) Order re: RFP No. 48 by Magistrate Judge Douglas F. McCormick. Yesterday Plaintiff's counsel represented to the Court that Plaintiff's Facebook account has been permanently deleted. The Court ORDERS Plaintiff to submit a declaration with the Court within fourteen (14) days of the date of this Order. (et) (Entered: 12/17/2020) |
| 12/16/2020 | 136 | MINUTES OF Defendant's Motion to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One and Production of Document 101 Defendants' Motion to Dismiss for Violation of Court Order, or for Alternative Relief; Request for Monetary Sanctions 111 Motion Hearing held before Magistrate Judge Douglas F. McCormick. The matters is called and counsel make their appearances. Court and counsel confer. Court to issue separate order. Court Reporter: AT&T–Digital Recording. (et) (Entered: 12/17/2020) |
| 12/14/2020 | 135 | MINUTES OF MOTION HEARING (Held and Completed) held before Judge David O. Carter. The Court hereby arguments from the parties on the Motion for Summary Judgment as to Plaintiffs Second Amended Complaint (Monell) 102 and the Motion for Summary Adjudication as to Second Amended Complaint 105 . The Court takes the matters under submission. The Court's order will issue. Court Reporter: Debbie Gale. (lom) (Entered: 12/15/2020) |
| 12/11/2020 | 134 | SCHEDULING NOTICE by Judge David O. Carter: The MOTION for Summary Judgment 102 and MOTION for Summary Adjudication 105 previously set for 12/14/2020 at 8:30 a.m. is reset to 12/14/2020 at 2:00 p.m. via Zoom. ***TIME CHANGE ONLY*** Zoom instructions will be sent to the parties prior to the hearing. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrp) TEXT ONLY ENTRY (Entered: 12/11/2020) |
| 12/10/2020 | 133 | MINUTES (IN CHAMBERS) Order re: Defendant's Motion to Compel by Magistrate Judge Douglas F. McCormick: Defendant County of Orange ("Defendant") moves to compel with respect to 12 requests for production of documents. See Dkt. 101. As discussed at the hearing, ruling on RFP No. 48 has been deferred. As to the other 11 RFPs, the Court now rules as follows: SEE DOCUMENT FOR DETAILS. (es) (Entered: 12/11/2020) |
| 12/08/2020 | 132 | MINUTES OF Defendant's Motion to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One and Production of Documents 101 Defendants' Motion to Dismiss for Violation of Court Order, or for Alternative Relief; Request for Monetary Sanctions 111 hearing held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Counsel argue motion. Court takes matters under submission and sets a further hearing for December 16, 2020, at 9:30 am. Court Reporter: AT&T–Digital Recording. (es) (Entered: 12/11/2020) |
| 12/08/2020 | 131 | REPLY Corrected Reply to Opposition to Motion NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 *CORRECTED Reply to Opposition to Motions for Summary Judgment with Supporting Declaration of Tamara M. Heathcote* filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # 1 Exhibit A – Pertinent Portions of Testimony of Gomez)(Bond, Jonathan) (Entered: 12/08/2020) |
| 12/07/2020 | 130 | Objection to Evidence in support of opposition Objection to Opposition re: NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting* |

9-RenSER-01998      9-RenSER-01998

| | | |
|---|---|---|
| | | *Declarations and Exhibits* 105 , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 12/08/2020) |
| 12/07/2020 | 129 | STATEMENT of Objections to Plaintiff's Separate Statement of Undisputed Facts (ECF Dkt 125–2) NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 12/07/2020) |
| 12/07/2020 | 128 | REPLY Reply to Opposition to Motion for Summary Judgment NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # 1 Declaration of Tamara Heathcote, # 2 Exhibit A – Pertitnent Deposition Testimony of Gomez)(Bond, Jonathan) (Entered: 12/07/2020) |
| 12/02/2020 | 127 | ORDER REGARDING STIPULATION FOR EXTENSION OF TRIAL 126 by Judge David O. Carter, re Stipulation for Trial 126 : GOOD CAUSE APPEARING THEREFORE, The Trial Scheduling Order is hereby modified as follows: JURY Trial: May 25, 2021, 8:30 am, Final Pre–Trial Conference: May 3, 2021 8:30 am, Lodge Pre–Trial Conference Order: April 26, 2021, ADR Cut–Off: March 30, 2021. (bm) (Entered: 12/03/2020) |
| 12/02/2020 | 126 | STIPULATION for Jury Trial on 05/25/21 filed by plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order)(Mkrtchyan, Narine) (Entered: 12/02/2020) |
| 11/30/2020 | 125 | Opposition Opposition re: NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Supplement Plaintiff's Disputed Statement of Facts, # 2 Supplement Plaintiff's Separate Statement of Facts, # 3 Declaration Declaration of Counsel, # 4 Supplement Compendium of Evidence, # 5 Exhibit 1, # 6 Exhibit 2, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14, # 19 Exhibit 15, # 20 Exhibit 16, # 21 Exhibit 17, # 22 Exhibit 18, # 23 Exhibit 19, # 24 Exhibit 20, # 25 Exhibit 21, # 26 Exhibit 22, # 27 Exhibit 23, # 28 Exhibit 24, # 29 Exhibit 25, # 30 Exhibit 26, # 31 Exhibit 27, # 32 Exhibit 28)(Mkrtchyan, Narine) (Entered: 11/30/2020) |
| 11/30/2020 | 124 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of Flashdrive with audio/video. (Mkrtchyan, Narine) (Entered: 11/30/2020) |
| 11/30/2020 | 123 | Opposition Opposition re: NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Supplement Plaintiff's Disputed Statement of Facts, # 2 Declaration Declaration of Counsel, # 3 Supplement Plaintiff's Compendium of Evidence)(Mkrtchyan, Narine) (Entered: 11/30/2020) |
| 11/24/2020 | 122 | REPLY in support of First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 11/24/2020) |
| 11/20/2020 | 121 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. The Court, on its own motion, hereby continues the motions scheduled for November 24, 2020 10:00 am, to December 8, 2020, at 10:00 am. The hearing will be held telephonically. The Courtroom Deputy Clerk will circulate call in information prior to the scheduled date. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 11/20/2020) |
| 11/17/2020 | 120 | Opposition Defendant's Motion to Compel re: First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Declaration Declaration of Plaintiff Jeremy Holloway, # 3 Proposed Order, # 4 Exhibit A1, # 5 Exhibit A2, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 |

| | | Exhibit E, # 10 Exhibit F)(Mkrtchyan, Narine) (Entered: 11/17/2020) |
|---|---|---|
| 11/12/2020 | 119 | MINUTES (IN CHAMBERS) Order re Plaintiff's Ex Parte Application to Compel Discovery (Dkt. 110) by Magistrate Judge Douglas F. McCormick: [SEE DOCUMENT FOR DETAILS.] (es) (Entered: 11/12/2020) |
| 11/10/2020 | 118 | REPLY MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 filed by Defendant County of Orange. (Heathcote, Tamara) (Entered: 11/10/2020) |
| 11/09/2020 | 117 | NOTICE of Manual Filing filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar of CD/DVD of Deposition Proceeding. (Bond, Jonathan) (Entered: 11/09/2020) |
| 11/09/2020 | 116 | Amendment to First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # 1 Proposed Order Proposed Order Granting Motion)(Bond, Jonathan) (Entered: 11/09/2020) |
| 11/06/2020 | 115 | NOTICE Notice re: Defendants' Motion to Dismiss For Violation of Court Order, Or For Alternative Relief (Dkt No. 111) filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). *(ECF Docket No. 114 is the Correct Document, ECF Docket No. 111 may be disregarded)* (Bond, Jonathan) (Entered: 11/06/2020) |
| 11/06/2020 | 114 | NOTICE OF MOTION re MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. Motion set for hearing on 11/24/2020 at 10:00 AM before Judge David O. Carter. (Heathcote, Tamara) (Entered: 11/06/2020) |
| 11/05/2020 | 113 | OPPOSITION to EX PARTE APPLICATION to Compel Responses to Plaintiff's Requests for Production of Documents 110 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 11/05/2020) |
| 11/05/2020 | 112 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan C Bond counsel for Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. EDWARD Z. KOTKIN is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G–123 Notice. Filed by DEFENDANTS COUNTY OF ORANGE, ET AL.. (Bond, Jonathan) (Entered: 11/05/2020) |
| 11/04/2020 | 111 | NOTICE OF MOTION AND First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 12/8/2020 at 10:00 PM before Magistrate Judge Douglas F. McCormick. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Supplement Notice of Manual Lodging, # 10 Proposed Order [Proposed] Order)(Heathcote, Tamara) (Entered: 11/04/2020) |
| 11/04/2020 | 110 | EX PARTE APPLICATION to Compel Responses to Plaintiff's Requests for Production of Documents filed by plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A–E, # 2 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 11/04/2020) |
| 10/30/2020 | 108 | Opposition Defendant's Motion to Compel re: MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Mkrtchyan, Narine) (Entered: 10/30/2020) |

| 10/29/2020 | 109 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Denying Plaintiff's MOTION for Reconsideration of Magistrate Judge's Order 96 . (twdb) (Entered: 10/30/2020) |
|---|---|---|
| 10/23/2020 | 107 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 (Attachments: # 1 Proposed Order Granting MSA)(Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | 106 | STATEMENT of Undisputed Material Facts and Statement of Law NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | 105 | NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 12/14/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Brian Fuerbach, # 2 Declaration Declaration of Chad Renegar, # 3 Declaration Declaration of Tamara M. Heathcote) (Attorney Jonathan C Bond added to party Brandon Billinger(pty:dft), Attorney Jonathan C Bond added to party Brandon Billinger(pty:dft), Attorney Jonathan C Bond added to party Mark Borba(pty:dft), Attorney Jonathan C Bond added to party Mark Borba(pty:dft), Attorney Jonathan C Bond added to party Joel Gonzalez(pty:dft), Attorney Jonathan C Bond added to party Joel Gonzalez(pty:dft), Attorney Jonathan C Bond added to party Jameson Gotts(pty:dft), Attorney Jonathan C Bond added to party Jameson Gotts(pty:dft), Attorney Jonathan C Bond added to party Justin Gunderson(pty:dft), Attorney Jonathan C Bond added to party Justin Gunderson(pty:dft), Attorney Jonathan C Bond added to party Kevin Pahel(pty:dft), Attorney Jonathan C Bond added to party Kevin Pahel(pty:dft), Attorney Jonathan C Bond added to party Chad Renegar(pty:dft), Attorney Jonathan C Bond added to party Chad Renegar(pty:dft)) (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | 104 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 (Attachments: # 1 Proposed Order A – Granting Summary Judgment)(Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | 103 | STATEMENT of Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 filed by Defendant County of Orange. (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | 102 | NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* filed by Defendant County of Orange. Motion set for hearing on 12/14/2020 at 08:30 AM before Judge David O. Carter. (Attorney Jonathan C Bond added to party County of Orange(pty:dft)) (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/22/2020 | 101 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* filed by Defendants Brandon Billinger(a a peace officer), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 11/24/2020 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Harrell, S) (Entered: 10/22/2020) |
| 10/22/2020 | 100 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *and Production of Documents; Request for Spoliation and Monetary Sanction; Declaration of Tamara M. Heathcote; Exhibits* filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 11/24/2020 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Attorney S Frank Harrell added to party Kevin Pahel(pty:dft))(Harrell, S) (Entered: 10/22/2020) |

| | | |
|---|---|---|
| 10/14/2020 | 99 | SCHEDULING NOTICE by Judge David O. Carter. The Court finds the Pltf's Motion for Review of Magistrate Judge's Rulings 86 of September 9 re: Order on Motion to Compel Answers to Interrogatories 96 appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing set for October 19, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 10/14/2020) |
| 09/29/2020 | 98 | Opposition to Plaintiff's Motion for Review of September 9, 2020 Order Opposition re: NOTICE OF MOTION AND MOTION for Review of Magistrate Judge's Rulings of September 9 re Order on Motion to Compel Answers to Interrogatories,,, 86 96 *Opposition* filed by Defendants County of Orange, Chad Renegar. (Heathcote, Tamara) (Entered: 09/29/2020) |
| 09/21/2020 | 97 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of Audio Recording CD–ROM of Discovery tele–conference. (Mkrtchyan, Narine) (Entered: 09/21/2020) |
| 09/21/2020 | 96 | NOTICE OF MOTION AND MOTION for Review of Magistrate Judge's Rulings of September 9 re Order on Motion to Compel Answers to Interrogatories,,, 86 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 10/19/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Proposed Order, # 3 Exhibit) (Mkrtchyan, Narine) (Entered: 09/21/2020) |
| 09/14/2020 | 95 | COMPACT DISC Order for date of proceedings 8/18/2020 to 8/18/2020 re: Telephone Conference, 78 , filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Court will contact Olivia Banke at obanke@lynberg.com with any questions regarding this order. Transcript portion requested: Other: 8/18/2020 Discovery Telephonic Hearing. FEE PAID. (Heathcote, Tamara) (Entered: 09/14/2020) |
| 09/14/2020 | 94 | COMPACT DISC Order for date of proceedings 09/02/2020 to 09/02/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conference. FEE PAID. (Mkrtchyan, Narine) (Entered: 09/14/2020) |
| 09/14/2020 | 93 | COMPACT DISC Order for date of proceedings 08/18/2020 to 08/18/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conference. FEE PAID. (Mkrtchyan, Narine) (Entered: 09/14/2020) |
| 09/11/2020 | 92 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Audio Recording Form (AO–436), 89 . The following error(s) was found: YOU MUST FIRST PAY ONLINE BEEORE WE CAN PROCESS REQUEST. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ha) TEXT ONLY ENTRY (Entered: 09/11/2020) |
| 09/11/2020 | 91 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Audio Recording Form (AO–436), 89 . The following error(s) was found: FEE MUST FIRST BE PAID ONLINE BEFORE WE CAN PROCESS YOUR REQUEST. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ha) TEXT ONLY ENTRY (Entered: 09/11/2020) |
| 09/11/2020 | 90 | COMPACT DISC Order for date of proceedings 08/18/2020 to 08/18/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conferences 08/18/2020 telephonically. FEE NOT PAID. (Mkrtchyan, Narine) (Entered: 09/11/2020) |
| 09/11/2020 | 89 | COMPACT DISC Order for date of proceedings 08/18/2020 to 09/02/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conferences 08/18/2020 and 9/2/2020telephonically. FEE NOT PAID. (Mkrtchyan, Narine) (Entered: 09/11/2020) |
| 09/11/2020 | 88 | COMPACT DISC Order for date of proceedings 9/2/2020 to 9/2/2020 re: Order on Motion to Compel Answers to Interrogatories,,, 86 , filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Court will contact Olivia Banke at obanke@lynberg.com with any questions regarding this order. Transcript portion requested: Other: 9/2/2020. FEE PAID. (Heathcote, Tamara) (Entered: 09/11/2020) |

| 09/09/2020 | 87 | to Plaintiff's Ex Parte Application to Disqualify Magistrate Judge for Bias and Prejudice re: EX PARTE APPLICATION to Disqualify Magistrate Judge Douglas McCormick 82 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 09/09/2020) |
|---|---|---|
| 09/09/2020 | 86 | MINUTES (IN CHAMBERS) Order re Motions to Compel (Dkts. 75, 76) by Magistrate Judge Douglas F. McCormick: The Court held a telephonic hearing with the parties and made some oral rulings.1 Shortly into the hearing, however, Plaintiffs counsel asked for written rulings and the Court indicated that it would issue a written order. This order supersedes any rulings made orally during the hearing. [See document for details.] (es) (Entered: 09/09/2020) |
| 09/09/2020 | 85 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFF'SAPPLICATION TO DISQUALIFY MAGISTRATE JUDGE MCCORMICK 82 . (lc) (Entered: 09/09/2020) |
| 09/09/2020 | 83 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: EX PARTE APPLICATION to Disqualify Magistrate Judge Douglas McCormick 82 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 09/09/2020) |
| 09/08/2020 | 82 | EX PARTE APPLICATION to Disqualify Magistrate Judge Douglas McCormick filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 09/08/2020) |
| 09/02/2020 | 84 | MINUTES OF Defendant's Motion to Compel Answers to Interrogatories 75 Defendant's Motion to Compel Answers to Interrogatories 76 Hearing held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Court makes rulings as reflected on the record. Plaintiff's counsel asks for written rulings and the Court indicated that it would issue a written order. Court Reporter: AT&T–Digital Recording. (es) (Entered: 09/09/2020) |
| 09/02/2020 | 81 | ORDER by Judge David O. Carter, Granting Stipulation to Extend Discovery Cut–Off and Trial 80 . Jury Trial 1/19/21 at 8:30 am; Final Pre–Trial Conference 1/4/21 at 8:30 am; ( Motions due by 12/14/2020.) SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 09/04/2020) |
| 08/31/2020 | 80 | STIPULATION to Extend Discovery Cut–Off Date to 11/15/2020 filed by plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 08/31/2020) |
| 08/31/2020 | 79 | Opposition Opposition re: MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway 76 , MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway 75 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Mkrtchyan, Narine) (Entered: 08/31/2020) |
| 08/24/2020 | 77 | SCHEDULING NOTICE by Judge David O. Carter. The Court, on its own motion, continues the Motion cut–off date to 10/13/2020. All other dates remain as previously set.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 08/24/2020) |
| 08/21/2020 | 76 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 9/2/2020 at 01:00 PM before Magistrate Judge Douglas F. McCormick. (Heathcote, Tamara) (Entered: 08/21/2020) |
| 08/21/2020 | 75 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway filed by Defendant County of Orange. Motion set for hearing on 9/2/2020 at 01:00 PM before Magistrate Judge Douglas F. McCormick. (Heathcote, Tamara) (Entered: 08/21/2020) |
| 08/18/2020 | 78 | MINUTES OF Telephone Discovery Conference held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Court and counsel confer regarding discovery issues. Court sets briefing scheduled and a hearing on the motion for 9/2/2020, at 2:00P.M. Court Reporter: AT and T Digital Recording 8/18/20. (et) (Entered: 08/25/2020) |
| 07/23/2020 | 73 | MINUTES (IN CHAMBERS) Order Granting Plaintiff's Ex Parte Application to Order Resumption of Defendant Renegar's Deposition (Dkt. 69) by Magistrate Judge Douglas F. McCormick: Here, although I have, as detailed below, considerable concerns about the manner in which Renegar was questioned by Plaintiff's counsel, those concerns do not overcome my reluctance to see a key witness's deposition terminated before completion. For that reason, the Application to resume Renegar's |

9-RenSER-02003      9-RenSER-02003

| | | deposition is GRANTED. Plaintiff's request for sanctions is DENIED. *See document for details.* (es) (Entered: 07/23/2020) |
|---|---|---|
| 07/22/2020 | 72 | TEXT ONLY ENTRY by Magistrate Judge Douglas F. McCormick. Defendants counsels request for an informal discovery conference is DENIED. It is apparent from the face of the Rule 37−1 letters attached to her request that those letters were sent earlier this week, and the Local Rules provide that opposing counsel has up to 10 days to after such letters to confer with Defendants counsel about the issues raised therein. The Courts informal telephonic discovery process is not to be utilized under after an unsuccessful conference (INFORMAL TELEPHONIC CONFERENCE IN DISCOVERY DISPUTES.... Before any such telephonic conference, the parties must engage in the pre−filing conference of counsel required by Local Rule 37−1.). Once an unsuccessful conference has occurred on one or more of the issues identified in counsels letters, the Court will schedule an informal telephone conference at either partys request. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 07/22/2020) |
| 07/09/2020 | 74 | MINUTES OF Telephonic Discovery Hearing held before Magistrate Judge Douglas F. McCormick: Court and counsel confer regarding deposition issues. Court Recorder: AT&T Digital Recording. (nbo) (Entered: 07/24/2020) |
| 07/09/2020 | 71 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. To follow up on today's telephone conference, Plaintiff's counsel is directed to send a duplicate copy of whatever video is sent to the Court to defendants' counsel. Should Plaintiff's counsel believe that payment of costs and/or attorney's fees for those services is warranted, she is granted leave under the Court's January 7, 2020 order to file a noticed motion with the Court. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 07/09/2020) |
| 07/08/2020 | 70 | MEMORANDUM in Opposition to EX PARTE APPLICATION to Compel Deposition of Chad Renegar, Joel Gonzalez, et al.,, 69 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 07/08/2020) |
| 07/08/2020 | 69 | EX PARTE APPLICATION to Compel Deposition of Chad Renegar, Joel Gonzalez, et al.,, filed by plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Mkrtchyan, Narine) (Entered: 07/08/2020) |
| 06/08/2020 | 68 | STATUS REPORT *to Court Re County of Orange District Attorney's Investigation of Deputy Chad Renegar* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 06/08/2020) |
| 05/06/2020 | 67 | MINUTES (IN CHAMBERS) Order re: District Attorney's File for Plaintiff's Case and Renegar Investigation by Magistrate Judge Douglas F. McCormick: The District Attorney's Office is accordingly ORDERED to produce to Plaintiffs counsel the notation from its database indicating that the filing deputy declined to file charges against Plaintiff within fourteen (14) days of the date of this order. (See order for details.) (es) (Entered: 05/06/2020) |
| 05/05/2020 | 66 | MINUTES OF Telephonic Discovery Conference held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Court and counsel confer regarding discovery issues. The Court to issue a separate Order. Court Recorder: CS 05/05/2020. (es) (Entered: 05/06/2020) |
| 04/03/2020 | 65 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFFS MOTION FORRECONSIDERATION OF MAGISTRATE JUDGES ORDER 55 . (twdb) (Entered: 04/03/2020) |
| 03/20/2020 | 64 | SCHEDULING NOTICE by Judge David O. Carter. The Court finds the Motion for Reconsideration re Order on Motion to Compel 39 filed by plaintiff Jeremy Holloway appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7−15. Accordingly, the hearing set for April 6, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 03/20/2020) |
| 03/20/2020 | 63 | (In Chambers) Order Re: Telephonic Discovery Conference by Magistrate Judge Douglas F. McCormick: As directed by Chief Judge Phillips's Order No. 20−042 activating the Court's Continuity of Operations Plan, the March 25, 2020 telephonic discovery conference in this matter is hereby CONTINUED to May 5, 2020, at 9:30 a.m. (es) (Entered: 03/20/2020) |

| 03/16/2020 | 62 | MEMORANDUM in Opposition *to Plaintiff's Motion for Reconsideration of Order by Magistrate Judge McCormick* filed by Defendant County of Orange. (Heathcote, Tamara) (Entered: 03/16/2020) |
|---|---|---|
| 03/10/2020 | 60 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 *re DA reject file* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Narine Mkrtchyan, # 2 Exhibit Exhibits A–C)(Mkrtchyan, Narine) (Entered: 03/10/2020) |
| 03/09/2020 | 61 | MINUTES OF Discovery Conference Hearing held before Magistrate Judge Douglas F. McCormick: Court and counsel confer regarding discovery issues. Court makes ruling as reflected on the record. Court sets further hearing for March 25, 2020, at 11:00 am. Court Recorder: CS 03/09/2020. (es) (Entered: 03/10/2020) |
| 03/05/2020 | 59 | SUPPLEMENT filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 03/05/2020) |
| 02/28/2020 | 58 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING DEFENDANTS MOTIONS TO DISMISS 32 , 45 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 02/28/2020) |
| 02/28/2020 | 57 | SCHEDULING NOTICE by Judge David O. Carter re: The Motion for Reconsideration re Order on Motion to Compel, 39 55 is set for hearing on 4/6/2020 at 8:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 02/28/2020) |
| 02/28/2020 | 56 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION for Reconsideration 39 55 . The following error(s) was/were found: Hearing information is missing, incorrect, or not timely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 02/28/2020) |
| 02/27/2020 | 55 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Compel, 39 filed by plaintiff Jeremy Holloway. Motion set for hearing on 4/6/2020 at 09:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibit A, # 2 Declaration Counsel, # 3 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 02/27/2020) |
| 02/26/2020 | 54 | SCHEDULING NOTICE by Judge David O. Carter: The Court finds the Motion to Dismiss Case DEPUTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT 45 appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing set for March 9, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 02/26/2020) |
| 02/24/2020 | 53 | REPLY DEPUTY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEPUTY DEFENDANTS' MOTION TO DISMISS for Hearing 45 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Kotkin, Edward) (Entered: 02/24/2020) |
| 02/24/2020 | 52 | REPLY DEPUTY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEPUTY DEFENDANTS' MOTION TO DISMISS IN RE [DOCKET NO. 40] for Hearing 45 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attorney Edward Z Kotkin added to party Brandon Billinger(pty:dft), Attorney Edward Z Kotkin added to party Brandon Billinger(pty:dft), Attorney Edward Z Kotkin added to party Mark Borba(pty:dft), Attorney Edward Z Kotkin added to party Mark Borba(pty:dft), Attorney Edward Z Kotkin added to party Joel Gonzalez(pty:dft), Attorney Edward Z Kotkin added to party Joel Gonzalez(pty:dft), Attorney Edward Z Kotkin added to party Jameson Gotts(pty:dft), Attorney Edward Z Kotkin added to party Jameson Gotts(pty:dft), Attorney Edward Z Kotkin added to party Justin Gunderson(pty:dft), Attorney Edward Z Kotkin added to party Justin Gunderson(pty:dft), Attorney Edward Z Kotkin added to party Kevin Pahel(pty:dft), Attorney Edward Z Kotkin added to party Kevin Pahel(pty:dft))(Kotkin, Edward) (Entered: 02/24/2020) |
| 02/24/2020 | 51 | MINUTES OF Telephonic Discovery Conference held before Magistrate Judge Douglas F. McCormick: Cause called and counsel make their appearances. Court and counsel confer regarding discovery issues. Court makes ruling as reflected on the record. Court orders Plaintiff to file supplemental briefing by February 28, 2020. Defendant to file supplemental brief by March 5, 2020. |

| | | |
|---|---|---|
| | | Court sets further hearing for March 9, 2020, at 11:00 am. Court Recorder: CS 2/24/2020. (es) (Entered: 02/24/2020) |
| 02/19/2020 | 50 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. At the request of the parties, the Court sets a Telephonic Discovery Conference for 2/24/2020 at 09:30 AM before Magistrate Judge Douglas F. McCormick. The Courtroom Deputy Clerk will provide call–in information via separate email. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 02/19/2020) |
| 01/29/2020 | 49 | STATUS REPORT *As to Documents Submitted for In Camera Review* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 01/29/2020) |
| 01/29/2020 | 48 | Opposition Defendant's Motion to Dismiss re: for Hearing 45 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 01/29/2020) |
| 01/29/2020 | 47 | NOTICE OF LODGING filed *DEFENDANTS NOTICE OF LODGING OF DOCUMENTS FOR IN CAMERA REVIEW PURSUANT TO COURTS JANUARY 22, 2020 ORDER* re Minutes of In Chambers Order/Directive – no proceeding held,, 41 (Heathcote, Tamara) (Entered: 01/29/2020) |
| 01/29/2020 | 46 | SCHEDULING NOTICE by Judge David O. Carter: The Court hereby STRIKES the Motion to Dismiss Case 43 as duplicative. Document 45 is the operative motion.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 01/29/2020) |
| 01/28/2020 | 45 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Dismiss Case *DEPUTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT THEREOF; EXHIBIT 43 PROPOSED ORDER filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Does, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. Motion set for hearing on 3/9/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order)(Heathcote, Tamara) Modified on 1/29/2020 (kd). (Entered: 01/28/2020)* |
| 01/28/2020 | 44 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Dismiss 43 . *The following error(s) was/were found: Proposed Document was not submitted as separate attachment. Hearing information is missing, incorrect, or not timely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so.* (twdb) (Entered: 01/28/2020) |
| 01/27/2020 | 43 | [STRICKEN AS DUPLICATIVE OF 45 – NOTICE OF MOTION AND MOTION to Dismiss Case *DEPUTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT THEREOF; EXHIBITS* filed by DEFENDANTS Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Does, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 3/20/2020 at 10:30 AM before Judge David O. Carter. (Attorney Tamara M Heathcote added to party Brandon Billinger(pty:dft), Attorney Tamara M Heathcote added to party Brandon Billinger(pty:dft), Attorney Tamara M Heathcote added to party Mark Borba(pty:dft), Attorney Tamara M Heathcote added to party Mark Borba(pty:dft), Attorney Tamara M Heathcote added to party Does(pty:dft), Attorney Tamara M Heathcote added to party Joel Gonzalez(pty:dft), Attorney Tamara M Heathcote added to party Joel Gonzalez(pty:dft), Attorney Tamara M Heathcote added to party Jameson Gotts(pty:dft), Attorney Tamara M Heathcote added to party Jameson Gotts(pty:dft), Attorney Tamara M Heathcote added to party Justin Gunderson(pty:dft), Attorney Tamara M Heathcote added to party Justin Gunderson(pty:dft), Attorney Tamara M Heathcote added to party Kevin Pahel(pty:dft), Attorney Tamara M Heathcote added to party Kevin Pahel(pty:dft)) (Heathcote, Tamara) Modified on 1/29/2020 (kd). (Entered: 01/27/2020) |
| 01/27/2020 | 42 | SCHEDULING NOTICE by Judge David O. Carter: The Court finds the Motion to Dismiss Case/Motion to Dismiss the Second Amended Complaint 32 is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing set for FEBRUARY 3, 2020 |

| | | |
|---|---|---|
| | | is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY Modified on 1/27/2020 (kd). (Entered: 01/27/2020) |
| 01/22/2020 | 41 | MINUTES (IN CHAMBERS) Order re: In Camera Documents by Magistrate Judge Douglas F. McCormick. The County's request is DENIED. The County is ORDERED to produce to the Court for in camera review all documents in its possession, custody, or control that relate to the pending investigation identified in Item No. 3 of its privilege log. Such production shall be made within seven (7) days of the date of this Order. In the alternative, the County may seek reconsideration of this order under 28 U.S.C. § 636(b)(1)(A) with the assigned District Judge. (See document for details.) (sbou) (Entered: 01/23/2020) |
| 01/21/2020 | 40 | REPLY Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants County of Orange, Chad Renegar. (Heathcote, Tamara) (Entered: 01/21/2020) |
| 01/15/2020 | 39 | MINUTES (IN CHAMBERS) Order Granting in Part Plaintiff's Motion to Compel (Dkt. 29 ) by Magistrate Judge Douglas F. McCormick. Plaintiff Jeremy Holloway ("Plaintiff") moves for an order overruling Defendants' objections and compelling further responses to 15 requests for production of documents. See Dkt. 29 . For the reasons set forth below, Plaintiff's motion is GRANTED in part.(See document for details.) (sbou) (Entered: 01/15/2020) |
| 01/15/2020 | 38 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 *and to Defendant's Status Report Filed January 14, 2020* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 01/15/2020) |
| 01/14/2020 | 37 | STATUS REPORT *to the Court Re Investigation Involving Defendant Deputy Chad Renegar* filed by Defendants County of Orange, Chad Renegar. (Heathcote, Tamara) (Entered: 01/14/2020) |
| 01/10/2020 | 36 | OPPOSITION DEFENDANTS MOTION TO DISMISS re: NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– MEMORANDUM OF POINTS + AUTHORITIES – DECLARATION OF TAMARA M. HEATHCOTE + EXHBITS* NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– MEMORANDUM OF POINTS + AUTHORITIES – DECLARATION OF TAMARA M. HEATHCOTE + EXHBITS* NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– MEMORANDUM OF POINTS + AUTHORITIES – DECLARATION OF TAMARA M. HEATHCOTE + EXHBITS* 32 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Narine Mkrtchyan, # 2 Exhibit Exhibits A–D to Opposition)(Mkrtchyan, Narine) (Entered: 01/10/2020) |
| 01/07/2020 | 35 | MINUTES (IN COURT)Hearing on Plaintiff's Motion to Compel Discovery; Motion for Monetary Sanctions 29 held before Magistrate Judge Douglas F. McCormick: Plaintiff's motion is taken under submission. Counsel are ordered to utilize the Court's informal telephonic discovery process before filing future discovery motions. Court Recorder: CS 01/07/2020. (yl) (Entered: 01/09/2020) |
| 12/30/2019 | 34 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit Exhibits N–Q)(Mkrtchyan, Narine) (Entered: 12/30/2019) |
| 12/24/2019 | 33 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 *SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CONTENTIONS RE: JOINT DISCOVERY STIPULATION; DECLARATION OF TAMARA HEATHCOTE IN SUPPORT THEREOF* filed by Defendants County of Orange, Chad Renegar, Chad Renegar. (Heathcote, Tamara) (Entered: 12/24/2019) |
| 12/24/2019 | 32 | NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– MEMORANDUM OF POINTS + AUTHORITIES – DECLARATION OF TAMARA M. HEATHCOTE + EXHBITS* filed by DEFENDANTS County of Orange, Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 2/3/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order to Dismiss Plaintiff's Second Amended Complaint) (Attorney Tamara M Heathcote added to party Chad Renegar(pty:dft)) (Heathcote, Tamara) (Entered: 12/24/2019) |
| 12/17/2019 | 31 | Notice of Appearance or Withdrawal of Counsel: for attorney Tamara M Heathcote counsel for Defendants County of Orange, Chad Renegar. Adding Tamara M. Heathcote as counsel of record for Defendants for the reason indicated in the G–123 Notice. Filed by Defendant Defendants. (Attorney |

9-RenSER-02007        9-RenSER-02007

| | | Tamara M Heathcote added to party County of Orange(pty:dft), Attorney Tamara M Heathcote added to party Chad Renegar(pty:dft))(Heathcote, Tamara) (Entered: 12/17/2019) |
|---|---|---|
| 12/13/2019 | 30 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of Exhibit F to Plaintiff's Motion to Compel, CD−ROM. (Mkrtchyan, Narine) (Entered: 12/13/2019) |
| 12/13/2019 | 29 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Request for Production of Documents filed by plaintiff Jeremy Holloway. Motion set for hearing on 1/7/2020 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Attachments: # 1 Rule 37Joint Stipulation, # 2 Exhibit Plaintiff's Exhibits A−M, # 3 Declaration Declaration of Counsel Narine Mkrtchyan, # 4 Proposed Order Proposed Order, # 5 Exhibit Defendant's Exhibits)(Mkrtchyan, Narine) (Entered: 12/13/2019) |
| 12/10/2019 | 28 | SECOND AMENDED COMPLAINT against Defendants All Defendants amending Amended Complaint/Petition 11 , filed by Plaintiff Jeremy Holloway(Mkrtchyan, Narine) (Entered: 12/10/2019) |
| 12/09/2019 | 27 | ORDER by Judge David O. Carter: Granting 25 Plaintiff's MOTION Regarding Second Amended Complaint. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 12/10/2019) |
| 12/06/2019 | 26 | NOTICE of Non−Opposition to Plaintiff's Motion for Order to File Second Amended Complaint & Substitute the True Names of Does 1−6 filed by Defendant County of Orange, Chad Renegar(individually ). (Kotkin, Edward) (Entered: 12/06/2019) |
| 11/18/2019 | 25 | NOTICE OF MOTION AND MOTION to AMEND Complaint Amended Complaint/Petition 11 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 12/16/2019 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibits A−D, # 2 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 11/18/2019) |
| 10/30/2019 | 24 | ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER by Magistrate Judge Douglas F. McCormick: re Stipulation for Protective Order 23 . (sbou) (Entered: 10/31/2019) |
| 10/28/2019 | 23 | Joint STIPULATION for Protective Order filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer). (Attachments: # 1 Proposed Order FOR PROTECTIVE ORDER)(Kotkin, Edward) (Entered: 10/28/2019) |
| 10/21/2019 | 22 | SCHEDULING ORDER & ORDER RE: PRETRIAL AND TRIAL PROCEDURES by Judge David O. Carter: Amended Pleadings due by 12/9/2019, Discovery cut−off 8/31/2020, Motion cut−off 9/28/2020 @ 8:30 AM, Final Pretrial Conference set for 10/19/2020 @ 8:30 AM before Judge David O. Carter, Jury Trial set for 11/10/2020 @ 8:30 AM before Judge David O. Carter. (dgo) (Entered: 10/21/2019) |
| 10/21/2019 | 21 | ORDER/REFERRAL to ADR Procedure No 1 by Judge David O. Carter. Case ordered to Magistrate Judge Douglas F. McCormick for Settlement Conference. (dgo) (Entered: 10/21/2019) |
| 10/21/2019 | 20 | MINUTES OF Scheduling Conference held before Judge David O. Carter: Scheduling Order to be issued. Court Reporter: CourtSmart; Courtroom Deputy: Deborah Lewman; Plaintiff Attorney: Narine Mkrtchyan; Defendant Attorney: Edward Z. Kotkin; Time in Court: :33. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY. (dgo) (Entered: 10/21/2019) |
| 10/18/2019 | 19 | ORDER by Judge David O. Carter, Granting Joint Stipulation to Allow Counsel Other Than Lead Trial Counsel to Appear at Pretrial Hearing 18 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 10/18/2019) |
| 10/18/2019 | 18 | STIPULATION for Order TO ALLOW COUNSEL OTHER THAN LEAD TRIAL COUNSEL TO APPEAR AT PRETRIAL HEARING ON 10.21.19 filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer). (Attachments: # 1 Proposed Order ON JOINT STIPULATION TO ALLOW COUNSEL OTHER THAN LEAD TRIAL COUNSEL TO APPEAR AT PRETRIAL HEARING)(Kotkin, Edward) (Entered: 10/18/2019) |
| 10/07/2019 | 17 | JOINT REPORT Rule 26(f) Discovery Plan *JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)* ; estimated length of trial 4 days, filed by Defendants County of Orange, Chad Renegar, Chad Renegar.. (Attachments: # 1 Declaration EDWARD Z. KOTKIN)(Kotkin, Edward) (Entered: 10/07/2019) |
| 10/07/2019 | 16 | STATUS REPORT *Rule 26(f)* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration, # 2 Exhibit)(Mkrtchyan, Narine) (Entered: 10/07/2019) |
| 09/20/2019 | 15 | Notice of Appearance or Withdrawal of Counsel: for attorney S Frank Harrell counsel for Defendants County of Orange, Does, Chad Renegar. Adding S. Frank Harrell as counsel of record for Defendants |

| | | |
|---|---|---|
| | | COUNTY OF ORANGE and DEPUTY CHAD RENEGAR for the reason indicated in the G–123 Notice. Filed by Defendants COUNTY OF ORANGE and DEPUTY CHAD RENEGAR. (Attorney S Frank Harrell added to party Does(pty:dft))(Harrell, S) (Entered: 09/20/2019) |
| 09/10/2019 | 14 | ORDER SETTING SCHEDULING CONFERENCE by Judge David O. Carter. Scheduling Conference set for 10/21/2019 @ 8:30 AM before Judge David O. Carter. (dgo) (Entered: 09/10/2019) |
| 09/10/2019 | 13 | *CERTIFICATION AND NOTICE OF INTERESTED PARTIES* CERTIFICATE of Interested Parties filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer), (Kotkin, Edward) (Entered: 09/10/2019) |
| 09/10/2019 | 12 | ANSWER to Amended Complaint/Petition 11 with JURY DEMAND filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer).(Kotkin, Edward) (Entered: 09/10/2019) |
| 08/26/2019 | 11 | First AMENDED COMPLAINT against Defendants All Defendants amending Complaint (Attorney Civil Case Opening) 1 , filed by plaintiff Jeremy Holloway(Mkrtchyan, Narine) (Entered: 08/26/2019) |
| 08/16/2019 | 10 | PROOF OF SERVICE Executed by Plaintiff Jeremy Holloway, upon Defendant All Defendants. Service of the Summons and Complaint were executed upon County of Orange in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Mkrtchyan, Narine) (Entered: 08/16/2019) |
| 08/15/2019 | 9 | Notice of Appearance or Withdrawal of Counsel: for attorney Edward Z Kotkin counsel for Defendants County of Orange, Chad Renegar, Chad Renegar. Adding EDWARD Z. KOTKIN as counsel of record for COUNTY OF ORANGE and DEPUTY CHAD RENEGAR for the reason indicated in the G–123 Notice. Filed by DEFENDANTS COUNTY OF ORANCE and CHAD RENEGAR. (Attorney Edward Z Kotkin added to party County of Orange(pty:dft), Attorney Edward Z Kotkin added to party Chad Renegar(pty:dft), Attorney Edward Z Kotkin added to party Chad Renegar(pty:dft))(Kotkin, Edward) (Entered: 08/15/2019) |
| 08/07/2019 | 8 | INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER. (rrp) (Entered: 08/07/2019) |
| 08/07/2019 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendants County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer). (ghap) (Entered: 08/07/2019) |
| 08/07/2019 | 6 | NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM filed. (ghap) (Entered: 08/07/2019) |
| 08/07/2019 | 5 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Douglas F. McCormick. (ghap) (Entered: 08/07/2019) |
| 08/06/2019 | 4 | NOTICE of Interested Parties filed by Plaintiff Jeremy Holloway, (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/06/2019 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/06/2019 | 2 | CIVIL COVER SHEET filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/06/2019 | 1 | COMPLAINT Receipt No: 0973–24211042 – Fee: $400, filed by Plaintiff Jeremy Holloway. (Attorney Narine Mkrtchyan added to party Jeremy Holloway(pty:pla))(Mkrtchyan, Narine) (Entered: 08/06/2019) |