**DOCKET NOS. 25-7132, 25-7297**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

JEREMY HOLLOWAY,
Plaintiff-Appellant-Appellee,

vs.

CHAD RENEGAR, et al.,
Defendant-Appellee-Appellant.

---

On Appeal from a Decision of the
United States District Court for the Central District of California
Hon. David O. Carter
District Court Case No. 8:19-cv-01514-DOC-DFM

---

# PLAINTIFF-APPELLANT-APPELLEE JEREMY HOLLOWAY'S OPPOSITION TO DEFENDANT RENEGAR'S MOTION TO MAINTAIN SEAL ON TRIAL EXHIBITS 78A-C, 79, AND 80 (Circuit Rule 27-13)

---

Narine Mkrtchyan (SBN 243269)
**MKRTCHYAN LAW**
655 N. Central Ave., Suite 1700
Glendale, CA 91203
Tel. (818) 388-7022
E-mail: narine57@gmail.com

Attorney for Plaintiff-Appellant-Appellee
JEREMY HOLLOWAY

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..........3

INTRODUCTION ..........4

BACKGROUND ..........5

A. The Exhibits Were Admitted at a Public Trial and Given to the Jury. ..........5

B. The District Court Sealed the Exhibits After Trial on a Good-Cause Finding Only. ..........6

C. The District Court Had Already Lifted the Protective Order on Renegar's Criminal Records. ..........6

D. Renegar's Prosecution Is a Matter of Public Record. ..........6

E. Renegar Seeks to Seal Only the Exhibits That Hurt Him. ..........7

ARGUMENT ..........7

I. Renegar Bears a Heavy Burden That a Good-Cause Order and Generalized Harm Cannot Carry ..........7

II. The Public's Interest Is at Its Peak for Evidence Admitted at a Public Trial, and Renegar Has Already Disclosed the Substance. ..........9

A. Trial Evidence Is the Core of the Judicial Record. ..........9

B. Renegar Has Already Put the Substance on the Public Docket. ..........10

C. Renegar Asks the Court to Seal the Accusation and Publish the Defense. ..........11

III. None of Renegar's Specific Grounds Is a Compelling Reason. ..........12

A. An Adverse Record of Unsustained Allegations Is Not a Compelling Reason to Seal Exhibit 79. ..........12

B. California Penal Code Section 832.7 Does Not Supply a Compelling Reason. ..........13

C. Nonparty Privacy Is Fully Protected by Redaction. ..........16

D. Renegar's Request for Exhibit 80 Rests on Labels Alone. ..........17

E. Exhibits 78A-C Are Records of a Public Criminal Prosecution. ..........17

CONCLUSION ..........18

CERTIFICATE OF COMPLIANCE ..........19

CERTIFICATE OF SERVICE ..........20

# TABLE OF AUTHORITIES

## Cases

*Civil Beat L. Ctr. for the Pub. Int., Inc. v. Maile*, 117 F.4th 1200 (9th Cir. 2024) ....................9, 15, 16

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) .............8

*Copley Press, Inc. v. Superior Ct.*, 39 Cal. 4th 1272 (2006) ....................13

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).........7, 9, 16

*Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995) ....................8

*In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011) ....................11, 12

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) .........passim

*Kerr v. U.S. Dist. Ct.*, 511 F.2d 192 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976) ....................13

*Long Beach Police Officers Ass'n v. City of Long Beach*, 59 Cal. 4th 59 (2014) ....................16

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ....................12

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995)....................13

*Valley Broad. Co. v. U.S. Dist. Ct.*, 798 F.2d 1289 (9th Cir. 1986) ....................8, 9

*Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293 (N.D. Cal. 1995) 14, 17

## Statutes

42 U.S.C. § 1983 ....................13

Cal. Penal Code § 832.7....................13, 14, 15, 16

Cal. Penal Code § 832.8....................14, 15

## Rules

9th Cir. R. 27-13 ....................7, 16

## INTRODUCTION

Deputy Chad Renegar asks this Court to hide from the public the evidence a jury considered in returning its verdict against him. Exhibits 78A-C, 79, and 80 are not unfiled discovery. They were admitted into evidence at a public trial and given to the jury. Mot. 6. At that point they became the core of the judicial record, and the public's right to see them is at its strongest.

Renegar offers nothing that overcomes that right. His motion rests on (1) a district court order that applied only the good-cause standard, which he concedes is not enough, Mot. 8; (2) a stipulated protective order, which this Court has held is not a compelling reason; (3) a California discovery statute that does not bind a federal court and, by its own terms, has nothing left to protect once the records were produced in discovery and received in evidence; and (4) a deputy's interest in keeping adverse records out of public view, which this Court has squarely rejected as a basis for sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The motion also undercuts itself. In a public filing, Renegar names the inmate, dates the incident, describes the allegation that he punched the inmate in the face, and summarizes the investigating lieutenant's testimony. Mot. 5-6, 8-9. He asks the Court to keep sealed the Sheriff's Department record of the accusation while leaving public Exhibit 243, the memorandum he offered to rebut it. *Id.* at 4,

6. And he never mentions that the district court had already lifted the protective order on his criminal records. Dist. Ct. Dkt. 173.

The privacy interests that do exist belong to nonparties, and they are narrow. Targeted redaction protects them completely. Holloway does not oppose redaction of the nonparty victim's home address, telephone number, signature, and similar personal identifiers, or of nonparty inmates' booking numbers and personal identifiers. Everything else should be filed publicly. The motion should be denied.

## BACKGROUND

### A. The Exhibits Were Admitted at a Public Trial and Given to the Jury.

Trial began April 29, 2025. Mot. 6. Exhibits 78, 79, and 80 were admitted into evidence. *Id.* (citing Dist. Ct. Dkt. 842-1 ¶ 5). Renegar offered Exhibit 243, the memorandum of Lieutenant Martin Ramirez, to rebut Exhibit 79, and it too was admitted. *Id.* The jury received the exhibits and returned a verdict for Holloway. 1-ER-902. Lieutenant Ramirez testified in open court about the investigation underlying Exhibit 79, and that testimony is part of the public record on appeal. Mot. 5-6 (citing 7-RenSER-01447 to 01449). These exhibits were admitted at each previous trial without any sealing. Dkt. 297, 616, 827

### B. The District Court Sealed the Exhibits After Fourth Trial on a Good-Cause Finding Only.

The exhibits were not filed until Renegar moved for a new trial. He then applied to file them under seal, relying on the confidentiality of his personnel file, the stipulated protective order, and nonparty privacy. Mot. 6-7. Holloway opposed. **Dkt. 849**. The district court granted the application on a finding of good cause. Dist. Ct. Dkt. 848 at 2; Mot. 8. It made no compelling-reasons finding.

### C. The District Court Had Already Lifted the Protective Order on Renegar's Criminal Records.

Before trial, Holloway moved to remove the protective order from the records of Renegar's criminal prosecution, and the district court granted the motion. Dist. Ct. Dkt. 173. Renegar's motion does not mention that order.

### D. Renegar's Prosecution Is a Matter of Public Record.

On February 9, 2021, the Orange County District Attorney publicly announced that Renegar had been charged with felony counts of filing a false police report and perjury, arising from a theft report he allegedly rewrote under a trainee's name. Orange County Sheriff's Department Deputy Charged with Filing False Police Report, Perjury - Orange County District Attorney People v. State of California, 21CF0438 Orange County Deputy Pleads Guilty to Filing False Police Report - MyNewsLA.com

### E. Renegar Seeks to Seal Only the Exhibits That Hurt Him.

Renegar moves to maintain the seal on Plaintiff's Exhibits 78A-C, 79, and 80. Mot. 4. He does not move to maintain the seal on Defendant's Exhibit 243, the Ramirez memorandum he offered to rebut Exhibit 79. *Id.*

## ARGUMENT

### I. Renegar Bears a Heavy Burden That a Good-Cause Order and Generalized Harm Cannot Carry.

This Court "has a strong presumption in favor of public access to documents," and that presumption applies whether or not the document was sealed in the district court. 9th Cir. R. 27-13(a). A party seeking to keep a document sealed must give specific reasons, "describe the potential for irreparable injury in the absence of such relief," and request "the least restrictive scope of sealing." 9th Cir. R. 27-13(e).

The common law is to the same effect. "[A] 'strong presumption in favor of access' is the starting point." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). For records more than tangentially related to the merits, the proponent of sealing must show compelling reasons supported by specific factual findings. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1099 (9th Cir. 2016). Trial evidence is the paradigm case. This Court adopted the compelling-reasons rule because the resolution of a dispute on the merits, "whether by trial or summary judgment," lies

at the heart of the public's interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1179 (citing *Valley Broad. Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

The burden is Renegar's alone. "A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182. A sealing decision must rest on articulated facts, "without relying on hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Three points dispose of most of the motion. First, the only finding below was good cause. Dist. Ct. Dkt. 848 at 2. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Kamakana*, 447 F.3d at 1180. Renegar concedes the point. Mot. 8.

Second, the protective order adds nothing. This Court has held that reliance on a blanket protective order is not a compelling reason, even for a nonparty that produced documents in reliance on it. *Kamakana*, 447 F.3d at 1183 (citing *Foltz*, 331 F.3d at 1138).

Third, Renegar never identifies any irreparable injury to himself, as Rule 27-13(e) requires. The harm he describes is that the public will see an adverse record about his use of force. That is not a compelling reason. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or

exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

## II. The Public's Interest Is at Its Peak for Evidence Admitted at a Public Trial, and Renegar Has Already Disclosed the Substance.

### A. Trial Evidence Is the Core of the Judicial Record.

These are not discovery documents that happened to be attached to a filing. They were received in evidence, given to the jury, and weighed in reaching a verdict on the merits. Judicial records of this kind "are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180. This Court has long recognized the public's common-law right to inspect and copy exhibits admitted at trial. *See generally Valley Broad.*, 798 F.2d 1289. And it recently held that the First Amendment right of access reaches records filed with post-trial motions, "even if those records were submitted as evidence at trial." *Civil Beat L. Ctr. for the Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1210 (9th Cir. 2024). That describes these exhibits precisely: they were admitted at trial and then filed with Renegar's motion for a new trial. Mot. 6.

Renegar's argument that the exhibits came in "over the defendants' objections," Mot. 13, misses the point. The right of access belongs to the public, not to the parties, and it attaches because the court relied on the material to resolve the merits. *Kamakana*, 447 F.3d at 1179. Renegar cites no authority holding that a party who loses an evidentiary ruling may later remove the admitted evidence from

public view. If he believes the exhibits were wrongly admitted, his remedy is his cross-appeal, and the public is entitled to see the evidence this Court will be asked to evaluate.

Nor does it matter that the exhibits were returned to counsel after trial rather than docketed. Mot. 6, 14. They were shown to the jury in open court. The public's right does not turn on the clerk's custody practices.

### B. Renegar Has Already Put the Substance on the Public Docket.

Renegar's motion, filed publicly, names the inmate involved in the incident underlying Exhibit 79, dates the incident to November 2015, describes the allegation that Renegar "punched [the inmate] in the face," and recounts the investigating lieutenant's testimony and conclusions. Mot. 5-6, 8-9. It also identifies the separate jail incident underlying Exhibit 80 and the criminal case underlying Exhibits 78A-C. *Id.* at 4. The trial testimony about the investigation is public as well. *Id.* at 5-6. Sealing Exhibit 79 would not keep the allegation private. It would only keep the public from reading the primary record and judging for itself.

Renegar's reliance on *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 428 (9th Cir. 2011), for the proposition that limited disclosure does not end a privacy interest, is misplaced. That statement concerned nonparty priests whose personnel files had been produced in discovery and who

had never had an opportunity to litigate the allegations. *Id.* at 423-24, 427-28. Renegar is a party. He litigated this evidence through trial and offered his own exhibit to rebut it.

### C. Renegar Asks the Court to Seal the Accusation and Publish the Defense.

Renegar asks to keep Exhibit 79 sealed but not Exhibit 243, the memorandum he offered to rebut it. Mot. 4, 6. He has already recited the favorable testimony in his public motion. *Id.* at 5-6, 8-9. The record he seeks is one that contains only his side. That is the opposite of the public understanding of the judicial process that the presumption of access protects. *Kamakana*, 447 F.3d at 1179. The jury saw both exhibits. The public should see both as well.

## III. None of Renegar's Specific Grounds Is a Compelling Reason.

### A. An Adverse Record of Unsustained Allegations Is Not a Compelling Reason to Seal Exhibit 79.

Renegar's central argument is that Exhibit 79 records allegations that the Sheriff's Department later found unfounded. Mot. 8-9. That is a reputational interest, and *Kamakana* forecloses it. 447 F.3d at 1179. The improper purposes that can justify sealing are use of court files to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The test speaks of libelous statements, not adverse ones. Renegar's restatement of it as "circulating unproven,

damaging statements," Mot. 7, rewrites the standard. An official Sheriff's Department record of a use-of-force complaint against a deputy, admitted into evidence at a civil rights trial, is a government record about the official conduct of a government employee. It is not libel.

*Roman Catholic Archbishop* does not help him. That case applied the Rule 26(c) good-cause standard to personnel files produced in discovery. 661 F.3d at 423-24. The Court's observation that there had been no judicial determination of the truth of the allegations rested on the fact that the nonparty priests had never had an opportunity to litigate them "either in the bankruptcy court or elsewhere." *Id.* at 427-28. Here there was a trial. Renegar is a party, he contested this evidence, the jury heard Lieutenant Ramirez, and the jury decided.

Renegar's assertion that "[t]he Internal Affairs review found the use of force unfounded," Mot. 6, carries no record citation. Whatever the Sheriff's Department concluded about its own deputy, an agency's internal finding is not a judicial determination, and it does not entitle the deputy to keep the underlying record from the public.

*Copley Press, Inc. v. Superior Court*, 39 Cal. 4th 1272 (2006), on which Renegar also relies, Mot. 9, decided whether a newspaper could obtain records of a deputy sheriff's administrative disciplinary appeal under California's public records law. It said nothing about a federal court's control over its own trial record. It also

predates the Legislature's 2018 amendments to section 832.7, which opened defined categories of police misconduct records to the public.

### B. California Penal Code Section 832.7 Does Not Supply a Compelling Reason.

**Federal law governs.** This is an action under 42 U.S.C. § 1983. In federal question cases, questions of privilege and confidentiality are governed by federal law, and state confidentiality statutes do not bind the federal courts. *Kerr v. U.S. Dist. Ct.*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976). In civil rights actions against law enforcement, the balance is "moderately pre-weighted in favor of disclosure." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citation omitted).

**Renegar's own authority rejects his argument.** Renegar cites *Welsh v. City & County of San Francisco* for the proposition that a federal court "may give some weight" to state privacy statutes. Mot. 10. *Welsh* held that sections 832.7 and 832.8 "do not create privacy interests on the part of individual witnesses or officers," and that police personnel records are confidential only in the narrow sense that they may not be disclosed in a proceeding except through the statutory discovery procedure. 887 F. Supp. 1293, 1299 (N.D. Cal. 1995). It stressed that the ultimate responsibility for weighing such interests rests with the federal courts. *Id.* at 1301. And in *Welsh* itself, where the police commission had found insufficient

evidence to sustain the charges, the court limited its protective order to the audiotapes and declined to restrict public disclosure of the investigation transcripts. *Id.* at 1295.

**The statute has nothing left to protect.** Section 832.7(a) provides that covered records "shall not be disclosed in any criminal or civil proceeding except by discovery." Cal. Penal Code § 832.7(a). These records were disclosed in this proceeding, through discovery, and then received in evidence at a public trial. The statute governs how records enter litigation. It does not purport to dictate whether a federal court must seal its own trial exhibits after they have been admitted. Section 832.7(a) also expressly does not apply to investigations conducted by a district attorney's office. *Id.* Exhibits 78A-C arise from a prosecution brought by the Orange County District Attorney. Mot. 5.

**California's own policy is targeted redaction, not secrecy.** Even for records the statute opens to the public, California directs agencies to redact specific personal information, such as home addresses, telephone numbers, and the identities of family members, and to preserve the anonymity of complainants, victims, and witnesses, while keeping public "the names and work-related information" of the officers. Cal. Penal Code § 832.7(b)(6)(A)-(B). Renegar's statutory authority thus points to redaction of nonparty identifiers, which Holloway does not oppose. It does not support wholesale sealing. That a record falls outside

one of the categories California opens to public records requests, Mot. 9-10, does not make it a federal sealing category.

***Civil Beat*** **forecloses a categorical approach.** In *Civil Beat*, this Court held that a state's general interest in protecting privacy cannot justify categorical sealing of a class of court records, because the privacy interest varies from record to record and "selective redaction could sufficiently protect that interest in many instances." 117 F.4th at 1210-11. Renegar's statutory argument is categorical: any record within section 832.8 should be sealed. That is the approach *Civil Beat* rejected. Renegar's own reliance on *Civil Beat*, Mot. 8, 10, overlooks that it struck down a sealing rule.

### C. Nonparty Privacy Is Fully Protected by Redaction.

Holloway agrees that nonparty inmates and the nonparty victim have a legitimate interest in their personal identifiers. Redaction protects that interest, and redaction is the least restrictive alternative this Court requires. *Foltz*, 331 F.3d at 1137; *Civil Beat*, 117 F.4th at 1211; 9th Cir. R. 27-13(e).

Renegar argues that redaction cannot work for Exhibit 79 because "[r]edacting the allegations would leave nothing meaningful." Mot. 11. That concedes the point. What Renegar wants removed is not the inmates' identities but the allegations against him. That is the reputational interest *Kamakana* holds insufficient. Redacting nonparty inmates' booking numbers and personal identifiers

protects them completely, and what remains, the record of a deputy's use of force, is exactly what the public is entitled to see.

Renegar also asks to redact "the identities of nonparty personnel." Mot. 13. No authority supports hiding the names of law enforcement officers acting in their official capacity. California law itself excludes "the names and work-related information" of officers from the information that may be redacted. Cal. Penal Code § 832.7(b)(6)(A). *See also Long Beach Police Officers Ass'n v. City of Long Beach*, 59 Cal. 4th 59 (2014) (requiring disclosure of names of officers involved in shootings where opponents made no particularized showing of harm).

### D. Renegar's Request for Exhibit 80 Rests on Labels Alone.

For Exhibit 80, Renegar offers two things: the document is part of his personnel file, and it was produced under the protective order. Mot. 11-12. Neither is a compelling reason. The protective order is not. *Kamakana*, 447 F.3d at 1183. And "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184. Renegar does not identify a single fact in Exhibit 80 whose disclosure would cause specific, irreparable injury to anyone. His fallback, redaction of nonparty identifiers, is one Holloway accepts.

### E. Exhibits 78A-C Are Records of a Public Criminal Prosecution.

Exhibits 78A-C come from the State's prosecution of Renegar. Mot. 5. The District Attorney announced the charges publicly Orange County Sheriff's Department Deputy Charged with Filing False Police Report, Perjury - Orange County District Attorney . The district court had already lifted the protective order on Renegar's criminal records. Dist. Ct. Dkt. 173. A prosecution of a deputy sheriff for filing a false police report and perjury lies at the center of the public's interest in the integrity of law enforcement. As the court put it in *Welsh*, "[m]isconduct by individual officers, incompetent internal investigations, or questionable supervisory practices must be exposed if they exist." 887 F. Supp. at 1302 (citation omitted).

The only legitimate interest Renegar identifies for these exhibits is the nonparty victim's personal information. Holloway agrees that her home address, telephone number, signature, and other personal identifiers should be redacted. That fully answers the concern. Renegar's own authority on home addresses, *Kamakana*, supports redaction of that information. Mot. 12. It does not support sealing the records of a public prosecution.

## CONCLUSION

The motion should be denied. Holloway respectfully requests that the Court (1) deny the motion to maintain the seal on Exhibits 78A, 78B, 78C, 79, and 80;

and (2) accept Holloway's redacted public version of 2-FER-55 to 2-FER-76 that redacts only nonparty home addresses, telephone numbers, dates of birth, signatures, government identification numbers, and inmate booking numbers.

DATED: November 8, 2026

**MKRTCHYAN LAW**

By: /s/ Narine Mkrtchyan
Narine Mkrtchyan
Attorney for Plaintiff-Appellant-Appellee
JEREMY HOLLOWAY

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,217 words, excluding the parts exempted by Rule 32(f). It complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced, 14-point Times New Roman typeface.

DATED: November 8, 2026

**MKRTCHYAN LAW**

By: /s/ Narine Mkrtchyan
Narine Mkrtchyan
Attorney for Plaintiff-Appellant-Appellee
JEREMY HOLLOWAY

## CERTIFICATE OF SERVICE

I certify that on November 8, 2026, I electronically filed the foregoing PLAINTIFF-APPELLANT-APPELLEE JEREMY HOLLOWAY'S OPPOSITION TO DEFENDANT RENEGAR'S MOTION TO MAINTAIN SEAL ON TRIAL EXHIBITS 78A-C, 79, AND 80 with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Case Management System (ACMS). Participants in the case who are registered ACMS users will be served by the ACMS system.

/s/ Narine Mkrtchyan
Narine Mkrtchyan